YOUNG, Respondent, v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 20, 1906.) Action by Mary S. Young, a stockholder and policy holder of the Equitable Life Assurance Society of the United States, who sues on behalf of herself and all others similarly situated against the Equitable Life Assurance Society of the United States and others. No opinion. Interlocutory judgment (99 N. Y. Supp. 446) affirmed, with costs, with leave to defendants to withdraw their demurrers, and answer upon payment of costs of demurrer and of the appeal to this court.

---

PER CURIAM. Motion for leave to go to Court of Appeals granted, and the following questions of law certified to the Court of Appeals as questions of law which ought to be reviewed by said court: (1) Does the complaint state facts sufficient to constitute a cause of action against the defendant Charles B. Alexander? (2) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry M. Alexander? (3) Does the complaint state facts sufficient to constitute a cause of action against the defendant William Alexander? (4) Does the complaint state facts sufficient to constitute a cause of action against the defendant James W. Alexander? (5) Does the complaint state facts sufficient to constitute a cause of action against the defendant August Belmont? (6) Does the complaint state facts sufficient to constitute a cause of action against the defendant Cornelius N. Bliss? (7) Does the complaint state facts sufficient to constitute a cause of action against the defendant C. Ledyard Blair? (8) Does the complaint state facts sufficient to constitute a cause of action against the defendant Alexander J. Cassatt? (9) Does the complaint state facts sufficient to constitute a cause of action against the defendant Thomas De Witt Cuyler? (10) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Deming? (11) Does the complaint state facts sufficient to constitute a cause of action against the defendant Chauncey M. Depew? (12) Does the complaint state facts sufficient to constitute a cause of action against the defendant Louis Fitzgerald? (13) Does the complaint state facts sufficient to constitute a cause of action against the defendant Marcellus M. Dodge? (14) Does the complaint state facts sufficient to constitute a cause of action against the defendant James B. Forgan? (15) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Frick? (16) Does the complaint state facts sufficient to constitute a cause of action against the defendant George J. Gould? (17) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Haarstick? (18) Does the complaint state facts sufficient to constitute a cause of action against the defendant Edward H. Harriman? (19) Does the complaint state facts sufficient to constitute a cause of action against the defendant James J. Hill? (20) Does the complaint state facts sufficient to constitute a cause of action against the defendant Bradish Johnson? (21) Does the complaint state facts sufficient to constitute a cause of action against the defendant Thomas A. Jordan? (22) Does the complaint state facts sufficient to constitute a cause of action against the defendant Alvin W. Krech? (23) Does the complaint state facts sufficient to constitute a cause of action against the defendant Joseph T. Low? (24) Does the

complaint state facts sufficient to constitute a cause of action against the defendant John J. McCook? (25) Does the complaint state facts sufficient to constitute a cause of action against the defendant William H. McIntyre? (26) Does the complaint state facts sufficient to constitue a cause of action against the defendant Darius O. Mills? (27) Does the· complaint state facts sufficient to constitute a cause of action against the defendant David H. Moffat? (28) Does the complaint state facts sufficient to constitute a cause of action against the defendant Levi P. Morton? (29) Does the complaint state facts sufficient to constitute a cause of action against the defendant Jacob H. Schiff? (30) Does the complaint state facts sufficient to constitute a cause of action against the defendant Charles S. Smith? (31) Does the complaint state facts sufficient to constitute a cause of action against the defendant Valentine P. Snyder? (32) Does the complaint state facts sufficient to constitute a cause of action against the defendant George H. Squire? (33) Does the complaint state facts sufficient to constitute a cause of action against the defendant Alfred G. Vanderbilt? (34) Does the complaint state facts sufficient to constitute a cause of action against the defendant William O. Van Horne? (35) Does the complaint state facts sufficient to constitute a cause of action against the defendant George T. Wilson? (36) Are causes of action improperly united in the complaint, as alleged in the said defendants' several demurrers? (37) Is there a misjoinder of parties plaintiff, as alleged in the said defendants' several demurrers?

See case of same title immediately preceding.

END OF CASES IN VOL. 101.

.✱

# INDEX.

## ABANDONMENT.

Of rights arising from dedication, see "Dedication," § 2.

## ABATEMENT AND REVIVAL.

Judgment as bar to another action, see "Judgment," § 6.

Substitution of parties, see "Parties," § 2.

**§ 1. Transfer or devolution of title, right, interest, or liability.**

*A suit by a substituted trustee of a testamentary trust *held* not abated by the death of the beneficiary, under Code Civ. Proc. § 756.—Farmers' Loan & Trust Co. v. Pendleton (Sup.) 340.

## ABUTTING OWNERS.

Compensation for taking of or injury to lands or easements for public use, see "Eminent Domain," §§ 1, 3.

Rights in streets in cities, see "Municipal Corporations," § 4.

## ACCEPTANCE.

Of dedication, see "Dedication," § 1.

## ACCESSION.

Annexation of personal to real property, see "Fixtures."

## ACCIDENT.

Accident insurance, see "Insurance," §§ 9, 10.

Cause of death, see "Death," § 1.

## ACCOMPLICES.

Testimony, see "Criminal Law," § 2.

## ACCORD AND SATISFACTION.

See "Payment"; "Release."

As defense to action for rent, see "Landlord and Tenant," § 5.

Plaintiff *held* entitled to set up fraud vitiating a defense of accord and satisfaction without any pleading thereof.—Whitehead v. Trussed Concrete Steel Co. (Sup.) 250.

## ACCOUNT.

See "Account Stated."

Copies of accounts alleged or annexed in pleading, see "Pleading," § 6.

Modification of judgment in action for accounting, see "Appeal," § 7.

*Accounting by particular classes of persons.*

See "Executors and Administrators," § 4.

Attorney, see "Attorney and Client," § 2.

Partners, see "Partnership," §§ 2, 4.

Trustee, see "Trusts," § 5.

**§ 1. Proceedings and relief.**

*Where referee in effect took full account of profits claimed by plaintiff, interlocutory judgment in accounting *held* not necessary.—Smith v. Smith (Sup.) 521.

## ACCOUNT, ACTION ON.

Copies of accounts alleged or annexed in pleading, see "Pleading," § 6.

## ACCOUNT STATED.

Where an attorney collected money for a corporation and retained it, facts *held* insufficient to show a settlement or an account stated between the attorney and the corporation's assignee under a general assignment or trustee in bankruptcy.—In re Klein (Sup.) 663.

## ACCRUAL.

Of right of action, see "Limitation of Actions," § 1.

## ACCUMULATIONS.

See "Perpetuities,"

## ACKNOWLEDGMENT.

Operation and effect of admissions as ground of estoppel, see "Estoppel," § 2.

Operation and effect of admissions as evidence, see "Evidence," § 5.

## ACTION.

Abatement, see "Abatement and Revival."

Accrual, see "Limitation of Actions," § 1.

Bar by former adjudication, see "Judgment," § 6.

Counterclaim, see "Set-Off and Counterclaim."

**\*Point annotated. See syllabus.**

Jurisdiction of courts, see "Courts."

Limitation by statute, see "Limitation of Actions."

Malicious actions, see "Malicious Prosecution."

Set-off, see "Set-Off and Counterclaim."

*Actions between parties in particular relations.*

See "Master and Servant," §§ 2, 3; "Partnership," §§ 2, 4.

Co-tenants, see "Partition," § 1.

*Actions by or against particular classes of persons.*

See "Brokers," § 2; "Carriers," §§ 2, 3; "Infants," § 1; "Landlord and Tenant," § 4; "Master and Servant," § 4; "Municipal Corporations," § 7; "Principal and Agent," § 2; "Street Railroads," § 2.

Assignees, see "Assignments," §§ 1, 2.

Assignees in bankruptcy, see "Bankruptcy," § 1.

Corporate officers, see "Corporations," § 4.

Officers of insurance company, see "Insurance," § 1.

*Actions relating to particular species of property or estates.*

See "Fixtures."

*Particular causes or grounds of action.*

See "Account Stated"; "Bills and Notes," § 2; "Death," § 1; "Fraud," § 1; "Insurance," §§ 12, 13; "Libel and Slander," § 2; "Malicious Prosecution," § 2; "Money Lent"; "Money Paid"; "Negligence," § 3; "Nuisance," § 1; "Trespass"; "Trover and Conversion," § 1; "Work and Labor."

Alienation of affections, see "Husband and Wife," § 2.

Bond of highway officer, see "Highways," § 1.

Breach of contract, see "Contracts," § 5.

Compensation of broker, see "Brokers," § 2.

Discharge from employment, see "Master and Servant," § 1.

Infringement of trade-mark or trade-name, see "Trade-Marks and Trade-Names," § 3.

Malfeasance by officers of insurance company, see "Insurance," § 1.

Penalty for cutting timber on forest preserve, see "Woods and Forests."

Personal injuries, see "Carriers," § 3; "Landlord and Tenant," § 4; "Master and Servant," § 3; "Municipal Corporations," § 5; "Railroads," § 6; "Street Railroads," § 2.

Price of goods, see "Sales," § 4.

Recovery of payment, see "Payment," § 1.

Recovery of price paid for goods, see "Sales," § 5.

Recovery of price paid for land, see "Vendor and Purchaser," § 3.

Rent, see "Landlord and Tenant," § 5.

Services, see "Master and Servant," § 2; "Work and Labor."

Taking of or injury to property in exercise of power of eminent domain, see "Eminent Domain," § 3.

Wages, see "Master and Servant," § 2.

*Particular forms of action.*

See "Ejectment"; "Replevin"; "Trespass," § 2; "Trover and Conversion."

*Particular forms of special relief.*

See "Account"; "Divorce"; "Injunction"; "Interpleader"; "Partition," § 1; "Specific Performance."

Accounting between partners, see "Partnership," § 4.

Alimony, see "Divorce," § 3.

Enforcement or foreclosure of lien, see "Mechanics' Liens," § 2.

Establishment of will, see "Wills," § 2.

Foreclosure of mortgage, see "Mortgages," § 3; "Railroads," § 4.

Reformation of written instrument, see "Reformation of Instruments."

Setting aside fraudulent conveyance, see "Fraudulent Conveyances," § 2.

*Particular proceedings in actions.*

See "Continuance"; "Costs"; "Damages"; "Depositions"; "Dismissal and Nonsuit"; "Evidence"; "Execution"; "Judgment"; "Jury"; "Limitation of Actions"; "Motions"; "Parties"; "Pleading"; "Process"; "Reference"; "Trial"; "Venue."

Bill of particulars, see "Pleading," § 6.

Default, see "Judgment," § 1.

Verdict, see "Trial," § 5.

*Particular remedies in or incident to actions.*

See "Attachment"; "Discovery"; "Injunction."

*Proceedings in exercise of special or limited jurisdictions.*

Courts of limited jurisdiction in general, see "Courts," § 2.

Criminal prosecutions, see "Criminal Law."

*Review of proceedings.*

See "Appeal"; "Judgment," § 4; "Justices of the Peace," § 1; "New Trial."

## § 1. Nature and form.

Allegations in an action for the recovery of money *held* insufficient to stamp it as one in conversion, defeating counterclaims founded on contract.—Lange v. Schile (Sup.) 1080.

## § 2. Joinder, splitting, consolidation, and severance.

A complaint of a stockholder, seeking a recovery of a declared dividend, and to restrain the issuance of new stock, *held* to improperly join the law action and the equity action.—Searles v. Gebbie (Sup.) 199.

Complaint in an action for enticing a wife, *held* not subject to demurrer as stating separate causes of action against each defendant.—De Ronde v. Bell (Sup.) 497.

Complaint for the improper use of plaintiff's photograph *held* to state but one cause of action, and that against both defendants.—Riddle v. MacFadden (Sup.) 606.

Under Code Civ. Proc. § 484, a legal and equitable cause of action growing out of the improper use of plaintiff's photograph *held* properly joined.—Riddle v. MacFadden (Sup.) 606.

Actions on claims on a contract *held* proper for consolidation.—Wilson v. Locke (Sup.) 831.

**\*Point annotated. See syllabus.**

*Delay in making a motion for consolidation of action *held* not ground for refusal of motion. —Wilson v. Locke (Sup.) 831.

*Complaint *held* subject to demurrer for improperly uniting several causes of action.— Myers v. Lederer (Sup.) 1088.

**§ 3. Commencement, prosecution, and termination.**

*Plaintiff *held* not entitled to recover installments under a contract by performing a condition precedent to his right of recovery after the commencement of the action.—Tullis v. Stone (Sup.) 1082.

## ACTION ON THE CASE.

See "Trespass," § 2.

## ADJOINING LANDOWNERS.

See "Boundaries."

## ADJUDICATION.

Operation and effect of former adjudication, see "Judgment," §§ 6, 7.

## ADMINISTRATION.

Of estate of decedent, see "Executors and Administrators."
Of trust property, see "Trusts," § 3.

## ADMISSIONS.

As evidence in civil actions, see "Evidence," § 5.

## ADULTERATION.

*In an action to recover a penalty for the delivery of adulterated milk contrary to the Agricultural Law, Laws 1893, p. 655, c. 338, *held*, that the question whether a sample taken under section 12 (page 659) was a fair one was for the jury.—People v. Weaver (Sup.) 961.

In an action under Laws 1893, p. 659, c. 338, § 12, to recover a penalty for the delivery of adulterated milk, *held* that there was a sufficient delivery to defendant of a sample of the milk in question.—People v. Weaver (Sup.) 961.

Failure of an inspector to comply with the provisions of Agricultural Law, Laws 1893, p. 659. c. 338, § 12, in regard to the delivery of a duplicate sample of milk, *held* to preclude recovery of a penalty under the statute for adulteration.—People v. Weaver (Sup.) 961.

In an action under the Agricultural Law, Laws 1893, p. 655, c. 338, to recover a penalty for the delivery of adulterated milk, the fact that the inspector was not present at the entire milking of the herd for the purpose of taking a sample *held* no bar to a recovery.—People v. Weaver (Sup.) 961.

## ADULTERY.

Ground for divorce, see "Divorce," § 2.
Of plaintiff as defense to action for divorce, see "Divorce," §§ 1, 2.

## ADVERSE POSSESSION.

See "Limitation of Actions."

## ADVERTISEMENT.

Of contracts for public improvements, see "Municipal Corporations," § 3.

## AFFIDAVITS.

See "Depositions."

*Particular proceedings or purposes.*
See "Attachment," § 1.
Examination of judgment debtor, see "Execution," § 3.
To set aside judgment, see "Judgment," § 4.
Verification of claim against town, see "Towns," § 2.

## AGENCY.

See "Principal and Agent."

## AGREEMENT.

See "Contracts."

## ALIENATION.

Of affections, see "Husband and Wife," § 2.
Suspension of power of alienation of property, see "Perpetuities."

## ALIENS.

See "Indians."

## ALIMONY.

See "Divorce," § 3.

## ALTERATION OF INSTRUMENTS.

See "Reformation of Instruments."

## AMBASSADORS AND CONSULS.

Under the treaty of April 26, 1826 (8 Stat. 342, art. 8) with the kingdom of Denmark, the Danish consul cannot appear for an infant party to a proceeding for the probate of a last will, so as to give the Surrogate's Court jurisdiction of such party, without the issuance of a citation.—In re Peterson's Will (Sur.) 285.

## AMENDMENT.

Of parties, see "Parties," § 3.
Of pleading, see "Pleading," § 5.
Of record on appeal, see "Appeal," § 4.
Power of lower court to allow amendment on remand, see "Appeal," § 7.

**\*Point annotated. See syllabus.**

## ANIMALS.

Railroads frightening animals, see "Railroads," § 6.

## APPEAL.

See "Justices of the Peace," § 1; "New Trial."
Costs, see "Costs," § 5.
From judgment of municipal court, see "Courts," § 2.
Power of appellate court to grant injunction, see "Injunction," § 2.
Review in criminal prosecutions, see "Criminal Law," § 4.

*Review in special proceedings.*
Condemnation proceedings, see "Eminent Domain," § 2.
For removal of executor, see "Executors and Administrators," § 1.
In Indian court, see "Indians."
Probate proceedings, see "Wills," § 2.

### § 1. Decisions reviewable.

*A judgment by default cannot be appealed from.—Levine v. Munchik (Sup.) 14.

*An order denying a motion to open a default is appealable.—Levine v. Munchik (Sup.) 14.

*Where a municipal court judgment was void because entered more than 14 days after final submission of the cause, and because there had been no trial of the action, the remedy of the defeated party was by appeal.—Barron v. Feist (Sup.) 72.

*An order, settling and allowing cross-interrogatories propounded by the plaintiff to defendant, is appealable.—Shafer v. McIntyre (Sup.) 268.

· *It being for the trial court to determine what was before it, its order, resettling the case on appeal to include exhibits alleged to have been omitted, will not be disturbed.—Volhard v. Volhard (Sup.) 453.

*An order, denying a motion for an adjournment, *held* not appealable.—Fred S. Chute Co. v. Westbay (Sup.) 527.

*An appeal from a judgment by default dismissed where no motion had been made to open the default.—Fred S. Chute Co. v. Westbay (Sup.) 527.

*An order granting a motion for a reargument is not appealable.—Hart v. Kaplan (Sup.) 763.

*No appeal lies from an order of the Municipal Court of the city of New York denying a motion for reargument.—Steindler v. American Bonding Co. (Sup.) 795.

*A default judgment in the Municipal Court of the city of New York is not appealable.—Steindler v. American Bonding Co. (Sup.) 795.

*An appeal lies from an order of the Municipal Court of the city of New York denying a motion to open a default.—Steindler v. American Bonding Co. (Sup.) 795.

### § 2. Presentation and reservation in lower court of grounds of review.

*In an action against an executor *held*, that the objection that the word "as" was omitted between defendant's name and his title could not be first raised on appeal.—Pryor v. Milburn (Sup.) 34.

*Where, in the trial of an action for damages, defendant acquiesced in the rule adopted by plaintiff to show the measure of damages, defendant could not, on appeal, challenge the correctness of the rule.—Morrison v. American Telephone & Telegraph Co. (Sup.) 140.

*Failure to attempt to introduce in evidence in an action on a life insurance policy the application therefor, *held* to preclude the raising on appeal of the question of its admissibility.—Carr v. Prudental Ins. Co. (Sup.) 158.

*Questions of fact not submitted to the jury on the trial of a case cannot be considered on appeal.—Van Alstine v. Standard Light, Heat & Power Co. (Sup.) 696.

The statement of counsel at the trial as to his understanding of the law will not estop him from urging on appeal that the law is not in harmony with that understanding.—People v. Armstrong (Sup.) 712.

### § 3. Requisites and proceedings for transfer of cause.

*Where a notice of appeal described the judgment as entered in favor of a tenant on June 18, 1906, and the only judgment in the record was against the tenant, and rendered October 18, 1906, the appeal will be dismissed.—Oberwager v. Levy (Sup.) 793.

### § 4. Record and proceedings not in record.

*Lack of a certificate that the case on appeal contained all the evidence *held* to result in the presumption that a finding of fact by the trial court was correct.—Kuhn v. Knight (Sup.) 1.

*For variance between notice of appeal and record as to what the judgment was, *held* the record would be returned to the trial court for correction.—Hartman v. Kahn-Feinberg Co. (Sup.) 108.

Where the judgment from which the appeal purports to be is not in the record *held* the questions involved in the appeal cannot be considered.—Spencer v. Busch (Sup.) 188.

*Where a record is conflicting as to the parties, plaintiff and defendant, in the case, and as to the cause of action involved, it will be returned to the trial court for correction.—Bruck v. Gilmartin & Dewell (Sup.) 527.

*On appeal to the appellate term *held* that the return of the Municipal Court must govern as against an affidavit made by plaintiff's attorney—Gottlieb v. Kurlander (Sup.) 751.

*Where affidavits referred to in briefs on appeal do not appear in record, return will be sent back to files to permit parties to move to amend it.—Waldman v. Mann (Sup.) 757.

*Where the notice of appeal recites an appeal from a judgment of dismissal, and the

*Point annotated. See syllabus.*

record does not contain such judgment, the case will be remanded for such action as the parties may deem proper.—Shiel v. Miller (Sup.) 789.

*Defendant *held* entitled to an amendment of the case on appeal as to a request to charge.—McMahon v. Delaware, L. & W. R. Co. (Sup.) 805.

Whether default in serving printed copies of papers on appeal should be opened must be settled on motion in the Appellate Division, but whether default in service of a case on appeal should be open must be settled at the Special Term.—Hanson v. Walsh (Sup.) 1061.

*One of the defendants who was defeated *held* entitled to have the case on appeal resettled so as to disclose the grounds on which his motion to dismiss at the close of plaintiff's case was made.—Blewett v. Hoyt (Sup.) 1086.

§ 5. Dismissal, withdrawal, or abandonment.

An appeal from an order continuing an injunction restraining the appellant from acting as executor will be dismissed where before the appeal was argued the letters testamentary issued to appellant were revoked.—In re Hirsch's Estate (Sup.) 1027.

§ 6. Review.

*Where the pleadings present an issue of fact, and the burden is on the plaintiff, and there is no evidence, a judgment for plaintiff must be reversed.—Vitigliano v. Filusia (Sup.) 20.

*In an action by a servant for personal injuries, granting of a nonsuit, based on the failure to prove defendant's negligence, *held* not sustainable on the ground of contributory negligence.—Wendell v. Leo (Sup.) 51.

*Error cannot be regarded as harmless unless it affirmatively appears that no prejudice resulted.—Englander v. Fleck (Sup.) 125.

On appeal from a judgment based on a life insurance policy, a presumption in favor of the judgment *held* to arise as to a disputed acceptance of premiums by the company, not passed on by the jury.—Carr v. Prudential Ins. Co. (Sup.) 158.

*On appeal from a judgment, based on a life insurance policy, any error in refusing to submit to the jury the question as to the mailing of a required notice of forfeiture under Laws 1897, p. 92, c. 218, § 92, *held* favorable to appellant.—Carr v. Prudential Ins. Co. (Sup.) 158.

*Where defendant appealed from an order allowing cross-interrogatories propounded to him by the plaintiff, it rested upon him to show that they were clearly irrelevant.—Shafer v. McIntyre (Sup.) 268.

Where, under the charge, a verdict might have been reached by a finding that deceased was killed by the original accident, not contributed to by deceased's negligence, which was unwarranted, the verdict could not rest on proof of negligence subsequent to the happening of the accident.—Healy v. United Traction Co. (Sup.) 331.

The erroneous admission of an offer of compromise in a suit against a firm *held* not cured by the admission of one of the members of the firm that he made the offer, and stated why he did so.—Franklin v. Hoadley (Sup.) 374.

The resettling of the case on appeal to have the title where appearing in the printed papers conform to that in the summons and complaint cannot be complained of.—Volhard v. Volhard (Sup.) 453.

Under Code Civ. Proc. § 1316, a defendant, appealing from a final judgment, *held* entitled to a review of an interlocutory judgment.—Bauer v. Parker (Sup.) 455.

*Where there was a sharp conflict of proof, the finding will not be disturbed.—J. C. Bogert Co. v. Schmidt (Sup.) 580.

*A judgment founded on improper instructions, duly excepted to, cannot be upheld.—Stantial v. Union Ry. Co. (Sup.) 662.

*Upon an appeal from a nonsuit appellant is entitled to the most favorable inferences deducible from the evidence.—Duffy v. Interurban St. Ry. Co. (Sup.) 767.

The court in reviewing a judgment of nonsuit must place on the evidence a construction most favorable to plaintiff, and consider the reasonable inferences that may be drawn therefrom.—Fruhauf v. Interborough Rapid Transit Co. (Sup.) 781.

*Determination of a motion to correct a case on appeal by a justice other than the one who tried the case, and who heard the motion only on the papers submitted, *held* not conclusive on appeal.—McMahon v. Delaware, L. & W. R. Co. (Sup.) 805.

*An order continuing a preliminary injunction till trial *held* not to be disturbed, the facts calling for exercise of discretion.—Manufacturers Commercial Co. v. Anderson (Sup.) 823.

*The awarding of costs on setting aside a verdict, as authorized by Code Civ. Proc. § 999, for inadequacy of damages, *held* within court's discretion, and not subject to reversal on appeal.—Waltz v. Utica & M. V. Ry. Co. (Sup.) 968.

§ 7. Determination and disposition of cause.

*Where defendant failed to appear on the hearing of a motion to open a default, and the court thereon improperly ordered a denial instead of a dismissal of the motion, it can only be modified upon appeal by providing for a dismissal.—Levine v. Munchik (Sup.) 14.

*An erroneous judgment in an action by a partner for an accounting *held* not subject to correction on appeal, and hence to require a reversal for a new trial.—Hebblethwaite v. Flint (Sup.) 43.

*An excessive judgment for personal injuries *held* subject to affirmance on condition of prior stipulation of reduction to a reasonable sum.—Schierloh v. Interurban St. Ry. Co. (Sup.) 437.

**Point annotated. See syllabus.**

*A reversal of a judgment in an action to enforce a limited liability of the directors of a corporation *held* to inure to the benefit of a director who did not appeal.—Bauer v. Parker (Sup.) 455.

An order dismissing a complaint for failure to prosecute will be reversed on condition where sustaining the order would work great injustice to appellant.—Gunn v. Metropolitan St. Ry. Co. (Sup.) 791.

The special term of the Supreme Court *held* authorized to allow amendment of complaint, and to amend the judgment of dismissal to allow the complaint to stand as amended.—Town of Palatine v. Canajoharie Water Supply Co. (Sup.) 810.

## APPLIANCES.

Liability of employer for defects, see "Master and Servant," § 3.

## APPOINTMENT.

Of corporate officers, see "Corporations," § 4.
Of executor or administrator, see "Executors and Administrators," § 1.
Of judge, see "Judges," § 1.
Of public officers in general, see "Officers," § 1.

## APPORTIONMENT. ·

Of damages recovered for wrongful death, see "Damages," § 1.
Of legislative districts, see "States," § 1.

## ARCHITECTS.

Approval of architect as condition precedent to recovery for performance of contract, see "Contracts," § 4.

## ARMY AND NAVY.

Preference to veterans in appointment of municipal employés, see "Municipal Corporations," § 1.

## ARREST.

Illegal arrest, see "False Imprisonment."

## ASSAULT AND BATTERY.

Mental suffering as element of damages, see "Damages," § 1.

## ASSESSMENT.

Of compensation for property taken for public use, see "Eminent Domain," § 2.
Of loss on insured, see "Insurance," §§ 4, 7.
Of tax, see "Taxation," § 2.

## ASSIGNMENTS.

Counterclaim against assigned cause of action, see "Set-off and Counterclaim," § 1.
Fraud as to creditors, see "Fraudulent Conveyances."

*Transfers of particular species of property, rights, or instruments.*

See "Trade-Marks and Trade-Names," § 2.
Contracts with corporation to consolidated corporation, see "Corporations," § 6.
Corporate shares, see "Corporations," § 2.

### § 1. Rights and liabilities of parties.
*The driver for an express company, who was compelled to pay amount of claim for goods delivered to it and who with the consent of the express company took an assignment of the claim, could maintain an action against the consignee for the value of the goods alleged to have been delivered to him.—Buchholz v. Damick (Sup.) 17.

### § 2. Actions.
In an action by assignee of an accepted order requiring defendant to pay to the payee a sum due drawer under a certain contract, evidence *held* sufficient to show that moneys were due the drawer under such contract.—Tim v. Elite Realty Co. (Sup.) 533.

*The assignee of a claim *held* not entitled to sue thereon without first demanding payment.—Packard v. Long Island R. Co. (Sup.) 660.

*Where there was uncontradicted evidence of a parol assignment of a claim, the assignee could maintain an action thereon in his own name.—Haller v. Ingraham (Sup.) 789.

## ASSIGNMENTS FOR BENEFIT OF CREDITORS.

See "Bankruptcy," § 1.

## ASSOCIATIONS.

Mandamus to reinstate expelled member of, see "Mandamus," § 3.
Mutual benefit insurance association, see "Insurance," § 13.

## ASSUMPSIT, ACTION OF.

See "Account Stated"; "Money Lent"; "Money Paid"; "Work and Labor."

## ASSUMPTION.

Of risk by employé, see "Master and Servant," § 3.
Of risk, in general, see "Negligence," § 2.

## ATTACHMENT.

### § 1. Proceedings to procure.
*An application for a warrant of attachment should be based on legal evidence; hearsay evidence will be substituted therefor only in

cases of necessity.—Gumbes v. Hicks (Sup.) 741.

*An attachment against nonresident cannot issue on complaint and affidavit made on information and belief derived from a letter which is not presented.—Gumbes v. Hicks (Sup.) 741.

# ATTORNEY AND CLIENT.

Account stated between attorney and client, see "Account Stated."

Liability of attorney for contempt, see "Contempt."

Reception of testimony of attorney at trial of civil action, see "Trial," § 2.

Right to attorney's fees under indemnity contract, see "Indemnity."

## § 1. The office of attorney.

*Practicing under an assumed name held to call for disbarment of an attorney for unprofessional conduct, deceit, fraud, and malpractice. —In re Kaffenburgh (Sup.) 507.

Practicing law held not a business, and so not authorized under an assumed name by Pen. Code, § 363b.—In re Kaffenburgh (Sup.) 507.

Where an attorney was admitted to practice on a showing that he had practiced in Texas, but he suppressed the fact that he had practiced in Virginia under a different name and had there been disbarred, there was ground for his disbarment.—In re Marx (Sup.) 680.

In proceedings to disbar an attorney on the ground that he had previously been disbarred in another state held that his excuse offered was no defense.—In re Marx (Sup.) 680.

## § 2. Duties and liabilities of attorney to client.

Where an attorney retained his client's money, claiming a lien thereon the Supreme Court held to have jurisdiction to determine the question summarily on application.—In re Klein (Sup.) 663.

A trustee in bankruptcy held entitled to maintain an application in the Supreme Court to compel an attorney to pay over moneys collected for the bankrupt.—In re Klein (Sup.) 663.

An attorney held justified in refusing on demand of the client's trustee in bankruptcy to turn over all moneys which the attorney had collected without allowing him to retain anything for his services.—In re Klein (Sup.) 663.

*Under the evidence held that petitioner did not have a right to maintain summary proceedings against defendant to compel him to pay over money received as an attorney.—In re Nellis (Sup.) 698.

*The right of a client to proceed in a summary manner against an attorney to compel him to pay over moneys received by him is subject to the discretion of the court.—In re Nellis (Sup.) 698.

*On application of a client, the court can, under common law, inquire into the alleged misconduct of his attorney by an order to show cause; and Code Civ. Proc. only regulates the authority and dictates the manner in which

such right may be exercised.—People v. Feenaughty (Sup.) 700.

*Court held to have common-law authority to inquire into alleged misconduct of attorney on application of client.—People v. Feenaughty (Sup.) 700.

*Remedy of client for recovery of money withheld by attorneys claiming lien held not by action for conversion, but by application for order to show cause or action for accounting.—Rose v. Whiteman (Sup.) 1024.

## § 3. Compensation and lien of attorney.

In action by an attorney for services, a judgment in his favor held under the facts erroneous as for an insufficient amount.—Allen v. Flynn (Sup.) 747.

*Attorneys held entitled to assert lien on moneys coming into their hands as attorneys till compensation has been agreed on.—Rose v. Whiteman (Sup.) 1024.

# AUCTIONS AND AUCTIONEERS.

*Failure of auctioneers to pay over the proceeds of a sale held a breach of their bond creating an immediate liability thereon.—Plummer v. Bankers' Surety Co. (Sup.) 529.

Where plaintiff requested certain auctioneers to pay over the proceeds of a sale of plaintiff's goods, such request constituted a sufficient demand to put the auctioneers in default.—Plummer v. Bankers' Surety Co. (Sup.) 529.

# AUTHORITY.

Of agent, see "Principal and Agent," § 2.

# AUTOMOBILES.

Injuries to third person caused by negligence of chauffeur, see "Master and Servant," § 4.

Speculative damages in action for injuries to, see "Damages," § 1.

Use of streets by, see "Municipal Corporations," § 4.

# BAILMENT.

*Particular species of bailments, and bailments incident to particular occupations.*

See "Banks and Banking," § 1; "Carriers," § 2; "Pledges."

*Bailees for hire held not liable for injuries to a truck caused by a collision with a street car, owing solely to the negligence of the motorman.—Littlefield v. New York City Ry. Co. (Sup.) 75.

In an action against a bailee for the hire of a lamp, evidence held insufficient to sustain a judgment dismissing the complaint.—Municipal Lighting Co. v. Paull (Sup.) 84.

A bailee, in the absence of negligence, is not liable for the loss of goods by burglary.—Campbell v. Klein (Sup.) 577.

**\*Point annotated. See syllabus.**

Evidence *held* not to show purchaser of dyeing business guilty of negligence rendering her liable for goods stolen from place of business.—Campbell v. Klein (Sup.) 577.

## BANKRUPTCY.

Allegations in complaint in action by trustee in bankruptcy, as to failure to file chattel mortgage, see "Chattel Mortgages," § 1.

Right of trustee in bankruptcy to compel attorney to pay over moneys collected for bankrupt, see "Attorney and Client," § 2.

### § 1. Assignment, administration, and distribution of bankrupt's estate.

*Action by a trustee in bankruptcy to have set aside a transfer of the bankrupt's property, *held* properly brought in equity.—Lesser v. Bradford Realty Co. (Sup.) 571.

*A complaint by a trustee in bankruptcy to set aside a transfer as preferential under Acts July 1, 1898, c. 541, § 60, subds. a, b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], *held* to sufficiently allege that the "enforcement" of the transfer would result in a preference.—Lesser v. Bradford Realty Co. (Sup.) 571.

*Complaint under Acts July 1, 1898, c. 541, § 60, subds. a, b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], declaring preferential transfers voidable by a trustee in bankruptcy, *held* sufficient without a specific allegation that the transfer was voidable by the trustee.—Lesser v. Bradford Realty Co. (Sup.) 571.

*Allegations of a complaint by a trustee in bankruptcy under Acts July 1, 1898, c. 541, § 60, subds. a, b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], declaring a preferential transfer voidable by the trustee, *held* to sufficiently show plaintiff's interest.—Lesser v. Bradford Realty Co. (Sup.) 571.

### § 2. Rights, remedies, and discharge of bankrupt.

*Discharge of a partner in individual bankruptcy proceedings after the dissolution of the firm *held* to entitle the bankrupt to a cancellation of a judgment for a firm debt which was duly scheduled and provable in the bankruptcy proceedings, under Code Civ. Proc. § 1268.—Berry Bros. v. Sheehan (Sup.) 371.

*Defendant's discharge in bankruptcy under Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], *held* no bar to an action on an agreement whereby defendant was to save plaintiff harmless from partnership debts.—Ogilby v. Munro (Sup.) 753.

## BANKS AND BANKING.

Establishment of trust in bank deposit, see "Trusts," § 1.

### § 1. Functions and dealings.

*Petitioner as one of the trustees of a bank deposit for the benefit of an incompetent *held* not entitled to an equitable set-off on the insolvency of the bank to the amount of such deposit against his individual debt to the bank.—People v. German Bank (Sup.) 917; In re Hauenstein, Id.

### § 2. National banks.

*A contract of guaranty executed by a national bank *held* void as ultra vires.—Appleton v. Citizens' Cent. Nat. Bank (Sup.) 1027.

*Under Rev. St. U. S. § 5136 [U. S. Comp. St. 1901, p. 3455], a national bank *held* not authorized to enter into a general contract of guaranty by which it becomes liable for debts of others.—Appleton v. Citizens' Cent. Nat. Bank (Sup.) 1027.

### § 3. Loan, trust, and investment companies.

Depositors with an insolvent trust company having no interest contracts *held* entitled to interest from the date of the appointment of the receiver.—People v. Merchants' Trust Co. (Sup.) 255.

Holders of certificates of deposit in an insolvent trust company *held* entitled to interest at a specified rate to the date of the appointment of the receiver, and thereafter at the legal rate.—People v. Merchants' Trust Co. (Sup.) 255.

A depositor with an insolvent trust company is entitled to payment of interest after dissolution only upon the balances which would have been due to him had he accepted the several installments of principal at the time they were respectively paid to creditors by the receivers.—People v. Merchants' Trust Co. (Sup.) 255.

Holders of certified checks on an insolvent trust company *held* entitled to interest upon their respective credit balances from the date of the receivership up to the date of the final payment of principal at the legal rate.—People v. Merchants' Trust Co. (Sup.) 255.

Appointment of receivers for a trust company obviates necessity for demand by depositors for payment of their deposits.—People v. Merchants' Trust Co. (Sup.) 255.

Depositors, having special interest contracts with an insolvent trust company, *held* entitled to recover interest at the contract rate up to the time of the appointment of the receiver, and thereafter at the legal rate.—People v. Merchants' Trust Co. (Sup.) 255.

Where the assets of an insolvent corporation proved sufficient to pay its creditors in full *held* that they were entitled to interest.—People v. Merchants' Trust Co. (Sup.) 255.

## BAR.

Of action by former adjudication, see "Judgment," § 6.

## BENEFICIAL ASSOCIATIONS.

Mandamus to reinstate expelled member of, see "Mandamus," § 3.

Mutual benefit insurance association, see "Insurance," § 13.

**'Point annotated. See syllabus.**

## BENEFITS.

Acceptance of, as ground of estoppel, see "Estoppel," § 2.

## BEQUESTS.

See "Wills."

# BEST AND SECONDARY EVIDENCE.

In civil actions see "Evidence," § 4.

## BIAS.

Of witness, see "Witnesses," § 3.

## BILL OF EXCHANGE.

See "Bills and Notes."

## BILL OF PARTICULARS.

See "Pleading," § 6.

## BILLS AND NOTES.

Part payment within statute of limitations, see "Limitation of Actions," § 2.
Usury in note, see "Usury," § 1.

**§ 1. Requisites and validity.**
In an action on a note signed by a married woman, evidence that she was induced to sign with her husband on his promise that she would never be required to pay it, *held* insufficient to relieve her from liability.—Hover v. Magley (Sup.) 245.

*In an action on a note given in part payment on a sale, defendant *held* entitled to defend on the ground of fraud.—Douglass v. Richards (Sup.) 299.

**§ 2. Actions.**
*Under Negotiable Instruments Law, § 320, Laws 1897, p. 755, c. 612, a complaint on a note made to the maker's own order, failing to allege the maker's indorsement, *held* fatally defective.—Simon v. Mintz (Sup.) 86.

In action by indorsee on note, *held* error under pleadings and evidence to direct verdict in favor of indorsee.—Royal Bank of New York v. Goldschmidt (Sup.) 101.

# BONA FIDE PURCHASERS.

Of lands, see "Vendor and Purchaser," § 2.

# BONDS.

Municipal bonds, see "Municipal Corporations," § 6.
Of government contractor, see "United States," § 1.
Sureties on bonds, see "Principal and Surety."

*Bonds for performance of duties of trust or office.*
See "Auctions and Auctioneers"; "Officers," § 3.
Highway officers, see "Highways," § 1.
Town officers, see "Towns," § 1.

*Bonds in judicial proceedings.*
See "Costs," § 4.

# BOOKS.

Of corporation, see "Corporations," § 4.

# BOUNDARIES.

**§ 1. Description.**
*Title to the center of a street is conveyed where the property is conveyed according to a map filed which shows such streets as boundaries, though the city never opens the street.—Trowbridge v. Ehrich (Sup.) 995.

# BREACH.

Of condition, see "Insurance," §§ 6, 7.
Of contract, see "Contracts," § 4; "Sales," § 2; "Vendor and Purchaser," § 1.
Of warranty, see "Sales," §§ 3, 5.

# BROKERS.

Insurance brokers, see "Insurance," § 2.
Retroactive operation of laws repealing laws relating to unauthorized offers for sale of real property, see "Statutes," § 4.

**§ 1. Compensation and lien.**
A broker employed to procure a purchaser of land *held* to have earned his commission.—Lovett v. Clench (Sup.) 174.

*Where a broker was employed by both parties to contract of exchange of property, neither could refuse compensation where he had knowledge that the broker was also in the employ of the other.—Tieck v. McKenna (Sup.) 317.

*Broker's right to commissions for procuring execution of contract for exchange of property *held* not affected by noncompletion of contract.—Tieck v. McKenna (Sup.) 317.

*Section 640d of the Penal Code (Laws 1901, p. 312, c. 128) *held* not to preclude broker having no written authority from either party to ask for an exchange of property from recovering commissions for procuring execution of such contract.—Tieck v. McKenna (Sup.) 317.

*Real estate brokers *held* not entitled to commissions.—Ward v. Kennedy (Sup.) 524.

Where a memorandum of a broker's authority to sell was not signed by the owner or her attorney in fact as required by Pen. Code, § 640d, the broker could not recover against the owner's husband for breach of an implied warranty of authority to place the property for sale.—Hochbaum v. Rotter (Sup.) 531.

*Point annotated. See syllabus.

*Broker negotiating mortgage loan *held* not entitled to commissions.—Kronenberger v. Teschemacher (Sup.) 764.

Claim against decedent's estate for commissions for sale of decedent's land dismissed.—In re French's Estate (Sur.) 734.

### § 2. Actions for compensation.

In an action for services rendered by a broker, evidence examined and *held* to require submission to jury of question whether defendant employed broker to perform services rendered.—Tieck v. McKenna (Sup.) 317.

In an action against party to contract of exchange of property for services rendered by broker in procuring execution of such contract, evidence examined and *held* to show disclosure to defendant by broker of his agency for the other party, also.—Tieck v. McKenna (Sup.) 317.

Evidence in an action for commission *held* insufficient to support judgment for plaintiff.—Greenfield v. Kaplan (Sup.) 567.

In an action for commissions earned by a broker, the defense that a written authority is required by Pen. Code, § 640d, *held* not available unless specially pleaded.—Strunski v. Geiger (Sup.) 786.

## BUILDING CONTRACTS.

See "Contracts," § 4.

## BURGLARY.

Liability of bailee for loss of goods by burglary, see "Bailment."

## CANALS.

Forest preserves for protection of water supply for canal, see "Woods and Forests."

## CANCELLATION OF INSTRUMENTS.

Cancellation of insurance policy, see "Insurance," § 5.
Cancellation of liquor tax certificates, see "Intoxicating Liquors," § 1.
Setting aside fraudulent conveyances, see "Fraudulent Conveyances," § 2.

## CARRIERS.

Excessive damages in action for injuries to passenger, see "Damages," § 2.
Inadequate damages in action for ejection of passenger, see "Damages," § 2.
Mental suffering as element of damages in action for ejection of passenger, see "Damages," § 1.
Release by passenger of damages sustained, see "Release," § 1.
Verdict disregarding instructions in action for injuries to passenger, see "Trial," § 5.

### § 1. Control and regulation of common carriers.

Under Railroad Law, Laws 1890, p. 1096, c. 565, § 39, and Id. pp. 1113, 1114, §§ 101, 104, as amended by Laws 1892, pp. 1405, 1406, c. 676, a bona fide passenger, desiring to make one continuous trip between two points on a street railway *held* entitled to recover from the carrier a penalty for its refusal to give a transfer.—Hennion v. New York City Ry. Co. (Sup.) 100.

The Hepburn Act, Act Cong. June 29, 1906, 34 Stat. 584, c. 3591, *held* to apply to railroad with termini in different states and operating coal mines in one state.—Central Trust Co. of New York v. Pittsburg, S. & N. R. Co. (Sup.) 837.

### § 2. Carriage of goods.

*In an action against an express company, evidence, that plaintiff did not read the terms of a limited liability receipt, *held* admissible on the question of his consent to varying the terms of the oral contract.—Coggswell v. Weir (Sup.) 188.

*In an action against an express company for loss of goods whether plaintiff assented to the terms of a limited liability receipt, *held* for the jury.—Coggswell v. Weir (Sup.) 188.

### § 3. Carriage of passengers.

In action for injuries received while attempting to board a street car evidence *held* not to show negligence on part of the motorman.—Egg v. Rochester Ry. Co. (Sup.) 195.

*Evidence in action for injuries to passenger *held* to warrant the jury in finding for plaintiff.—McLoughlin v. Syracuse Rapid Transit Ry. Co. (Sup.) 196.

*In an action for injuries to a boy by jumping from a moving street car on being frightened by flames issuing from the controller box, whether he was guilty of contributory negligence *held* for the jury.—Paine v. Geneva, W., S. F. & C. L. Traction Co. (Sup.) 204.

*Where a passenger on a street car jumped therefrom because an unusual explosion and fire issuing from the controller box, the burden was on the carrier to relieve itself from the presumption of negligence.—Paine v. Geneva, W., S. F. & C. L. Traction Co. (Sup.) 204.

In an action for injuries to a passenger on an electric car, it was no defense that the controller was of the best approved pattern, had been properly inspected, and that there was no known means to determine in advance whether such a controller would explode.—Paine v. Geneva, W., S. F. & C. L. Traction Co. (Sup.) 204.

A passenger on a street car *held* not making a "continuous trip," within Railroad Law, Laws 1892, p. 1406, c. 676, § 104; and therefore not entitled to recover the penalty for refusal of a transfer.—Hunt v. Brooklyn Heights R. Co. (Sup.) 209.

In an action against a street railway for injuries to a passenger, facts *held* insufficient to

**\*Point annotated. See syllabus.**

show negligence on the part of defendant.—Adams v. New York City Ry. Co. (Sup.) 510.

*Passenger on street car *held* guilty of contributory negligence in riding in a dangerous position.—Kleffmann v. Metropolitan St. Ry. Co. (Sup.) 582.

*A verdict in an action by a passenger against a street railway company for the misconduct of the conductor *held* excessive.—Burfeindt v. New York City Ry. Co. (Sup.) 589.

*In an action for injuries to a passenger, while attempting to alight, in consequence of the sudden starting of the car, the question of the negligence of the company, under Railroad Law, Laws 1890, p. 1126, c. 565, § 138, *held* for the jury.—Fruhauf v. Interborough Rapid Transit Co. (Sup.) 781.

## CASE ON APPEAL.

Making and settlement, see "Appeal," § 4.

## CAUSE OF ACTION.

See "Action"; "Malicious Prosecution," § 1.

## CERTAINTY.

In complaint, as ground for demurrer, see "Pleading," § 4.

## CERTIFICATE.

From civil service commission, see "Municipal Corporations," § 1.

## CERTIFICATES OF DEPOSIT.

In trust companies, see "Banks and Banking," § 3.

## CERTIORARI.

To review assessment, see "Taxation," § 2.

## CHANGE OF VENUE.

Of civil actions, see "Venue," § 1.

## CHARGE.

Of legacies on property by will, see "Wills," § 4.
To jury in civil actions, see "Trial," § 4.
To jury in criminal prosecutions, see "Criminal Law," § 3.

## CHATTEL MORTGAGES.

See "Pledges."
Jurisdiction of municipal court of action for deficiency on, see "Courts," § 2.

**§ 1. Rights and remedies of creditors.**
A complaint of a trustee in bankruptcy *held* to sufficiently allege a failure to file a chattel mortgage for record, as required by Laws 1897,

p. 514, c. 418, as amended by Laws 1900, p. 499, c. 248.—Lesser v. Bradford Realty Co. (Sup.) 571.

## CHEAT.

See "False Pretenses"; "Fraud."

## CHILDREN.

See "Infants."
Injuries to minor servant, see "Master and Servant," § 3.

## CHOSE IN ACTION.

Assignment, see "Assignments."

## CITATION.

See "Process."
On appeal, see "Appeal," § 3.

## CITIES.

See "Municipal Corporations."

## CITIZENS.

See "Indians."

## CIVIL RIGHTS.

See "Constitutional Law," § 1.

## CIVIL SERVICE.

In municipalities, see "Municipal Corporations," § 1.

## CLAIM AND DELIVERY.

See "Replevin."

## CLAIMS.

Against estate of decedent, see "Executors and Administrators," § 2.
Against state, see "States," § 3.
Against town, see "Towns," § 2.

## COLLATERAL AGREEMENT.

Parol evidence, see "Evidence," § 8.

## COLLATERAL INHERITANCE TAXES.

See "Taxation," § 3.

## COLLATERAL SECURITY.

See "Pledges."

## COLLATERAL UNDERTAKING.

See "Frauds, Statute of," § 1; "Guaranty."

*Point annotated. See syllabus.**

## COLLECTION.

By attorney, see "Attorney and Client," § 2.

## COLLEGES AND UNIVERSITIES.

Devise to in general, see "Wills," § 3.

## COLLISION.

Between truck and street car, see "Street Railroads," § 2.

Contributory negligence in general of vessel injured by, see "Negligence," § 2.

## COMMERCE.

Carriage of goods and passengers, see "Carriers."

§ 1. Means and methods of regulation.
   *Franchise tax, created by Laws 1896, p. 856, c. 908, § 182, held collectible, though the business of the corporation is interstate or foreign commerce.—People v. Roberts (Sup.) 184.

## COMMISSION.

To take testimony, see "Depositions."

## COMMISSIONS.

Of broker, see "Brokers," § 1.
Of executor or administrator, see "Executors and Administrators," § 4.

## COMMON CARRIERS.

See "Carriers."

## COMPENSATION.

For performance of contract, see "Contracts," § 2.

For property taken for public use, see "Eminent Domain," § 1.

Of particular classes of officers or other persons.
See "Brokers," § 1; "Executors and Administrators," § 4; "Physicians and Surgeons."
Attorney, see "Attorney and Client," §§ 2, 3.
Insurance agents, see "Insurance," § 2.
Municipal employés, see "Municipal Corporations," § 2.
Servant, see "Master and Servant," § 2.

## COMPETENCY.

Of experts as witnesses, see "Evidence," § 9.
Of witnesses in general, see "Witnesses," § 1.

## COMPROMISE AND SETTLEMENT.

See "Accord and Satisfaction"; "Account Stated"; "Payment"; "Release."
Admissibility of evidence of offer of compromise, see "Evidence," § 5.
Of claims under contracts with municipality, see "Municipal Corporations," § 3.

## COMPUTATION.

Of period of limitation, see "Limitation of Actions," § 1.

## CONCLUSION.

Of witness, see "Evidence," § 9.

## CONDEMNATION.

Taking property for public use, see "Eminent Domain."

## CONDITIONAL SALES.

See "Sales," § 6.

## CONDITIONS.

*In contracts and conveyances.*
See "Deeds," § 1.
Insurance policies, see "Insurance," §§ 6, 7.

*Precedent to actions or other proceedings.*
Against municipality, see "Municipal Corporations," § 7.
Amendment of pleading, see "Pleading," § 5.
On bond of highway officer, see "Highways," § 1.

## CONDUITS.

Grant of permission to construct, as contract irrevocable by legislature, see "Constitutional Law," § 3.

## CONFIDENTIAL RELATIONS.

Disclosure of communications, see "Witnesses," § 1.

## CONFLICT OF LAWS.

See "Usury," § 1.

## CONSIDERATION.

For condition in deed, see "Deeds," § 1.
Of contract in general, see "Contracts," § 1.

## CONSOLIDATION.

Of actions, see "Action," § 2.
Of corporations, see "Corporations," § 6.

## CONSTITUTIONAL LAW.

*Provisions relating to particular subjects.*
See "Jury," § 1; "States."
Legislative districts, see "States," § 1.
Repeal of statutes, see "Statutes," § 3.
Special or local laws, see "Statutes," § 1.
Subjects and titles of statutes, see "Statutes," § 2.

*Point annotated. See syllabus.

**§ 1. Personal, civil, and political rights.**

The clause of section 77 of the Labor Law, Laws 1903, p. 439, c. 184, forbidding the employment of minors under the age of 18 years and females in factories in the nighttime, *held* not a valid exercise of police power, but an infringement of the right to contract.—People v. Williams (Sup.) 562.

**§ 2. Vested rights.**

*Where, in action to construe a will, plaintiff took no estate under the will, he had no vested interest that would have prevented the application of the statute of 1893 (Laws 1893, p. 1748, c. 701), under which the will could be pronounced valid, though it created a trust in the trustees of a university, the residuary legatee.—Morgan v. Durand (Sup.) 1002.

**§ 3. Obligation of contracts.**

The mere granting of permission by a city council to a corporation to construct conduits and subways, does not constitute a contract, where the corporation performs no act thereunder.—People v. Ellison (Sup.) 55.

**§ 4. Retrospective and ex post facto laws.**

*Acts 1905, p. 131, c. 94, amending Laws 1896, p. 795, c. 908, and Laws 1901, p. 297, c. 118, in relation to the taxation of foreign insurance companies, *held* not invalid on constitutional grounds as retroactive.—People v. Kelsey (Sup.) 902.

# CONSULS.

See "Ambassadors and Consuls."

# CONTEMPT.

Contempt proceedings to enforce judgment for alimony, see "Divorce," § 3.
Violation of injunction, see "Injunction," § 4.

**§ 1. Acts or conduct constituting contempt of court.**

*Order imposing fine on attorney and commitment for contempt in failing to pay over moneys to client *held* void where order requiring payment to client has never been served on the attorney.—People v. Feenaughty (Sup.) 700.

**§ 2. Power to punish and proceedings therefor.**

Procedure in contempt, under Code Civ. Proc. §§ 2281, 2283, defined.—People v. Feenaughty (Sup.) 700.

# CONTINUANCE.

Where a cause has reached the ready section of the day calendar, excuses for postponement are too late except such as arise after the ready section is reached.—Loehr v. Brooklyn Ferry Co. (Sup.) 209.

*Where a cause had been placed on the ready section of the day calendar, the court *held* without authority to set the cause down for trial on a subsequent date.—Loehr v. Brooklyn Ferry Co. (Sup.) 209.

Under the facts *held* that the trial court was justified in refusing to grant a stay of the trial because of engagements of counsel.—Riesgo v. Clark (Sup.) 832.

# CONTRACTS.

Agreements within statute of frauds, see "Frauds, Statute of."
Assignment, see "Assignments."
Consolidation of actions on, see "Action," § 2.
Declarations as evidence in action on, see "Evidence," § 6.
Denial of liberty to contract, see "Constitutional Law," § 1.
Impairing obligation, see "Constitutional Law," § 3.
Liability of decedent's estate on contracts of decedent, see "Executors and Administrators," § 2.
Operation and effect of usury laws, see "Usury," § 1.
Parol or extrinsic evidence, see "Evidence," § 8.
Questions for jury in action on, see "Trial," § 3.
Reformation, see "Reformation of Instruments."
Set-off in action on, see "Set-Off and Counterclaim," § 1.
Specific performance, see "Specific Performance."
Temporary injunction in action for breach of, see "Injunction," § 2.

*Contracts of particular classes of persons.*

See "Master and Servant"; "Municipal Corporations," § 3; "United States," § 1.
Devisees or legatees, see "Wills," § 4.

*Contracts relating to particular subjects.*

See "Interest"; "Trade-Marks and Trade-Names," § 2.
Ground for mechanics' liens, see "Mechanics' Liens," § 1.
Municipal improvements, see "Municipal Corporations," § 3.
Removal of fixtures, see "Fixtures."
Water supply, see "Waters and Water Courses," § 1.

*Particular classes of express contracts.*

See "Bailment"; "Bills and Notes"; "Chattel Mortgages"; "Guaranty"; "Indemnity"; "Insurance," § 3; "Partnership"; "Sales."
Agency, see "Principal and Agent."
Employment, see "Master and Servant."
Leases, see "Landlord and Tenant."
Sales of realty, see "Vendor and Purchaser."
Suretyship, see "Principal and Surety."

*Particular classes of implied contracts.*

See "Account Stated"; "Money Lent"; "Money Paid"; "Use and Occupation"; "Work and Labor."

*Particular modes of discharging contracts.*

See "Accord and Satisfaction"; "Payment"; "Release."

**§ 1. Requisites and validity.**

*The fact that a party to an executed contract violated a penal statute in the approach to the contract *held* not sufficient to prevent the

**\*Point annotated. See syllabus.**

court from enforcing the contract.—Beilin v. Wein (Sup.) 38.

*A contract to transfer certain letters patent to a corporation in consideration, of payments of money and stock *held* not void for want of mutuality.—Wills v. Pennell (Sup.) 1017.

**§ 2.   Construction and operation.**
An uncanceled lis pendens in an action for violation of Tenement House Act, Laws 1901, p. 917, c. 334, § 129, *held* a sufficient reason for declining a loan on the property within a contract requiring the applicant to pay the lender's charges in examining the title, whether the loan was accepted or declined.—Title Guarantee & Trust Co. v. Wesolick (Sup.) 7.

Where an application for a loan bound the applicant to pay the lender's charges in examining the title to the property whether the loan was made or not, such charges, on declination of the loan, were recoverable only if the declination was in good faith.—Title Guarantee & Trust Co. v. Wesolick (Sup.) 7.

Under a contract for services in obtaining a reduction of a municipal improvement assessment plaintiff *held* entitled to recover one-quarter of the difference between a previous proposed assessment, and that subsequently made.—United States Title Guaranty & Indemnity Co. v. Marks (Sup.) 483.

An alleged guaranty *held* an essential part of a contract alleged, without proof of which no cause of action existed on the contract.—Linden v. Thieriot (Sup.) 568.

**§ 3.   Modification and merger.**
Contract by the vendors of a manufacturing plant not to engage in certain business under a certain name, *held*, under the evidence, not to be merged in a subsequent agreement.—Union Mills v. Harder (Sup.) 309.

**§ 4.   Performance or breach.**
*One performing labor on a contract to recover, *held* required to procure the architect's certificate or to show that it has been unreasonably refused, or that the other party has waived its production.—Traitel v. Oussani (Sup.) 105.

Where a building contractor provides for certificate of completion such provision is waived where the owner completes the work under the contract.—Bader v. City of New York (Sup.) 351.

Objection that building contractor sublet in violation of contract *held* waived.—Bader v. City of New York (Sup.) 351.

**§ 5.   Actions for breach.**
In an action on a contract to pay the expenses of examining an application for a loan, whether it was accepted or declined, the burden was on defendant to show that the declination was capricious.—Title Guarantee & Trust Co. v. Wesolick (Sup.) 7.

*Burden of proof as to using a word in a contract with a special meaning determined.—Abrams v. Bloch (Sup.) 109.

In action for compensation for public printing turned over by defendant to plaintiff, evidence

examined and *held* to show existence of arrangement as to price and time of payment.—Quayle & Sons v. Brandow Printing Co. (Sup.) 323.

*Action for compensation for public printing turned over by defendant to plaintiff *held* premature as to some of the items, precluding recovery.—Quayle & Sons v. Brandow Printing Co. (Sup.) 323.

In an action on an alleged contract under which plaintiff claimed to have delivered certain bonds to defendant for sale and reinvestment of the proceeds under a guaranty to make good any resulting loss, evidence examined, and *held* insufficient to establish the guaranty. —Linden v. Thieriot (Sup.) 568.

Evidence *held* insufficient to establish the making of a contract to pay a portion of the taxes on certain real estate.—Freifeld v. M. Groh's Sons (Sup.) 863.

# CONTRADICTION.

Of record, see "Appeal," § 4.

# CONTRIBUTORY NEGLIGENCE.

See "Negligence," § 2.
Of passenger, see "Carriers," § 3.
Of person injured by operation of railroad, see "Railroads," § 6.
Of person injured by operation of street railroad, see "Street Railroads," § 2.
Of person injured in street, see "Municipal Corporations," § 4.
Of servant, see "Master and Servant," § 3.

# CONVERSION.

Wrongful conversion of personal property, see "Trover and Conversion."

# CONVEYANCES.

In fraud of creditors, see "Fraudulent Conveyances."
In trust, see "Trusts," § 1.

*Particular classes of conveyances.*
See "Assignments"; "Chattel Mortgages"; "Deeds"; "Mortgages."

# CORPORATIONS.

Action of partners in holding themselves out as corporation as fraud, see "Fraud," § 1.
Constitutional restriction on enactment of retrospective laws affecting, see "Constitutional Law," § 4.
Engaged in interstate commerce, see "Commerce," § 1.
Examination of corporate officer, see "Discovery," § 1.
Guaranty by corporate officer against loss by dealing with corporation, see "Guaranty," § 2.
Joinder of causes of action to recover dividend, see "Action," § 2.

**\*Point annotated.   See syllabus.**

Mandamus, see "Mandamus," § 2.

Parties to judgment in action to enforce limited liability of directors of corporation, see "Judgment," § 2.

Requirements of statute of frauds as to promise by directors to answer for debt of, see "Frauds, Statute of," § 1.

Taxation of corporations and corporate property, see "Taxation," §§ 2, 3.

*Particular classes of corporations.*

See "Municipal Corporations"; "Railroads"; "Street Railroads."

Insurance companies, see "Insurance."

Telegraph and telephone companies, see "Telegraphs and Telephones."

Trust companies, see "Banks and Banking," § 3.

Water companies, see "Waters and Water Courses," § 1.

## § 1. Corporate existence and franchise.

*A corporation formed in 1882 and maintaining and leasing lines of electrical conductors *held* duly organized.—People v. Ellison (Sup.) 444.

## § 2. Capital, stock, and dividends.

Where a resident transfer agent of a foreign corporation wrongfully delayed the transfer of stock held by a nonresident decedent, the agent was not liable for damages to the persons to whom the stock was transferred, its liability for nonfeasance being solely to its principal.—Dunham v. City Trust Co. (Sup.) 87.

*Upon proper declaration of a dividend by a corporation, it becomes the debtor of the stockholder.—Searles v. Gebbie (Sup.) 199.

*False representations *held* sufficient ground for rescission of exchange of shares of corporate stock.—Jahn v. Reynolds (Sup.) 293.

*Under Railroad Law, § 2, subd. 13 (Laws 1892, p. 2050, c. 565) a subscriber to the stock of a railroad company to be organized *held* liable on the subscription on the organization of the company.—Lowville & B. R. R. Co. v. Elliot (Sup.) 328.

*A subscriber to the stock of a railroad company to be organized to build a railroad *held* liable on his subscription on the company being organized to build, maintain, and operate the road.—Lowville & B. R. R. Co. v. Elliot (Sup.) 328.

## § 3. Members and stockholders.

*Under General Corporation Law, § 20 (Laws 1901, p. 975, c. 355), fixing the qualification of voters at corporation elections, a corporation *held* not entitled to vote stock standing in the name of its directors.—In re Utica Fire Alarm Telegraph Co. (Sup.) 109.

One, failing to object to a corporation stockbook at the time of an election, *held* not to be aided in a proceeding to set aside the election, by the fact that the stockbook was not in the exact form required by Stock Corporation Law (Laws 1892, p. 1831, c. 688) § 29.—In re Utica Fire Alarm Telegraph Co. (Sup.) 109.

## § 4. Officers and agents.

A corporate election *held* not to be set aside for an alleged error not affecting the result.—In re Utica Fire Alarm Telegraph Co. (Sup.) 109.

Proceedings under General Corporation Law (Laws 1892, p. 1018, c. 687) § 27, to determine the validity of a corporate election, *held* not appropriate for determining an equitable right in shares of stock.—In re Utica Fire Alarm Telegraph Co. (Sup.) 109.

The failure of a stockholder, contesting the election of directors under General Corporation Law, § 27 (Laws 1892, c. 687), to specify in the application that the statutory notice of election was not given, *held* not a waiver of the omission to give notice, notwithstanding General Rules of Practice, § 37.—In re Keller (Sup.) 133.

*Under General Corporation Law, § 24 (Laws 1892, c. 687), Stock Corporation Law, § 20 (Laws 1892, c. 688), and the by-laws of a corporation, an election of directors on 12 days' notice *held* subject to be set aside on the application of a stockholder who did not appear at the meeting.—In re Keller (Sup.) 133.

Directors are not liable to stockholders for a declared dividend, until it has been severed from the assets of the company.—Searles v. Gebbie (Sup.) 199.

In an action to charge defendant officer of a corporation on an alleged individual promise evidence *held* not to show such promise or that plaintiff was entitled to any installments under the contract.—Tullis v. Stone (Sup.) 1082.

*A director of a corporation *held* entitled to an order allowing him to examine its books, records, and accounts, on a showing that he has demanded and been refused permission to do so.—People v. Central Fish Co. (Sup.) 1108.

## § 5. Corporate powers and liabilities.

*Facts held to show no contract made by one empowered to bind defendant corporation.—Greenwald v. Petite Cigar Mfg. Co. (Sup.) 86.

Laws 1905, p. 2097, c. 737, § 13, prohibiting a corporation from transferring or leasing its franchise to any other person or corporation, does not prohibit such transfer by an individual.—In re Long Acre Electric Light & Power Co. (Sup.) 460.

*Where a franchise was not forfeited by the city which gave it, because of any terms of the agreement itself, and no action has been taken to dissolve the corporation, or forfeit the franchise, it remains effective.—In re Long Acre Electric Light & Power Co. (Sup.) 460.

Misuse of funds by the president of a corporation in contributing to the payment of taxes on certain real estate *held* no evidence of a contract by the corporation to continue such contributions.—Freifeld v. M. Groh's Sons (Sup.) 863.

## § 6. Consolidation.

Where services rendered, under an employment contract, were completed before the corporation rendering the same was merged in plaintiff cor-

*Point annotated. See syllabus.

poration, it was no defense to plaintiff's claim therefor that the contract was personal and unassignable.—United States Title Guaranty & Indemnity Co. v. Marks (Sup.) 483.

### § 7. Foreign corporations.

Where complaint showed that plaintiff was a foreign corporation, but did not show that it was a foreign stock corporation, defendant *held* not entitled to nonsuit for plaintiff's failure to show compliance with section 15, General Corporation Law, Laws 1892, p. 1805, c. 687.— Charles E. Wright & Co. v. Faulkner (Sup.) 807.

## CORRECTION.

Of record on appeal, see "Appeal," § 4.

## CORROBORATION.

Of witness in general, see "Witnesses," § 3.

## COSTS.

Allowance of to trustee, see "Trusts," § 5.
Effect of jurisdiction on costs recoverable, see "Costs," § 1.
On granting new trial, see "New Trial," § 2.
Payment as condition precedent to permitting amendment of pleading, see "Pleading," § 5.
Review of discretion of court in awarding, see "Appeal," § 6.

### § 1. Nature, grounds, and extent of right in general.

*Defendant, in whose favor judgment is rendered, is not entitled to costs where he filed no verified pleading or written notice of appearance.—Livingston Press v. Genet (Sup.) 26.

*The City Court of the City of New York having no jurisdiction of an action against the city, Code Civ. Proc. § 3228, as amended Laws 1904, p. 1351, c. 557, *held* not to operate to prevent a plaintiff suing the city in the Supreme Court and recovering less than $500, from recovering his full bill of costs.—O'Connor v. City of New York (Sup.) 295.

### § 2. Persons entitled.

Where a person served with summons has the same name as defendant except as to an initial, he is justified in defending, and where he is not the person intended he is entitled to costs on dismissal.—City of New York v. Ackerman (Sup.) 687.

### § 3. Persons, property, and funds liable.

Where, under Laws 1896, p. 329, c. 376, plaintiff sued in his own name as agent for a penalty for the detention of milk cans, principals *held* not liable for costs, within Code Civ. Proc. § 3247, making parties beneficially interested liable for costs, they having previously transferred the cans.—Pierson v. Clark (Sup.) 719.

### § 4. Security for payment.

*One *held* to have the right to sue as a poor person, though suing as administrator.—In re Cannice (Sup.) 1054.

The moving papers *held* insufficient to show freedom from contributory negligence, so as to authorize an order for an administratrix to sue as a poor person for death of her intestate.—In re Cannice (Sup.) 1054.

*An application to require a nonresident, appointed administratrix in New York, to give security for costs under Code Civ. Proc. § 3268, subd. 1, and section 3271, in an action brought in her representative capacity, *held* within the discretion of the court.—Clarendon v. Milliken Bros. (Sup.) 1105.

*Under Code Civ. Proc. § 3271, security for costs will not be required unless it is manifest that there is bad faith involved, or other serious objection to plaintiff proceeding without such guaranty.—Clarendon v. Milliken Bros. (Sup.) 1105.

### § 5. On appeal or error, and on new trial or motion therefor.

*One, having the case on appeal resettled to insert matters omitted because overlooked by his counsel, *held* required to pay costs of reprinting the record made necessary thereby.— Volhard v. Volhard (Sup.) 453.

## COUNTERCLAIM.

See "Set-Off and Counterclaim."

## COUNTIES.

See "Municipal Corporations."
As employers, see "Master and Servant," § 4.

### § 1. Property, contracts, and liabilities.

*A county is not liable at the suit of a private party for damages.—Moest v. City of Buffalo and County of Erie (Sup.) 996.

## COURTS.

Contempt of court, see "Contempt."
Criminal courts, see "Criminal Law," § 1.
Indian courts, see "Indians."
Judges, see "Judges."
Jurisdiction of action on claims against state, see "States," § 3.
Jurisdiction of actions by or against state, see "States," § 3.
Jurisdiction over decedents' estate, see "Courts."
Justices' courts, see "Justices of the Peace."
Repeal of statutes granting right of removal from municipal court, see "Statutes," § 3.
Review of decisions, see "Appeal."
Right to trial by jury, see "Jury," § 1.

### § 1. Nature, extent, and exercise of jurisdiction in general.

An order removing the cause from the Municipal Court to the City Court for trial *held* not appealable.—Bonagur v. Orlandi (Sup.) 115.

*Parties cannot confer jurisdiction over the subject-matter by consent.—Weinstein v. Douglas (Sup.) 251.

*Point annotated. See syllabus.

## § 2. Courts of limited or inferior jurisdiction.

Under Code Civ. Proc. § 3347, subds. 3–4, and Municipal Court Act (Laws 1902, p. 1503, c. 580) § 24, Code Civ. Proc. § 448, providing for an action by one party for the benefit of all similarly interested, *held* not applicable to an action in the Municipal Court of New York City.—Reed v. Wiley, Harker & Camp Co. (Sup.) 39.

Under Municipal Court Act, Laws 1902, c. 580, p. 1563, § 254, an application to vacate a judgment on a trial by the court must be made within five days after its rendition.—Barron v. Feist (Sup.) 72.

Municipal Court Act, Laws 1902, c. 580, p. 1563, § 254, requiring an application to vacate or set aside a judgment to be made within five days, etc., *held* inapplicable where the motion is made because of an irregularity in entering the judgment.—Barron v. Feist (Sup.) 72.

Code Civ. Proc. § 724, *held* inapplicable to a motion to vacate a Municipal Court judgment entered by mistake of the trial judge.—Barron v. Feist (Sup.) 72.

Code Civ. Proc. tit. 3, c. 11, providing for the vacation of judgments, made applicable to the Supreme Court, the City Court of New York and county courts by section 3347, subd. 8, *held* inapplicable to Municipal Court judgments.—Barron v. Feist (Sup.) 72.

Under Municipal Court Act, Laws 1902, p. 1546, c. 580, § 187, the Municipal Court of the City of New York *held* to have authority to make an order of interpleader.—Englander v. Fleck (Sup.) 125.

Under Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 11, in an action in such court to enforce a mechanic's lien, the court cannot adjudge the priority of liens nor establish the lien of a defendant lienor.—Drall v. Gordon (Sup.) 171.

Under Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 11, such court in a suit to foreclose a mechanic's lien *held* authorized only to render a money judgment to be enforced by an execution.—Drall v. Gordon (Sup.) 171.

*Municipal Courts have no jurisdiction except such as is specially conferred by statute.—Weinstein v. Douglas (Sup.) 251.

On a submission of controversy under Municipal Court Act, Laws 1902, p. 1560, c. 580, § 241, the affidavit therein required is essential to confer jurisdiction, and cannot be waived.—Weinstein v. Douglas (Sup.) 251.

Under Laws 1902, p. 1563, c. 580, § 257, an order of the Municipal Court opening a default and setting aside the judgment *held* not appealable in the first instance.—Dutch v. Parker (Sup.) 271.

Under Amended New York Charter 1901 (Laws 1901, pp. 574, 579, c. 446), §§ 1345, 1364, repealing part of charter of 1897 (Laws 1897, p. 92, c. 378) § 262; Laws 1819, p. 74, c. 71; Laws 1858, p. 569, c. 334, § 2; Laws 1860, p. 645, c. 379; Laws 1868, p. 2007, c. 853; Laws 1872, p. 1493, c. 629; Laws 1881, p. 720, c. 537; Laws 1882, p. 305, c. 410, § 1103; Consolidation Act (Laws 1882, pp. 302–335, c. 410) §§ 1208–1278, and Code Civ. Proc. §§ 315, 339—*held*, that the City Court of the City of New York has no jurisdiction of an action against the city.—O'Connor v. City of New York (Sup.) 295.

An action for a deficiency on a chattel mortgage *held* not an action on the mortgage, jurisdiction of which is denied the Municipal Court by Laws 1902, p. 1533, c. 580, § 139.—Wilcox v. Perez (Sup.) 391.

The Municipal Court of the city of New York being one of limited jurisdiction, no presumptions can be invoked of its jurisdiction.—Katz v. Schreckinger (Sup.) 743.

Under Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248, the Municipal Court of the city of New York *held* to have had no authority to enter a final order in favor of the landlord in proceedings to dispossess a tenant.—Katz v. Schreckinger (Sup.) 743.

Under the express provisions of Municipal Court Act, § 311, Laws 1902, p. 1578, c. 580, a defendant may appeal from a judgment rendered against him in an action wherein he did not appear and summons was not personally served on him.—Gottlieb v. Kurlander (Sup.) 751.

Where a cause was dismissed in the Municipal Court for plaintiff's failure to appear, it could not be restored to the calendar until the default had been excused and the judgment of dismissal vacated.—Gottlieb v. Kurlander (Sup.) 751.

Defendant *held* not to have consented to an adjournment of an action pending in the Municipal Court for more than the eight days authorized by Municipal Court Act, Laws 1902, p. 1547, c. 580, § 193, and that the court therefore lost jurisdiction by a longer adjournment.—Clemens v. Werner Co. (Sup.) 755.

Under section 230, Municipal Court Act, Laws 1902, p. 1557, c. 580, judgment entered by Municipal Court more than 14 days after submission of cause to court *held* not sustainable.—City Button Works v. Cohn (Sup.) 765; Cohn v. City Button Works, Id.

## § 3. Courts of probate jurisdiction.

Provisions of a will directing the surplus income to be applied to the payment of mortgages and to be invested until the termination of two lives on which a trust depended *held* invalid as creating unlawful accumulations.—Kirk v. McCann (Sup.) 1093.

A surrogate *held* to have no jurisdiction of controversy between surety of temporary administrator and third person.—In re Weisell's Estate (Sur.) 273.

## COVERTURE.

See "Husband and Wife."

*Point annotated. See syllabus.

101 N.Y.S.—74

## CREDIBILITY.

Of witness, see "Witnesses," § 3.

## CREDIT INSURANCE.

See "Insurance," § 8.

## CREDITORS.

See "Bankruptcy"; "Fraudulent Conveyances."
Of intestate, see "Descent and Distribution," § 2.
Rights as to chattel mortgage by debtor, see "Chattel Mortgages," § 1.

## CREDITORS' SUIT.

Remedies in cases of fraudulent conveyances, see "Fraudulent Conveyances," § 2.

## CRIMINAL LAW.

Impeachment of witnesses, see "Witnesses," § 3.
Penalties, see "Penalties."

*Particular offenses.*

See "Adulteration"; "Contempt"; "False Pretenses"; "Homicide"; "Larceny."
Against liquor laws, see "Intoxicating Liquors," § 2.

### § 1. Jurisdiction.

Under Code Cr. Proc. §§ 22 (6), 22 (4) and 41, *held*, that the Supreme Court, having sent an indictment to the County Court, which was returned, could again send it to the County Court.—People v. De Puy (Sup.) 81.

### § 2. Evidence.

*Nonexperts *held* not competent to testify whether a person was of sound or unsound mind. —R. A. Schoenberg & Co. v. City Trust, Safe Deposit & Surety Co. (Sup.) 798.

Evidence in a prosecution for forgery considered, and *held* insufficient to corroborate the evidence of an accomplice.—People v. Colmey (Sup.) 1016.

### § 3. Trial.

*To charge that it is for the jury to say whether a witness was "a vicious and precocious off-scouring of the street" *held* improper.— People v. Myers (Sup.) 291.

*To charge that the fact that defendant had been convicted of a prior violation of the statute, for violation of which he was being prosecuted, might be considered in determining whether defendant was the kind of man that would continue to violate the statute *held* prejudicial error.—People v. Myers (Sup.) 291.

On a trial for homicide, the refusal to give a charge *held* not erroneous as placing on accused the burden of convincing the jury that his testimony was true.—People v. Mallon (Sup.) 814.

### § 4. Appeal.

A ruling on the admission of evidence in a homicide case *held* not reversible error, under Code Cr. Proc. § 542.—People v. Mallon (Sup.) 814.

## DAMAGES.

Compensation for property taken for public use, see "Eminent Domain," § 1.
Objection to rule as to measure of damages for purpose of review, see "Appeal," § 2.
Provision as to, in contract with municipality, see "Municipal Corporations," § 3.

*Damages for particular injuries.*

See "Death," § 1; "Nuisance," § 1; "Trespass," § 2.
Breach by seller of contract for sale of goods, see "Sales," § 5.
Defective condition of demised premises, see "Landlord and Tenant," § 4.
Failure of landlord to perform contract of renting, see "Landlord and Tenant," § 2.
Injuries caused by public improvements, see "Municipal Corporations," § 3.
Personal injuries, see "Carriers," § 3; "Master and Servant," § 4.

*Recovery in particular actions or proceedings.*

See "Trespass," § 2.
For personal injuries, see "Carriers," § 3.

### § 1. Grounds and subjects of compensatory damages.

*Plaintiff in an action for an assault committed on him in the presence of his wife cannot recover for injuries to the wife occasioned by fright and subsequent loss of service of the wife.—Hutchinson v. Stern (Sup.) 145.

*A defendant, agreeing to loan to plaintiff a specified sum to aid him in furnishing a place as a saloon, *held* on failing to furnish the loan not liable for the rent paid during plaintiff's occupancy of the premises.—Treanor v. New York Breweries Co. (Sup.) 189.

On breach of an agreement by the owner of lands who agreed to convey the same in consideration of his support, plaintiffs, who had lived on the farm for a time and supported him, were not entitled to recover full price for his board, without giving credit for the rent.— Bovee v. Barrett (Sup.) 322.

Where building contractors conducted their operations so negligently that a tenant was obliged to vacate a neighboring house, in an action by him against the contractors for damages, the elements of damage determined.— McFadden v. Thompson-Scarrett Co. (Sup.) 467.

*In an action for ejection of a passenger, plaintiff *held* entitled to recover damages, for injury to his feelings, and for indignity suffered, though there was no evidence of loss of time, or physical injury.—Samuels v. New York City Ry. Co. (Sup.) 534.

*An owner refusing to receive insurance policies under an agreement with a broker to

**\*Point annotated. See syllabus.**

insure his property *held* not liable for the full amount of commissions which the broker might have received from the company.—Weingrad v. Kletzky (Sup.) 588.

In an action for injuries to an automobile, an allowance of $150 for loss of use *held* erroneous as speculative.—Foley v. Forty-Second St., M. & St. N. Ave. Ry. Co. (Sup.) 780.

*Measure of damages recoverable by the vendee in a contract of sale on vendor's failure to deliver determined.—Atlas Portland Cement Co. v. Hopper (Sup.) 948.

§ 2. **Inadequate and excessive damages.**
*Personal injuries received on a street car *held* not to entitle plaintiff to more than $1,000. —Schierloh v. Interurban St. Ry. Co. (Sup.) 437.

In an action for ejection of a passenger, a verdict for plaintiff for $5 *held* inadequate.— Samuels v. New York City Ry. Co. (Sup.) 534.

*A verdict for $15,000 for the breaking of a leg *held* excessive, and should be reduced to $5,206.20.—Ross v. Metropolitan St. Ry. Co. (Sup.) 932.

## DEATH.

Caused by operation of street railroads, see "Street Railroads," § 2.
Of partner, see "Partnership," § 3.
Review of verdict on appeal, see "Appeal," § 6.

§ 1. **Actions for causing death.**
Where, under Code Civ. Proc. § 2732, subd. 7, plaintiff alone was entitled to recover for the wrongful death of his infant son, and after bringing an action therefor, which was dismissed for his default, settled his claim, plaintiff's widow could not open the default.—McGurty v. New Amsterdam Gas Co. (Sup.) 235.

*Under Code Civ. Proc. § 1903, as amended, the surrogate has sole right to determine amount to be paid for funeral expenses from sum recovered for death of decedent by wrongful act. —In re McDonald's Estate (Sur.) 275.

## DEBTOR AND CREDITOR.

See "Bankruptcy"; "Fraudulent Conveyances."

## DECEDENTS.

Estates, see "Descent and Distribution"; "Executors and Administrators."

## DECEIT.

See "Fraud."
Effect of knowledge on limitation in action for, see "Limitation of Actions," § 1.

## DECLARATIONS.

As evidence in civil actions, see "Evidence," § 6.

## DEDICATION.

§ 1. **Nature and requisites.**
*Where a deed to city property named two streets as a part of the boundary and conveyed to their respective centers, there was a dedication to the public of the portions of such streets adjoining the property.—Palmer v. East River Gas Co. (Sup.) 347.

*Where there had been a dedication of land as public streets, a resolution of a municipal board changing the grade of such streets, and a map relating thereto, were competent evidence to show an acceptance by the city of the land dedicated.—Palmer v. East River Gas Co. (Sup.) 347.

*A city may make an unofficial street official by acceptance, and the maintenance of street lamps and the granting permission to a gas company to lay mains in streets was an acceptance. —Palmer v. East River Gas Co. (Sup.) 347.

*Though, by a city's failure to work streets, they may have lost their official status, yet as long as they are used by the public, the city may renew its acceptance by an official user, and thereby confer official character upon them. —Palmer v. East River Gas Co. (Sup.) 347.

*A street may be an irrevocable public street by dedication and general public use without official acceptance by the city.—Palmer v. East River Gas Co. (Sup.) 347.

§ 2. **Operation and effect.**
Laws 1890, p. 1177, c. 568, providing that every dedicated highway which has not been opened and worked or laid out within six years from the time of its dedication shall cease to be a highway, does not relate to those becoming and remaining actual highways by general public use.—Palmer v. East River Gas Co. (Sup.) 347.

## DEEDS.

Denial in answer of allegation in complaint as to conveyance, see "Pleading," § 2.
In trust, see "Trusts," § 1.
Recitals in, as dedication, see "Dedication," § 1.
Reformation, see "Reformation of Instruments."
Trust deeds, see "Mortgages."

§ 1. **Construction and operation.**
*A deed to a certain plot as shown on a map *held* to include land laid out as a specially excavated canal.—In re Canal Place in City of New York (Sup.) 397.

A condition in a deed by executors or trustees *held* to be without consideration.—Richter v. Distelhurst (Sup.) 634.

*Provisions in a deed for forfeiture on breach of condition are viewed with disfavor and should be strictly construed.—Richter v. Distelhurst (Sup.) 634.

A condition in a deed by trustees or executors *held* not open to construction as authorizing heirs of the trustees to re-enter for breach.— Richter v. Distelhurst (Sup.) 634.

*Point annotated. See syllabus.

Where a deed stipulated that certain classes of buildings should not be erected on the premises under a penalty "of the forfeiture of the said lot," such penalty was equivalent to a provision for re-entry by the grantors.—Richter v. Distelhurst (Sup.) 634.

One by a deed of land *held* not to convey his claim for damages for land taken for a street. —Harris v. Kingston Realty Co. (Sup.) 1104.

### § 2. Pleading and evidence.

A deed regular on its face and properly executed and delivered by a grantor who has not been adjudged incompetent will be presumed valid in ejectment.—Smith v. Ryan (Sup.) 1011.

# DEFAMATION.

See "Libel and Slander."

# DEFAULT.

Judgment by, see "Judgment," § 1.

# DEFICIENCY.

On foreclosure of mortgage, see "Mortgages," § 3.

# DELIVERY.

Of gift, see "Gifts," § 1.
Of goods sold, see "Sales," § 5.

# DEMAND.

On principal in action on bond of highway officer, see "Highways," § 1.

# DEMURRER.

In pleading, see "Pleading," § 4.

# DENIALS.

In pleading, see "Pleading," § 2.

# DEPOSITIONS.

See "Witnesses,"

An affidavit for a commission to take testimony on oral questions outside of the state, as provided by Code Civ. Proc. § 893, *held* insufficient where it failed to show that the witnesses were adverse to plaintiff or that any effort had been made to obtain information from them.—Depue v. Depue (Sup.) 412.

Where witness, in answer to interrogatories, stated that minutes refreshed her memory, the facts she could recall should have been stated or read from the minutes shown her, and embodied in her answers to the interrogatories.—In re Tifft's Will (Sup.) 1072.

# DEPOSITS.

In bank, see "Banks and Banking," § 1.
Recovery of deposits on purchase price of land, see "Vendor and Purchaser," § 3.

# DESCENT AND DISTRIBUTION.

See "Executors and Administrators"; "Wills." Inheritance and transfer taxes, see "Taxation," § 3.

### § 1. Persons entitled and their respective shares.

Under 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, art. 3, § 49, as amended by Laws 1869, p. 40, c. 22, a will *held* to mention a child born after testator's death so as to deprive the child of the right to take as if the testator died intestate.—Stachelberg v. Stachelberg (Sup.) 178.

### § 2. Rights and liabilities of heirs and distributees.

*The interests of a widow and children in real property descending from the deceased husband and father are subject to the debts of the decedent, whether liens on his estate or not.— Lyons Nat. Bank v. Shuler (Sup.) 62.

# DESCRIPTION.

Of devisees or legatees in will, see "Wills," § 3.
Of property conveyed, see "Boundaries," § 1; "Deeds," § 1.
Of property mortgaged, see "Mortgages," § 2.

# DETINUE.

See "Replevin," § 1.

# DEVISES.

See "Wills."

# DILIGENCE.

Of party asking relief, see "Specific Performance," § 1.

# DIRECTING VERDICT.

In civil actions, see "Trial," § 3.

# DISABILITIES.

Effect on limitation, see "Limitation of Actions," § 1.

# DISBARMENT.

Of attorney, see "Attorney and Client," § 1.

# DISCHARGE.

From employment, see "Master and Servant," § 1.

*From indebtedness, obligation, or liability.*
See "Accord and Satisfaction"; "Bankruptcy," § 2; "Release."

**\*Point annotated. See syllabus.**

# DISCOVERY.

In proceedings to annul marriage, see "Marriage."

Of property owned by judgment debtor, see "Execution," § 3.

## § 1. Under statutory provisions.

*Plaintiff *held* entitled under Code Civ. Proc. §§ 870–872, to an order for examination of defendant to enable him to frame his complaint.—Hill v. McKane (Sup.) 411.

*Where defendant in an action for royalties pleaded a written release and an agreement whereby plaintiff accepted another as debtor, plaintiff *held* entitled to a discovery.—DeKoven v. Ziegfeld (Sup.) 586.

*In an action against a corporation, an examination of an officer thereof as such cannot be had apart from an examination of the corporation itself.—Shumaker v. Doubleday, Page & Co. (Sup.) 587.

A motion for an examination of defendant before trial *held* properly denied.—Shumaker v. Doubleday, Page & Co. (Sup.) 587.

*Defendant in a case in which under the facts he might be guilty of a crime cannot be compelled to be examined in regard to them, he stating that his answers will accuse him of a crime. Const. art. 1, § 6; Code Civ. Proc. § 837; Pen. Code § 142.—Chappell v. Chappell (Sup.) 846.

# DISCRETION OF COURT.

Granting new trial, see "New Trial," § 2.
Review in civil actions, see "Appeal," § 6.

# DISMISSAL AND NONSUIT.

Dismissal of motion to open default, see "Judgment," § 1.
Modification of order of dismissal on appeal, see "Appeal," § 7.
Presumptions on appeal from judgment of nonsuit, see "Appeal," § 6.
Right to costs on dismissal, see "Costs," § 2.
Scope and extent of review of judgment of nonsuit, see "Appeal," § 6.

*In particular actions or proceedings.*
See "Mandamus," § 3.
Appeal, see "Appeal," § 5.
By or against foreign corporation, see "Corporations," § 7.
By or against infant, see "Infants," § 1.

## § 1. Involuntary.

*Where all adjournments after a cause had been noticed for trial were had either at the request or with the consent of the defendant, it was not entitled to a dismissal for want of prosecution under Code Civ. Proc. § 822, and Gen. Prac. Rule 36.—McHugh v. Metropolitan St. Ry. Co. (Sup.) 95.

*Where case was not placed on calendar for over three years after issue joined, motion to dismiss for failure to prosecute should have

been granted unconditionally.—Anderson v. V. J. Hedden & Sons Co. (Sup.) 585.

# DISPOSSESSION.

Of tenant, see "Landlord and Tenant," § 6.

# DISSOLUTION.

Of partnership, see "Partnership," § 4.

# DISTRIBUTION.

Of assets of partnership on dissolution, see "Partnership," § 4.
Of estate of decedent, see "Descent and Distribution"; "Executors and Administrators," § 3.

# DIVIDENDS.

On corporate stock, see "Corporations," § 2.

# DIVORCE.

## § 1. Defenses.

*Plaintiff's adultery cannot be successfully interposed as a defense to an action for divorce unless pleaded and sustained by the proof.—De Marco v. De Marco (Sup.) 600.

## § 2. Jurisdiction, proceedings, and relief.

*Plaintiff's adultery *held* insufficiently proved to constitute a defense to plaintiff's action for divorce.—De Marco v. De Marco (Sup.) 600.

*Defendant in an action for divorce for adultery, having put such charge in issue, *held* entitled to a trial thereof by jury, under Code Civ. Proc. § 1757.—Wilcox v. Wilcox (Sup.) 828.

Defendant in an action for divorce for adultery *held* not to have waived her right to have such issue tried by a jury by noticing the cause for trial at special term.—Wilcox v. Wilcox (Sup.) 828.

General practice rule 31, regulating trials of special issues by jury, *held* inapplicable to the trial of an issue of adultery in a suit for divorce, specially regulated by Code Civ. Proc. § 1757.—Wilcox v. Wilcox (Sup.) 828.

Where defendant in suit for divorce for adultery denied the adulterous acts and pleaded insanity, she was not entitled to a trial of the issue of insanity to a jury.—Wilcox v. Wilcox (Sup.) 828.

## § 3. Alimony, allowances, and disposition of property.

Code Civ. Proc. § 1241, specifying the instances in which a defendant may be punished for disobeying a judgment, *held* inapplicable to a judgment for alimony.—Stanley v. Stanley (Sup.) 725.

Prior to the institution of contempt proceedings for the enforcement of a judgment for alimony, under Code Civ. Proc. § 1773, a certified copy of the decree was properly served

*Point annotated. See syllabus.

on defendant and a personal demand made.—Stanley v. Stanley (Sup.) 725.

Code Civ. Proc. § 1773 specifically authorizes a contempt proceeding for the enforcement of a judgment directing the payment of alimony.—Stanley v. Stanley (Sup.) 725.

## DOCKETS.

Of judgments, see "Judgment," § 3.

## DOCUMENTS.

As evidence in civil actions, see "Evidence," § 7.
Production and inspection of writing, see "Discovery," § 1.

## DOMICILE.

*In a proceeding for the imposition of a transfer tax, evidence *held* insufficient to support a finding of a New York domicile.—In re White's Estate (Sup.) 551.

## DONATIONS.

See "Gifts."

## DRAINS.

In cities, see "Municipal Corporations," § 5.

## DYNAMITE.

Explosion in street, see "Municipal Corporations," § 5.

## EASEMENTS.

See "Dedication"; "Highways."

## EJECTMENT.

Computation of period of limitation in action of ejectment, see "Limitation of Actions," § 1.

§ 1. Pleading and evidence.
Where defendants in ejectment rely on an unprobated will, plaintiffs are entitled to prove that at the time the will was executed testator did not have testamentary capacity.—Smith v. Ryan (Sup.) 1011.

## ELECTIONS.

Elections at town meetings, see "Towns," § 1.
Mandamus to compel canvass of votes, see "Mandamus," § 2.
Of corporate officers, see "Corporations," §§ 3, 4.

## ELECTRICITY.

Corporate existence of electrical corporation, see "Corporations," § 1.
Injuries to servant caused by defective insulation of wire, see "Master and Servant," § 3.

Mandamus to compel granting of permission to construct electric conduits, see "Mandamus," § 3.

The right of a corporation under permission granted by a city council, to construct certain subways, *held* to have lapsed where it failed to procure the approval by the board of commissioners of its plans for the construction thereof within 60 days after the passage of Laws 1885, p. 852, c. 499, and where no attempt was made for over 20 years to act under the permission granted.—People v. Ellison (Sup.) 55.

A franchise obtained by an electric light company from a city, was irrevocable by the city where it was not forfeited by any term of the agreement with the city.—People v. Ellison (Sup.) 444.

Under Laws 1885, p. 852, c. 499, creating a board of commissioners of electrical subways, the right of an electric corporation organized in 1882 to build subways of its own, was lost.—People v. Ellison (Sup.) 444.

## ELEVATED RAILROADS.

Increase in number and speed of trains of, as ground for compensation to abutting owners, see "Eminent Domain," § 3.

## EMINENT DOMAIN.

Conveyance by deed, of claim for damages for land taken for public use, see "Deeds," § 1.
Public improvements by municipalities, see "Municipal Corporations," § 3.

§ 1. Compensation.
*The owners of certain easements over land used for a canal which had never been dedicated to the public, *held* not entitled to object that the owner of the canal land was awarded the value of the fee in condemnation proceedings.—In re Canal Place in City of New York (Sup.) 397.

*Damages for property taken for street purposes accrue at the time the property is taken, and do not pass by a subsequent deed of the remaining premises.—In re Trinity Avenue in City of New York (Sup.) 613; Murray v. City of New York, Id.

*The provision for making compensation for land taken under eminent domain must pre-exist the taking.—Remington v. State (Sup.) 952.

*An owner in fee of the bed of a river is the owner of valuable property, and a municipality seeking to acquire the bed for a public highway must make compensation.—In re City of Buffalo (Sup.) 966; Appeal of Appleby, Id.

§ 2. Proceedings to take property and assess compensation.
*Evidence *held* to show that a commissioner in condemnation proceedings by a street railroad company had represented the company in procuring rights of way so as to disqualify him from acting as commissioner.—Rochester, S. & E. R. Co. v. Tolen (Sup.) 433.

*Point annotated. See syllabus.

* A party *held* estopped from raising any objection to the regularity of the proceedings by a city to acquire land for a public highway, on appeal from an order confirming the award of the commissioners.—In re City of Buffalo (Sup.) 966; Appeal of Appleby, Id.

Laws 1905, p. 2022, c. 723, providing for condemnation of lands by municipal corporations, *held* not to apply to a proceeding by a municipal corporation to condemn an established and fully equipped plant of a water company.—Village of Waverly v. Waverly Water Co. (Sup.) 1070.

**§ 3. Remedies of owners of property.**
Increase in number and speed of trains on elevated road *held* no ground for action for damages by abutting owner.—Wolf v. Manhattan Ry. Co. (Sup.) 493.

## EMPLOYER'S LIABILITY ACTS.

See "Master and Servant," § 3.

## EMPLOYÉS.

See "Master and Servant."

## ENTICEMENT.

Of husband or wife, see "Husband and Wife," § 2.

## ENTRY.

Of judgment, see "Appeal," § 1; "Judgment," § 3.

## EQUITABLE ESTOPPEL.

See "Estoppel," § 2.

## EQUITABLE SET-OFF.

See "Set-Off and Counterclaim."
Against insolvent bank, see "Banks and Banking," § 1.

## EQUITY.

Equitable estoppel, see "Estoppel," § 2.
Equitable set-off, see "Set-Off and Counterclaim."
Equitable set-off against insolvent bank, see "Banks and Banking," § 1.
Joinder of causes of action at law and in equity, see "Action," § 2.
Laches barring right to set aside judgment, see "Judgment," § 4.
Relief against judgment, see "Judgment," § 5.
*Particular subjects of equitable jurisdiction and equitable remedies.*
See "Account"; "Fraudulent Conveyances"; "Injunction"; "Interpleader"; "Partition," § 1; "Reformation of Instruments"; "Specific Performance"; "Trusts."
Setting aside transfer by bankrupt, see "Bankruptcy," § 1.

## ESTABLISHMENT.

Of railroads, see "Railroads," § 3; "Street Railroads," § 1.
Of telegraphs or telephones, see "Telegraphs and Telephones," § 1.
Of will, see "Wills," § 2.

## ESTATES.

Created by will, see "Wills," § 3.
Decedents' estates, see "Descent and Distribution"; "Executors and Administrators."
Estates for years, see "Landlord and Tenant."
Restrictions on creation of future estates, see "Perpetuities."

## ESTOPPEL.

By judgment, see "Judgment," §§ 6, 7.
To appeal, see "Appeal," § 2.
To avoid or forfeit insurance policy, see "Insurance," § 8.
To revoke liquor license, see "Intoxicating Liquors," § 1.

**§ 1. By record.**
*In an action against a receiver for rent, defendant *held* estopped by his pleadings to claim that former dispossession proceedings against him for nonpayment of rent were void because the Attorney General did not have notice.—Prince v. Schlesinger (Sup.) 1031.

*In an action against a receiver for rent, defendant *cannot* defend on the ground that he was a temporary receiver only, where his answer alleged that on the day the rent fell due he was permanent receiver.—Prince v. Schlesinger (Sup.) 1031.

**§ 2. Equitable estoppel.**
*Where remaindermen consented to a mortgage for the benefit of the life tenant, and their attorney induced the mortgagee to believe that it covered both the life estate and remainder, the remaindermen were estopped to deny that such was the fact.—Dickinson v. Blake (Sup.) 709.

## EVICTION.

Of tenant, see "Landlord and Tenant," § 5.

## EVIDENCE.

See "Depositions"; "Discovery"; "Witnesses."
As to validity of deed in ejectment, see "Deeds," § 2.
Conformity of judgment to proofs, see "Judgment," § 2.
Questions of fact for jury, see "Trial," § 3.
Reception at trial, see "Trial," § 2.
Verdict or findings contrary to evidence, see "New Trial," § 1.
Wrongful admission as ground for new trial, see "New Trial," § 1.

*As to particular facts or issues.*
See "Deeds," § 2; "Fraudulent Conveyances," § 2; "Gifts," § 1; "Partnership," §§ 1, 4; "Release," § 1; "Trusts," § 1.

**\*Point annotated. See syllabus.**

Agency, see "Principal and Agent," § 1.

Defense of statute of frauds, see "Frauds, Statute of," § 4.

Good faith of purchaser of land, see "Vendor and Purchaser," § 2.

Limitation of carrier's liability, see "Carriers," § 2.

Nature of conveyance as mortgage, see "Mortgages," § 1.

Service of process, see "Process," § 1.

Tenancy, see "Landlord and Tenant," § 1.

Testamentary capacity, see "Wills," § 1.

*In actions by or against particular classes of persons.*

See "Brokers," § 2; "Carriers," §§ 2, 3; "Landlord and Tenant," § 4; "Master and Servant," § 3; "Principal and Agent," § 2; "Street Railroads," § 2.

Assignees, see "Assignments," § 2.

*In particular civil actions or proceedings.*

See "Ejectment," § 1; "False Imprisonment," § 1; "Fraud," § 1; "Malicious Prosecution," § 2; "Negligence," § 3; "Replevin," § 1.

For accounting between partners, see "Partnership," § 4.

For assessment of taxes, see "Taxation," § 2.

For breach of contract, see "Contracts," § 5.

For compensation of broker, see "Brokers," § 2.

Foreclosure, see "Mortgages," § 3.

For insurance, see "Insurance," §§ 12, 13.

For personal injuries, see "Carriers," § 3; "Landlord and Tenant," § 4; "Master and Servant," § 3; "Municipal Corporations," §§ 4, 5; "Street Railroads," § 2.

Probate proceedings, see "Wills," § 2.

To establish mechanic's lien, see "Mechanics' Liens," § 2.

To recover price paid for land, see "Vendor and Purchaser," § 3.

*In criminal prosecutions.*

See "Criminal Law," § 2; "Homicide," § 1; "Larceny," § 1.

*Review and procedure thereon in appellate courts.*

See "Appeal," § 6.

### § 1. Judicial notice.

The court cannot take judicial notice of the solvency of a foreign state, or the value of its obligations, so as to support a finding as to the value of its bonds.—Hebblethwaite v. Flint (Sup.) 43.

*The court will take judicial notice of the fact that the villages of New Breman and Beaver Falls are between Lowville and Croghan.—Lowville & B. R. R. Co. v. Elliot (Sup.) 328.

### § 2. Presumptions.

*It is to be presumed that a board created by the Legislature performs the duty imposed on it by statute.—Remington v. State (Sup.) 952.

### § 3. Relevancy, materiality, and competency in general.

*Evidence of another mistake *held* not competent or material to prove the mistake claimed.—Arnold v. Farmers' Fire Ins. Ass'n (Sup.) 132.

Defendant *held* entitled to introduce in evidence an instrument testified to by plaintiff and as to which defendant had been cross-examined.—Holt v. Zwisohn (Sup.) 191.

Where plaintiff's counsel improperly introduced evidence over objection that defendant was a trust, judgment for plaintiff was properly overruled.—Crammond v. International Paper Co. (Sup.) 363.

### § 4. Best and secondary evidence.

In an action on a life policy, failure of company to produce the original policy in its possession, *held* to render admissible a copy thereof.—Carr v. Prudential Ins. Co. (Sup.) 158.

### § 5. Admissions.

*Where defendant admitted on cross-examination that she owed plaintiff more than she had tendered him, judgment for defendant *held* error.—Giovanniello v. Horton (Sup.) 20.

*Evidence of defendant's offer to settle for face of claim *held* incompetent.—Schwartzman v. Cohen (Sup.) 236.

*A proposition of settlement *held* an unaccepted offer of compromise on behalf of all the defendants and was therefore inadmissible against any of them.—Franklin v. Hoadley (Sup.) 374.

*Where an unaccepted offer of compromise contained no admission of liability on the part of any member of a firm or an admission that a partnership existed, it was inadmissible as an admission of an independent fact.—Franklin v. Hoadley (Sup.) 374.

Where one of the defendants made default, the erroneous admission of certain evidence, as against the other defendants, could not be justified on the theory that it was admissible against the defaulting defendant alone.—Franklin v. Hoadley (Sup.) 374.

### § 6. Declarations.

*An instrument *held* inadmissible in evidence as a corroboration of plaintiff's testimony by a writing made by himself.—Englander v. Fleck (Sup.) 125.

*Where defendant in an action on a contract introduces a letter received from plaintiff which substantiates plaintiff's version of the contract, it cannot afterwards introduce its reply; such reply being merely a declaration of defendant's understanding of the agreement.—National City Bank of New York v. Pacific Co. (Sup.) 1098.

### § 7. Documentary evidence.

*Exhibits in a foreign language not translated into English are inadmissible.—Squadrilli v. Ciervo (Sup.) 661.

### § 8. Parol or extrinsic evidence affecting writings.

*Oral evidence of an independent collateral agreement, as a condition precedent to a contract becoming operative, *held* not to vary and impeach a written instrument.—Manhattan Guide Co. v. Gluck (Sup.) 528.

### § 9. Opinion evidence.

In an action on a life insurance policy, a general agent cannot testify in general terms

**\*Point annotated. See syllabus.**

and conclusions as to his powers, and lack of authority to modify or issue a policy of insurance.—Carr v. Prudential Ins. Co. (Sup.) 158.

*On an issue as to whether the insufficiency of a brake on a street car was the cause of an accident, certain expert testimony *held* erroneously admitted.—Regan v. Brooklyn Heights R. Co. (Sup.) 213.

*An expert *held* competent to testify as to the usual way in which a counterpoise is placed on a movable steam derrick.—Redhead v. Dunbar & Sullivan Dredging Co. (Sup.) 301.

*In action for personal injuries testimony of physician as to whether condition of plaintiff could result from a fall, *held* inadmissible.—Mackey v. Interurban St. Ry. Co. (Sup.) 439.

*An expert plumber *held* not qualified to give an expert opinion as to whether a tile drain was broken by the sinking of a pillar supporting an elevated railroad structure.—Epstein v. Interborough Rapid Transit Co. (Sup.) 793.

### § 10. Weight and sufficiency.
*Judgment for defendant, plaintiff's evidence being undisputed, *held* error.—Karl v. New York City Ry. Co. (Sup.) 750.

## EXAMINATION.

Of adverse party before trial, see "Discovery," § 1.
Of witnesses in general, see "Witnesses," § 2.

## EXCEPTIONS.

Taking exceptions at trial, see "Trial," § 4.

## EXCESSIVE DAMAGES.

See "Damages," § 2.
For injuries to passenger, see "Carriers," § 3.

## EXCHANGE OF PROPERTY.

Exchange of corporate shares, see "Corporations," § 2.

## EXCISE.

Regulation of traffic in intoxicating liquors, see "Intoxicating Liquors."

## EXECUTION.

See "Attachment."
Conclusiveness of adjudication denying leave to sell property under execution on subsequent motion for leave to make such sale, see "Judgment," § 6.
Exemptions, see "Exemptions."

### § 1. Property subject to execution.
Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, and Laws 1905, p. 370, c. 175, *held* not to authorize execution against an income payable under a trust created in a will probated in 1894, and to be unconstitutional if intended to apply to such cases.—Ringe v. Mortimer (Sup.) 1110.

### § 2. Lien, levy or extent, and custody of property.
The lien of a judgment creditor against trust property *held* superior to the claim of a prior purchaser.—Lyons Nat. Bank v. Shuler (Sup.) 62.

The lien of a judgment creditor, applying for leave to issue execution, as authorized by Code Civ. Proc. § 1380, *held* superior to the lien of a mortgagee and grantee, notwithstanding the notice of levy, under section 1252, could not be recorded until the execution was actually issued.—Lyons Nat. Bank v. Shuler (Sup.) 62.

### § 3. Supplementary proceedings.
An affidavit for the examination of a judgment debtor in aid of an execution *held* insufficient to show that the debtor had property or money which he refused to apply to the judgment.—Garcia v. Morris (Sup.) 253.

*It is only where a judgment creditor can show that his debtor has property not subject to levy, or not capable of being reached by execution that an order for the debtor's examination in aid of the execution can be issued.—Garcia v. Morris (Sup.) 253.

*An affidavit for an examination of a judgment debtor in aid of an execution made by the creditor's attorney on information and belief, *held* fatally defective.—Garcia v. Morris (Sup.) 253.

An affidavit for the examination of a judgment debtor in aid of an execution alleging a demand for the application of certain property to payment of the judgment without facts showing that the debtor's refusal was unjust, etc., *held* fatally defective.—Garcia v. Morris (Sup.) 253.

## EXECUTORS AND ADMINISTRATORS.

See "Descent and Distribution"; "Wills."
Claims of brokers against estate of decedent for commissions for sale of land, see "Brokers," § 1.
Computation of period of limitation to recover compensation agreed to be made to decedent, see "Limitation of Actions," § 1.
Courts of probate, see "Courts," § 3.
Dismissal of appeal from injunction restraining person acting as executor, see "Appeal," § 5.
Interest on claims against estate of decedent, see "Interest," § 1.
Letters of administration granted by Indian court, see "Indians."
Objections for purpose of review in action against executor, see "Appeal," § 2.
Security for payment of costs in action by executor or administrator, see "Costs," § 4.
Surety for administrator, see "Principal and Surety," § 1.
Testamentary trustees, see "Trusts."

**\*Point annotated. See syllabus.**

## § 1. Appointment, qualification, and tenure.

An application for the appointment of an administrator with the will annexed *held* based on a false suggestion of a material fact which the Surrogate had power to determine and revoke letters based thereon.—In re Rathyen (Sup.) 289; Smith v. Rathyen, Id.

Under Code Civ. Proc. § 2586, on appeal from order removing executor, cause *held* to be referred to determine whether he had paid indebtedness to estate.—In re Burr (Sup.) 776.

## § 2. Allowance and payment of claims.

Where testatrix contracted to pay for services in obtaining a reduction of an improvement assessment, the fact that she died before the reduced assessment was finally confirmed did not affect the liability of her executors.—United States Title Guaranty & Indemnity Co. v. Marks (Sup.) 483.

*Where services are rendered under a promise to compensate therefor by will, and the person dies without having done so, the person rendering the services is entitled to compensation as a creditor of the estate.—Chambers v. Boyd (Sup.) 486.

## § 3. Distribution of estate.

*Code Civ. Proc. § 1819, relating to the time within which proceedings to compel payment of legacy must be brought, does not apply to proceeding in Surrogate's Court.—In re Cooper (Sur.) 283.

*Action, 20 years after plaintiff came of age, to compel payment of legacy, *held* barred by limitation.—In re Cooper (Sur.) 283.

## § 4. Accounting and settlement.

Motion to postpone final settlement of an administratrix until determination of action to recover funeral expenses denied, the Surrogate having sole jurisdiction under Code Civ. Proc. § 1903, as amended, to require administratrix to pay the same from sum acquired in action for wrongful death.—In re McDonald's Estate (Sur.) 275.

Right of executor to commissions determined.—In re McCoy's Estate (Sur.) 539.

## EXEMPTIONS.

### § 1. Nature and extent.

*Under Code Civ. Proc. § 1393, providing that pension moneys are exempt from seizure, in legal proceedings such moneys are not subject to cash claims for the support of the pensioner receiving them.—In re Strohm (Sup.) 688.

*Under Code Civ. Proc. § 1393, pension money of incompetent *held* liable to state hospital on current charges, but not on arrears existing when pension was first received.—In re Strohm (Sup.) 688.

## EXPERT TESTIMONY.

In civil actions, see "Evidence," § 9.
In criminal prosecutions, see "Criminal Law," § 2.

## EXPLOSIVES.

Explosion in street, see "Municipal Corporations," § 5.

## EXPRESS COMPANIES.

See "Carriers."

## EXTENSION.

Of time for payment of premium, see "Insurance," § 7.

## FALSE IMPRISONMENT.

See "Malicious Prosecution."

### § 1. Civil liability.

*On charge against railroad of false imprisonment by its servant evidence of acts of plaintiff *held* admissible under general denial.—East v. Brooklyn Heights R. Co. (Sup.) 364.

Under Penal Code, § 426, subd. 2, railroad *held* not liable for false imprisonment or malicious prosecution because of arrest by servant of person getting on moving train.—East v. Brooklyn Heights R. Co. (Sup.) 364.

*In an action against railroad company for illegal arrest by its servant, evidence that he believed that plaintiff's act was a misdemeanor *held* inadmissible on issue of false imprisonment.—East v. Brooklyn Heights R. Co. (Sup.) 364.

## FALSE PRETENSES.

On prosecution for larceny in obtaining a loan by false representations, it was no defense that the contract for loan was usurious.—People v. Koller (Sup.) 518.

## FEES.

Of attorney, see "Attorney and Client," §§ 2, 3.
Of broker, see "Brokers," § 1.

## FELLOW SERVANTS.

See "Master and Servant," § 3.

## FILING.

Record on appeal, see "Appeal," § 4.

## FINAL JUDGMENT.

Appealability, see "Appeal," § 1.

## FINDINGS.

Review on appeal, see "Appeal," § 6.

## FIRE INSURANCE.

See "Insurance."

*Point annotated. See syllabus.

# FIRES.

Municipal fire department, see "Municipal Corporations," § 2.

# FIXTURES.

Under the facts, plaintiff *held* not entitled to recover for the removal of fixtures by his vendor. —Brunswick Const. Co. v. Burden (Sup.) 716.

*The vendor of a residence *held* to have the right under the contract of sale to remove mantels, etc.—Brunswick Const. Co. v. Burden (Sup.). 716.

*Where a vendor reserved right to remove fixtures from the residence sold, the question as to what constituted fixtures within the contemplation of the parties was a question of law. —Brunswick Const. Co. v. Burden (Sup.) 716.

# FOOD.

Adulteration as a public offense, see "Adulteration."

# FORCIBLE ENTRY AND DETAINER.

Conclusiveness of adjudication in summary proceedings to recover possession of land, see "Judgment," § 7.

# FORECLOSURE.

Conclusiveness of allegation on party pleading in action to foreclose lien, see "Pleading," § 1.
Of lien, see "Mechanics' Liens," § 2.
Of mortgage, see "Mortgages," § 3; "Railroads," § 4.

# FOREIGN CORPORATIONS.

See "Corporations," § 7.
Constitutional restriction on enactment of retrospective laws affecting, see "Constitutional Law," § 4.

# FOREIGN LANGUAGE.

Exhibits in foreign language as evidence, see "Evidence," § 7.

# FORESTS.

See "Woods and Forests."

# FORFEITURES.

In deeds, see "Deeds," § 1.

# FORGERY.

Testimony of accomplices, see "Criminal Law," § 2.

# FORMER ADJUDICATION.

See "Judgment," §§ 6, 7.

# FORMS OF ACTION.

See "Action," § 1; "Ejectment"; "Replevin"; "Trespass," § 2; "Trover and Conversion."

# FRANCHISES.

Assessment of franchise tax, see "Taxation," § 2.
Corporate franchises, see "Corporations," § 1.
Of corporation engaged in interstate commerce, see "Commerce," § 1.
Of electric light companies, see "Electricity."
Of street railroads, see "Street Railroads," § 1.
Power of corporation to transfer, see "Corporations," § 5.

# FRAUD.

See "False Pretenses"; "Fraudulent Conveyances."
Bill of particulars in action in which defense is fraud, see "Pleading," § 6.
Effect of knowledge on limitation in action for deceit, see "Limitation of Actions," § 1.
In bill or note, see "Bills and Notes," § 1.
In exchange of corporation shares, see "Corporations," § 2.

§ 1. Actions.
Evidence in an action to hold persons as partners on the ground of fraud in inducing plaintiff to sign a contract by misrepresenting themselves as a corporation *held* not to·sustain plaintiff's contention.—Rossow v. Burke (Sup.) 608.

# FRAUDS, STATUTE OF.

§ 1. Promises to answer for debt, default, or miscarriage of another.
*A promise of directors to guaranty their proportionate share of a loan to the corporation, *held* within the statute of frauds, Laws 1897, p. 510, c. 417, § 21.—Mechanics' & Traders' Bank v. Stettheimer (Sup.) 513.

§ 2. Agreements not to be performed within one year.
A parol lease for one year is valid, even if it is to take effect at a future date.—Fishman v. Wolf (Sup.) 16.

*A contract for one year *held* not within the statute of frauds, though it provides for a renewal beyond the year.—General Electric Inspection Co. v. Ebling Brewing Co. (Sup.) 648.

§ 3. Requisites and sufficiency of writing.
*A contract *held* to satisfy the statute of frauds.—General Electric Inspection Co. v. Ebling Brewing Co. (Sup.) 648.

§ 4. Pleading, evidence, trial, and review.
In an action on a contract certain evidence *held* immaterial.—General Electric Inspection Co. v. Ebling Brewing Co. (Sup.) 648.

*Point annotated. See syllabus.

## FRAUDULENT CONVEYANCES.

**§ 1.   Transfers and transactions invalid.**
*A sale of a stock of goods *held* within Laws 1897, p. 511, c. 417, § 24, in relation to sales in defraud of creditors.—Hall v. Frith (Sup.) 31.

**§ 2.   Remedies of creditors and purchasers.**
*A creditor *held* as against whom a sale is void for fraud under Laws 1897, p. 511, c. 417, may levy on the goods sold without bringing any action to have the bill of sale set aside.—Hall v. Frith (Sup.) 31.

On an issue whether a sale of goods was fraudulent as against creditors *held*, that the evidence showed that the purchaser had notice of the vendor's fraudulent intent.—Hall v. Frith (Sup.) 31.

## GARNISHMENT.

See "Attachment."

## GAS.

Preliminary injunction in suit to restrain gas company from refusing to supply gas, see "Injunction," § 2.

## GIFTS.

Transfer taxes, see "Taxation," § 3.

**§ 1.   Inter vivos.**
*A gift inter vivos *held* established by the unsupported testimony of the donee's wife.—Andrews v. Nichols (Sup.) 977.

Admission in favor of defendant, claiming a gift from decedent, of statements of decedent to a third person, *held* not error.—Andrews v. Nichols (Sup.) 977.

*Delivery alone of a bond and real estate mortgage *held* enough to constitute a gift.—Andrews v. Nichols (Sup.) 977.

## GOOD FAITH.

Of purchaser, see "Vendor and Purchaser," § 2.
Of trustee in speculation with trust funds, see "Trusts," § 3.

## GUARANTY.

See "Indemnity"; "Principal and Surety."
Grounds for reformation of guaranty, see "Reformation of Instruments," § 1.
Power of national bank to execute contract of guaranty, see "Banks and Banking," § 2.
Requirements of statute of frauds, see "Frauds, Statute of," § 1.

**§ 1.   Requisites and validity.**
*Defendant's reply to plaintiff's inquiry as to defendant's willingness to guaranty certain payments, and plaintiff's acts in pursuance of such reply, *held* to show a complete meeting of the minds, without any formal acceptance of the

guaranty by plaintiff.—Drucker v. Heyl-Dia (Sup.) 796.

**§ 2.   Construction and operation.**
A letter of guaranty by a corporate officer *held* to bind defendant personally, and not intended to guaranty plaintiff personally as distinguished from his assigns.—Nachod v. Hindley (Sup.) 840.

A contract *held* a mere guaranty of collection and not of payment, obligating the person guarantied to use diligent efforts to collect collateral before resorting to the guaranty.—Nachod v. Hindley (Sup.) 840.

## HABEAS CORPUS.

**§ 1.   Nature and grounds of remedy.**
*On habeas corpus only jurisdiction of court to make order restraining relator can be attacked.—People v. Feenaughty (Sup.) 700.

## HARMLESS ERROR.

In civil actions, see "Appeal," § 6.

## HEALTH.

Adulteration as a public offense, see "Adulteration."

## HEIRS.

See "Descent and Distribution."

## HIGHWAYS.

See "Municipal Corporations," §§ 4, 5.
Dedication, see "Dedication," § 2.
Injuries to pedestrian caused by operation of railroad, see "Railroads," § 6.
Operation of telegraph and telephone line along, see "Telegraphs and Telephones," § 1.

**§ 1.   Highway districts and officers.**
The complaint and official bond of a commissioner of highways sued on *held*, in view of Town Law, Laws 1890, pp. 1219, 1221, c. 569, §§ 50, 63, to sufficiently show the obligation was to plaintiff town.—Town of Hadley v. Garner (Sup.) 777.

Demand on the principal *held* not a necessary condition to action on the bond of a commissioner of highways of a town. Town Law, Laws 1890, p. 1223, c. 569, § 84.—Town of Hadley v. Garner (Sup.) 777.

The allegation of the complaint on the bond of a commissioner of highways of a town that he did not, after expiration of his term, pay over to his successor all moneys remaining in his hands, *held* to include allegations that he had received money and had it in his hands after expiration of his term.—Town of Hadley v. Garner (Sup.) 777.

**§ 2.   Regulation and use for travel.**
*A pile of manure drawn onto a highway by abutting owners *held* an unlawful obstruction of

*Point annotated. See syllabus.

the highway, rendering such owners liable for injuries to a traveler occasioned thereby.—Sweet v. Perkins (Sup.) 163.

## HOLDING OVER.

By officer, see "Officers," § 1.

## HOMICIDE.

Instructions in general, see "Criminal Law," § 3. Reversal on appeal, see "Criminal Law," § 4.

§ 1. **Evidence.**
*A conviction of manslaughter in the first degree *held* supported by the evidence.—People v. Mallon (Sup.) 814.

Evidence *held* sufficient to sustain a conviction of murder.—People v. Yoskow (Sup.) 1062.

§ 2. **Trial.**
*On a trial for homicide, the submission of the issue of self-defense *held* not required under the evidence.—People v. Mallon (Sup.) 814.

*An instruction on a trial for homicide defining self-defense *held* properly refused.—People v. Mallon (Sup.) 814.

## HOSPITALS.

Right to pension money of patient, see "Exemptions," § 1.

## HUSBAND AND WIFE.

See "Divorce"; "Marriage."
Requisites and validity of note of married woman, see "Bills and Notes," § 1.
Singleness of cause of action for enticing wife, see "Action," § 2.

§ 1. **Mutual rights, duties, and liabilities.**
*A husband *held* liable for services of a nurse for his wife.—Schneider v. Rosenbaum (Sup.) 529.

§ 2. **Enticing and alienating.**
*Complaint in an action for enticing a wife, *held* to state a cause of action.—De Ronde v. Bell (Sup.) 497.

## IMPAIRING OBLIGATION OF CONTRACT.

See "Constitutional Law," § 3.

## IMPEACHMENT.

Of record, see "Appeal," § 4.
Of witness, see "Witnesses," § 3.

## IMPLIED CONTRACTS.

See "Account Stated"; "Money Lent"; "Money Paid"; "Use and Occupation"; "Work and Labor."

## IMPRISONMENT.

See "False Imprisonment."
Habeas corpus, see "Habeas Corpus."

## IMPROVEMENTS.

Compensation for, in action of partition, see "Partition," § 1.
Liens, see "Mechanics' Liens."
On premises demised, see "Landlord and Tenant," § 4.
Public improvements, see "Municipal Corporations," § 3.

## IMPUTED NEGLIGENCE.

See "Negligence," §§ 2, 3.

## INADEQUATE DAMAGES.

See "Damages," § 2.

## INCOME.

Bequest of, see "Wills," § 3.

## INCUMBRANCES.

On property of intestate, see "Descent and Distribution," § 2.

## INDEMNITY.

See "Guaranty"; "Principal and Surety."
Indemnity insurance, see "Insurance," §§ 4, 11.

*In an action to recover an amount paid by plaintiff to satisfy a judgment from which defendant was bound to save him harmless, plaintiff *held* not entitled to recover attorney's fees paid in supplementary proceedings against him.—Ogilby v. Munro (Sup.) 753.

## INDIANS.

Subjects of statutes relating to, see "Statutes," § 2.

Revocation of letters of administration granted by surrogate's court of Seneca Nation must be sought by appeal to the council of the nation under its constitution.—Jimeson v. Lehley (Sup.) 215.

## INDORSEMENT.

Of promissory note, see "Bills and Notes," § 2.

## INFANTS.

Injuries to minor servants, see "Master and Servant," § 3.
Laws forbidding employment of infants, as denial of liberty to contract, see "Constitutional Law," § 1.

*Point annotated. See syllabus.

Right of foreign consul to appear for infant in probate proceedings, see "Ambassadors and Consuls."

### § 1. Actions.

*The dismissal of an action because of plaintiff's minority at the time of its institution *held* error.—McGarity v. New York City Ry. Co. (Sup.) 191.

## INFERIOR COURTS.

See "Courts," § 2.

## INFRINGEMENT.

Of trade-mark, see "Trade-Marks and Trade-Names," § 3.

## INHERITANCE.

See "Descent and Distribution."

## INHERITANCE TAX.

See "Taxation," § 3.

## INJUNCTION.

Suit for, as single cause of action, see "Action," § 2.

### § 1. Subjects of protection and relief.

*Hotel owner *held* entitled by injunction to protect business from continued interference by police.—Olms v. Bingham (Sup.) 1106.

### § 2. Preliminary and interlocutory injunctions.

The injury to plaintiff by breach of contract *held* not such that a temporary injunction should be granted.—George Ringler & Co. v. Mohl (Sup.) 454.

*In a suit by a customer to restrain a gas company from refusing to supply him with gas at the maximum rate fixed by Laws 1906, p. 235, c. 125, the court *held* required to exercise its discretion in determining the propriety of awarding a preliminary injunction.—Schneider v. New Amsterdam Gas Co. (Sup.) 535.

*While the Appellate Division has the power to exercise the judicial discretion vested in the Supreme Court in the granting of a preliminary injunction, the discretion should first be exercised by the court at Special Term.—Schneider v. New Amsterdam Gas Co. (Sup.) 535.

*Where, after the granting of an injunction restraining police officers from interfering with complainant's property pendente lite, complainants used the same as a poolroom, defendants were entitled to apply for a modification of the injunction, though no leave was reserved in the original order, under Code Civ. Proc. § 627.—Devlin v. McAdoo (Sup.) 546.

*Temporary injunction *held* not to be continued where plaintiff has failed to bring case on for trial, and where he can bring it on for trial

before there is further need of its protection.—Olms v. Bingham (Sup.) 1106.

### § 3. Writ, order or decree, service, and enforcement.

Where defendants contracted not to use the name "Harder Knitting Company" an injunction restraining them from using the name "Harder Manufacturing Company" was too broad.—Union Mills v. Harder (Sup.) 309.

### § 4. Violation and punishment.

Evidence *held* not to show a violation of injunction.—Maine Products Co. v. Alexander (Sup.) 464.

One *held* not guilty of contempt for violating an injunction.—Maine Products Co. v. Alexander (Sup.) 464.

## INNKEEPERS.

Right to injunction to protect business from interference by police, see "Injunction," § 1.

## IN PAIS.

Estoppel, see "Estoppel," § 2.

## INSANE PERSONS.

Evidence as to validity of deed of grantor not adjudged incompetent, see "Deeds," § 2.

## INSOLVENCY.

See "Bankruptcy."

Of trust company, see "Banks and Banking," § 3.

## INSPECTION.

Of writings, see "Discovery," § 1.

## INSTRUCTIONS.

In civil actions, see "New Trial," § 1; "Trial," §§ 4, 5.

In criminal prosecutions, see "Criminal Law," § 3; "Homicide," § 2.

## INSURANCE.

Best and secondary evidence in action on policy, see "Evidence," § 4.

Constitutional restriction on enactment of retrospective laws affecting insurance companies, see "Constitutional Law," § 4.

Harmless error in action on policy, see "Appeal," § 6.

Objection for purpose of review in action on policy, see "Appeal," § 2.

Of premises demised, see "Landlord and Tenant," § 4.

Presumptions on appeal in action on policy, see "Appeal," § 6.

Subjects of compensatory damages for breach of contract to receive insurance policy; see "Damages," § 1.

**\*Point annotated. See syllabus.**

Transfer tax on certificates of insurance, see "Taxation," § 3.

### § 1. Insurance companies.

In action against directors of life insurance company for malfeasance in renewal of a lease of premises of great value at an inadequate rental, *held* there was no presumption that the renewal was compulsory under the original lease.—People v. Equitable Life Assur. Soc. (Sup.) 353.

Allegations in action by Attorney General against officers of life insurance company for malfeasance in office *held* not demurrable.—People v. Equitable Life Assur. Soc. (Sup.) 353.

Allegations in action by Attorney General against officers of life insurance company as to failure to distribute profits of policy holders *held* not to state a cause of action against defendants.—People v. Equitable Life Assur. Soc. (Sup.) 353.

In action by state's attorney against directors of a life insurance company for failure to distribute profits *held* a defect of parties in nonjoinder of policy holders.—People v. Equitable Life Assur. Soc. (Sup.) 353.

Attorney General, under Code Civ. Proc. §§ 1781, 1782 can maintain action against officers of insurance company for neglect and malfeasance.—People v. Equitable Life Assur. Soc. (Sup.) 354.

### § 2. Insurance agents and brokers.

Insurance agent, having failed to obtain certificate from superintendent of insurance, as required by Insurance Law, Laws 1892, p. 1972, c. 690, § 91, *held* not entitled to recover agreed compensation.—Wyatt v. McNamee (Sup.) 790.

General agent of insurance company making payments to subagent not holding certificate, as required by Insurance Law, Laws 1892, p. 1972, c. 690, § 91, *held* not entitled to recover them.—Wyatt v. McNamee (Sup.) 790.

### § 3. The contract in general.

A fire policy *held* not a renewal of a prior one.—Arlington Co. v. Empire City Fire Ins. Co. (Sup.) 772.

A fire policy *held* not to cover a certain building in the manufacturing plant insured.—Arlington Co. v. Empire City Fire Ins. Co. (Sup.) 772.

A writing executed by a subinsurance agent prior to delivery of a semitontine policy *held* a mere prospectus, and insufficient to impose a liability on the insurer to pay the estimated accumulation dividends.—Langdon v. Northwestern Mut. Life Ins. Co. (Sup.) 914.

### § 4. Premiums, dues, and assessments.

Where insured accepts from an insurance broker a fire policy which the broker had induced the company to issue, and keeps it for three months, he is prima facie liable for the premium.—Westchester Fire Ins. Co. v. Gurian (Sup.) 50.

In an action by an employers' indemnity insurance company against an insured for additional premiums, evidence *held* not to sustain a judgment for plaintiff.—Fidelity & Casualty Co. of New York v. Fischer (Sup.) 545.

### § 5. Cancellation, surrender, abandonment, or rescission of policy.

*The acceptance of a fire policy by a broker from the insured *held* not to operate as a cancellation thereof barring recovery of the premium.—Westchester Fire Ins. Co. v. Gurian (Sup.) 50.

### § 6. Avoidance of policy for misrepresentation, fraud, or breach of warranty or condition.

*Recovery could not be had on a life policy issued to a person not in sound health on its date, where application provided that such policy should not be binding unless the applicant was alive and in good health at noon upon its date.—Carmichael v. John Hancock Mut. Life Ins. Co. (Sup.) 602.

### § 7. Forfeiture of policy for breach of promissory warranty, covenant, or condition subsequent.

An agreement to extend the time of paying a premium on a policy then in force *held* not to violate the terms of a receipt for a partial payment on the premium made at the same time.—Carr v. Prudential Ins. Co. (Sup.) 158.

*A general agent and superintendent of a life insurance company *held* to have authority to extend the time of payment of a premium.—Carr v. Prudential Ins. Co. (Sup.) 158.

### § 8. Estoppel, waiver, or agreements affecting right to avoid or forfeit policy.

*A condition of a policy of insurance providing that insurer should not be liable for any loss resulting from fire built within 50 feet of insured building, *held* not subject to waiver after the destruction of the building by fire built within the prohibited distance.—Draper v. Oswego County Fire Relief Ass'n (Sup.) 168.

*Facts *held* not to show a waiver by insurer of certain condition of policy.—Draper v. Oswego County Fire Relief Ass'n (Sup.) 168.

An unaccepted offer to settle a claim for credit insurance, made in ignorance of a breach of warranty, *held* not a waiver thereof.—Baer v. American Credit Indemnity Co. (Sup.) 672.

*Provision in an application for credit insurance making a soliciting agent the agent of the insured *held* to preclude a claim that his knowledge was that of the company.—Baer v. American Credit Indemnity Co. (Sup.) 672.

### § 9. Risks and causes of loss.

Under an accident policy *held* that there could be no recovery for time lost from orchitis.—Sweeney v. National Relief Assur. Ass'n (Sup.) 797.

### § 10. Extent of loss and liability of insurer.

*Under an accident policy *held*, that there could be no recovery without a showing of disability and necessary confinement to the house for a week.—Schneps v. Fidelity & Casualty Co. of New York (Sup.) 106.

**\*Point annotated. See syllabus.**

## § 11. Right to proceeds.

*An employer's liability policy *held* to confer no right of action on a servant who had recovered judgment for injuries against the master, which judgment the servant was unable to collect because of the master's insolvency.— Beyer v. International Aluminum Co. (Sup.) 83.

## § 12. Actions on policies.

In an action on a life insurance policy, evidence *held* sufficient to support a finding that the agent of the company extended the time for payment of the premium.—Carr v. Prudential Ins. Co. (Sup.) 158.

Evidence as to the mailing of notice required by Laws 1897, p. 92, c. 218, § 92, before forfeiture of a life insurance policy for nonpayment of premiums, *held* to present a question of fact precluding nonsuit.—Carr v. Prudential Ins. Co. (Sup.) 158.

A conflict in evidence as to whether overdue life insurance premiums were received under an extension of time or merely as contingent revivals of the contract, *held* to raise a question of fact precluding nonsuit.—Carr v. Prudential Ins. Co. (Sup.) 158.

An instruction as to the power of a general agent and superintendent of a life insurance company to bind his company by an extension for the time of payment of a premium *held* proper under the evidence.—Carr v. Prudential Ins. Co. (Sup.) 158.

*In action on fire policy, evidence of conversations with insured with reference to fires set on farm by particular individual *held* admissible.—Wells v. Glens Falls Ins. Co. (Sup.) 1059.

## § 13. Mutual benefit insurance.

*Statement of when the limitation for action on a certificate of insurance, provided therein, began to run.—Munn v. Masonic Life Ass'n (Sup.) 91.

Evidence *held* to show reinstatement in a beneficial association of one whose membership was forfeited by failure to pay an assessment, when due.—Munn v. Masonic Life Ass'n (Sup.) 91.

*Under the facts *held* that the one a member of the beneficial association had intended to make his beneficiary was in equity entitled to the proceeds of his certificate.—Tidd v. McIntyre (Sup.) 867.

## INTENT.

Fraudulent, see "Fraudulent Conveyances," § 1.

## INTEREST.

See "Usury."

Effect of pecuniary interest as to credibility of witness, see "Witnesses," § 3.

Liability of receivers of insolvent trust company for, see "Banks and Banking," § 3.

On contract with trust company, see "Banks and Banking," § 3.

On shares in corporation, see "Corporations," § 2.

Payment of interest as part payment within statute of limitations, see "Limitation of Actions," § 2.

## § 1. Rights and liabilities in general.

*Interest should not be allowed on an unliquidated claim for services rendered under promise to make compensation therefor by will.—Chambers v. Boyd (Sup.) 486.

## INTERLOCUTORY INJUNCTION.

See "Injunction," § 2.

## INTERLOCUTORY JUDGMENT.

Appealability, see "Appeal," § 1.
Review on appeal, see "Appeal," § 6.

## INTERNATIONAL LAW.

See "Ambassadors and Consuls."

## INTERPLEADER.

## § 1. Right to interpleader.

*Where one contracting to erect certain buildings for the United States made a subcontract for painting, and the subcontractor bought materials from plaintiffs for the work, the contractor could not maintain an action of interpleader against the subcontractor and the party furnishing the materials to determine the ownership of an unpaid balance of the contract price for the painting.—Mosier v. Kurchhoff (Sup.) 643.

## INTERROGATORIES.

To witnesses, see "Depositions."

## INTERSTATE COMMERCE.

Regulation, see "Carriers," § 1; "Commerce."

## INTERVENTION.

In actions in general, see "Parties," § 2.

## INTESTACY.

See "Descent and Distribution."

## INTOXICATING LIQUORS.

## § 1. Licenses and taxes.

An order discontinuing a proceeding for the cancellation of a liquor tax certificate and directing its surrender reversed.—In re Faber (Sup.) 429.

Under Laws 1896, p. 60, c. 112, § 17, subd. 8, consent of owner of fee to issuance of liquor tax certificate *held* sufficient without that of life tenant.—In re Clement (Sup.) 447.

Under Laws 1896, p. 60, c. 112, § 17, subd. 8, double house *held* to be counted as only one

*Point annotated. See syllabus.

building in determining number of consents necessary to issuance of liquor tax certificate.—In re Clement (Sup.) 447.

Advice of second deputy commissioner of excise *held* not to estop commissioner of excise from bringing proceeding to revoke liquor tax certificate.—In re Clement (Sup.) 447.

A petition to cancel a liquor tax certificate for violation of Liquor Tax Law, Laws 1897, p. 220, c. 312, § 17, subd. 8, based on information and belief, *held* sufficient to confer jurisdiction and authorize the taking of proof under section 28, subd. 2 (page 229).—In re Clement (Sup.) 683.

**§ 2. Criminal prosecutions.**
Reference in the charge, on a prosecution for illegal sale of liquor, to the vote of the town against sale of liquor, *held* improper where defendant merely claimed he made no sale.—People v. Myers (Sup.) 291.

# INVESTMENT.

By trustee, see "Trusts," § 3.

# INVESTMENT COMPANIES.

See "Banks and Banking," § 3.

# ISSUES.

Presented for review on appeal, see "Appeal," § 2.

# JOINDER.

Of causes of action, see "Action," § 2.

# JUDGES.

See "Courts"; "Justices of the Peace."
Conduct of, at trial of civil action, see "Trial," § 1.

**§ 1. Appointment, qualification, and tenure.**
Under Const. art. 6, § 17, Laws 1895, p. 1295, c. 601, § 28, Laws 1895, p. 683, c. 880, Const. 1894, art. 6, § 18, and Laws 1895, p. 796, c. 946, *held*, that the Court of Special Sessions of the city of New York is within Const. art. 6, § 17, authorizing removal of judges of inferior courts not of record by the Appellate Division.—In re Deuel (Sup.) 1037.

# JUDGMENT.

Appealability of default judgment, see "Appeal," § 1.
Appealability of order denying motion to open default, see "Appeal," § 1.
Power of lower court to amend on remand, see "Appeal," § 7.
Presumptions as to judgment of municipal court, see "Courts," § 2.

Vacation of judgment in municipal court, see "Courts," § 2.

*In particular civil actions or proceedings.*
See "Injunction," § 3; "Trover and Conversion," § 1.
On appeal, see "Appeal," § 7.
Personal judgment for deficiency on foreclosure, see "Mortgages," § 3.
Probate proceedings, see "Wills," § 2.

*Review.*
See "Appeal."

**§ 1. By default.**
Where defendant failed to appear on the hearing of his motion to open a default, the motion should have been dismissed.—Levine v. Munchik (Sup.) 14.

An order improperly reciting a denial instead of a dismissal of a motion to open a default was valid until set aside or reversed.—Levine v. Munchik (Sup.) 14.

*A motion to open a default judgment dismissing an action because of plaintiff's refusal to go on with the trial *held* properly denied.—Loehr v. Brooklyn Ferry Co. (Sup.) 209.

Motion to set aside default *held* not to be denied because, there being no service of summons on defendant, there was no default.—Waldman v. Mann (Sup.) 757.

Judgment in summary proceedings for dispossession of a receiver of bank for nonpayment of rent *held* conclusive of his liability for the rent according to the stipulations of the lease.—Prince v. Schlesinger (Sup.) 1031.

**§ 2. On trial of issues.**
Pleadings, demanding a return of pledged stock or an accounting, *held* not to sustain a money judgment.—Hebblethwaite v. Flint (Sup.) 43.

A case *held* not to result in a mistrial because the trial judge became disqualified before passing on the motion to set aside the verdict and for new trial.—Stern v. Wabash R. Co. (Sup.) 181.

In an action to enforce a limited liability of the directors of a corporation, a final judgment against one of the directors not appealing from an interlocutory judgment *held* not warranted.—Bauer v. Parker (Sup.) 455.

A plaintiff *held* not entitled to a final judgment against one of the defendants either under Code Civ. Proc. § 1205, or under section 1220.—Bauer v. Parker (Sup.) 455.

*In an action by a contractor for the balance due and for extra work, a judgment in favor of the owner for the difference between the contractor's demand and the owner's counterclaim *held* erroneous under the evidence.—Cario v. Lippman (Sup.) 768.

**§ 3. Entry, record, and docketing.**
A stay *held* not to prevent entry of judgment, but merely to affect issuance of execution and

**\*Point annotated. See syllabus.**

supplementary proceedings.—Stern v. Wabash
R.' Co. (Sup.) 181.

### § 4. Opening or vacating.
A party *held* barred by laches from having a
judgment set aside and a third person made a
party to the suit.—Lederer v. Adler (Sup.) 53.

An affidavit on an application to set aside a
judgment and permit the bringing in of an
additional party *held* defective because made by
the attorney of the moving party.—Lederer v.
Adler (Sup.) 53.

### § 5. Equitable relief.
*Where a judgment was rendered without
jurisdiction, the judgment debtor was entitled
to sue in equity to set it aside.—Barron v. Feist
(Sup.) 72.

### § 6. Merger and bar of causes of action and defenses.
*A judgment is not a bar to a cause of action
accruing after the rendition of the judgment.—
Roach v. Curtis (Sup.) 333.

On the trial of an action after a remand, a
recovery *held* limited to only one of the items
claimed in view of a judgment rendered in an-
other action pending the appeal.—Alcolm Co.
v. Philip Hano & Co. (Sup.) 762.

*Judgment denying receiver leave to sell de-
fendant's interest as remainderman in certain
property *held* conclusive on subsequent motion
for leave to make the sale.—Barber v. Barnum
(Sup.) 1065.

### § 7. Conclusiveness of adjudication.
*A judgment in summary proceedings award-
ing possession for failure to pay rent due is
conclusive as to the validity of the lease in
action by the tenant for fraud in procuring it.
—Meyerhoffer v. Baker (Sup.) 24.

*Where a seller replevied goods sold with a
reservation of title in himself until they were
paid for, the buyer's failure to defend the ac-
tion, or to ask for sale of the goods under Laws
1897, p. 541, c. 418, § 116. as amended by Laws
1900, p. 1624, c. 762, did not bar her right to
recover what she had paid on them, the replevin
suit only concluding the right of possession.—
Roach v. Curtis (Sup.) 333.

Surrogate's decree allowing executors' ac-
counts showing disposition of surplus income
under provisions of a will creating invalid ac-
cumulations *held* res judicata only so far as
the decrees affected assets disclosed in the ac-
counts.—Kirk v. McCann (Sup.) 1093.

## JUDICIAL NOTICE.

In civil actions, see "Evidence," § 1

## JUDICIAL SALES.

Foreclosure sale, see "Mortgages," § 3.

## JURISDICTION.

Effect on costs recoverable, see "Costs," § 1.

*Jurisdiction of particular actions or pro-
ceedings.*

See "Divorce," § 2; "Mandamus," § 3.
Criminal prosecutions, see "Criminal Law," § 1.
On claims against states, see "States," § 3.

*Jurisdiction of particular classes of persons.*
See "States," § 3.

*Special jurisdictions and jurisdictions of partic-
ular classes of courts.*
Particular courts, see "Courts."

## JURY.

Instructions in civil actions, see "Trial," § 4.
Instructions in criminal prosecutions, see "Crim-
inal Law," § 3.
Questions for jury in civil actions, see "Trial,"
§ 3.
Questions for jury in criminal prosecutions, see
"Criminal Law," § 3.
Taking case or question from jury at trial. see
"Trial," § 3.
Verdict in civil actions, see "Trial," § 5.

### § 1. Right to trial by jury.
Under Code Civ. Proc. §§ 968, 970, 1638,
1642, *held* error to deny jury trial to defendants
in an action under section 1638.—Ryan v. Mur-
phy (Sup.) 553.

## JUSTICES OF THE PEACE.

Review of determination of motion to correct
case on appeal by justice, see "Appeal," § 6.

### § 1. Review of proceedings.
*On appeal from justice court under Code Civ.
Proc. § 3063, the appellate court can only either
affirm in whole or in part, or reverse, and can-
not modify a judgment.—Hindes v. Mills (Sup.)
843.

## JUSTIFICATION.

Of actionable words, see "Libel and Slander,"
§ 1.

## KNOWLEDGE.

Effect of ignorance of cause of action on limi-
tation, see "Limitation of Actions," § 1.

## LACHES.

Laches in setting aside judgment, see "Judg-
ment," § 4.

## LANDLORD AND TENANT.

See "Use and Occupation."
Actions for injury resulting from negligent con-
dition of demised premises, see "Negligence,"
§ 3.

*Point annotated.  See syllabus.

Conclusiveness of adjudication in summary proceedings to recover demised premises, see "Judgment," § 7.

Dispossession proceedings in municipal court, see "Courts," § 2.

Estoppel of tenant in action for rent by record in former dispossession proceedings, see "Estoppel," § 1.

Negligent condition of demised premises as nuisance, see "Nuisance," § 1.

Requirements of statute of frauds as to leases, see "Frauds, Statute of," § 2.

§ 1. Creation and existence of the relation.

Evidence in a summary proceeding against a tenant *held* to show that the landlord leased the premises for a year from May 15, 1906.—Fishman v. Wolf (Sup.) 16.

§ 2. Leases and agreements in general.

*Leases like other contracts are to be reasonably construed according to the apparent intention of the parties.—City of New York v. United States Trust Co. (Sup.) 574.

A letter *held* to constitute a lease and not to include a prior lease.—Arcade Realty Co. v. Tunney (Sup.) 593.

A subtenant, having prevented renewal of a lease to the tenant, *held* not entitled to damages for failure in the performance of the sublease.—Maas v. Kramer (Sup.) 800.

In an action for rent, the judgment on a counterclaim for damages for plaintiff's failure to perform would not stand where there was no proper evidence of rental value by which such damages could be estimated.—Maas v. Kramer (Sup.) 800.

§ 3. Terms for years.

*An agreement that a lease shall contain the usual conditions does not call for payment of rent in advance.—Arcade Realty Co. v. Tunney (Sup.) 593.

§ 4. Premises, and enjoyment and use thereof.

*The questions of negligence and contributory negligence *held* for the jury where a tenant was injured by falling over things left in a path by the landlord who was making repairs.—Sacks v. Segal (Sup.) 41.

Facts *held* not to show that a landlord had retained control of the ceiling of the demised apartment so as to oblige him to repair it.—Schiff v. Pottlitzer (Sup.) 249.

*In the absence of evidence it is presumable that the demise of an apartment includes the ceiling of the rooms so that the landlord is under no obligation to repair it.—Schiff v. Pottlitzer (Sup.) 249.

*The measure of damages for injuries to a tenant from the fall of a ceiling which the landlord failed to repair as agreed, stated.—Schiff v. Pottlitzer (Sup.) 249.

The owner of a building *held* liable for injuries to a servant of a tenant caused by a defect in a freight elevator which the servant was rightfully using at the time.—Rosenberg v. Schoolherr (Sup.) 505.

Where a building containing a freight elevator is let to various tenants with the right to use the elevator, which is controlled by the owner, the latter is required to maintain the elevator in a reasonably safe condition.—Rosenberg v. Schoolherr (Sup.) 505.

Under the provisions of a lease *held* that the tenant was not liable for the expense of removing steps and a railed areaway which extended from the premises into the street.—City of New York v. United States Trust Co. (Sup.) 574.

Where a landlord leases premises with an existing public nuisance thereon, there is no implied agreement that the tenant will pay the expense of remedying the evil.—City of New York v. United States Trust Co. (Sup.) 574.

*Where particular repairs to be made by the lessee are specified in a lease, his liability to incur other expenses cannot be extended by construction.—City of New York v. United States Trust Co. (Sup.) 574.

*Where a landlord was bound to repair the premises, that he contracted for the doing of the work did not relieve him from liability for injuries to the tenant's infant child by the negligence of the workmen.—Rosenberg v. Zeitchik (Sup.) 591.

The leaving of a plumber's furnace unattended on the floor of a barber shop through which plaintiff's infant son was compelled to go to reach his residence in the rear *held* negligence.—Rosenberg v. Zeitchik (Sup.) 591.

*Landlord *held* not liable for injuries sustained by a pedestrian in falling into a cellar-way while it was uncovered.—Opper v. Hellinger (Sup.) 616.

*Owners of building, retaining control of heating plant, *held* liable for damages from escape of steam from radiators in leased offices.—Bryant v. Carr (Sup.) 646.

In an action by a tenant against the landlord for injuries *held* that the evidence made out a prima facie case rendering it error to dismiss the complaint.—Acker v. Stiner (Sup.) 766.

*A landlord having reserved for the common use of tenants the balconies, stairways, steps, etc., of the rented building, *held* bound to keep them in a reasonably safe condition.—Walsh v. Frey (Sup.) 774.

A tenant injured while using a common porch for her own purposes other than as a thoroughfare *held* not entitled to recover from the landlord for her injuries.—Walsh v. Frey (Sup.) 774.

§ 5. Rent and advances.

*It was no defense to an action for rent that the landlord had breached a covenant to repair: the tenant's remedy being a recoupment from the rent or a separate action for damages.—Lewis v. Ritoff (Sup.) 40.

*Defendant, in an action for rent, *held* not entitled under a general denial to prove evic-

*Point annotated. See syllabus.

tion or accord and satisfaction.—Schwartz v. Ribando (Sup.) 599.

*Under the facts, the occupation of a basement beneath a store by a tenant *held* to have rendered him liable for the rental of both store and basement.—Katz v. Schreckinger (Sup.) 743.

Lease of farm construed and *held* to give the landlord option to make rent payable sooner than specified date.—Musewald v. Seeker (Co. Ct.) 287.

Injury to defendants' property through negligence of other tenants of building *held* no defense to action for rent.—Brick v. Favilla (Co. Ct.) 970.

### § 6. Re-entry and recovery of possession by landlord.

On appeal in proceedings to dispossess tenant, judgment for defendant modified by directing judgment of dismissal.—Benedict v. Hoffman (Sup.) 37.

A process in summary dispossession proceedings which was insufficient to give the court jurisdiction of the tenant in the first instance *held* not capable of amendment under Municipal Court Act.—Eighty William St. Bldg. Co. v. Jones (Sup.) 757.

*An allegation in a petition "that said petitioners are the landlords of the premises hereinafter described" is not sufficient, under Code Civ. Proc. § 2235, in a summary proceeding to recover possession of realty.—Bell v. Karsch Brewing Co. (Sup.) 803.

## LARCENY.

See "False Pretenses."

### § 1. Prosecution and punishment.
In a prosecution for grand larceny, evidence *held* sufficient to sustain a conviction.—People v. Conlon (Sup.) 597.

## LAW OF THE ROAD.

Application in streets in cities, see "Municipal Corporations," § 4.

## LEASES.

See "Landlord and Tenant."

## LEGACIES.

See "Wills."

## LEGACY TAX.

See "Taxation," § 3.

## LEGISLATIVE DISTRICTS.

See "States," § 1.

## LEVY.

Of execution, see "Execution," § 2.

## LIBEL AND SLANDER.

Bill of particulars in action for libel, see "Pleading," § 6.

### § 1. Justification and mitigation.
*Answer in action for libel *held* to state no defense and to be stricken out as irrelevant.—W. T. Hanson Co. v. Collier (Sup.) 690.

### § 2. Actions.
A complaint, in an action for libel, *held* to state a cause of action.—Soper v. Associated Press (Sup.) 342.

A complaint for libel, though amplified by a bill of particulars stating facts tending to show that the dispatch was published in good faith and did not refer to plaintiff, *held* to state a cause of action as against a demurrer.—Soper v. Butler (Sup.) 345.

*A complaint for libel, alleging that an article libelous per se was written of and concerning plaintiff, *held* not demurrable.—Nunnally v. New Yorker Zeitung Publishing & Printing Co. (Sup.) 1041.

*In an action for libel, a defense *held* insufficient on demurrer as a defense in justification or mitigation.—Nunnally v. New Yorker Zeitung Publishing & Printing Co. (Sup.) 1041.

## LICENSES.

Care required as to licensees in general, see "Negligence," § 1.
Contributory negligence of licensee, see "Negligence," § 2.
For sale of intoxicating liquors, see "Intoxicating Liquors," § 1.
Injuries to licensees caused by operation of railroad, see "Railroads," § 6.
To construct steps extending beyond building line, see "Municipal Corporations," § 4.

## LIENS.

Conclusiveness of allegation on party pleading, in action to foreclose, see "Pleading," § 1.

*Liens acquired by particular remedies or proceedings.*

See "Execution," § 2.

*Particular classes of liens.*

See "Mechanics' Liens."
Attorneys' liens, see "Attorney and Client," § 3.
Of broker, see "Brokers," § 1.
Pledge, see "Pledges."
Public improvement lien, see "Municipal Corporations," § 3.

## LIFE ESTATES.

Necessity of consent of life tenant to issuance of liquor tax certificate, see "Intoxicating Liquors," § 1.

## LIFE INSURANCE.

See "Insurance."

*Point annotated. See syllabus.*

# LIMITATION OF ACTIONS.

*Particular actions or proceedings.*

See "Mandamus," § 3.

By surviving partners, against firm debtors, see "Partnership," § 3.

On claims against state, see "States," § 3.

To compel payment of legacy, see "Executors and Administrators," § 3.

To redeem from mortgage foreclosure, see "Mortgages," § 4.

### § 1. Computation of period of limitation.

*Plaintiff, in an action for deceit, *held* charged with knowledge of the fraud as early as March, 1894, so that the action, not brought until 1902, was barred by limitations.—Coffin v. Barber (Sup.) 147.

*Time for bringing ejectment *held* not extended by disability of heirs to whom the title descends after accrual of cause of action.— Messinger v. Foster (Sup.) 387.

*Time for bringing ejectment *held,* under Code Civ. Proc. § 375, not to extend more than 31 years after accrual of cause of action, because of the disability of infancy, though the one having the right of action was an infant, and died leaving infant heirs.—Messinger. v. Foster (Sup.) 387.

*Where decedent, who promised to make compensation in her will for services rendered over a long period of years, failed to do so, recovery therefor *held* not limited to a period of six years before action brought.—Chambers v. Boyd (Sup.) 486.

### § 2. Acknowledgement, new promise, and part payment.

*Payment of interest on a note of a corporation by its treasurer, who was also surety on the note, *held* not to toll the statute as to the surety.—Ulster County Sav. Institution v. Deyo (Sup.) 263.

### § 3. Pleading, evidence, trial, and review.

*The defense of limitation on undisputed facts *held* a question for the court.—Munn v. Masonic Life Ass'n (Sup.) 91.

# LIMITATION OF LIABILITY.

Of carrier, see "Carriers," § 2.

# LIQUIDATED DAMAGES.

Provisions as to, in contract with municipality, see "Municipal Corporations," § 3.

# LIQUOR SELLING.

See "Intoxicating Liquors."

# LOAN COMPANIES.

See "Banks and Banking," § 3.

# LOANS.

Obtaining by false pretense, see "False Pretenses."

Recovery of money loaned, see "Money Lent."

Usury in, see "Usury," § 1.

# LOCAL LAWS.

See "Statutes," § 1.

# LOGS AND LOGGING.

Cutting woodland for purpose of erecting telephone line, see "Telegraphs and Telephones," § 1.

# LOST INSTRUMENTS.

Lost will, see "Wills," § 2.

# MACHINERY.

Liability of employer for defects, see "Master and Servant," § 3.

Production and use of electricity, see "Electricity."

# MALICIOUS PROSECUTION.

See "False Imprisonment."

### § 1. Want of probable cause.

Under Pen. Code, § 426, subd. 2, railroad *held* not liable for false imprisonment or malicious prosecution because of arrest by servant of person getting on moving train.—East v. Brooklyn Heights R. Co. (Sup.) 364.

### § 2. Actions.

*In action against railroad company for illegal arrest by its servant, evidence that he believed that plaintiff's act was a misdemeanor *held* admissible on cause of action for malicious prosecution.—East v. Brooklyn Heights R. Co. (Sup.) 364.

*In malicious prosecution, the question whether plaintiff has succeeded in establishing a want of probable cause is a question of law.—Freer v. Schmitt (Sup.) 737.

In an action for malicious prosecution, evidence *held* to sustain a finding that plaintiff had failed to prove a lack of probable cause.— Freer v. Schmitt (Sup.) 737.

In an action for malicious prosecution, evidence considered, and *held* to sustain a finding of the court that it did not tend to show that defendant acted without probable cause.—Clark v. Palmer (Sup.) 759.

Complaint construed, and *held* to be for malicious prosecution alone and not for false imprisonment as well.—Clark v. Palmer (Sup.) 759.

*In an action for malicious prosecution, the question of probable cause is for the court, unless the facts are in dispute and controverted.—Clark v. Palmer (Sup.) 759.

*Point annotated. See syllabus.

# MANDAMUS.

To compel employment by municipality, see "Municipal Corporations," § 1.

### § 1. Nature and grounds in general.

*Mandamus to compel commissioners of water supply, gas and electricity, to grant permission to construct subways under certain streets, *held* not to lie where the plans for the construction thereof were not approved by the board of electric control or the officers succeeding to the power vested in such board, as required by Laws 1885, p. 852, c. 499.—People v. Ellison (Sup.) 55.

### § 2. Subjects and purposes of relief.

Mandamus to compel police board of city of Buffalo to reinstate relators as detective sergeants denied.—In re Pritchard (Sup.) 711; In re Truxes, Id.; In re Stoner, Id.; In re Holmes, Id.

*Where inspectors of a town meeting failed to canvass the votes, mandamus will lie to compel them to convene and canvass such votes and the clerk to enter the result.—People v. Armstrong (Sup.) 712.

Mandamus *held* not to lie to compel payment of sum claimed under contract with city for dredging.—In re Morris & Cummings Dredging Co. (Sup.) 726.

Stockholder *held* not entitled to mandamus to require an exhibit of corporate books to aid him in a suit against directors for damages caused by their publication of a false report, whereby he was induced to become a stockholder and incurred loss.—In re Taylor (Sup.) 1039.

### § 3. Jurisdiction, proceedings, and relief.

The limitation of a year provided by Laws 1903, p. 1106, c. 482, § 6, for commencing all proceedings to vacate or reduce an assessment *held* not to apply to mandamus proceedings to compel formal cancellation on the books of an assessment theretofore adjudged void and vacated.—People v. Brush (Sup.) 312.

Relator in mandamus *held* entitled to discontinuance, but not without prejudice to new proceeding.—People v. Bingham (Sup.) 410.

Mandamus, directing telegraph and electrical subway company to accord petitioner space in its subway ducts for electrical conductors, granted on condition.—In re Long Acre Electric Light & Power Co. (Sup.) 460.

Mandamus, to compel consolidated telegraph and electrical subway company to give space in its subway ducts for certain electrical conductors, will not be denied because petitioner has not yet applied to the commissioner of water supply, gas and electricity, for his consent.—In re Long Acre Electric Light & Power Co. (Sup.) 460.

Directing town meeting inspectors to count the ballots in an election is within the relief prayed for in a petition for mandamus to compel them to make and sign a statement of the

canvass of the votes.—People v. Armstrong (Sup.) 712.

Mandamus will lie to reinstate an expelled member of a fraternal society, where the facts authorizing expulsion are disputed.—People v. Independent Order Brith Abraham of the United States of America (Sup.) 866.

# MANDATE.

See "Mandamus."

To lower court on decision on appeal, see "Appeal," § 7.

# MANSLAUGHTER.

See "Homicide," § 1.

# MAPS.

Reference to, in deeds, see "Deeds," § 1.

# MARRIAGE.

See "Divorce"; "Husband and Wife."

Proceedings to annul a marriage order for physical examination *held* properly refused.—Geis v. Geis (Sup.) 845.

# MARRIED WOMEN.

See "Husband and Wife."

# MARSHALING ASSETS AND SECURITIES.

Of decedent's estate, to evade transfer tax, see "Taxation," § 3.

# MASTER AND SERVANT.

See "Work and Labor."

Accounting between, as to profits, see "Account," § 1.

Bill of particulars in action for breach of contract of employment, see "Pleading," § 6.

Construction of contract for services, see "Contracts," § 2.

Employers' indemnity insurance, see "Insurance," §§ 4, 11.

Laws forbidding employment of certain persons, as denial of liberty to contract, see "Constitutional Law," § 1.

Liability of agent signing name to contract of employment for breach thereof, see "Principal and Agent," § 2.

Liability of landlord for injuries to servant of tenant, see "Landlord and Tenant," § 4.

Scope and extent of review in action for injuries to servant, see "Appeal," § 6.

### § 1. The relation.

In an action for compensation for services performed, evidence *held* to support a finding of a contract after a certain date, but insufficient to

**\*Point annotated. See syllabus.**

support a finding of any contract prior thereto.—Brunner v. Mosner (Sup.) 538.

*No precise words are necessary to constitute a discharge of an employé; any language by which he is notified that his services are no longer required being sufficient.—Sigmon v. Goldstone (Sup.) 984.

*Whether or not an employé was discharged *held* a question for the jury to determine from the language and conduct of his employer.—Sigmon v. Goldstone (Sup.) 984.

§ 2. Services and compensation.

Award of $3,500 on failure to furnish plaintiff commission business as good as one netting $3,500 a year *held* sufficient.—Smith v. Smith (Sup.) 521.

In determining amount to which plaintiff would be entitled as his share of the profits of a firm after its dissolution, *held* proper to consider only the last three years of business, and not a former year in which profits were unusually large.—Smith v. Smith (Sup.) 521.

A skilled employé who was prevented from doing the work specified in his contract of employment *held* entitled to recover money retained by his employers under the contract as a guaranty of the faithful performance of his obligations.—Sigmon v. Goldstone (Sup.) 984.

§ 3. Master's liability for injuries to servant.

In an action by a servant for personal injuries, evidence examined and *held* sufficient to take to the jury the question whether defendant's acts of negligence were the cause of the injury.—Wendell v. Leo (Sup.) 51.

Setting aside dismissal of action by employé for personal injuries and granting new trial *held* not error.—Graham v. Williams (Sup.) 77.

Employing a boy under 14 years old to work in a factory in violation of Labor Law, Laws 1897, p. 477, c. 415, § 70, *held* not conclusive of negligence, or absence of contributory negligence, in case of injury of the employé from machinery.—Lee v. Sterling Silk Mfg. Co. (Sup.) 78.

*Brakemen assume risks of jolts from failures of attempts to uncouple cars, although such failure is attributable to defective couplers.—Clark v. New York Cent. & H. R. R. Co. (Sup.) 96.

*Act of foreman causing injury to plaintiff *held*, that of a fellow servant, so that the master was not liable either at common law or under Employers' Liability Act (Laws 1902, p. 1748, c. 600.)—Guilmartin v. Solvay Process Co. (Sup.) 118.

*Injury to servant *held* not to have been reasonably anticipated so as to render master liable therefor.—Guilmartin v. Solvay Process Co. (Sup.) 118.

Conduct of motorman, a fellow servant, *held* immediate cause of injury to conductor.—Dulfer v. Brooklyn Heights R. Co. (Sup.) 207.

*In an action for injuries to a railroad yard laborer by being struck by a car "kicked" on to a side track, defendant *held* not guilty of negligence in failing to enforce rules for the protection of the yardmen.—Kascsak v. Central R. Co. of New Jersey (Sup.) 211.

*The complaint in an action for injuries to an employé *held* to allege his freedom from contributory negligence under the Employers' Liability Act (Laws 1902, p. 1748, c. 600).—Redhead v. Dunbar & Sullivan Dredging Co. (Sup.) 301.

*An employé injured while operating a movable steam derrick in consequence of it partially overturning *held* not as a matter of law guilty of contributory negligence.—Redhead v. Dunbar & Sullivan Dredging Co. (Sup.) 301.

*Employers' Liability Act, Laws 1902, p. 1748, c. 600, *held* not to have changed the general law with respect to contributory negligence.—Chisholm v. Manhattan Ry. Co. (Sup.) 622.

*The service of a complaint in an action for death of a servant alleging common-law negligence *held* ineffective as notice of a cause of action, under Employers' Liability Act, Laws 1902, p. 1749, c. 600, § 2.—Chisholm v. Manhattan Ry. Co. (Sup.) 622.

*At common law a master was not responsible to a servant for the negligence of another servant exercising superintendence in the management of details of the work.—Chisholm v. Manhattan Ry. Co. (Sup.) 622.

*Plaintiff's intestate, who was killed while in defendant's employ, *held* guilty of contributory negligence.—Chisholm v. Manhattan Ry. Co. (Sup.) 622.

*In an action by a servant for personal injuries, evidence *held* to require submission to the jury of defendant's negligence in failing to warn as to the latent danger causing the injury.—Carey v. Manhattan Ry. Co. (Sup.) 631.

*Contributory negligence of a servant *held* not necessarily shown from the fact that he himself broke the insulation of the wire from which the damaging current came.—Carey v. Manhattan Ry. Co. (Sup.) 631.

*Defendant is not liable for injuries causing death of a servant when the injuries resulted from an order given by decedent through a telephone operator and misunderstood by another servant.—Van Alstine v. Standard Light, Heat & Power Co. (Sup.) 696.

*Street railroad company *held* not liable for injuries to servant.—Carroll v. Union Ry. of New York City (Sup.) 745.

*The only condition precedent for bringing an action under Laws 1902, p. 1748, c. 600, for injuries to servant, is the service on defendant of a notice in writing within 120 days of the time, place, and cause of the injury, signed by the person injured, or some one in his behalf.—Severson v. Hill-Warner-Fitch Co. (Sup.) 808.

In an action against a master for injuries to a servant, a complaint *held* sufficient, under Laws 1897, p. 480, c. 415, § 81, and Laws 1902,

**\*Point annotated. See syllabus.**

p. 1748, c. 600.—Severson v. Hill-Warner-Fitch Co. (Sup.) 808.

*Where there was no evidence of negligence on the part of a master except as to leaving a machine unguarded, it was error to refuse an instruction limiting the jury to a consideration of the unguarded condition of the machine.— Severson v. Hill-Warner-Fitch Co. (Sup.) 808.

*In an action against a master for injuries to a servant, where there is no evidence that any rule would have been effective to protect plaintiff, it is error to charge that it was the duty of defendant to promulgate rules for the operation of its factory.—Severson v. Hill-Warner-Fitch Co. (Sup.) 808.

*In an action for injuries to a servant, held, under the evidence, error to have submitted to the jury a question whether defendant was negligent in not providing a certain device.—Sticht v. Buffalo Cereal Co. (Sup.) 905.

*One held a vice principal for whose negligence in failing to instruct an employé as to danger the master was liable.—Tivnan v. Keahon (Sup.) 1076.

§ 4. Liabilities for injuries to third persons.

*In an action for negligent injury, an instruction "that inasmuch as the driver of the truck was in the employ of defendants, they were accountable for his negligence" was erroneous.— Bursh v. Jackson (Sup.) 19.

*In an action against a master for a tort of his servant, punitive damages cannot be given for the malice of the servant.—East v. Brooklyn Heights R. Co. (Sup.) 364.

*Under Laws 1871, p. 1478, c. 680, and Laws 1880, p. 135, c. 131, providing for the building and care of a city and county hall, the city and county are not liable for the death of a person due to the negligent operation of an elevator in the hall.—Moest v. City of Buffalo and County of Erie (Sup.) 996.

Defendant held not liable for injuries to plaintiff, who attempted to pass between two automobiles with his permission, occasioned by her being tripped by a rope raised from the ground by the chaffeur moving the forward machine.—Titus v. Tangeman (Sup.) 1000.

Where plaintiff was injured while attempting to pass between two automobiles by negligence of chaffeur, evidence held to show that the chaffeur was not the servant of defendant.— Titus v. Tangeman (Sup.) 1000.

## MEASURE OF DAMAGES.

See "Damages," § 1.
For breach by seller of contract for sale of goods, see "Sales," § 5.

## MECHANICS' LIENS.

Enforcement of, in municipal court, see "Courts," § 2.

§ 1. Right to lien.

*Where an owner in good faith pays the contractor the full contract price, he cannot be made liable to a subcontractor merely because he permitted such subcontractor to continue the work.—Drall v. Gordon (Sup.) 171.

One held to perform work on real estate with the "consent" of the owner within Laws 1897, p. 516, c. 418, § 3 relative to mechanics' liens.— Tinsley v. Smith (Sup.) 382.

*One furnishing materials and labor for the improvement of real estate held entitled to a lien under Laws 1897, p. 514, c. 418, § 3.—Barnard v. Lantry (Sup.) 502.

*A lien for material furnished a subcontractor can only be enforced to the extent of moneys due him from the contractor.—Wright v. Schoharie Valley Ry. Co. (Sup.) 801; Schoharie Valley Ry. Co. v. Union Free School Dist. No. 1, Id.

§ 2. Enforcement.

In an action to establish a mechanic's lien facts held insufficient to show that a payment by the owner of the full contract price to the contractor was not made in good faith.— Drall v. Gordon (Sup.) 171.

## MEETINGS.

Of stockholders, see "Corporations," § 3.

## MEMORANDA.

Required by statute of frauds, see "Frauds, Statute of," § 3.

## MERGER.

Of contracts, see "Contracts." § 3.
Of power of sale under will with fee acquired by donees of power, see "Wills," ª 3.

## MINORS.

See "Infants."

## MISREPRESENTATION.

See "False Pretenses"; "Fraud."

## MISTAKE.

Competency of evidence of, see "Evidence," § 3.
Ground for recovery of payment, see "Payment," § 1.

## MITIGATION.

Of damages, see "Damages," § 1.

## MODIFICATION.

Of injunction, see "Injunction," § 2.
Of judgment or order on appeal, see "Appeal," § 7.

**Point annotated. See syllabus.

## MONEY LENT.

In an action for money lent, *held,* that under plaintiff's evidence the case should have been submitted to the jury.—Pressinger v. Woodhull (Sup.) 36.

Complaint in action to recover money loaned *held* not subject to motion to make more definite and certain.—Citizens' Central Nat. Bank v. Munn (Sup.) 435.

## MONEY PAID.

*Where plaintiff paid out money, and performed services for defendant, in the absence of proof of request or reasonable occasion therefor, defendant is not liable.—Friedlander v. Lehman (Sup.) 252.

## MONEY RECEIVED.

Recovery of payment in general, see "Payment," § 1.
Recovery of price paid for goods, see "Sales," § 5.
Recovery of price paid for land, see "Vendor and Purchaser," § 3.

## MORTGAGES.

Amendment of pleading in action for deficiency at foreclosure sale, see "Pleading," § 5.
Effect on marketability of title, see "Vendor and Purchaser," § 1.
Estoppel to deny operation of mortgage as to certain property, see "Estoppel," § 2.
Negotiation of mortgage loan by broker, see "Brokers," § 1.
Of personal property, see "Chattel Mortgages."
Of railroads, see "Railroads," § 4.
Priority of execution lien against mortgaged property, see "Execution," § 2.
Usury in, see "Usury," § 1.

### § 1. Requisites and validity.

In an action by a grantor to require the grantee to account for proceeds of the property conveyed, parol evidence *held* inadmissible to show that the conveyance was intended as a mortgage.—Nevius v. Nevius (Sup.) 1091.

### § 2. Construction and operation.

*Land used for a canal *held* to have passed under a mortgage foreclosure sale and not to the grantees in the mortgagor's deed made subsequent to the mortgage.—In re Canal Place in City of New York (Sup.) 397.

### § 3. Foreclosure by action.

*A bidder at a foreclosure who unwarrantably refused to complete the purchase, could not be held for the difference between his bid and the lesser amount for which the land was sold, where the resale was made on less favorable terms.—Baecht v. Hevesy (Sup.) 413.

Deed to land in possession of one claiming adversely, being void under Laws 1896, p. 603, c. 547, § 225, lis pendens based thereon held

no ground for the refusal of a purchaser at foreclosure sale to complete his purchase.—Baecht v. Hevesy (Sup.) 413.

*Right to release of a bidder at a foreclosure sale, must depend upon the validity of the claim represented by existing lis pendens.—Baecht v. Hevesy (Sup.) 413.

Order not appealed from, refusing application of purchaser at foreclosure to be relieved from purchase, *held* conclusive as to purchaser's liability for deficiency in amount realized on resale.—Egan v. Buellesbach (Sup.) 476.

In action against mortgagors to recover deficiency, mortgagors *held* not entitled to charge mortgagees with value of land at time of sale, instead of amount realized.—Randrup v. McBeth (Sup.) 604.

*Heir who was not made party to foreclosure action *held* not entitled to maintain ejectment against purchaser without having tendered amount due on mortgage.—Lunny v. McClellan (Sup.) 812.

In an action to foreclose a mortgage *held* not necessary for plaintiff to prove the statutory allegation required by Code Civ. Proc. § 1629.—Riesgo v. Clark (Sup.) 832.

In an action to foreclose a mortgage, evidence *held* sufficient to sustain a finding that no other proceeding had been instituted to collect the amount due on the bond and mortgage from which anything had been received that could be credited thereon.—Riesgo v. Clark (Sup.) 832.

### § 4. Redemption.

*A person *held* a mortgagee in possession, time to redeem from whom cannot, under Code Civ. Proc. §§ 379, 396, be more than 25 years.—Messinger v. Foster (Sup.) 387.

## MOTIONS.

*For particular purposes or relief.*
Change of venue in civil actions, see "Venue," § 1.
Continuance in civil actions, see "Continuance."
New trial in civil actions, see "New Trial," § 2.
Opening or setting aside default judgment, see "Judgment," § 1.
Presentation of objections for review, see "Appeal," § 2.
Striking out evidence, see "Trial," § 2.

*A corporation *held* not entitled to be heard on a motion to vacate an order settling the accounts of the receiver made in another county.—People v. Anglo-American Savings & Loan Ass'n (Sup.) 270; In re Davis, Id.

Code Civ. Proc. § 797, in relation to substituted service, *held* to have no application to service on nonresidents of the state.—Gotlieb v. Kurlander (Sup.) 751.

The granting of a motion for the resettlement of an order allowing an amendment to the complaint *held* proper.—Wollowitz v. New York City Ry. Co. (Sup.) 830.

**\*Point annotated. See syllabus.**

# MUNICIPAL CORPORATIONS.

See "Counties"; "Courts," § 1; "Towns."

As employers, see "Master and Servant," § 4.

Claims of municipality against state, see "States," § 3.

Condemnation by municipality, see "Eminent Domain," §§ 1, 2.

Construction of contract for services in obtaining reduction of municipal assessment, see "Contracts," § 2.

Construction of railroads across streets, see "Railroads," § 3.

Conveyance by deed of claim for damages for land taken for streets, see "Deeds," § 1.

Dedication of streets, see "Dedication," §§ 1, 2.

Grant of permission to construct subways, as contract irrevocable by legislature, see "Constitutional Law," § 3.

Injunctions affecting, see "Injunction," §§ 1, 2.

Judicial notice as to situation of municipality, see "Evidence," § 1.

Mandamus, see "Mandamus," §§ 1, 2.

Municipal courts, see "Courts," § 2.

Negligence as question for jury in action for injuries caused by being run over by truck, see "Negligence," § 3.

Operation of railroads in streets, see "Railroads," § 2.

Ordinances relating to intoxicating liquors, see "Intoxicating Liquors."

Removal by tenant of stairs extending into street, see "Landlord and Tenant," § 4.

Special laws ratifying contract between city and street railroad company, see "Statutes," § 1.

Street railroads, see "Street Railroads."

Streets as boundaries, see "Boundaries," § 1.

Water supply, see "Waters and Water Courses," § 1.

## § 1. Officers, agents, and employés.

Appointment of policeman on certificate of Civil Service Commissioners *held* to give appointee title to the office.—In re Lazenby (Sup.) 5.

Under Laws 1899, p. 807, c. 370, § 19, relating to certificate by Civil Service Commission to pay roll, policeman *held* entitled to certificate, where appointment was lawful, without regard to his eligibility.—In re Lazenby (Sup.) 5.

Under the civil service regulations, relator, a veteran, not having applied for appointment as bridge tender of the city of Buffalo until after the change of such position from Schedule D to C of such regulations, was not entitled to an appointment as of right without examination and a certificate.—People v. Adam (Sup.) 925.

In mandamus to compel relator's appointment as bridge tender in a city to which neither the civil service commission, the city, nor state were parties, fraud in changing such position from one schedule to another of the civil service regulations could not be raised.—People v. Adam (Sup.) 925.

## § 2. Property.

Under Buffalo City Charter, § 273, *held*, that an action of the commissioner of public works in fixing the salaries of employés must be called to the attention of the common council for concurrence.—In re Babcock (Sup.) 90.

The city of New York *held* liable for the wages of employés appointed, in an exigency, at a time when no men were obtainable from the civil service list, though the appointments were in violation of Rule 12, § 4, of the Civil Service Commission.—Gallagher v. City of New York (Sup.) 229; Griffin v. Same, Id.; Trimmer v. Same, Id.; Bunce v. Same, Id.

Veteran volunteer fireman, entitled to a preference of employment under Laws 1899, p. 444, c. 184, having been appointed an inspector of masonry, *held* an employé whose services could be dispensed with for lack of work or funds, etc.—Dunne v. City of New York (Sup.) 678.

## § 3. Public improvements.

*Where, on abandonment of a contract, the city completes the work, the contractor can recover any balance after deducting cost of completion.—Bader v. City of New York (Sup.) 351.

Where owner completes building time for notice of lien runs from the completion.—Bader v. City of New York (Sup.) 351.

A lien for work on public improvement *held* a lien on the fund not on the building.—Bader v. City of New York (Sup.) 351.

A city *held* not entitled to damages for delay in completion of building contract as against subcontractor's lien without proof thereof.—Bader v. City of New York (Sup.) 351.

*A public improvement contract *held* to be a new contract, rather than a compromise of a prior claim, and to fall within Charter Greater New York, § 419 (Laws 1897, c. 378, p. 148) requiring advertisements and sealed bids.—Cahn v. Metz (Sup.) 392.

*An advantage, accruing to the city from a public improvement contract, *held* not to take such contract from the operation of Charter Greater New York, § 419 (Laws 1897, c. 378, p. 148) requiring it to be under advertisements and bids.—Cahn v. Metz (Sup.) 392.

*Contract as to a change in a public improvement *held* a new contract rather than a part of the original contract, and to fall within Charter Greater New York, § 419 (Laws 1897, c. 378, p. 148) requiring in such cases advertisements and sealed bids.—Cahn v. Metz (Sup.) 392.

*Charter Greater New York, § 149 (Laws 1897, c. 378, p. 41) *held* not to authorize the comptroller to validate an improperly executed public improvement contract, though in the nature of a compromise of a claim under an old contract.—Cahn v. Metz (Sup.) 392.

Contract by city for dredging *held* to fix by its own terms the amount of work to be done thereunder, and beyond which lawful payment could not be made.—In re Morris & Cummings Dredging Co. (Sup.) 726.

An owner sustaining damages in consequence of the change of the grade of a street held entitled, under Laws 1890, p. 473, c. 255, § 9, to

*Point annotated. See syllabus.

recover.—In re Van Rensselaer & Roseville Sts. in City of Buffalo (Sup.) 928.

Under a contract for the construction of a trunk sewer the contractor *held* not entitled to recover for damage from water flowing on his work from other subsidiary sewers constructed prior to the completion of plaintiff's work.—Leahy v. City of New York (Sup.) 936.

A provision for liquidated damages in a contract to pave a street does not apply to a street widened after the execution of the contract.—Callanan Road Imp. Co. v. Village of Oneonta (Sup.) 1056.

*A provision as to liquidated damages in a contract is waived by the failure of the party who is to receive such damages to fulfill his part of the contract.—Callanan Road Imp. Co. v. Village of Oneonta (Sup.) 1056.

. Where a village waives a provision for liquidated damages for delay in completion of a contract, it is not incumbent on the contractor to submit to the village engineer a claim which he had by reason of such failure.—Callanan Road Imp. Co. v. Village of Oneonta (Sup.) 1056.

**§ 4. Use and regulation of public places, property, and works.**
*A license under which stone steps and a railed areaway were constructed which extended into the sidewalk beyond the building line was revocable.—City of New York v. United States Trust Co. (Sup.) 574.

In an action to compel the removal of steps and a railed areaway encroaching on a sidewalk in a city, evidence *held* sufficient to show that the structures extended into the street.—City of New York v. United States Trust Co. (Sup.) 574.

In an action for injuries received by a pedestrian, on a street, struck by an automobile, evidence *held* insufficient to sustain the burden of showing freedom from contributory negligence.—Wilkins v. New York Transp. Co. (Sup.) 650.

*The law of the road does not apply to a collision between a bicycle and a wagon on a street before the driver of the wagon has an opportunity to straighten his vehicle after driving upon the street from an alley.—Dickinson v. Platt (Sup.) 956.

Where there is no occasion to apply the law of the road, and defendants do not object to instructions as to such law, they are entitled to an instruction as to the negligence of their driver in crossing to the center of the street.—Dickinson v. Platt (Sup.) 956.

Evidence in an action to recover for causing death of plaintiff's intestate on a highway considered, and *held* to establish contributory negligence.—Dickinson v. Platt (Sup.) 956.

**§ 5. Torts.**
*Under Rapid Transit Act, § 34 (Laws 1891, p. 18, c. 4, as amended by Laws 1896, p. 719, c. 729), city *held* not liable for injuries from explosion of dynamite kept in street in pursuance of contract with board of rapid transit commissioners.—Carpenter v. City of New York (Sup.) 402.

In an action against a city for damages by discharge of surface drainage and sewage into a stream, injunction pendente lite denied.—Penfield v. City of New York (Sup.) 442.

Evidence considered, and *held* insufficient to prove that defendant's engine was a nuisance or that defendant was negligent in its operation. —Munro v. Wells Bros. Co. (Sup.) 900.

The burden is on plaintiff, in an action to recover for injuries caused by a horse frightened by defendant's engine, to show that the engine was negligently operated.—Munro v. Wells Bros. Co. (Sup.) 900.

*Maintenance of a peanut roaster on a sidewalk *held* not a public nuisance as matter of law, so as to make the village liable for injury to a pedestrian from explosion thereof.—Frank v. Village of Warsaw (Sup.) 938.

**§ 6. Fiscal management, public debt, securities, and taxation.**
*City Charter of Oneida, § 59, subd. 25, (Laws 1904, p. 563, c. 273) *held* not to authorize issue of bonds to pay part of valid assessment previously made on property holders for construction of sewer.—City of Oneida v. King (Sup.) 239.

**§ 7. Actions.**
*Under Laws 1902, p. 4, c. 4, *held*, that in an action against a city of the second class for services performed before 1902, a nonsuit should be granted, in the absence of evidence that the claim was presented to and passed on by the board of estimate and apportionment.— Lyons v. City of Syracuse (Sup.) 247.

# MURDER.

See "Homicide," § 1.

# MUTUAL BENEFIT INSURANCE.

See "Insurance," § 13.

# NAMES.

See "Trade-Marks and Trade-Names."
Practicing law under assumed name, as ground for disbarment, see "Attorney and Client," § 1.

# NATIONAL BANKS.

See "Banks and Banking," § 2.

# NAVIGABLE WATERS.

See "Waters and Water Courses."

# NECESSARIES.

Liability of husband for necessaries of wife, see "Husband and Wife," § 1.

*Point annotated. See syllabus.*

## NEGLIGENCE.

Causing death, see "Death," § 1.
Negligent condition of premises as nuisance, see "Nuisance," § 1.
Subject of compensatory damages, see "Damages," § 1.

### By particular classes of persons.

See "Carriers," §§ 2, 3; "Municipal Corporations," § 5; "Railroads," § 6; "Street Railroads," § 2.
Bailee, see "Bailment."
Employers, see "Master and Servant," § 3.
Persons using street, see "Municipal Corporations," § 4.

### Condition or use of particular species of property, works, machinery, or other instrumentalities.

See "Electricity"; "Highways," § 2; "Railroads," § 6; "Street Railroads," §§ 1, 2.
Demised premises, see "Landlord and Tenant," § 4.

### Contributory negligence.

Of passenger, see "Carriers," § 3.
Of person injured by operation of railroad, see "Railroads," § 6.
Of person injured by operation of street railroad, see "Street Railroads," § 2.
Of person injured in street, see "Municipal Corporations," § 4.
Of servant, see "Master and Servant," § 3.

### § 1. Acts or omissions constituting negligence.

Under Labor Law, Laws 1897, p. 468, c. 415, § 201, an instruction that the owner of a building being erected was liable for injuries to plaintiff if she had a superintendent on the job to put in a certain floor or to cover a floor, held improper.—Hashagen v. Schafer (Sup.) 11.

*Facts held to show plaintiff a mere licensee to whom defendant owed no duty of active care.—Rosenthal v. United Dressed Beef Co. (Sup.) 532.

### § 2. Contributory negligence.

In case of collision of a vessel with a tow lashed to the side of a seaworthy and competently manned tug held, that the negligence of the tug was not imputable to the tow.—Rockland Lake Trap Rock Co. v. Lehigh Valley R. Co. (Sup.) 222.

*A licensee held to have assumed the ordinary risks of the premises.—Rosenthal v. United Dressed Beef Co. (Sup.) 532.

### § 3. Actions.

Under Labor Law, Laws 1897, p. 468, c. 415, § 201, if the owner of a building being erected had no carpenter contractor whose duty it was to comply with such provision, such circumstance might be admissible on the question of her negligence.—Hashagen v. Schafer (Sup.) 11.

Evidence in action for injuries to boy run over by defendant's truck held to warrant submission to jury of question of negligence of driver of truck and contributory negligence of boy.—Levin v. Dunn (Sup.) 25.

In an action for injuries to a child, his parents held not guilty of negligence contributing to the injury.—Rosenberg v. Zeitchik (Sup.) 591.

In an action for injuries caused by defendant's negligence in permitting a dumb-waiter in a tenement house owned by him to become unsafe, evidence examined, and held to sustain a verdict for plaintiff.—Muller v. Vesell (Sup.) 1064.

## NEGOTIABLE INSTRUMENTS.

See "Bills and Notes."

## NEW TRIAL.

Costs, see "Costs," § 5.
In action for injuries to servant, see "Master and Servant." § 3.
Remand by appellate court for new trial, see "Appeal," § 7.
Review of discretion of court in granting, see "Appeal," § 6.

### § 1. Grounds.

*Setting aside of a verdict held not justified by the contradictory testimony of two witnesses, though the trial judge would have arrived at a different conclusion.—Vogel v. Werner (Sup.) 21.

*A verdict will not be set aside and new trial granted where the evidence is conflicting on the material points, though the conclusion reached by the jury may be one which the court itself would not have reached upon the same testimony.—Salcinger v. Interurban Street Ry. Co. (Sup.) 804.

Where two questions were properly submitted, and there was a general verdict, which on one of the questions would be against the weight of evidence, held, that a new trial would be granted.—Rossenbach v. Supreme Court I. O. F. (Sup.) 890.

*The trial court is justified in setting aside a verdict for the wrongful admission of evidence.—National City Bank of New York v. Pacific Co. (Sup.) 1098.

### § 2. Proceedings to procure new trial.

*Where the granting of a new trial was largely discretionary, costs should have been imposed as a condition.—Hart v. Kaplan (Sup.) 763.

## NEXT OF KIN.

See "Descent and Distribution."

## NONSUIT.

Before trial, see "Dismissal and Nonsuit."

## NOTES.

Promissory notes, see "Bills and Notes," § 1.

*Point annotated. See syllabus.

# NOTICE.

*As affecting particular classes of persons.*

See "Principal and Agent," § 2; "Vendor and Purchaser," § 2.

*Of particular facts, acts, or proceedings not judicial.*

Election of corporate officers, see "Corporations," § 4.

Injuries to servant, see "Master and Servant," § 3.

Intent of vendor to defraud creditors, see "Fraudulent Conveyances," § 2.

Municipal improvement lien, see "Municipal Corporations," § 3.

*Of particular judicial proceedings.*

See "Motions."

Appeal, see "Appeal," § 3.

Levy of execution, see "Execution," § 2.

# NUISANCE.

Maintenance in public place in city, see "Municipal Corporations," § 5.

Removal by tenant of nuisance, see "Landlord and Tenant," § 4.

## § 1. Public nuisances.

*Action against elevated road to abate nuisance caused by increased number and speed of trains *held* not maintainable.—Wolf v. Manhattan Ry. Co. (Sup.) 493.

*To sustain action to abate public nuisance by private person, some special damage must be shown.—Wolf v. Manhattan Ry. Co. (Sup.) 493.

Where an action was tried on the theory that a cellarway, into which plaintiff fell, was a nuisance, *held* that recovery could not be had on the theory of negligence.—Opper v. Davega (Sup.) 621.

# OBLIGATION OF CONTRACT.

Laws impairing, see "Constitutional Law," § 3.

# OBSTRUCTIONS.

Of highways, see "Highways," § 2.

# OCCUPATION.

Of real property, see "Use and Occupation."

# OFFICERS.

Injunctions affecting, see "Injunction," §§ 1, 2.

Mandamus, see "Mandamus," § 2.

Quo warranto, see "Quo Warranto."

*Particular classes of officers.*

See "Ambassadors and Consuls"; "Judges"; "Justices of the Peace."

Commissioners in condemnation proceedings, see "Eminent Domain," § 2.

Corporate officers, see "Corporations," §§ 4, 5.

Excise commissioners, see "Intoxicating Liquors," § 1.

Highway officers, see "Highways," § 1.

Municipal officers, see "Municipal Corporations," § 1.

Of insurance company, see "Insurance," § 1.

State officers, see "States," § 1.

Town officers, see "Towns," § 1.

## § 1. Appointment, qualification, and tenure.

Under Public Officers' Law, Laws 1892, p. 1657, c. 681, a supervisor of a town board *held* to have no right to vote upon a resolution to appoint his successor.—In re Smith (Sup.) 992.

## § 2. Title to and possession of office.

*A public officer *held* entitled to books and papers pertaining to his office, within Code Civ. Proc. § 2471a, authorizing proceedings to compel delivery of books and papers to public officers.—In re Smith (Sup.) 992.

## § 3. Liabilities on official bonds.

*Breach of an official bond annexed to the complaint *held* sufficiently pleaded as against a demurrer by negativing the language of the condition.—Town of Hadley v. Garner (Sup.) 777.

*An official bond being in form joint and several, *held* that action could be brought against the sureties alone.—Town of Hadley v. Garner (Sup.) 777.

# OPENING.

Judgment, see "Judgment," §§ 1, 4.

# OPINION EVIDENCE.

In civil actions, see "Evidence," § 9.

In criminal prosecutions, see "Criminal Law," § 2.

# ORDERS.

For examination of judgment debtors, see "Execution," § 3.

Of court, see "Motions."

Review of appealable orders, see "Appeal."

# PARENT AND CHILD.

See "Infants."

Imputing negligence of parent to child, see "Negligence," § 3.

# PAROL EVIDENCE.

In civil actions, see "Evidence," § 8.

To establish trust, see "Trusts," § 1.

# PARTICULARS.

Bill of, see "Pleading," § 6.

**Point annotated. See syllabus.**

## PARTIES.

Correction of record on appeal as to parties, see "Appeal," § 4.

In action for wrongful death, see "Death," § 1.

In municipal courts, see "Courts," § 2.

Interpleading, see "Interpleader."

Power of lower court to allow amendment of, on remand, see "Appeal," § 7.

Resettlement of order on amendment, see "Motions."

Rights and liabilities as to costs, see "Costs," §§ 2, 3.

Service of answer on intervenors, see "Pleading," § 2.

To, see "Assignments," § 1; "Judgment," § 2.

### § 1. Plaintiffs.

*In an action for conversion plaintiff *held* the real party in interest.—Hall v. Frith (Sup.) 31.

### § 2. New parties and change of parties.

*Code Civ. Proc. § 452, *held* not to give the court authority to compel or authorize plaintiff in an action for money only not to bring in a third party defendant even on his own application.—Horan v. Bruning (Sup.) 986.

Code Civ. Proc. § 723 *held* not to authorize the court in an action for tort to bring in a third person as an additional party defendant. —Horan v. Bruning (Sup.) 986.

*Where, after the institution of an action, another person is admitted as coplaintiff by consent of the parties, such coplaintiff is entitled to the same rights as though she had jointly instituted the action.—Weed v. First Nat. Bank (Sup.) 1045.

An order adding a new party defendant should be made on condition that the plaintiff desiring the additional party should assume responsibility for costs therefor if the litigation prove unsuccessful.—Weed v. First Nat. Bank (Sup.) 1045.

### § 3. Defects, objections, and amendment.

*In action by a foreign corporation, objection to its failure to show compliance with section 181 of the Tax Law, Laws 1896, p. 856, c. 908, as amended by Laws 1901, p. 1364, c. 558 cannot be raised on motion for nonsuit.—Charles E. Wright & Co. v. Faulkner (Sup.) 807.

Under Code Civ. Proc. §§ 488, 498, 499, a defect of parties defendant is waived by the failure to raise the objection by demurrer or answer.—Wills v. Pennell (Sup.) 1017.

## PARTITION.

### § 1. Actions for partition.

*In partition, a defendant adjudged to have no title *held* entitled to compensation for the reasonable value of improvements made on the premises.—Lyons Nat. Bank v. Shuler (Sup.) 62.

## PARTNERSHIP.

Action of partners in holding themselves out as corporation as fraud, see "Fraud," § 1.

Harmless error in action against partnership, see "Appeal," § 6.

### § 1. The relation.

*Where plaintiff and another engaged in a joint speculative venture in cotton agreeing to put up an equal amount of margins and share profits equally, they were partners.—Jones v. Walker (Sup.) 22.

*One of the members of a firm *held* competent to prove the fact of partnership.—Franklin v. Hoadley (Sup.) 374.

*Declarations of a partner that he is a partner or that others are partners with him *held* inadmissible to prove the partnership except so far as they bind the declarant as declarations against interest.—Franklin v. Hoadley (Sup.) 374.

*A partnership having been established, declarations of one of the partners while acting for the firm that others were partners with him and that he was buying stock in question from plaintiffs for the firm *held* admissible to show to whom plaintiffs gave credit.—Franklin v. Hoadley (Sup.) 374.

### § 2. Mutual rights, duties, and liabilities of partners.

*Where plaintiff and another were partners in a speculative adventure in cotton, plaintiff's remedy to recover the balance of his share of the profits was a suit in equity for an accounting.—Jones v. Walker (Sup.) 22.

*A partnership agreement *held* to entitle one of the partners to payment of all expenses out of property on hand before the other partner received anything. — Hebblethwaite v. Flint (Sup.) 43.

### § 3. Death of partner, and surviving partners.

Certain order in supplementary proceedings *held* either not to interfere with plaintiff, as surviving partner of a firm, so as to interrupt the running of the statute of limitations as to an action by him against a firm debtor, and hence bar the action, or to devest him of all legal title to the firm assets, rendering him not the real party in interest, and, hence, without right to maintain the action.—Gibbons v. Bush Co. (Sup.) 721.

Action by surviving partner against firm debtor *held* barred either by statute of limitations or fact that plaintiff was not real party in interest.—Gibbons v. Bush Co. (Sup.) 721.

### § 4. Dissolution, settlement, and accounting.

In an action for an accounting between partners, a finding that the par value of certain bonds held by defendant was their actual value, *held* not to be supported by the rule applicable in cases of conversion.—Hebblethwaite v. Flint (Sup.) 43.

In an action by a partner for an accounting, defendant's account *held* properly surchargeable

*Point annotated. See syllabus.

with the actual value only of certain depreciated bonds erroneously included therein.—Hebblethwaite v. Flint (Sup.) 43.

In a suit by plaintiff to restrain his ex-partner from using the firm name, that plaintiff had directed the postmaster to deliver all firm mail to him *held* not available as a defense or counterclaim.—Bastable v. Carroll (Sup.) 637.

Where a member of a firm sued to restrain his former partner from using the firm name, under the dissolution agreement, a separate defense that the agreement was signed by defendant's attorney in fact without authority *held* not demurrable.—Bastable v. Carroll (Sup.) 637.

Where a suit was based on a partnership dissolution agreement, a separate defense, alleging that defendant's attorney in fact was bribed to sign the agreement, *held* demurrable. —Bastable v. Carroll (Sup.) 637.

## PART PAYMENT.

Within statute of limitations, see "Limitation of Actions," § 2.

## PASSENGERS.

See "Carriers," § 3.

## PATENTS.

Requisites and validity of contract to transfer letters patent, see "Contracts," § 1.

## PAUPERS.

Release from giving security for cost, see "Costs," § 4.

## PAYMENT.

See "Accord and Satisfaction."
Effect of payment to principal contractor on right of subcontractor to mechanic's lien, see "Mechanics' Liens," § 1.
Of compensation for property taken for public use, see "Eminent Domain," § 1.
Part payment within statute of limitations, see "Limitation of Actions," § 2.
Recovery for money paid, see "Money Paid."

§ 1. Recovery of payments.
*A cablegram, directing plaintiffs to pay money for the account of another, *held* ambiguous, and that plaintiffs were entitled to recover the money as paid under a mistake of fact.—Kessler v. Herklotz (Sup.) 418.

## PENALTIES.

*For particular acts or omissions.*
Adulteration of food, see "Adulteration."
Cutting timber on forest preserve, see "Woods and Forests."
Refusal of transfer, see "Carriers," § 3.
Violation by carrier of regulations, see "Carriers," § 1.

§ 1. Nature and grounds, and extent of liability.
Under Laws 1902, p. 1135, c. 482, § 1, amending Laws 1896, p. 329, c. 376, § 29, *held* there is but a single penalty for having in one's possession without the consent of the owner more than one milk can of a dealer in milk bearing his initials (Laws 1865, p. 472, c. 295; Laws 1887, p. 500, c. 401; Laws 1890, p. 33, c. 25; Laws 1896, p. 1112, c. 977; and Laws 1892, p. 1392, c. 677, §§ 32, 33).—United States Condensed Milk Co. v. Smith (Sup.) 129.

## PENSIONS.

See "Exemptions," § 1.

## PERPETUITIES.

Conclusiveness of adjudication as to perpetuities, see "Judgment," § 7.

*A provision in a will for accumulation of income *held* to be void, under Rev. St. (1st Ed.) p. 726, pt. 2, c. 1, tit. 2, §§ 37, 38, so that the income belonged to the donee of the life estate and not to the remaindermen.—In re Hoyt (Sup.) 557.

*Where a testator in a will by which he devised certain moneys to a university under a clause "since 1873, before which this plan was formed, my estate has shrunk, and it will be necessary to accumulate it," etc., such clause contains testator's suggestion as to the management of the fund, and is not a provision for the accumulation of the income of personal property in violation of Personal Property Law, § 4, Laws 1897, p. 508, c. 417.—Morgan v. Durand (Sup.) 1002.

*Under Code Civ. Proc. § 2472, subds. 3, 4, and section 2481, subd. 11, the Surrogate's Court has no inherent power to construe a will except as necessarily incident to its general powers to control executors or testamentary trustees, and to direct the payment or charging of legacies.—Kirk v. McCann (Sup.) 1093.

## PERSONAL INJURIES.

*Particular causes or means of injury.*
See "Negligence."
Defective condition of demised premises, see "Landlord and Tenant," § 4.
Explosion in street, see "Municipal Corporations," § 5.
Negligence in use of streets, see "Municipal Corporations," § 4.
Negligence of employé, see "Master and Servant," § 4.
Operation of railroads, see "Railroads," § 6.
Operation of street railroad, see "Street Railroads," § 2.

*Particular classes of persons injured.*
Employé, see "Master and Servant," § 3.
Passenger, see "Carriers," § 3.
Travelers on highway, see "Highways," § 2; "Municipal Corporations," § 5.

*Point annotated. See syllabus.

*Remedies.*

Affirmance of judgment on appeal, see "Appeal," § 7.

Evidence as to release of injury, see "Release," § 1.

Evidence of negligence, see "Negligence." § 3.

Excessive damages, see "Damages," § 2.

Expert evidence, see "Evidence," § 9.

Scope and extent of review, see "Appeal," § 6.

# PHYSICIANS AND SURGEONS.

Privileged communications, see "Witnesses," § 1.

Striking out testimony of, see "Trial," § 2.

Evidence that an operation was necessary, and was performed on the patient, warrants an inference that there was a request by the patient and an understanding for compensation. —Pryor v. Milburn (Sup.) 34.

# PLEADING.

Conformity of judgment to pleadings, see "Judgment," § 2.

Direction of verdict on pleadings, see "Trial," § 3.

Joinder of causes of action in, see "Action," § 2.

Power of lower court to allow amendment on remand, see "Appeal," § 7.

*Allegations as to particular facts, acts, or transactions.*

See "Release," § 1.

Validity of accord and satisfaction, see "Accord and Satisfaction."

*In actions by or against particular classes of persons.*

See "Brokers," § 2; "Master and Servant," § 3.

Officers of insurance company, see "Insurance," § 1.

Trustee in bankruptcy, see "Bankruptcy," § 1.

*In particular actions or proceedings.*

See "False Imprisonment," § 1; "Libel and Slander," § 2; "Malicious Prosecution," § 2; "Money Lent"; "Replevin," § 1.

For compensation of broker, see "Brokers," § 2.

Foreclosure, see "Mortgages," § 3.

For enticing wife, see "Husband and Wife," § 2.

For malfeasance by officer of insurance company, see "Insurance," § 1.

For personal injuries, see "Master and Servant," § 3.

For price of goods, see "Sales," § 4.

For rent, see "Landlord and Tenant," § 5.

On bill of exchange or promissory note, see "Bills and Notes," § 2.

On bond of highway officer, see "Highways," § 1.

To recover demised premises, see "Landlord and Tenant," § 6.

To set aside transfer by bankrupt, see "Bankruptcy," § 1.

## § 1.　Form and allegations in general.

In an action by a subcontractor to foreclose lien for repairs on public school after answer by city it cannot object that the action should have been brought against the board of education.—Bader v. City of New York (Sup.) 351.

## § 2.　Plea or answer, cross complaint, and affidavit of defense.

Where a railroad reorganization committee did not serve its answer to a suit to foreclose a mortgage on certain intervening defendants, under Code Civ. Proc. § 521, there could be no determination as between them in such suit of the ownership of certain of the bonds secured by the mortgage.—Knickerbocker Trust Co. v. Oneonta, C. & R. S. Ry. Co. (Sup.) 241.

*Issues as to certain allegations of the complaint regarding conveyance *held* not raised by the averments of the answer that defendant has no knowledge or information sufficient to form a belief and denies the same.—Schwartz v. Ribaudo (Sup.) 599.

## § 3.　Replication or reply and subsequent pleadings.

*In an action for goods sold motion to compel plaintiff to reply to new matter set up as a defense in the answer granted.—Seaton v. Garrison (Sup.) 526.

## § 4.　Demurrer or exception.

*Under Code Civ. Proc. § 490, objection in a demurrer to a town supervisor's legal capacity to sue *held* not sufficiently specific to raise the question as to whether the town should have brought the action.—Palmer v. Roods (Sup.) 186.

*An objection to a complaint of a town officer on the ground that it did not state facts to constitute a cause of action *held* not to raise a question as to whether the town should not have brought the action.—Palmer v. Roods (Sup.) 186.

*Rules stated as to construction of pleadings attacked by demurrer as not stating facts sufficient to constitute a cause of action.—Lesser v. Bradford Realty Co. (Sup.) 571.

*The remedy for a complaint not sufficiently specific is by motion to make it more definite and certain.—Town of Hadley v. Garner (Sup.) 777.

Code Civ. Proc. § 497, authorizes the court, on sustaining a demurrer to a petition for including separate causes of action, to divide the actions into as many as necessary for proper determination without leave to amend.—Myers v. Lederer (Sup.) 1088.

## § 5.　Amended and supplemental pleadings and repleader.

*Under Code Civ. Proc. § 723, authorizing amendments of pleading by the court, an amendment to a complaint *held* authorized though it changed the cause of action, and substituted another of a different class.—Rubin v. Maine S. S. Co. (Sup.) 30.

*An amendment to an answer *held* improperly allowed.—Jacobs v. Mexican Sugar Refining Co. (Sup.) 320.

**\*Point annotated. See syllabus.**

*A party *held* not ordinarily permitted to amend a pleading to set forth facts of which he had knowledge when he filed the original pleading.—Jacobs v. Mexican Sugar Refining Co. (Sup.) 320.

*A defendant *held* entitled to file a second amended answer.—Herbert v. De Murias (Sup.) 381.

In action for deficiency at foreclosure sale, defendants *held* not entitled to amend answer to charge plaintiffs with actual value of property at time of sale.—Randrup v. McBeth (Sup.) 604.

*Payment of accrued costs as well as of costs of motion *held* a proper condition for allowing amendment of complaint.—Town of Palatine v. Canajoharie Water Supply Co. (Sup.) 810.

*A denial of a motion to amend the answer *held* not error.—Riesgo v. Clark (Sup.) 832.

*Where plaintiff released his cause of action for damages after defendant had answered, noticed the case for trial, and placed it on the calendar, defendant could plead the release as a defense only by leave of court in the form of a supplemental answer, as provided by Code Civ. Proc. § 544.—Galm v. Sullivan (Sup.) 1060.

### § 6.   Bill of particulars and copy of account.

*Granting plaintiff a bill of particulars in a case where defendant's defense is fraud *held* not error.—Douthitt v. Nassau Fire Ins. Co. (Sup.) 94.

*Plaintiff, in action for breach of contract of employment, *held* entitled to bill of particulars specifying the nature and items of the "course of conduct" alleged in answer to justify discharge.—Burhans v. Hudson River Wood Pulp Mfg. Co. (Sup.) 271.

*Motion by defendant in an action for libel for bill of particulars denied.—W. T. Hanson Co. v. Collier (Sup.) 690.

*In action for libel, bill of particulars stating customers lost to plaintiff because of such libel denied.—W. T. Hanson Co. v. Collier (Sup.) 690.

An order made on a motion by plaintiff, under Code Civ. Proc. § 531, to preclude the giving of evidence of certain accounts, *held* such that it should be modified.—Smith v. Irvin (Sup.) 904.

On a motion by plaintiff, under Code Civ. Proc. § 531, precluding defendants from giving evidence of certain accounts relied on by them, *held* within the discretion of the court to preclude the giving of evidence unless the accounts be furnished within a specified time.—Smith v. Irvin (Sup.) 904.

*Under the allegations of a counterclaim in an action for money *held*, that plaintiff's motion for a bill of particulars should have been granted.—Washburn v. Graves (Sup.) 1043.

101 N.Y.S.—76

## PLEDGES.

See "Assignments," § 2.

A transfer by the pledgee of the pledged property for other property *held* not to constitute a conversion.—Hebblethwaite v. Flint (Sup.) 43.

The recovery of property transferred for pledged property *held* to be the pledgor's remedy in action to recover the pledged property or for an accounting.—Hebblethwaite v. Flint (Sup.) 43.

One suing to recover pledged personal property *held* entitled to at least no more of a money judgment than the actual value of property fairly exchanged for the pledged property.—Hebblethwaite v. Flint (Sup.) 43.

## POLICE.

See "Municipal Corporations," § 1.

## POLICY.

Of insurance, see "Insurance."

## POLITICAL RIGHTS.

See "Constitutional Law," § 1.

## POSSESSION.

Of demised premises, see "Landlord and Tenant," § 6.
Of office, see "Officers," § 2.

## POST OFFICE.

Direction by partner to postmaster to deliver all firm mail to him, as defense in suit to restrain ex-partner from using firm name, see "Partnership," § 4.

## POWERS.

Creation by will, see "Wills," § 3.

## PRACTICE.

Procedure of particular courts, see "Courts."
Prosecution of actions in general, see "Action," § 3.

*In particular civil actions or proceedings.*
See "Account," § 1; "Contempt," § 2; "Divorce," § 2; "Ejectment"; "Interpleader"; "Mandamus," § 3; "Replevin."
Condemnation proceedings, see "Eminent Domain," § 2.

*Particular proceedings in actions.*
See "Abatement and Revival"; "Continuance"; "Costs"; "Depositions"; "Dismissal and Nonsuit"; "Execution"; "Evidence"; "Judgment"; "Jury"; "Limitation of Actions"; "Motions"; "Parties"; "Pleading"; "Process"; "Reference"; "Trial"; "Venue."
Verdict, see "Trial," § 5.

**\*Point annotated.  See syllabus.**

*Particular remedies in or incident to actions.*
See "Attachment"; "Discovery"; "Injunction."

*Procedure in criminal prosecutions.*
See "Criminal Law."
For offenses against liquor laws, see "Intoxicating Liquors," § 2.

*Procedure on review.*
See "Appeal"; "Justices of the Peace," § 1; "New Trial."

## PREFERENCES.

By bankrupt, see "Bankruptcy," § 1.

## PREJUDICE.

Ground for reversal in civil actions, see "Appeal," § 6.

## PRELIMINARY INJUNCTION.

See "Injunction," § 2.

## PREMIUMS.

For insurance, see "Insurance," §§ 4, 7.

## PRESUMPTIONS.

In civil actions, see "Evidence," § 2.
On appeal, see "Appeal," §§ 4, 6.

## PRINCIPAL AND AGENT.

Conclusions of agent as to his powers, as evidence, see "Evidence," § 9.

*Agency in particular relations, offices, or occupations.*
See "Attorney and Client"; "Brokers."
Corporate agents, see "Corporations," §§ 4; 5.
Insurance agents, see "Insurance," § 2.

**§ 1. The relation.**
*Evidence *held* admissible to prove agency as against a third party.—Badger v. Cook (Sup.) 1067.

**§ 2. Rights and liabilities as to third persons.**
*In an action for breach of contract, evidence *held* not to show the execution of the contract by defendant or its ratification.—Bender-Martin Co. v. Apollo Co. (Sup.) 75.

*An agent signing his name to a contract of employment *held* not liable for breach thereof where the name of the principal was disclosed.—Collier v. Myers (Sup.) 659.

*Under the evidence *held* that it was not to be assumed as a matter of law that an agent had knowledge of the invalidity of a contract so as to charge his principal.—Badger v. Cook (Sup.) 1067.

Burden of proof of knowledge of agent *held* to be on the party seeking to charge the principal therewith.—Badger v. Cook (Sup.) 1067.

In an action to recover the purchase price of goods taken from the purchaser by the federal authorities, evidence *held* to require the submission to the jury of the question as to whether the sale was to the purchaser or his agent.—Badger v. Cook (Sup.) 1067.

## PRINCIPAL AND SURETY.

See "Guaranty"; "Indemnity."
Liabilities on bonds for performance of duties of trust or office, see "Officers," § 3.

**§ 1. Creation and existence of relation.**
A power of attorney executed by a distributee of an estate to S., who was also administrator, *held* not to authorize him as administrator to pay the grantor's distributive share to himself as her attorney in fact and exonerate his surety on his administration bond.—Lahn v. Sullivan (Sup.) 920.

## PRIVILEGED COMMUNICATIONS.

Disclosure by witness, see "Witnesses," § 1.

## PROBABLE CAUSE.

For prosecution, see "Malicious Prosecution," § 1.

## PROBATE.

Of will, see "Wills," § 2.

## PROBATE COURTS.

See "Courts," § 3.

## PROCESS.

Right of person served with process, to costs, see "Costs," § 2.

*In particular actions or proceedings.*
On appeal, see "Appeal," § 3.
To recover demised premises, see "Landlord and Tenant," § 6.

*Particular forms of writs or other process.*
See "Execution"; "Injunction"; "Mandamus"; "Quo Warranto"; "Replevin."

**§ 1. Service.**
Evidence *held* to show that defendant was not served with summons.—Pfotenhauer v. Brooker (Sup.) 762.

## PROHIBITION.

Of traffic in intoxicating liquors, see "Intoxicating Liquors."

*Point annotated. See syllabus.

## PROMISSORY NOTES.

See "Bills and Notes."

## PROOF.

Of service of process, see "Process," § 1.

## PROPERTY.

See "Fixtures"; "Trade-Marks and Trade-Names."
Constitutional guaranties of rights of property, see "Constitutional Law," § 2.
Dedication to public use, see "Dedication."
Of states, see "States," § 2.
Taking for public use, see "Eminent Domain."

## PROVINCE OF COURT AND JURY.

In criminal prosecutions, see "Criminal Law," § 3.

## PROXIMATE CAUSE.

Direct or remote consequences of injury, see "Damages," § 1.
Of injury caused by operation of railroads, see "Railroads," § 6.

## PUBLIC DEBT.

See "Municipal Corporations," § 6.

## PUBLIC IMPROVEMENTS.

By municipalities, see "Municipal Corporations," § 3.

## PUBLIC NUISANCE.

See "Nuisance," § 1.

## PUBLIC PRINTING.

Action for breach of contract for, see "Contracts," § 5.
Set-off in action for public printing, see "Set-Off and Counterclaim," § 1.

## PUBLIC USE.

Dedication of property, see "Dedication."
Taking property for public use, see "Eminent Domain."

## PUBLIC WATER SUPPLY.

See "Waters and Water Courses," § 1.

## PUNISHMENT.

See "Penalties."
For violation of injunction, see "Injunction," § 4.

## PUNITIVE DAMAGES.

For personal injuries, see "Master and Servant," § 4.

## QUANTUM MERUIT.

See "Work and Labor."

## QUESTIONS FOR JURY.

In civil actions, see "Trial," § 3.
In criminal prosecutions, see "Criminal Law," § 3.

## QUO WARRANTO.

**§ 1. Nature and grounds.**
Quo warranto is not a proper remedy to enforce delivery of books and papers from a public officer whose successor had been chosen and qualified.—In re Smith (Sup.) 992.

## RAILROADS.

See "Street Railroads."
Abatement of nuisance by, see "Nuisance," § 1.
As employers, see "Master and Servant."
Carriage of goods and passengers, see "Carriers."
Liability of railroad company for false imprisonment by servant arresting person on train, see "False Imprisonment," § 1.
Liability of railroad for malicious prosecution, see "Malicious Prosecution," § 1.

**§ 1. Control and regulation in general.**
*Railroad Law, § 59 (Laws 1895, p. 317, c. 545), *held* to limit the board of railroad commissioners to the issuance of a certificate of the necessity of the construction of the railroad as proposed in the articles of association of the railroad petitioning therefor.—In re Directors of Ticonderoga Union Terminal R. Co. (Sup.) 107.

**§ 2. Right of way and other interests in land.**
The application of a steam railroad company for permission to operate roads on streets of a village *held* properly denied because the company was not organized for such business, and because it had not procured the consents of the property owners and the local authorities as provided by Railroad Law, Laws 1890, p. 1108, c. 565, § 91.—In re Keeseville, A. S. C. & L. C. R. Co. (Sup.) 237.

*An application of a railroad company for an order permitting it to construct its road on streets in a village *held* properly denied in view of Railroad Law, Laws 1890, p. 1087, c. 565, § 11.—In re Keeseville, A. S. C. & L. C. R. Co. (Sup.) 237.

**§ 3. Construction, maintenance, and equipment.**
*Order of board of railroad commissioners for change of highway crossing railroad at grade to under-crossing *held* improper.—In re Delaware, L. & W. R. Co. (Sup.) 9.

**Point annotated. See syllabus.**

Under Railroad Law (Heydecker's Gen. Laws, pp. 3291, 3292, c. 39, §§ 62, 65) one whose property is damaged by the lowering of the street to go under a railroad *held* not entitled to recover of the village, railroad, or state, having served no notice of claim on the railroad commissioners.—Mehlenbacker v. Village of Salamanca (Sup.) 1073.

**§ 4. Indebtedness, securities, liens, and mortgages.**

Where the right of a trustee to foreclose a railroad mortgage was not dependent on the request of bondholders, an issue could not be raised on the identity of such holders.—Knickerbocker Trust Co. v. Oneonta, C. & R. S. Ry. Co. (Sup.) 241.

In a suit by a trustee in a railroad mortgage to foreclose the same, an issue as to the ownership of certain bonds secured by the mortgage as between rival claimants *held* immaterial to the trustee's right to foreclose.—Knickerbocker Trust Co. v. Oneonta, C. & R. S. Ry. Co. (Sup.) 241.

The right of a trustee of a railroad mortgage to foreclose the same in its discretion *held* not dependent on the request of the bondholders.—Knickerbocker Trust Co. v. Oneonta, C. & R. S. Ry. Co. (Sup.) 241.

**§ 5. Receivers.**

That the Hepburn Act, Act Cong. June 29, 1906, 34 Stat. 584, c. 3591, would apply to a railroad from state to state transporting coal from mines owned by it, *held* not ground for refusing to allow the receiver to expend money opening new mines and improving the road.—Central Trust Co. of New York v. Pittsburg, S. & N. R. Co. (Sup.) 837.

**§ 6. Operation.**

*Where a union station company located a train at its station so that the engine partially extended into a street, in violation of a statute, and plaintiff's horse was frightened, the wrongful act was that of the station company, for which the railroad company was not liable.—Burns v. Delaware & Hudson Co. (Sup.) 225.

In an action for death of a licensee on railroad track, the railroad company's failure to give warning of the approach of a train *held* not the proximate cause of intestate's death.—Grathwohl v. New York Cent. & H. R. R. Co. (Sup.) 667.

*In an action for the death of a licensee on a railroad structure, intestate *held* not shown to have been free from contributory negligence.—Grathwohl v. New York Cent. & H. R. R. Co. (Sup.) 667.

*Where a pedestrian was injured by a defect in a street railroad track, the railroad company was liable therefor.—Ross v. Metropolitan St. Ry. Co. (Sup.) 932.

## REAL ACTIONS.

See "Ejectment."

## REAL-ESTATE AGENTS.

See "Brokers."

## RECEIVERS.

Estoppel to allege appointment as temporary receiver only, see "Estoppel," § 1.
Of insolvent trust companies, see "Banks and Banking," § 3.
Of railroad companies, see "Railroads," § 5.
Parties to motions affecting orders in receivership proceedings, see "Motions."

## RECORDS.

See "Judgment," § 3.
Affecting rights of purchasers of land, see "Vendor and Purchaser," § 2.
Estoppel by record, see "Estoppel," § 1.
Transcript on appeal, see "Appeal," § 4.

## REDEMPTION.

From mortgage, see "Mortgages," § 4.

## REFERENCE.

In proceedings on appeal from order removing executor, see "Executors and Administrators," § 1.

**§ 1. Referees and proceedings.**

Objection to the reception of testimony before a referee not subscribed by witnesses, as required by the general rules of practice, *held* waived.—In re Hirsch's Estate (Sup.) 893.

## REFORMATION OF INSTRUMENTS.

Competency of evidence in action to reform written instruments, see "Evidence," § 3.

**§ 1. Right of action and defenses.**

Where an agreement for a lease provided that "when executed" it should be subject to the approval of the parties' attorneys, no reformation was required for the purpose of substituting the words "before execution thereof" for the words "when executed."—Pittsburgh Amusement Co. v. Ferguson (Sup.) 217.

*A party *held* not entitled to the reformation of a guaranty in a contract for the installation of machinery in a plant.—Westinghouse, Church, Kerr & Co. v. Remington Salt Co. (Sup.) 303.

## REHEARING.

See "New Trial."

## RELEASE.

See "Accord and Satisfaction"; "Payment."
Of bidder at foreclosure sale, see "Mortgages," § 3.

*Point annotated. See syllabus.

## § 1. Pleading, evidence, trial, and review.

Evidence in action for injuries to passenger examined, and *held* to show that plaintiff was rational and realized what he was doing at the time of executing a release of damages sustained.—McLoughlin v. Syracuse Rapid Transit Ry. Co. (Sup.) 196.

## RELEVANCY.

Of evidence in civil actions, see "Evidence," § 3.

## REMAINDERS.

Estoppel to deny operation of mortgage as to remainder, see "Estoppel," § 2.
Rights of remaindermen to income of trust fund created by will, see "Wills," § 3.

## REMAND.

Of cause on appeal, see "Appeal," § 7.

## REMITTITUR.

Of cause on appeal, see "Appeal," § 7.

## REMOVAL.

Of trustee, see "Trusts," § 2.

## REMOVAL OF CAUSES.

Change of venue or place of trial, see "Venue," § 1.

## RENEWAL.

Of contract as affecting operation of statute of frauds, see "Frauds, Statute of," § 2.

## RENT.

See "Landlord and Tenant," § 5.
Water rent, see "Waters and Water Courses," § 1.

## REPAIRS.

Of premises demised, see "Landlord and Tenant," § 4.

## REPEAL.

Of statutes, see "Statutes," § 3.

## REPLEVIN.

Conclusiveness of adjudication in action of replevin, see "Judgment," § 7.

### § 1. Pleading and evidence.

Under Code Civ. Proc. § 549, when considered in connection with section 550, and Laws 1886, p. 960, c. 672, amending the two sections, and section 1487, a plaintiff in an action to recover a chattel cannot recover where he fails to prove the allegation of the complaint that the chattels had been concealed so that the same could not be taken by the sheriff, etc.—Merriam v. Johnson (Sup.) 627.

·In replevin, the exclusion of evidence negativing the claim that the goods were covered by chattel mortgage *held* error.—Spiegel v. Fehr (Sup.) 651.

## REPLICATION.

See "Pleading," § 3.

## REPLY.

See "Pleading," § 3.

## REPRESENTATIONS.

Of devisees or legatees, see "Wills," § 3.

## RESCISSION.

Of insurance policy, see "Insurance," § 5.

## RESIDENCE.

See "Domicile."

## RES JUDICATA.

See "Judgment," §§ 6, 7.

## RETROSPECTIVE LAWS.

See "Statutes," § 4.
Constitutional restrictions, see "Constitutional Law," § 4.

## RETURN.

Of record of proceedings for purpose of review, see "Appeal," § 4.

## REVENUE.

See "Taxation."

## REVIEW.

See "Appeal"; "Criminal Law," § 4; "Justices of the Peace," § 1.

## REVOCATION.

Of appointment of trustee, see "Trusts," § 2.

## RIGHT OF WAY.

Of railroads, see "Railroads," § 2.

## RISKS.

Assumed by employé, see "Master and Servant," § 3.
Within insurance policy, see "Insurance," § 9.

*Point annotated. See syllabus.

## ROADS.

See "Highways."

Streets in cities, see "Municipal Corporations," §§ 4, 5.

## ROYALTIES.

Discovery in action for, see "Discovery," § 1.

## SALES.

By auction, see "Auctions and Auctioneers."

Change of venue in action for price of goods, see "Venue," § 1.

In fraud of creditors, see "Fraudulent Conveyances," §§ 1, 2.

Of intoxicating liquors, see "Intoxicating Liquors."

Of realty, see "Vendor and Purchaser."

Of street railroad franchises, see "Street Railroads," § 1.

On foreclosure of mortgage, see "Mortgages," § 3.

Reply to new matter set up as defense in action for goods sold, see "Pleading," § 3.

Subjects of damages for breach of contract of sale, see "Damages," § 1.

To principal or agent, as question for jury, see "Principal and Agent," § 2.

### § 1. Requisites and validity of contract.

*Facts *held* insufficient to constitute a sale of merchandise by plaintiffs to defendants, so that a retention of the goods by defendants created no promise on defendants' part to pay plaintiffs therefor.—Thalmann v. Giles (Sup.) 980.

### § 2. Performance of contract.

*Any breach of contract for sale of metal by the buyer not paying cash *held* waived by the seller making a second delivery before the first is paid for.—Moers v. Dietz (Sup.) 590.

A dealer accepting an installment of an order for an article to be manufactured *held* not to waive his right to reject a subsequent installment for failure to comply with the terms of the order.—Robert Gair Co. v. Lyon (Sup.) 787.

### § 3. Warranties.

Under the facts, *held* there was no implied warranty that packages sold at auction by warehousemen for charges contained the commodity indicated by the catalogue in which all articles to be sold were listed.—Hirsh v. Duval Co. (Sup.) 35.

### § 4. Remedies of seller.

In an action on a note for the price of goods, where the defendant sets up breach of an express warranty, but not as a counterclaim, he must show a return or offer to return the goods.—P. H. & F. M. Roots Co. v. New York Foundry Co. (Sup.) 104.

*Averments of a complaint *held* sufficient to show a request by defendants for the manufacture of goods by plaintiff and of a promise to pay therefor.—Mrs. Osborn Co. v. Shubert (Sup.) 761.

### § 5. Remedies of buyer.

*An instruction on a counterclaim in an action for services in installing a furnace equipment *held* erroneous.—Westinghouse, Church, Kerr & Co. v. Remington Salt Co. (Sup.) 303.

*Statement of measure of damages for breach of contract for sale by refusal to deliver.—Moers v. Dietz (Sup.) 590.

In an action to recover the purchase price of cattle taken from the purchaser by the federal authorities, question of plaintiff's knowledge that the cattle had been smuggled into the country *held* one of fact.—Badger v. Cook (Sup.) 1067.

### § 6. Conditional sales.

*Where goods were sold with a reservation of title in the seller until they were paid for, he had a right to retake them on default and no title vested in the buyer.—Roach v. Curtis (Sup.) 333.

Where a seller retook goods sold with a reservation of title in himself until paid for and failed for more than 60 days thereafter to sell them, he was liable under Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762, to the buyer for the amount paid on them, notwithstanding her failure to accept an offer of a return of the goods on the payment of the balance due.—Roach v. Curtis (Sup.) 333.

Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762, apply to cases where goods sold with a reservation of title in the seller until paid for, are retaken by replevin as well as where they are surrendered voluntarily.—Roach v. Curtis (Sup.) 333.

Where goods were sold reserving title in the seller until they were paid for and giving him a right on retaking to sell at public or private sale, and he retook them, but made no sale, he could not claim that the buyer had waived her rights under Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762.—Roach v. Curtis (Sup.) 333.

Where a seller replevied goods sold with a reservation of title in himself until they were paid for and the buyer had made no appearance, her attempt to open default *held* no abandonment of her right under Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762.—Roach v. Curtis (Sup.) 333.

Where a seller retook goods sold with a reservation of title in himself until paid for, and had negotiated with the buyer for an adjustment of the matter, it was for the jury to determine whether the buyer had waived her right under Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762.—Roach v. Curtis (Sup.) 333.

*A purchaser of a machine sold on conditional sale *held* entitled to recover payments made and damages owing to his vendor's lack of title. Lien Law, Laws 1897, p. 540, c. 418, § 112.—Bowen v. Dawley (Sup.) 878.

# SATISFACTION.

See "Accord and Satisfaction"; "Payment"; "Release."

# SCHOOLS AND SCHOOL DISTRICTS.

Town school funds, see "Towns," § 1.

# SECONDARY EVIDENCE.

In civil actions, see "Evidence," § 4.

# SELF-DEFENSE.

See "Homicide," § 2.

# SEMI-TONTINE POLICY.

See "Insurance," § 3.

# SERVICE.

Of process, see "Process," § 1.

# SERVICES.

See "Master and Servant," § 2; "Work and Labor."

# SET-OFF AND COUNTERCLAIM.

Against insolvent bank, see "Banks and Banking," § 1.
Counterclaim for breach of warranty, see "Sales," § 5.
For rent, see "Landlord and Tenant," § 2.
Pleading matter of set-off or counterclaim, see "Pleading," §§ 2, 6.
Right to counterclaim as dependent on form of action, see "Action," § 1.

§ 1. Subject-matter.
*In an action for the price of glazing certain show cases, defendant *held* entitled to counterclaim damages for injuries to the cases by the negligence of plaintiff's employés.—Hutkoff v. Lauckhardt (Sup.) 12.

*Where plaintiff's servants in glazing show cases injured the cases, it was no answer to defendant's counterclaim for such injuries that the amount was slight in comparison with the total amount of work performed.—Hutkoff v. Lauckhardt (Sup.) 12.

*An action for compensation for public printing being an action in contract, a cause of action in tort cannot be set off therein.—Quayle & Sons v. Brandow Printing Co. (Sup.) 323.

*In action for compensation for public printing, counterclaims which did not show that the claims existed at the commencement of the action *held* faulty.—Quayle & Sons v. Brandow Printing Co. (Sup.) 323.

A sale of merchandise to defendant under a bill payable to plaintiffs *held* a mere equitable assignment to plaintiffs, entitling defendants to prove a counterclaim against the seller.—Thalmann v. Giles (Sup.) 980.

# SETTLEMENT.

See "Accord and Satisfaction"; "Account Stated"; "Payment"; "Release."
By executor or administrator, see "Executors and Administrators," § 4.
By partners, see "Partnership," § 4.

# SEWERS.

See "Municipal Corporations," § 3.
Defects or obstructions, see "Municipal Corporations," § 5.

# SITUS.

Of property for purposes of taxation, see "Taxation," § 1.

# SLANDER.

See "Libel and Slander."

# SPECIAL LAWS.

See "Statutes," § 1.

# SPECIFIC PERFORMANCE.

§ 1. Good faith and diligence.
Neither plaintiff nor his assignor having tendered performance of a contract for a lease within the time agreed, plaintiff *held* not entitled to maintain a bill for specific performance.—Pittsburgh Amusement Co. v. Ferguson (Sup.) 217.

# SPECULATION.

By trustee with trust funds, see "Trusts," § 3.

# SPECULATIVE DAMAGES.

See "Damages," § 1.

# SPIRITUOUS LIQUORS.

See "Intoxicating Liquors."

# STATEMENT.

By witness inconsistent with testimony, see "Witnesses," § 3.
Of case or facts for purpose of review, see "Appeal," § 4.

# STATES.

See "United States."
Commission of trespass by state, see "Trespass," § 1.
Courts, see "Courts."
Judicial notice as to solvency of foreign states, see "Evidence," § 1.

**Point annotated. See syllabus.**

State forest preserves, see "Woods and Forests."

Use and occupation of land by state, see "Use and Occupation."

## § 1. Government and officers.

*Laws 1906, p. 1032, c. 431 (Apportionment Act of 1906), held not unconstitutional as violative of Const. art. 3, § 4, par. 1, providing that each legislative district shall contain as nearly as may be an equal number of inhabitants—Payne v. O'Brien (Sup.) 367; Pendleton v. Same, Id.

Joinder of Richmond county to Queens county in forming senatorial district held proper, under Const. art. 3, § 4.—Payne v. O'Brien (Sup.) 367; Pendleton v. Same, Id.

The spirit of Const. 1894, art. 3, § 4, providing for legislative apportionment of senate districts every 10 years, and requiring the districts to consist of contiguous territory, held not invaded by Laws 1906, p. 1032, c. 431, which attached Richmond, an island county, to a noncontiguous county.—Payne v. O'Brien (Sup.) 858; Pendleton v. Same, Id.; Sherrill v. Same, Id.

Laws 1906, p. 1032, c. 431, apportioning senate districts, held not to violate Const. 1894, art. 3, § 4, requiring the districts to be compact in form by joining three counties, making a long, narrow district.—Payne v. O'Brien (Sup.) 858; Pendleton v. Same, Id.; Sherrill v. Same, Id.

Laws 1906, p. 1032, c. 431, apportioning senate districts, held not to violate Const. art. 3, § 4, requiring the districts to contain, as nearly as may be, equal population, by not giving Westchester two districts.—Payne v. O'Brien (Sup.) 858; Pendleton v. Same, Id.; Sherrill v. Same, Id.

## § 2. Property, contracts, and liabilities.

Certain acts held to devest defendant of, and to invest the state with, title to certain land.—People v. Fisher (Sup.) 1047.

## § 3. Claims against state.

Rev. St. 1829 (1st Ed.) pt. 1, c. 9, tit. 5, art. 5, § 7, and Laws 1886, p. 710, c. 435, substantially re-enacted in Laws 1894, p. 572, c. 317, held to provide a method for the determination and payment of the claim of a city for an assessment on state property for a local improvement, and unless the claim is presented in time the same will be barred, under Const. art. 7, § 6.—City of Buffalo v. State (Sup.) 595.

Laws 1901, p. 1093, c. 407, when construed in connection with Const. art. 7, § 6, held to require the disallowance of so much of the claim of a city for assessments on state property for improvements as is barred by limitations.—City of Buffalo v. State (Sup.) 595.

Under Laws 1876, p. 477, c. 444, § 2, Laws 1883, pp. 213, 215, c. 205, §§ 7, 12, Laws 1897, p. 14, c. 36, and Code Civ. Proc. § 264, as

amended by Laws 1905, p. 851, c. 370, relating to jurisdiction of claims against the state, the Court of Claims has jurisdiction of a claim for use and occupation by the State Forest, Fish and Game Commission.—Remington v. State (Sup.) 952.

Dismissal by the Court of Claims of a claim for use and occupation by the state for want of jurisdiction is error.—Remington v. State (Sup.) 952.

# STATUTES.

Laws impairing obligation of contracts, see "Constitutional Law," § 3.

Validity of retrospective or ex post facto laws, see "Constitutional Law," § 4.

*Provisions relating to particular subjects.*

See "Carriers," § 1; "Descent and Distribution"; "Discovery," § 1; "Exemptions," § 1; "Execution," § 1; "Fraudulent Conveyances," § 1; "Intoxicating Liquors"; "Judges," § 1; "Jury," § 1; "Master and Servant," § 3; "Mechanics' Liens"; "Penalties," § 1; "Sales," § 6; "States"; "Usury," § 1; "Vendor and Purchaser," § 2; "Venue," § 1.

Employers' liability, see "Master and Servant," § 3.

Forest preserves, see "Woods and Forests."

Issuance of municipal bonds, see "Municipal Corporations," § 6.

Legislative districts, see "States," § 1.

Statute of frauds, see "Frauds, Statute of."

## § 1. General and special or local laws.

*Laws 1892, p. 311, c. 151, ratifying a contract between a city and its street railroads, held a valid grant of power to the city rather than a special bill granting a right to lay railroad tracks in violation of Const. art. 3, § 18.—Kuhn v. Knight (Sup.) 1.

## § 2. Subjects and titles of acts.

*Laws 1900, p. 506, c. 252, affirming Revised Constitution of Seneca Nation, held to properly express the subject in the title.—Jimeson v. Lehley (Sup.) 215.

## § 3. Amendment, revision, and codification.

Laws 1904, p. 1429, c. 598, § 1, repealing Municipal Court Act (Laws 1902, p. 1490, c. 580) § 3, granting the right of removal from the Municipal Court to the City Court of New York, held to contravene Const. art. 3, § 16, as to titles of local bills.—Bonagur v. Orlandi (Sup.) 115.

## § 4. Construction and operation.

Laws 1906, p. 1405, c. 516, repealing Pen. Code, § 640d, relating to unauthorized offers for the sale of, and unauthorized application for loans on real property, held to save the expense of costs to those defending actions based on the repealed statute.—Beilin v. Wein (Sup.) 38.

*Point annotated. See syllabus.

# STATUTES CONSTRUED.

## NEW YORK.

### CONSTITUTION.

Art. 1, § 6................... 846
Art. 3, § 4...........367, 858
Art. 3, § 16............... 115
Art. 6, §§ 17, 18.........1037
Art. 7, § 6............... 595
Art. 7, § 7...............1047

### CODE OF CIVIL PROCEDURE

§ 264. Amended by Laws 1905, p. 851, ch. 370... 952
§§ 315, 339............... 295
§§ 375, 379, 396......... 387
§ 448 .................... 39
§ 452 .................... 986
§ 484 .................... 606
§ 488 ....................1018
§ 490 .................... 186
§ 497 ....................1088
§§ 498, 499...............1018
§ 521 .................... 241
§ 531 .................... 904
§ 544 ....................1060
§§ 549, 550. Amended by Laws 1886, p. 960, ch. 672 .................... 627
§ 627 .................... 546
§ 723 ................30, 986
§ 724 .................... 72
§ 756 .................... 340
§ 797 .................... 751
§ 798 .................... 769
§ 822 .................... 95
§ 836 .................... 845
§ 837 .................... 846
§§ 870–872 ............... 411
§ 893 .................... 412
§§ 968, 970............... 553
§§ 983, 986............... 769
§ 999 .................... 968
§§ 1205, 1220............. 455
§ 1241 ................... 725
§ 1252 ................... 62
§ 1268 ................... 371
§ 1316 ................... 455
§ 1380 ................... 62
§ 1391. Amended by Laws 1903, p. 1071, ch. 461; Laws 1905, p. 370, ch. 175 ....................1110
§ 1393 ................... 688
§ 1487 ................... 627
§ 1629 ................... 832
§§ 1638, 1642............. 553
§ 1757 ................... 828
§ 1773 ................... 725
§§ 1781, 1782............. 353
§ 1819 ................... 283
§ 1903 ................... 275
§ 2235 ................... 803
§§ 2281, 2283............. 700
§ 2471a .................. 992
§ 2472, subds. 3, 4......1093
§ 2481 ............882, 1093
§ 2586 ................... 776

§§ 2615, 2618, 2619....... 882
§ 2620 ................... 971
§ 2653a .................. 313
§ 2732, subd. 7.......... 235
§ 3063 ................... 843
§ 3247 ................... 719
§§ 3268, 3271.............1105
§ 3347 ................39, 72

### CODE OF CRIMINAL PROCEDURE.

§§ 22(4), 22(6), 41...... 81
§ 542 .................... 814

### PENAL CODE.

§ 142 .................... 846
§ 363b ................... 507
§ 426, subd. 2........... 364
§ 640d .........317, 531, 786
§ 640d. Repealed by Laws 1906, p. 1405, ch. 516... 38

### HEYDECKER'S GENERAL LAWS.

Pages 3291, 3292, ch. 39, §§ 62, 65...............1073

### REVISED STATUTES.

#### First Edition.

#### Volume 1.

Pt. 2, ch. 4, tit. 3, § 5. Amended by Laws 1837, p. 486, ch. 430......... 65

#### Volume 2.

Pt. 1, ch. 9, tit. 5, § 77.. 595
Pt. 2, ch. 1, tit. 2, §§ 37, 38 .................... 557
Pt. 2, ch. 6, tit. 1, art. 3, § 49. Amended by Laws 1869, p. 40, ch. 22..... 178
Pt. 2, ch. 6, tit. 1, art. 3, § 52................... 152

### CITY CHARTERS.

Buffalo, § 273........... 90
Greater New York. Laws 1897, p. 41, ch. 378, § 149 .................... 392
Greater New York. Laws 1897, p. 92, ch. 378, § 262. Repealed by Laws 1901, pp. 574, 579, ch. 466, §§ 1345, 1364.... 295
Greater New York. Laws 1897, p. 148, ch. 378, § 419 .................... 392
Oneida, § 59, subd. 25. Laws 1904, p. 563, ch. 273 .................... 239

### LAWS.

1819, p. 74, ch. 71...... 295
1837, p. 486, ch. 430.... 65
1858, p. 569, ch. 334, § 2.. 295
1860, p. 645, ch. 379..... 295

1865, p. 472, ch. 295...... 129
1868, p. 2007, ch. 853.... 295
1869, p. 40, ch. 22....... 178
1871, p. 1478, ch. 680.... 996
1872, p. 1493, ch. 629.... 295
1876, p. 477, ch. 444, § 2.. 952
1880, p. 135, ch. 131..... 996
1881, p. 720, ch. 537..... 295
1882, pp. 305, 322–335, ch. 410, §§ 1103, 1208–1278 295
1883, pp. 213, 215, ch. 205, §§ 7, 12................. 952
1885, p. 852, ch. 499...55, 444
1886, p. 710, ch. 435..... 595
1886, p. 960, ch. 672...... 627
1887, p. 500, ch. 401..... 129
1890, p. 33, ch. 25....... 129
1890, p. 473, ch. 255, § 9.. 928
1890, p. 1087, ch. 565, § 11 237
1890, p. 1096, ch. 565, § 39; Laws 1890, pp. 1113, 1114, §§ 101, 104. Amended by Laws 1892, pp. 1405, 1406, ch. 676.. 100
1890, p. 1108, ch. 565, § 91 .................... 237
1890, p. 1113, ch. 565, § 98 694
1890, p. 1126, ch. 565, § 138 .................... 781
1890, p. 1150, ch. 566, § 81 .................... 232
1890, p. 1177, ch. 568.... 347
1890, p. 1218, ch. 569, § 37. Amended by Laws 1899, p. 321, ch. 168........ 712
1890, p. 1219, ch. 569, § 50 .................... 777
1890, p. 1221, ch. 569, §§ 60, 63................180, 777
1890, p. 1223, ch. 569, § 84 .................... 777
1890, p. 1235, ch. 569, § 167 .................... 782
1891, p. 18, ch. 4, § 34. Amended by Laws 1896, p. 719, ch. 729......... 402
1892, p. 311, ch. 151..... 1
1892, p. 1018, ch. 687, § 27 .................... 109
1892, p. 1302, ch. 677, §§ 32, 33................. 129
1892, pp. 1405, 1406, ch. 676, § 104.............. 100
1892, p. 1657, ch. 681.... 902
1892, p. 1805, ch. 687..... 807
1892, p. 1810, ch. 687, § 27 133
1892, p. 1828, ch. 688, § 20 .................... 133
1892, p. 1881, ch. 688, § 29 .................... 109
1892, p. 1972, ch. 690, § 91 790
1892, p. 2050, ch. 565, § 2, subd. 13.............. 328
1893, p. 655, ch. 338.... 961
1893, p. 659, ch. 338, § 12 961
1893, p. 1748, ch. 701....1002
1894, p. 572, ch. 317..... 595

1894, p. 1194, ch. 556, §
17 .................... 186
1895, p. 317, ch. 545, § 59 107
1895, p. 683, ch. 880 .....1037
1895, p. 796, ch. 946 ......1037
1895, p. 1295, ch. 601, §
28 ....................1037
1896, p. 60, ch. 112, § 17,
subd. 8 ............... 447
1896, p. 329, ch. 376 ..... 719
1896, p. 329, ch. 376, § 29.
Amended by Laws 1902,
p. 1135, ch. 482, § 1 .....129
1896, p. 569, ch. 547, § 56.. 152
1896, pp. 603, 607, ch. 547,
§§ 225, 241 ........... 413
1896, p. 719, ch. 729 .... 402
1896, p. 795, ch. 908 ..... 610
1896, p. 795, ch. 908.
Amended by Laws 1905,
p. 131, ch. 94 ........ 902
1896, p. 856, ch. 908, §
181. Amended by Laws
1901, p. 1364, ch. 558... 807
1896, p. 856, ch. 908, § 182 184
1896, p. 872, ch. 908, § 228.
Amended by Laws 1902,
p. 351, ch. 101 ........ 87
1896, p. 1112, ch. 977 ..... 129
1897, p. 14, ch. 36 ........ 952
1897, p. 41, ch. 378, § 149.
Greater New York Char-
ter ................... 392
1897, p. 92, ch. 218, § 92.. 158
1897, p. 92, ch. 378, § 262.
Greater New York Char-
ter. Repealed by Laws
1901, pp. 574, 579, ch.
446, §§ 1345, 1364 ...... 205
1897, p. 148, ch. 378, §
419. Greater New York
Charter .............. 392
1897, pp. 220, 229, ch. 312,
§§ 17, 28 .............. 683
1897, p. 466, ch. 415, §§
15, 16 ................ 824

1897, p. 468, ch. 415, §
201 .................. 11
1897, p. 477, ch 415, § 70.. 78
1897, p. 480, ch. 415, §
81 ................... 808
1897, p. 508, ch. 417, § 4..1002
1897, p. 510, ch. 417, § 21 513
1897, p. 511, ch. 417, § 24.. 31
1897, p. 514, ch. 418, § 3.. 502
1897, p. 514, ch. 418.
Amended by Laws 1900,
p. 499, ch. 248 ........ 571
1897, p. 516, ch. 418, §
3 .................... 382
1897, p. 540, ch. 418, §
112 .................. 878
1897, p. 541, ch. 418, §
116. Amended by Laws
1900, p. 1624, ch. 762... 333
1897, p. 610, ch. 481 ...... 712
1897, p. 755, ch. 612 ...... 86
1899, p. 321, ch. 168 ...... 712
1899, p. 444, ch. 184 ..... 678
1899, p. 807, ch. 370, § 19 5
1900, pp. 61, 63, ch. 20, §§
216, 222 ..............1047
1900, p. 499, ch. 248 ...... 571
1900, p. 506, ch. 252 ..... 215
1900, p. 1624, ch. 762 .... 333
1901, p. 297, ch. 118 ..... 902
1901, p. 312, ch. 128 ..... 317
1901, pp. 574, 579, ch. 446,
§§ 1345, 1364. Greater
New York Charter ......295
1901, p. 917, ch. 334, § 129 7
1901, p. 975, ch. 355, § 20 109
1901, p. 1093, ch. 407 ..... 595
1901, p. 1229, ch. 494, §
93 ................... 1
1901, p. 1364, ch. 558 .... 807
1902, p. 4, ch. 4 .......... 247
1902, p. 351, ch. 101 ...... 87
1902, p. 1135, ch. 482, § 1 129
1902, p. 1488, ch. 580, § 1,
subd. 11 .............. 171

1902, p. 1490, ch. 580, § 3.
Repealed by Laws 1904,
p. 1429, ch. 598, § 1.... 115
1902, p. 1503, ch. 580, §
24 ................... 39
1902, p. 1533, ch. 580, §
139 .................. 391
1902, p. 1546, ch. 580, §
187 .................. 125
1902, p. 1547, ch. 580, §
193 .................. 755
1902, p. 1557, ch. 580, §
230 .................. 765
1902, p. 1560, ch. 580, §
241 .................. 251
1902, p. 1561, ch. 580, §
248 .................. 743
1902, p. 1563, ch. 580, §
254 .................. 72
1902, p. 1563, ch. 580, §
257 .................. 271
1902, p. 1578, ch. 580, §
311 .................. 751
1902, p. 1748, ch. 600 ....
118, 301, 622, 808
1902, p. 1749, ch. 600, §
2 .................... 622
1903, p. 439, ch. 184, §
77 ................... 562
1903, p. 1071, ch. 461 .....1110
1903, p. 1106, ch. 482, § 6.. 312
1904. p. 563, ch. 273. City
Charter of Oneida...... 239
1904, p. 1351, ch. 557 ..... 295
1904, p. 1429, ch. 598, § 1 115
1905, p. 131, ch. 94 ....... 902
1905, p. 370, ch. 175 .....1110
1905, p. 851, ch. 370 ...... 952
1905, p. 2022, ch. 723 .....1071
1905, p. 2097, ch. 737, §
13 ................... 460
1906, p. 235, ch. 125 ..... 535
1906, p. 1032, ch. 431..367, 858
1906, p. 1405, ch. 516 ..... 38

## STIPULATIONS.

As to admission of privileged communications, see "Witnesses," § 1.

## STOCK.

Corporate stock, see "Corporations," § 2.

## STOCKHOLDERS.

Of corporations, see "Corporations," § 3.

## STREET RAILROADS.

See "Railroads."
As employers, see "Master and Servant."
Carriage of passengers, see "Carriers."
Excessive damages in action for injuries caused by operation of, see "Damages," § 2.

Expert evidence in action for injuries caused by operation of, see "Evidence," § 9.
Instructions in general in action against, see "Street Railroads," § 4.
Liability of bailee of truck for injuries caused by collision with street car, see "Bailment."
Special laws ratifying contract between city and street railroad company, see "Statutes," § 1.

§ 1. Establishment, construction, and maintenance.

Railroad Law, § 93 (Laws 1901, p. 1229, c. 494) held to require the sale at public auction of a street railway franchise in a certain city of the first class in any case in which a certain contract referred to did not permit an exception.—Kuhn v. Knight (Sup.) 1.

Contract between a city and its street railway corporations construed and held to authorize the city authorities to grant an extension of a line to one of the companies with-

*Point annotated. See syllabus.

out a sale of the franchise at public auction.—Kuhn v. Knight (Sup.) 1.

*Under Railroad Law, § 98, Laws 1890, p. 1113, c. 565, every street railway company is required to keep a strip two feet in width outside of its tracks on each side in repair.—City of Amsterdam v. Fonda, J. & G. R. Co. (Sup.) 694.

Facts *held* insufficient to warrant a finding that the breaking of a tile drain by the settling of an iron pillar supporting an elevated railroad structure was due to the negligence of the railroad.—Epstein v. Interborough Rapid Transit Co. (Sup.) 793.

## § 2. Regulation and operation.

*In an action for injuries to a truck by a collision with a street car, the motorman of the car *held* guilty of negligence.—Littlefield v. New York City Ry. Co. (Sup.) 75.

*The driver of a truck which was injured in a collision with a street car, *held* not guilty of contributory negligence.—Littlefield v. New York City Ry. Co. (Sup.) 75.

*In an action against a street railroad for damages to a vehicle by a collision with defendant's car, the question of negligence *held* one for the jury.—Muller v. New York City Ry. Co. (Sup.) 98.

*In an action against a street railroad for damages to a vehicle by a collision with defendant's car, the question of contributory negligence *held* one for the jury.—Muller v. New York City Ry. Co. (Sup.) 98.

In an action for death of a person struck by a street car, plaintiff *held* not entitled to recover, notwithstanding intestate's contributory negligence, on the theory that defendant was guilty of negligence in moving the car while intestate was under it.—Healy v. United Traction Co. (Sup.) 331.

*In an action for death of plaintiff's intestate, in collision with a street car, intestate *held* guilty of contributory negligence, as a matter of law.—Healy v. United Traction Co. (Sup.) 331.

In an action for injuries resulting from being struck by a street car, evidence *held* to support a verdict based on the exercise by the pedestrian of ordinary care.—Ring v. Nassau Electric R. Co. (Sup.) 389.

In an action against a street railway company for injuries received by plaintiff while crossing defendant's track, instructions *held* erroneous.—Marguiles v. Interurban St. Ry. Co. (Sup.) 499.

In an action against a street railway company for injuries at a crossing, *held* that plaintiff was guilty of contributory negligence.—Marguiles v. Interurban St. Ry. Co. (Sup.) 499.

In an action against a street railway company for injuries received by being thrown from a wagon which was struck by one of defendant's street cars, evidence *held* not to sustain verdict for plaintiff.—Klasson v. Interurban St. Ry. Co. (Sup.) 581.

In an action against a street railway company for personal injuries, evidence *held* insufficient to support a verdict based on the theory that plaintiff was thrown from his truck by a collision with a street car.—Gormley v. Forty-Second St. etc. Ry. Co. (Sup.) 583.

*Whether a motorman is negligent in failing to stop his car within a distance of 125 feet is a question of fact.—Duffy v. Interurban St. Ry. Co. (Sup.) 767.

*A person attempting to cross a street at a crossing with but 15 feet to go when a car is approaching from a distance of 125 feet is not guilty of contributory negligence as a matter of law.—Duffy v. Interurban St. Ry. Co. (Sup.) 767.

In an action for injuries to a driver of a wagon, caused by a collision with a street car, evidence examined, and *held* to sustain a verdict for plaintiff.—Salcinger v. Interurban St. Ry. Co. (Sup.) 804.

*A street car company authorized to run cars over a railroad track owned by another *held* not liable for injuries to a pedestrian caused by a defect in the track or street adjoining the same.—Ross v. Metropolitan St. Ry. Co. (Sup.) 932.

*In an action for injuries to a truck driver in collision with a street car, facts *held* insufficient to convict the motorman of negligence, but sufficient to charge plaintiff with contributory negligence as matter of law.—Litzour v. New York City Ry. Co. (Sup.) 990.

## STREETS.

See "Highways"; "Municipal Corporations," §§ 4, 5.
As boundaries, see "Boundaries," § 1.

## SUBMISSION OF CONTROVERSY.

Under municipal court act, see "Courts," § 2.

## SUBSCRIPTIONS.

To corporate stock, see "Corporations," § 2.

## SUBWAYS.

Electrical conduits, see "Electricity."
Grant of permission to construct as contract irrevocable by Legislature, see "Constitutional Law," § 3.
Right to mandamus to compel granting of permission to construct, see "Mandamus," § 1.

## SUIT.

See "Action."

## SUMMARY PROCEEDINGS.

Against attorney to compel payment of money received in professional capacity, see "Attorney and Client," § 2.

*Point annotated. See syllabus.

Judgment in, see "Judgment," § 1.
Recovery of possession by landlord, see "Landlord and Tenant," § 6.

## SUMMONS.

See "Process."

## SUPPLEMENTAL PLEADING.

See "Pleading," § 5.

## SUPPLEMENTARY PROCEEDINGS.

See "Execution," § 3.

## SURETYSHIP.

See "Principal and Surety."

## SURRENDER.

Of insurance policy, see "Insurance," § 5.

## SURVIVING PARTNERS.

See "Partnership," § 3.

## SUSPENSION.

Of attorney, see "Attorney and Client," § 1.

## SWINDLING.

See "False Pretenses."

## TAXATION.

Constitutional restriction on enactment of retrospective tax laws, see "Constitutional Law," § 4.
Domicile for purpose of taxation, see "Domicile."
Franchise tax on corporation engaged in interstate commerce, see "Commerce," § 1.
Liability of decedent's estate on contract to procure reduction of taxes, see "Executors and Administrators," § 2.
Privilege taxes, see "Intoxicating Liquors," § 1.

**§ 1. Liability of persons and property.**
*Certain property *held* taxable against person having virtually a life estate therein.—People v. Board of Assessors of Town of Pulteney (Sup.) 176.

*Personal property outside of the state *held* not taxable under Laws 1896, p. 795, c. 908.—People v. O'Donnell (Sup.) 610.

**§ 2. Levy and assessment.**
*Affidavit as to nonownership and nonoccupancy of property assessed for taxes against affiant *held* not conclusive on the board of tax assessors.—People v. Board of Assessors of Town of Pulteney (Sup.) 176.

Laws 1896, p. 856, c. 908, § 182, *held* to require the franchise tax to be based on the amount of capital engaged, and not the amount of business done, so as to preclude objections to an error in a computation of the tax, based on the actual business done.—People v. Roberts (Sup.) 184.

Invested surplus earnings of a corporation *held* not capital within the meaning of Laws 1896, p. 859, c. 908, § 182, creating a franchise tax to be computed on the capital of the corporation.—People v. Roberts (Sup.) 184.

Under the petition and return on certiorari to review an assessment *held* error to reduce the assessments without the taking of evidence.—People v. Feitner (Sup.) 1021.

**§ 3. Legacy, inheritance, and transfer taxes.**
Stock in a foreign corporation owned by a nonresident being nontaxable, a transfer in New York of such stock held by a nonresident decedent did not require the consent of the comptroller provided for by Laws 1896, p. 872, c. 908, § 228, amended by Laws 1902, p. 351, c. 101.—Dunham v. City Trust Co. (Sup.) 87.

Certain property *held* not subject to the transfer tax.—In re Hillman's Estate (Sup.) 640.

Certain certificates of life insurance *held* not subject to transfer tax at death of insured.—In re Parsons' Estate (Sur.) 430.

Corporate stock standing in the name of testator's wife *held* no part of his estate subject to the transfer tax.—In re Parsons' Estate (Sur.) 430.

It is the duty of an executor to marshal the assets of the estate in favor of the legatee, and not so as to increase the transfer tax in favor of the state.—In re McEwan's Estate (Sur.) 733.

Executor of decedent, who resided in New Jersey leaving assets there and in New York, could pay legacies which were not taxable in New York out of the assets in that state, and legacies taxable at a higher rate from the assets in New Jersey.—In re McEwan's Estate (Sur.) 733.

## TELEGRAPHS AND TELEPHONES.

**§ 1. Establishment, construction, and maintenance.**
The grant to a telephone company of the right to operate a line "over and along" a 3,100-acre tract, "including necessary poles along the roads adjoining the tract," *held* to be a grant to operate a line along the highways extending through the tract, and not across the land.—Morrison v. American Telephone & Telegraph Co. (Sup.) 140.

Judgment for a trespass in cutting woodland and erecting a telephone line, may be based upon damages that have accrued to the commencement of the action, but not upon those that may accrue upon the assumption that the trespass will be permanent.—Morrison v. American Telephone & Telegraph Co. (Sup.) 140.

*Point annotated. See syllabus.

## TENANCY IN COMMON.

Creation by will, see "Wills," § 3.

## TERMS.

Of leases, see "Landlord and Tenant," § 3.
Of office, see "Officers," § 1.

## TESTAMENT.

See "Wills."

## TESTAMENTARY CAPACITY.

See "Wills," §§ 1, 2.

## TESTAMENTARY POWERS.

Creation, see "Wills," § 3.

## THEFT.

See "Larceny."

## TIMBER.

See "Woods and Forests."

## TIME.

For action for breach of contract, see "Contracts," § 5.
For notice of public improvement lien, see "Municipal Corporations," § 3.
For redemption from mortgage foreclosure, see "Mortgages," § 4.

## TITLE.

Affected by dedication, see "Dedication," § 2.
Of statutes, see "Statutes," § 2.
Of trade-marks or trade-names, see "Trade-Marks and Trade-Names," § 2.
Sufficiency of title of vendor of land, see "Vendor and Purchaser," § 1.
To office, see "Officers," § 2.

## TONTINE POLICY.

See "Insurance," § 3.

## TOOLS.

Liability of employer for defects, see "Master and Servant," § 3.

## TORTS.

Causing death, see "Death," § 1.
Set-off of cause of action in tort in action on contract, see "Set-Off and Counterclaim," § 1.

*Liabilities of particular classes of persons.*
See "Counties," § 1; "Municipal Corporations," § 5.
Employés, see "Master and Servant," § 4.

*Particular torts.*
See "False Imprisonment," § 1; "Fraud"; "Libel and Slander"; "Malicious Prosecution"; "Negligence"; "Nuisance"; "Trespass"; "Trover and Conversion."

*Remedies for torts.*
See "Trespass," § 2.

## TOWNS.

See "Counties"; "Highways," § 1; "Municipal Corporations."
Demurrer to complaint in action by town officer, see "Pleading," § 4.
Mandamus to town officers, see "Mandamus," §§ 2, 3.

### § 1. Government and officers.

Laws 1894, p. 1194, c. 556, § 17, providing for one kind of a town supervisor's bond covering school moneys, *held* not to require that the county treasurer sue on a bond of a town supervisor covering school moneys given as required by Laws 1890, p. 1221, c. 569, § 60.—Palmer v. Roods (Sup.) 186.

Under Laws 1890, p. 1218, c. 569, § 37, as renumbered by Laws 1897, p. 610, c. 481, and amended by Laws 1899, p. 321, c. 168, it is the duty of town meeting inspectors to canvass the votes and the duty of the clerk to announce the result and enter it in his minutes.—People v. Armstrong (Sup.) 712.

### § 2. Claims against towns.

*Creditor of a town *held* not barred from a presentation and audit of its claim by a previous illegal audit and disallowance.—People v. King (Sup.) 782.

Verification of a claim against a town *held* insufficient, under Laws 1890, p. 1235, c. 569, § 167, to authorize a legal audit thereof.—People v. King (Sup.) 782.

## TRADE-MARKS AND TRADE-NAMES.

Penalties for possession of milk cans bearing initials of certain dealer, see "Penalties," § 1.

### § 1. Marks and names subjects of ownership.

A label adopted by a union of employés to designate the product of the members thereof *held* to include the labor of the members of subordinate councils, within Labor Law, Laws 1897, p. 466, c. 415, § 15.—Lynch v. John Single Paper Co. (Sup.) 824.

### § 2. Title, conveyances, and contracts.

Labor Law, Laws 1897, p. 466, c. 415, § 15, *held* to authorize a labor union on adopting a label to designate the product of the labor of its members to confer the label on the members constituting a subordinate branch.—Lynch v. John Single Paper Co. (Sup.) 824.

### § 3. Infringement and unfair competition.

*Under Labor Law, Laws 1897, p. 466, c. 415, § 16, as amended, an action for the wrong—

*Point annotated. See syllabus.*

ful use of a label adopted by a union having subordinate councils *held* properly brought by the union and a council receiving the right to use the label.—Lynch v. John Single Paper Co. (Sup.) 824.

## TRADE UNIONS.

Trade-marks to designate product of member, see "Trade-Marks and Trade-Names," §§ 1–3.

## TRANSCRIPTS.

Of record for purpose of review, see "Appeal," § 4.

## TRANSFERS.

Street car transfer, see "Carriers," § 3.

## TRANSFER TAX.

See "Taxation," § 3.
Domicile for purpose of imposition of transfer tax, see "Domicile."

## TREATIES.

Rights of foreign consul under treaty, see "Ambassadors and Consuls."

## TREES.

See "Woods and Forests."

## TRESPASS.

In cutting timber for purpose of erecting telephone line, see "Telegraphs and Telephones," § 1.
To the person, see "False Imprisonment."

### § 1. Acts constituting trespass and liability therefor.
*Entry on land by permission of a stranger to the title constitutes trespass, unless done under legislative authority.—Remington v. State (Sup.) 952.

### § 2. Actions.
*Where forest land had been invaded and trees cut, the diminution in value to the whole premises may be shown in an action of trespass.—Morrison v. American Telephone & Telegraph Co. (Sup.) 140.

## TRIAL.

See "New Trial"; "Reference"; "Witnesses."
Appealability of order denying motion for adjournment, see "Appeal," § 1.
Appealability of order denying motion for reargument, see "Appeal," § 1.
Discharge of employé as question for jury, see "Master and Servant," § 1.
Effect of statements of counsel not raising objection on right to review, see "Appeal," § 2.
Harmless error in instructions, see "Appeal," § 6.

Instructions as to negligence, see "Negligence," § 1.
Instructions in general as to breach of warranty in action for services in installing furnace, see "Sales," § 5.
Instructions in general in action for injuries caused by operation of street railroad, see "Street Railroads," § 2.
Limitation of carrier's liability as question for jury, see "Carriers," § 2.
Limitations as question for court, see "Limitation of Actions," § 3.
Objection to failure to submit questions to jury for purpose of review, see "Appeal," § 2.
Questions for jury in action for injuries caused by operation of street railroad, see "Street Railroads," § 2.
Questions for jury in action for injuries to passenger, see "Carriers," § 3.
Review of discretion of court, see "Appeal," § 6.
What constitute fixtures, as question of law or fact, see "Fixtures."

*Proceedings incident to trials.*
See "Continuance."
Entry of judgment after trial of issues, see "Judgment," § 2.
Place of trial, see "Venue," § 1.
Right to trial by jury, see "Jury," § 1.

*Trial of actions by or against particular classes of persons.*
See "Brokers," § 2; "Carriers," §§ 2, 3; "Landlord and Tenant," § 4; "Master and Servant," §§ 3, 4; "Principal and Agent," § 2; "Street Railroads," § 2.

*Trial of particular civil actions or proceedings.*
See "Malicious Prosecution," § 2; "Money Lent"; "Negligence," § 3.
For compensation of broker, see "Brokers," § 2.
For insurance, see "Insurance," § 12.
For loss of goods, see "Carriers," § 2.
For personal injuries, see "Carriers," § 3; "Landlord and Tenant," § 4; "Master and Servant," §§ 3, 4; "Municipal Corporations," § 4; "Street Railroads," § 2.
For wrongful discharge of employé, see "Master and Servant," § 1.
On bill of exchange or promissory note, see "Bills and Notes," § 2.
To recover price paid for goods, see "Sales," § 5.

*Trial of criminal prosecutions.*
See "Criminal Law," § 3; "Homicide," § 2.
For offenses against liquor laws, see "Intoxicating Liquors," § 2.

### § 1. Course and conduct of trial in general.
*In an action for injuries to passenger, refusal of court to hear question of juror, and refer jury to certain testimony at request of counsel, *held* error.—McLoughlin v. Syracuse Rapid Transit Ry. Co. (Sup.) 196.

### § 2. Reception of evidence.
*Testimony of physician as to condition of plaintiff not shown to be the result of the

**\*Point annotated. See syllabus.**

injury complained of, *held* to be stricken out on motion.—Mackey v. Interurban St. Ry. Co. (Sup.) 439.

Refusal to allow counsel for party to testify because in giving testimony he has taken advantage is error.—Greenfield v. Kaplan (Sup.) 567.

**§ 3. Taking case or question from jury.**

In an action for the return of money paid on an invalid contract, *held* error to direct verdict for plaintiff.—Conte v. City of New York (Sup.) 491.

*Whether a contract sued on was in fact made *held* for the court where the evidence is undisputed.—Freifeld v. M. Groh's Sons (Sup.) 863.

In an action to recover charges for transmitting money to a foreign country, where defendant admits all the allegations of the complaint, but contends that a premium was not authorized, and plaintiff presents proof of all its allegations, a verdict should be directed for plaintiff.—National City Bank of New York v. Pacific Co. (Sup.) 1098.

**§ 4. Instructions to jury.**

An exception *held*, under the facts as to the main charge, insufficient to authorize review of requested charge given.—Jones v. Hoadley (Sup.) 470.

*Instruction withdrawing question of contributory negligence and placing burden of proving defendant's freedom from negligence on defendant *held* error, notwithstanding charge in general terms to the contrary.—Damsky v. New York City Ry. Co. (Sup.) 579.

In action against street railway company, instruction withdrawing question of contributory negligence and placing the burden of proving defendant's negligence on defendant *held* not corrected by other instruction.—Damsky v. New York City Ry. Co. (Sup.) 579.

**§ 5. Verdict.**

*Verdict disregarding instruction *held* contrary to the law of the case and not to be sustained.—Hesselgrave v. Butler Bros. Const. Co. (Sup.) 103.

*A general verdict for defendants *held* unsustainable, where if plaintiff's evidence was believed, they were entitled to recover $875, while if defendants' evidence was believed, they were entitled to recover $472.83.—La Rosa v. Wilner (Sup.) 193.

*In an action for injuries to a passenger, an instruction *held* the law of the case and to preclude the jury from finding a verdict for plaintiff on the issue submitted.—Paine v. Geneva, W. S. F. & C. L. Traction Co. (Sup.) 204.

*A verdict opposed to the law as laid down by the court without exception cannot be sustained.—Van Alstine v. Standard Light, Heat & Power Co. (Sup.) 696.

# TROVER AND CONVERSION.

Conversion by attorney, see "Attorney and Client," § 2.
Conversion of pledge, see "Pledges."
Form of action as conversion, see "Action," § 1.
Real party in interest as proper party plaintiff in action for conversion, see "Parties," § 1.

**§ 1. Actions.**

*In an action for conversion, plaintiff *held* entitled to money judgment without alternative of return of possession.—Schwartz v. Marks (Sup.) 792.

# TRUST COMPANIES.

See "Banks and Banking," § 3.

# TRUSTS.

Creation by will, see "Wills," § 3.
Death of beneficiary of trust as ground for abatement of action by trustee, see "Abatement and Revival," § 1.
Lien created by execution against trust property, see "Execution," § 2.
Right to issue execution on income arising from trust estate, see "Execution," § 1.
Trust deeds, see "Chattel Mortgages"; "Mortgages."

**§ 1. Creation, existence, and validity.**

*Conveyance of grantor's interest as devisee and legatee under his parents' wills to his brother *held* an absolute conveyance, and not one in trust on which the grantee could be required to account.—Nevius v. Nevius (Sup.) 1091.

*Where a conveyance of the grantor's interest as legatee and devisee under his parents' wills was absolute on its face and unambiguous, parol evidence was inadmissible to show that it was intended as a conveyance in trust.—Nevius v. Nevius (Sup.) 1091.

*Evidence *held* insufficient to establish a trust.—In re King's Will (Sur.) 279.

*Evidence *held* sufficient to establish a trust in moneys deposited in a bank.—In re King's Will (Sur.) 279.

**§ 2. Appointment, qualification, and tenure of trustee.**

Letters testamentary of an executor and trustee *held* revocable where trustee's interests were necessarily antagonistic to those of beneficiaries.—In re Hirsch's Estate (Sup.) 893.

*Removal of testamentary trustee denied when misconduct was caused by a misconception of his duties.—In re Rothaug's Estate (Sur.) 973.

**§ 3. Management and disposal of trust property.**

Good faith of trustee *held* not to excuse action in continuing speculation begun by decedent.—In re Hirsch's Estate (Sup.) 893.

The carrying on margin of stocks purchased by decedent on margin *held* not authorized by

**Point annotated. See syllabus.**

provisions in will.—In re Hirsch's Estate (Sup.) 893.

### § 4. Execution of trust by trustee or by court.

*Certain payments made by executor and trustee out of income of trust fund with consent of beneficiary allowed.—In re Sheldon's Estate (Sur.) 729.

### § 5. Accounting and compensation of trustee.

*On accounting as to trust fund, judgment rendered awarding costs to executor out of the fund and giving directions for administration of trust.—In re Sheldon's Estate (Sur.) 729.

## ULTRA VIRES.

Acts of bank, see "Banks and Banking," § 2.
Contract for public water supply, see "Waters and Water Courses," § 1.

## UNDERTAKINGS.

Of officers, see "Officers," § 3.

## UNDUE INFLUENCE.

Procuring making of will, see "Wills," § 2.

## UNITED STATES.

Indians, see "Indians."
Interpleader by contractor for erection of building for government in suit between subcontractor and materialman, see "Interpleader," § 1.

### § 1. Property, contracts, and liabilities.

Liability of contractor's bond on work for the United States to persons furnishing material to subcontractors determined.—Mosier v. Kurchhoff (Sup.) 643.

## USE AND OCCUPATION.

*There is an implied agreement by the state to pay the fair value for use and occupation of land occupied by permission of the owner.—Remington v. State (Sup.) 952.

## USURY.

As defense in prosecution for false pretenses, see "False Pretenses."

### § 1. Usurious contracts and transactions.

*A mortgage on land in the state held not void under 1 Rev. St. (1st Ed.) p. 722, pt. 2, c. 4, tit. 3, § 5, as amended by Laws 1837, p. 486, c. 430, the loan contract, providing for such security, being a contract of another state, where the interest reserved was not usurious.—Manhattan Life Ins. Co. v. Johnson (Sup.) 65.

*A note in the hands of one receiving no bonus, nor knowing of the taking of a bonus, is not tainted with usury.—Ferguson v. Bien (Sup.) 100.

## VACANCY.

In office, see "Officers," § 1.

## VACATION.

*Of particular acts, instruments, or proceedings.*
Decree in probate proceedings, see "Wills," § 2.
Judgment, see "Judgment," §§ 1, 4.
Judgment in municipal court, see "Courts," § 2.

## VENDOR AND PURCHASER.

See "Sales."
Conveyance of right to compensation for property taken for public use, see "Eminent Domain," § 1.
Rights as to fixtures, see "Fixtures."
Specific performance of contract, see "Specific Performance."

### § 1. Performance of contract.

A purchaser refusing to take the title by reason of an alleged defect in the vendor's title must point out and prove the defect.—Baecht v. Hevesy (Sup.) 413.

*A mortgagee in possession, right of action to redeem from whom is barred, held to have a marketable title, unaffected by the fact that an action of ejectment by the mortgagor may not be barred by reason of disabilities.—Messinger v. Foster (Sup.) 387.

*A vendee held not authorized to reject the title because the record of a mortgage did not show the time when it matured, or the rate of interest.—Halpern v. Fisch (Sup.) 1019.

### § 2. Rights and liabilities of parties.

Facts held insufficient to put a vendee on inquiry and deprive him of the protection of the recording act.—Trombly v. Turner (Sup.) 27.

Under Laws 1896, p. 607, c. 547, § 241, making unrecorded conveyances void as to subsequent bona fide purchasers, where a bona fide grantee took a quitclaim deed and recorded it, her title could not be assailed by one claiming adversely under a prior but unrecorded conveyance from her grantor.—Baecht v. Hevesy (Sup.) 413.

Where a mortgagee purchased at foreclosure and took a quitclaim deed from her remote grantor, that she had made one a party defendant in the foreclosure who claimed an interest in the land, not knowing that he claimed superior title, did not show that she was not a bona fide purchaser.—Baecht v. Hevesy (Sup.) 413.

### § 3. Remedies of purchaser.

In an action to recover money deposited on the purchase of real estate, it being alleged that the date for the making of the contract expired, evidence held insufficient to support plaintiff's action.—Kroshinsky v. Klein (Sup.) 13.

Where a vendee agreed to take title to certain property subject to a mortgage, and the recorded mortgage did not show the term nor rate

of interest, a letter from the mortgagee to the vendee's attorney disclosing the term, etc., was immaterial.—Halpern v. Fisch (Sup.) 1019.

A bond secured by a mortgage *held* admissible to show that the mortgage in fact conformed to a contract for the sale of the property.—Halpern v. Fisch (Sup.) 1019.

## VENUE.

§ 1. **Change of venue or place of trial.**
*Under Code Civ. Proc. §§ 798, 983, 986, and under the circumstances, *held* error to have denied defendant's motion to change the place of trial.—State Board of Pharmacy v. Rhinehardt (Sup.) 769; Same v. Cornell (Sup.) 772.

*The venue of an action for price of goods sold should be changed from the county in which plaintiffs reside to the one in which defendant resides, and in which the contract was made and the goods delivered, and where the majority of the witnesses live.—Shaff v. Rosenberg (Sup.) 892.

## VERDICT.

Directing verdict in civil actions, see "Trial," § 3.
In civil actions, see "Trial," § 5.
Review on appeal, see "Appeal," § 6.
Setting aside, see "New Trial," § 1.

## VERIFICATION.

Of claim against town, see "Towns," § 2.

## VESTED RIGHTS.

Protection, see "Constitutional Law," § 2.

## VETERANS.

Preference to, in appointment of municipal employés, see "Municipal Corporations," § 1.

## VICE PRINCIPALS.

See "Master and Servant," § 3.

## VILLAGES.

See "Municipal Corporations."

## WAGES.

See "Master and Servant," § 2.

## WAIVER.

See "Estoppel."

*Of objections to particular acts, instruments, or proceedings.*
Breach of contract of sale, see "Sales," § 2.
Defect of parties, see "Parties," § 3.
Reception of testimony before referee, see "Reference," § 1.

*Of rights or remedies.*
See "Insurance," § 8.
Certificate of completion of contract, see "Contracts," § 4.
Liquidated damages provided for in contract with municipality, see "Municipal Corporations," § 3.
Notice of election of corporate officer, see "Corporations," § 4.
Right to have certain issue submitted to jury in action for divorce, see "Divorce," § 1.

## WAREHOUSEMEN.

Warranty on sale of goods by warehousemen, see "Sales," § 3.

## WARRANTY.

On sale of goods, see "Sales," §§ 3, 5.

## WATERS AND WATER COURSES.

Condemnation of bed of water course, see "Eminent Domain," § 1.
Right to mandamus to compel water commissioners to permit construction of subways, see "Mandamus," § 1.
Water courses in cities, see "Municipal Corporations," § 5.

§ 1. **Public water supply.**
A city *held* not entitled to maintain an action to strike out certain provisions from a contract between itself and a water corporation, on the ground that the provisions were ultra vires. Laws 1890, p. 1150, c. 566, § 81.—City of Mount Vernon v. New York Interurban Water Co. (Sup.) 232.

A municipal corporation has no such concern or interest in the relations of a waterworks corporation and an individual consumer as warrants the corporation in bringing an action to determine the reasonableness of rates charged individual consumers.—City of Mount Vernon v. New York Interurban Water Co. (Sup.) 232.

## WAYS.

Public ways, see "Highways"; "Municipal Corporations," §§ 4, 5.

## WILLS.

See "Descent and Distribution"; "Executors and Administrators."
Computation of period of limitation to recover compensation agreed to be made by decedent, see "Limitation of Actions," § 1.
Construction and execution of trusts, see "Trusts."
Courts of probate, see "Courts," § 3.
Evidence as to, in action of ejectment, see "Ejectment," § 1.
Execution on income of trust created by, see "Execution," § 1.
Interest on claims against estate of decedent, see "Interest," § 1.

*Point annotated. See syllabus.

Laws impairing vested rights acquired through will, see "Constitutional Law," § 2.

Legacy and succession taxes, see "Taxation," § 3.

Liability of decedent's estate on contract of deceased to make will, see "Executors and Administrators," § 2.

Restrictions on perpetuities, see "Perpetuities."

Right of foreign consul to appear in probate proceeding, see "Ambassadors and Consuls."

### § 1. Testamentary capacity.

*In action to have will declared void, burden of showing testator's incapacity *held* to be on plaintiff under Code Civ. Proc. § 2653a.—McGown v. Underhill (Sup.) 313.

*In action to have a will declared void, evidence *held* insufficient to show incapacity of testator.—McGown v. Underhill (Sup.) 313.

### § 2. Probate, establishment, and annulment.

On an appeal from refusal to admit a will to probate, evidence *held* to raise doubt as to correctness of findings as to testator's testamentary capacity and undue influence, requiring a reversal of his decree and submission of such questions to a jury.—In re Finch's Will (Sup.) 135.

Under the facts, Code Civ. Proc. § 2481, subd. 6, *held* not to authorize the vacation of a surrogate's decree admitting a will and codicil to probate. Code Civ. Proc. § 2615, subd. 3, and Code Civ. Proc. §§ 2618-19.—In re Gaffney's Estate (Sup.) 882.

*Probate of a will is only presumptive evidence of its due execution so far as it relates to real property.—Smith v. Ryan (Sup.) 1011.

*Evidence *held* insufficient to authorize probate of lost or destroyed will, under Code Civ. Proc. § 2620.—In re Halstead's Estate (Sur.) 971.

Evidence *held* to require denial of probate of will offered 30 years after its alleged execution. —In re Duffy's Will (Sur.) 974.

Where proponent of a will for probate testified that she took the will shortly after its execution and put it in a box, that from that time until a little while before it was offered for probate, nearly 30 years later, she never opened the document to ascertain its contents, was incredible.—In re Duffy's Will (Sur.) 974.

Probate of will will be refused when presented 30 years after its alleged execution, and the circumstances attending it are suspicious.—In re Duffy's Will (Sur.) 974.

### § 3. Construction.

*A will construed and *held* not to create a trust, but to vest testatrix's property in a beneficiary named.—Schneider v. Heilbron (Sup.) 152.

*Under Rev. St. (1st Ed.) p. 2, c. 6, tit. 1, art. 3, § 52, and Real Property Law, Laws 1896, p. 569, c. 547, § 56, the children of a testator took as tenants in common the estate devised, and the issue of a deceased child took his share. —Schneider v. Heilbron (Sup.) 152.

The interest of a devisee under a will containing a power of sale *held* to have vested in the donees of the power by descent so that the power became merged in the fee thereby acquired by them.—In re Rathyen (Sup.) 289; Smith v. Rathyen, Id.

*A will construed and *held* to give the testator's wife the power to sell the estate devised and to use the proceeds.—Dodin v. Dodin (Sup.) 488.

A will construed as intending that all the income of a fund during the life of a person should be paid to her, so that any not paid went to her representatives and not to the remaindermen.—In re Hoyt (Sup.) 557.

*Will devising property to nephews and nieces *held* to vest testator's estate in his nephews and nieces and grandnephews and grandnieces. —Leask v. Richards (Sup.) 652.

*Will construed, and testator's widow *held* to take fee with absolute power of disposition by her last will.—Hayes v. Gunning (Sup.) 875.

*Devise to trustees of the University of Rochester *held* to them in their corporate capacity or to the university, and that no trust was thereby created.—Morgan v. Durand (Sup.) 1002.

*Will construed and invalidity of ineffective alternative provision *held* not to affect the validity of a devise.—In re McCoy's Estate (Sur.) 539.

### § 4. Rights and liabilities of devisees and legatees.

*A contract between an executrix and a child of the testator construed and *held* to bind the child to pay the price of goods bought from the executor, or to have the same, together with interest, deducted from his share in the estate. —Schneider v. Heilbron (Sup.) 152.

Adult children of a testator *held* not entitled to complain of the act of the testator's widow in distributing the estate devised to her.—Dodin v. Dodin (Sup.) 488.

*Certain land devised *held* to have been charged with a legacy.—Irwin v. Teller (Sup.) 853.

*The probate of a will disposing of real property is not necessary to pass title thereto.— Smith v. Ryan (Sup.) 1011.

# WITNESSES.

See "Depositions"; "Evidence."

Change of venue for convenience of, see "Venue," § 1.

Examination before trial, see "Discovery," § 1.

Experts, see "Evidence," § 9.

Opinions, see "Evidence," § 9.

Testimony of accomplices, see "Criminal Law," § 2.

### § 1. Competency.

Under Code Civ. Proc. § 836, *held* that a stipulation by a party waiving the incompetency as a witness of her physician should be signed both by herself and her attorneys.—Geis v. Geis (Sup.) 845.

*Point annotated. See syllabus.

## § 2. Examination.

*Where a witness was asked whether plaintiffs were not supplied with materials sufficient for them to go ahead with the work in question, an answer that, so far as the witness knew, plaintiffs were always supplied with material to go ahead with the work, was objectionable.—La Rosa v. Wilner (Sup.) 193.

*Refusal to strike a part of an answer, as nonresponsive, was erroneous.—La Rosa v. Wilner (Sup.) 193.

## § 3. Credibility, impeachment, contradiction, and corroboration.

Statement of plaintiff *held* not to render improbable his uncontradicted and corroborated testimony, so as to allow it to be disregarded.—Berus v. New York City Ry. Co. (Sup.) 748.

*The hostility of a witness may be shown on his cross-examination or by witnesses who can testify to the facts showing it without previous cross-examination on the subject.—People v. Mallon (Sup.) 814.

The defense in a criminal case *held* not entitled to impeach a witness by proof of his hostility in the absence of a proper foundation having been laid therefor.—People v. Mallon (Sup.) 814.

*A witness may be impeached by proof of inconsistent statements on the proper foundation having been laid.—People v. Mallon (Sup.) 814.

# WOODS AND FORESTS.

Cutting woodland for purpose of erecting telephone line, see "Telegraphs and Telephones," § 1.
Trespass on forest land, see "Trespass," § 2.

The holding by the state of a belt of timber land in connection with its canal system *held* not inconsistent with its being a part of the forest preserve, where the purpose of the holding was not to cut the timber and devastate the land, but to preserve and protect the water supply.—People v. Fisher (Sup.) 1047.

Under Const. art. 7, § 7, and Forest, Fish, and Game Law, Laws 1900, pp. 61, 63, c. 20, §§ 216, 222, state *held* entitled to maintain action for penalties for timber cut on the land owned by it in the county of Herkimer.—People v. Fisher (Sup.) 1047.

# WORK AND LABOR.

Existence of relation of master and servant, see "Master and Servant," § 1.
Liens for work and materials, see "Mechanics' Liens."

Where plaintiff paid out money and performed services for defendant, in the absence of proof of request or reasonable occasion therefor, defendant is not liable.—Friedlander v. Lehman (Sup.) 252.

# WRITS.

See "Process."

*Particular writs.*

See "Execution"; "Habeas Corpus"; "Injunction"; "Mandamus"; "Quo Warranto"; "Replevin."

# YEAR.

Agreements not to be performed within one year, see "Frauds, Statute of," § 2.
Estates for years, see "Landlord and Tenant."

**\*Point annotated. See syllabus.**

\*

# TABLES OF NEW YORK SUPPLEMENT CASES

## APPEARING IN OTHER REPORTS.

## VOL. 111, APPELLATE DIVISION REPORTS.

| A.Div. Rep. | N.Y. Supp. | | A.Div. Rep. | N.Y. Supp. | | A.Div. Rep. | N.Y. Supp. | | A.Div. Rep. | N.Y. Supp. | | A.Div. Rep. | N.Y. Supp. | | A.Div. Rep. | N.Y. Supp. | | A.Div. Rep. | N.Y. Supp. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pg. | Vol. | Pg. | Pg. | Vol. | Pg. | Pg. | Vol. | Pg. | Pg. | Vol. | Pg. | Pg. | Vol. | Pg. | Pg. | Vol. | Pg. | Pg. | Vol. | Pg. |
| 1 | 97 | 514 | 158 | 97 | 606 | 281 | 97 | 459 | 375 | 97 | 1057 | 460 | 97 | 697 | 578 | 98 | 496 | 765 | 97 | 843 |
| 4 | 97 | 666 | 160 | 97 | 685 | 285 | 97 | 503 | 380 | 97 | 901 | 465 | 98 | 116 | 585 | 98 | 90 | 770 | 98 | 4 |
| 8 | 97 | 516 | 164 | 97 | 588 | 292 | 97 | 692 | 382 | 97 | 1061 | 467 | 98 | 118 | 590 | 97 | 1017 | 773 | 98 | 28 |
| 12 | 97 | 532 | 170 | 97 | 592 | 294 | 97 | 861 | 383 | 97 | 859 | 473 | 98 | 130 | 600 | 97 | 929 | 781 | 97 | 871 |
| 16 | 97 | 519 | 174 | 97 | 603 | 297 | 97 | 742 | 386 | 97 | 836 | 475 | 97 | 913 | 613 | 98 | 81 | 735 | 97 | 863 |
| 19 | 97 | 521 | 176 | 97 | 607 | 300 | 97 | 749 | 390 | 97 | 1073 | 480 | 98 | 88 | 616 | 98 | 76 | 789 | 98 | 157 |
| 23 | 97 | 171 | 178 | 97 | 604 | 303 | 97 | 735 | 392 | 97 | 831 | 482 | 97 | 911 | 618 | 97 | 801 | 801 | 97 | 955 |
| 32 | 97 | 194 | 181 | 97 | 602 | 306 | 97 | 733 | 395 | 97 | 700 | 485 | 97 | 908 | 624 | 97 | 884 | 805 | 97 | 951 |
| 35 | 97 | 1117 | 183 | 97 | 465 | 308 | 97 | 791 | 396 | 97 | 1074 | 490 | 97 | 917 | 637 | 97 | 808 | 809 | 97 | 954 |
| 39 | 97 | 645 | 189 | 97 | 596 | 314 | 97 | 737 | 402 | 97 | 1072 | 500 | 97 | 1088 | 656 | 97 | 758 | 812 | 97 | 673 |
| 50 | 97 | 577 | 191 | 97 | 557 | 316 | 97 | 744 | 404 | 97 | 841 | 504 | 98 | 86 | 669 | 98 | 502 | 814 | 97 | 866 |
| 57 | 97 | 499 | 196 | 97 | 600 | 319 | 97 | 509 | 407 | 97 | 838 | 508 | 97 | 938 | 674 | 97 | 926 | 817 | 97 | 868 |
| 63 | 97 | 582 | 199 | 97 | 623 | 321 | 97 | 511 | 411 | 97 | 835 | 513 | 97 | 707 | 679 | 97 | 945 | 821 | 98 | 174 |
| 70 | 97 | 570 | 202 | 97 | 235 | 322 | 97 | 701 | 413 | 97 | 902 | 521 | 97 | 1009 | 686 | 97 | 853 | 828 | 98 | 183 |
| 80 | 97 | 653 | 206 | 97 | 415 | 326 | 97 | 670 | 416 | 97 | 1101 | 526 | 97 | 1078 | 693 | 97 | 846 | 831 | 98 | 179 |
| 87 | 97 | 661 | 209 | 97 | 722 | 330 | 97 | 1108 | 418 | 97 | 1081 | 530 | 97 | 1091 | 700 | 97 | 852 | 836 | 98 | 94 |
| 94 | 97 | 561 | 230 | 97 | 444 | 332 | 97 | 658 | 420 | 97 | 716 | 536 | 97 | 943 | 702 | 97 | 874 | 842 | 98 | 72 |
| 101 | 97 | 566 | 235 | 97 | 21 | 337 | 97 | 704 | 422 | 97 | 768 | 539 | 97 | 949 | 706 | 97 | 996 | 848 | 98 | 121 |
| 108 | 97 | 636 | 237 | 97 | 668 | 339 | 97 | 705 | 426 | 97 | 773 | 541 | 97 | 942 | 718 | 97 | 790 | 853 | 98 | 109 |
| 113 | 97 | 634 | 240 | 97 | 609 | 341 | 97 | 805 | 435 | 97 | 674 | 543 | 98 | 510 | 720 | 97 | 823 | 860 | 98 | 33 |
| 117 | 97 | 631 | 254 | 97 | 719 | 345 | 97 | 1066 | 437 | 97 | 694 | 545 | 97 | 1098 | 726 | 97 | 894 | 864 | 98 | 171 |
| 122 | 97 | 625 | 259 | 97 | 747 | 353 | 97 | 124 | 442 | 97 | 731 | 548 | 98 | 506 | 737 | 97 | 788 | 870 | 98 | 56 |
| 130 | 96 | 1113 | 260 | 97 | 740 | 358 | 98 | 128 | 445 | 97 | 751 | 553 | 98 | 78 | 741 | 98 | 492 | 875 | 98 | 48 |
| 140 | 96 | 486 | 263 | 97 | 738 | 362 | 97 | 1062 | 447 | 97 | 771 | 558 | 98 | 83 | 748 | 97 | 1013 | 879 | 98 | 51 |
| 142 | 97 | 421 | 266 | 97 | 478 | 364 | 97 | 833 | 449 | 97 | 753 | 561 | 97 | 925 | 754 | 97 | 827 | 882 | 98 | 15 |
| 145 | 97 | 595 | 273 | 97 | 717 | 367 | 97 | 1063 | 452 | 97 | 688 | 564 | 97 | 1095 | 757 | 97 | 795 | 903—926* | | |
| 152 | 97 | 553 | 275 | 97 | 619 | 371 | 97 | 905 | 457 | 97 | 821 | 568 | 97 | 1082 | | | | | | |

*Memorandum decisions; parallel citations not required.

## VOL. 111, APPELLATE DIVISION REPORTS.

| | Page |
|---|---|
| Abel v. Bischoff (96 N. Y. S. 1112) | 925 |
| Allen v. Pierson (97 N. Y. S. 1127) | 908 |
| Altkrug v. Horowitz (97 N. Y. S. 716) | 420 |
| Andrews v. H. & H. Reiners (97 N. Y. S. 674) | 435 |
| Andrews v. H. & H. Reiners (96 N. Y. S. 1112) | 916 |
| Anglo-Continental Chemical Works v. Dillon (97 N. Y. S. 1081) | 418 |
| Appleby v. Dalrymple (96 N. Y. S. 1112) | 910 |
| Archer, People ex rel., v. McAdoo (96 N. Y. S. 1140) | 919 |
| Arkin v. Interborough Rapid Transit Co. (96 N. Y. S. 1112) | 924 |
| Arlington Co. v. Fourteen Other Ins. Cos. (96 N. Y. S. 1112) | 914 |
| Arlington Co. v. Insurance Co. of New York (96 N. Y. S. 1112) | 914 |
| Arnot v. Union Salt Co. (96 N. Y. S. 1112) | 911 |
| Arnot v. Union Salt Co. (96 N. Y. S. 80) | 912 |
| Asheim's Estate, Matter of (97 N. Y. S. 607) | 176 |
| Babcock v. Leonard (97 N. Y. S. 861) | 294 |
| Bailey, Matter of (98 N. Y. S. 725) | 909 |
| Baird v. Erie R. Co. (97 N. Y. S. 1127) | 909 |
| Baker, Matter of (In re Ricketts, 98 N. Y. S. 502) | 669 |
| Baker v. Metropolitan Life Ins. Co. (97 N. Y. S. 1088) | 500 |

**111 APP. DIV.**—Continued.     Page

Baldwin, People ex rel., v. McAdoo (96 N. Y. S. 1140)............................ 916
Ball v. Ball (96 N. Y. S. 1113)......... 918
Bank of Port Jefferson v. Darling (96 N. Y. S. 1112)............................ 920
Bankers' Surety Co. v. Rothschild (96 N. Y. S. 1113)............................ 130
Bannister v. Michigan Mut. Life Ins. Co. (97 N. Y. S. 843)...................... 765
Barnett v. J. B. Sparrow Theatrical & Amusement Co. (96 N. Y. S. 1113)..... 919
Barrett Chemical Co. v. Stern (96 N. Y. S. 1113)............................... 913
Barson v. Mulligan (96 N. Y. S. 1113).... 913
Basso v. Press Pub. Co. (96 N. Y. S. 1113)................................... 915
Bean v. New York Edison Co. (96 N. Y. S. 1114)................................ 914
Beardsworth v. Whitehead (96 N. Y. S. 1114)................................... 923
Beecroft v. New York Athletic Club (97 N. Y. S. 831)......................... 392
Belotti v. Metropolitan St. R. Co. (97 N. Y. S. 1128)...................... 925
Bengston v. Swanston (96 N. Y. S. 1114).. 919
Berkowitz v. Chicago, M. & St. P. R. Co. (96 N. Y. S. 1114).................. 918
Berry v. French (96 N. Y. S. 1114)..... 910
Berthelson v. Gabler (97 N. Y. S. 421)... 142
Bidwell, People ex rel., v. Pitts (97 N. Y. S. 509)............................ 319
Bidwell, People ex rel., Pitts v. (97 N. Y. S. 511)............................... 912
Bishop's Estate, Matter of (97 N. Y. S. 1098)................................... 545
Blair v. Cargill (98 N. Y. S. 109)........ 853
Blansett v. Duffy (96 N. Y. S. 1114)...... 908
Blum v. Whitney (96 N. Y. S. 1114)..... 922
Bly v. Edison Electric Illuminating Co. (97 N. Y. S. 592)....................... 170
Board of Examiners of Erie County, Matter of (97 N. Y. S. 1128)............. 910
Board of Health of Village of Friendship, People ex rel., v. Triez (97 N. Y. S. 1143)................................... 910
Board of Rapid Transit R. Com'rs of City of New York, Matter of (96 N. Y. S. 1115)................................... 919
Boller v. Boller (97 N. Y. S. 609)......... 240
Bonny v. Bonny (96 N. Y. S. 1115)..... 917
Bowers v. Male (97 N. Y. S. 722)........ 209
Brady v. Brady (97 N. Y. S. 1129)...... 926
Brandmeier v. Demuth Glass Mfg. Co. (96 N. Y. S. 1115)........................ 919
Branson v. New York Cent. & H. R. R. Co. (97 N. Y. S. 788).................. 737
Bridges v. Wade (96 N. Y. S. 1115)...... 914
Briggs v. Weeks (96 N. Y. S. 1115)....... 908
Bronk v. Binghamton R. Co. (96 N. Y. S. 1116)................................... 910
Brooklyn Bar Ass'n, Matter of (96 N. Y. S. 1116)................................ 918
Brown v. Brown (97 N. Y. S. 1129)...... 907
Brown v. Palmer (97 N. Y. S. 1130)...... 909
Brown, People ex rel., v. Baker (97 N. Y. S. 1143)................................ 926
Buffalo, Grade Crossing Com'rs of City of, Matter of (97 N. Y. S. 1135)........... 909
Buffum v. Avery (96 N. Y. S. 1116)...... 914
Bunke v. New York Tel. Co. (96 N. Y. S. 1116)................................... 925

                                          Page

Burke v. Baker (97 N. Y. S. 768)........ 422
Burke v. New York Cent. & H. R. R. Co. (96 N. Y. S. 1116)................. 915
Burke, People ex rel, v. Partridge (96 N. Y. S. 1140)............................ 923
Burlingame v. Dykeman (97 N. Y. S. 1130)................................... 908
Byron v. Gingold (96 N. Y. S. 1116)..... 917

Cabble v. Cabble (97 N. Y. S. 773)...... 426
Caldwell v. New York & H. R. Co. (97 N. Y. S. 588)............................ 164
Cameron v. McBride (97 N. Y. S. 1130).. 909
Cardeza v. Griswold (96 N. Y. S. 1117).. 920
Carpenter v. New York Evening Pub. Co. (97 N. Y. S. 478)....................... 266
Cavanaugh v. Thorne (96 N. Y. S. 1117).. 925
Century Mercantile Co. v. Heeran (96 N. Y. S. 1117)............................ 910
Chadeayne v. City of Buffalo (97 N. Y. S. 1130)............................... 909
Chadsey, Matter of (In re Brooklyn Bar Ass'n, 96 N. Y. S. 1116)............... 918
Chichester v. Winton Motor Carriage Co. (96 N. Y. S. 1117)...................... 918
Cholet v. City of Syracuse (96 N. Y. S. 1117)................................... 903
City of Buffalo, Grade Crossing Com'rs of. Matter of (97 N. Y. S. 1135)........... 909
City of Elmira v. Seymour (97 N. Y. S. 623)................................... 199
City of New York, Board of Rapid Transit R. Com'rs, Matter of (96 N. Y. S. 1115)................................... 919
City of New York v. Draper (In re Commissioner of Public Works, 97 N. Y. S. 503)................................. 285
City of Rochester, Matter of (97 N. Y. S. 1130)............................... 909
Clark v. Scovill (97 N. Y. S. 1117)....... 35
Clark v. Trost (96 N. Y. S. 1120)...... 916
Clifford v. Denver & R. G. R. Co. (97 N. Y. S. 707)........................... 513
Clifford v. New York Cent. & H. R. R. Co. (97 N. Y. S. 954).................. 809
Cohn v. Hessel (96 N. Y. S. 1120)...... 914
Cohn v. Wolfstein (In re Asheim's Estate 97 N. Y. S. 607)....................... 176
Colcord, Matter of (96 N. Y. S. 1120)..... 916
Coleman v. Interurban St. R. Co. (96 N. Y. S. 1120)............................ 915
Coles v. Graburn (96 N. Y. S. 1120)...... 917
Coles v. Graburn (96 N. Y. S. 1120)...... 918
Collins, People ex rel., v. Brower (97 N. Y. S. 349)............................ 915
Collyer, Matter of (96 N. Y. S. 1121)..... 917
Commissioner of Public Works in City of New York, Matter of (97 N. Y. S. 503).. 285
Compton v. Compton (97 N. Y. S. 618)... 923
Comptroller of State of New York v. Parsons (In re Bishop's Estate, 97 N. Y. S. 1098)................................ 545
Conlen v. Riser (96 N. Y. S. 1121)...... 925
Connelly v. Harris (96 N. Y. S. 1121).... 920
Conner's Will, Matter of (96 N. Y. S. 1121)................................... 920
Conway v. Cooney (98 N. Y. S. 171)..... 864
Cook v. Griswold (96 N. Y. S. 1121)..... 910
Cook, People ex rel., v. Pitts (97 N. Y. S. 511)................................ 321
Cooper v. Clark (96 N. Y. S. 1121)....... 915

**111 APP. DIV.**—Continued.    Page

Cooper v. Payne (97 N. Y. S. 863)........ 785
Copstein v. Union R. Co. of New York City (96 N. Y. S. 1121).............. 913
Corn Exch. Bank v. Peabody (98 N. Y. S. 78) ................................... 553
Cornwell v. East Rockaway Fire Dept. (96 N. Y. S. 1122)..................... 920
Cowles, Matter of (In re Morton's Estate, 96 N. Y. S. 1137).................... 924
Cramsey v. Sterling (97 N. Y. S. 1082).. 568
Crowley v. City of New York (96 N. Y. S. 1122) ................................ 917
Cullin v. Alvord (97 N. Y. S. 1131)... 911
Cunningham v. Shea (97 N. Y. S. 884).... 624
Curtice's Estate, Matter of (97 N. Y. S. 444) ................................... 230
Curtin v. Curtin (97 N. Y. S. 771)...... 447

Daley v. Ratigan (96 N. Y. S. 1122)..... 911
Daly v. Kister (96 N. Y. S. 1122)........ 920
Daly v. Reineldt (96 N. Y. S. 1122)..... 917
Davis, Matter of (In re City of Rochester, 97 N. Y. S. 1130)..................... 909
Davis v. Martin (97 N. Y. S. 835)........ 411
Decker v. Hunt (98 N. Y. S. 174)........ 821
Deegan v. Syracuse Lighting Co. (97 N. Y. S. 1132)............................. 908
Deering v. Schreyer (97 N. Y. S. 1132)... 914
Delancy v. Rivington St. School Site, Matter of (96 N. Y. S. 1145).............. 914
Di Lorenzo v. Di Lorenzo (97 N. Y. S. 644) 920
Donohue v. American Bridge Co. of New York (96 N. Y. S. 1123)............... 908
Dooley Estate, Matter of (97 N. Y. S. 1133) ................................. 926
Driscoll v. Interurban St. R. Co. (96 N. Y. S. 1123)............................ 915
Driscoll v. New York & Q. C. R. Co. (96 N. Y. S. 1123)........................ 920
Dwight v. Lawrence (98 N. Y. S. 76)..... 616
Dwyer, Matter of (96 N. Y. S. 1123)..... 911
Dwyer, People ex rel., v. Greene (97 N. Y. S. 1144)............................. 926
Dyhr v. Bush Co. (96 N. Y. S. 1123)...... 917

Eastman Kodak Co. v. Lewis (96 N. Y. S. 1123) ................................ 924
Ebbets v. City of New York (97 N. Y. S. 833) ................................... 364
Edison v. Interurban St. R. Co. (96 N. Y. S. 1123)............................. 915
Edmonds v. Attucks Music Pub. Co. (96 N. Y. S. 1123)........................ 924
Ehrich v. Grant (97 N. Y. S. 600)........ 196
Elmira, City of, v. Seymour (97 N. Y. S. 623) ................................... 199
Elton v. Hill (96 N. Y. S. 1124)......... 915
Emmerich Co. v. Sloane (96 N. Y. S. 1125) ................................. 914

Fahnestock Transmitter Co., People ex rel., v. Kelsey (96 N. Y. S. 1141)............. 911
Fancher v. Fonda, J. & G. R. Co. (97 N. Y. S. 666) ............................... 4
Farrell v. Brooklyn Heights R. Co. (96 N. Y. S. 1124)............................. 916
Fay v. Moose River Lumber Co. (96 N. Y. S. 1124)............................... 907
Fennelly, People ex rel., v. Amalgamated Copper Co. (96 N. Y. S. 1141).......... 914
Fennessy v. Fennessy (97 N. Y. S. 602)... 181

Ferdinand Hosch Co. v. City of New York (96 N. Y. S. 1124)...................... 917
Finan v. New York Cent. & H. R. R. Co. (97 N. Y. S. 859)........................ 383
Finucan v. Ramsden (96 N. Y. S. 1124)... 920
First Nat. Bank of City of Brooklyn v. Gridley (96 N. Y. S. 1124).............. 920
Fitch, Matter of (97 N. Y. S. 1134) ...... 909
Fitter v. Moroney (96 N. Y. S. 1125)..... 924
F. J. Emmerich Co. v. Sloane (96 N. Y. S. 1125) ................................ 914
Flaka, Matter of (97 N. Y. S. 853)...... 686
Flanders v. Rosoff (97 N. Y. S. 514)...... 1
Flinn, People ex rel., v. Cullinan (97 N. Y. S. 194) ................................ 32
Flood v. Patton (96 N. Y. S. 1125)...... 915
Flynn v. Smith (98 N. Y. S. 56)........ 870
Follett v. City of New York (96 N. Y. S. 1125) ................................. 917
Fox v. Davidson (97 N. Y. S. 603)....... 174
Fox v. Norton & Dalton Contracting Co. (96 N. Y. S. 1125)...................... 915
Freemont v. Boston & M. R. Co. (98 N. Y. S. 179) ................................ 831
Friedmann v. Ramon Hotel Co. (96 N. Y. S. 1125) ................................ 924
Froment, Matter of (96 N. Y. S. 1125).... 919

Gage v. City of New York (96 N. Y. S. 1126) ................................. 914
Gail v. Fischer (97 N. Y. S. 1135)....... 909
Gaillard Realty Co. v. Garth (97 N. Y. S. 640) ................................... 924
Gaines v. Fidelity & Casualty Co. (97 N. Y. S. 836) ............................... 386
Gallagher v. Newman (96 N. Y. S. 1126).. 924
Gause v. Commonwealth Trust Co. (97 N. Y. S. 1091) .............................. 530
Gedney v. Sias (97 N. Y. S. 1135)........ 925
Geneva Mineral Springs Co. v. Steele (97 N. Y. S. 996) ............................ 706
Gilboa, Town of, Matter of (In re Wood, 97 N. Y. S. 871)......................... 781
Gilliam v. Guaranty Trust Co. (97 N. Y. S. 758) ................................. 656
Globe & Rutgers Fire Ins. Co. v. Robbins & Myers Co. (96 N. Y. S. 1126)........ 914
Goldman v. Corn (97 N. Y. S. 926)...... 674
Goldmark v. U. S. Electro-Galvanizing Co. (97 N. Y. S. 1078)..................... 526
Goodman v. Maze (96 N. Y. S. 1126)..... 924
Gott v. Brooklyn Heights R. Co. (96 N. Y. S. 1127) ............................... 919
Grade Crossing Com'rs of City of Buffalo, Matter of (97 N. Y. S. 1135) .......... 909
Grant v. City of New York (97 N. Y. S. 685) ................................... 160
Gray v. Siegel Cooper Co. (97 N. Y. S. 1135) ................................. 926
Green v. Urban Contracting & Heating Co. (97 N. Y. S. 1135).................. 926
Green v. Utica & M. V. R. Co. (97 N. Y. S. 1135) ................................ 910
Gregory v. Elmira Water, Light & R. Co. (96 N. Y. S. 1127)...................... 911
Groppe, Matter of (96 N. Y. S. 1127).... 921
Guth v. Barth (96 N. Y. S. 1127)........ 919
Gwynne v. Altonwood Park Co. of New York (96 N. Y. S. 1127) ................ 920

**111 APP. DIV.**—Continued.    Page

Hagadorn v. McNair (97 N. Y. S. 1136)... 910
Hall, Matter of (96 N. Y. S. 1127)....... 912
Hall v. Cayuga Lake Cement Co. (97 N. Y. S. 955) ............................. 801
Hall v. Wagner (97 N. Y. S. 570)........ 70
Hand v. Egbert (96 N. Y. S. 1127)........ 920
Hanlon v. Central R. Co. of New Jersey (96 N. Y. S. 1127) ...................... 918
Hannan v. Boldin (96 N. Y. S. 1127)...... 918
Harbeck v. Tobin (96 N. Y. S. 1128)..... 913
Haskin, Matter of (97 N. Y. S. 827)...... 754
Haubner v. Metropolitan St. R. Co. (96 N. Y. S. 1128) ....................... 924
Healy v. Buffalo, Rochester & Pittsburgh R. Co. (97 N. Y. S. 801) ............. 618
Hearn v. Charles A. Stevens & Bro. (97 N. Y. S. 566) ........................ 101
Heller v. Methner (97 N. Y. S. 1137).... 925
Hellman v. City Trust, Safe Deposit & Surety Co. (98 N. Y. S. 51)......... 879
Hester St. School Site, Matter of (96 N. Y. S. 1128) ........................ 914
Heyman v. Schlesinger (96 N. Y. S. 1128).. 924
Hicks v. Eggleston (96 N. Y. S. 1129)... 918
Hildreth v. City of New York (97 N. Y. S. 582) .................................. 63
Hillock v. Grape (97 N. Y. S. 823)........ 720
Hinckel Brewery Co. v. Newman (96 N. Y. S. 1129) ....................... 911
Hobby v. Burdick (96 N. Y. S. 1129)...... 920
Hodes v. City of New York (96 N. Y. S. 1129) ................................. 920
Hoff v. Robert H. Reid & Co. (96 N. Y. S. 1129) ............................... 914
Hoffman v. Metropolitan Exp. Co. (97 N. Y. S. 838) ........................... 407
Hoffman House v. Barkley (97 N. Y. S. 1095) ................................. 564
Hofman Co. v. Murphy (96 N. Y. S. 1130) ................................. 908
Holly v. Grinberg (96 N. Y. S. 1129)..... 920
Hood v. Lehigh Val. R. Co. (97 N. Y. S. 1137) ................................. 908
Horning v. Hudson River Tel. Co. (97 N. Y. S. 625) ........................... 122
Hosch Co. v. City of New York (96 N. Y. S. 1124) ............................. 917
H. Remington & Son Pulp & Paper Co. v. Water Com'rs of City of Watertown (96 N. Y. S. 975) ..................... 907
Huddy, Matter of (96 N. Y. S. 1129)..... 916
Hudson Water Works, Matter of (98 N. Y. S. 33) ............................. 860
Hull's Estate, Matter of (97 N. Y. S. 701).. 322
Hull's Estate, Matter of (96 N. Y. S. 1130) ................................. 916
Huntington v. Herrman (98 N. Y. S. 48).. 875
Hurst, Matter of (97 N. Y. S. 697)....... 460
Hynds v. Brooklyn Heights R. Co. (97 N. Y. S. 705) ........................... 339

Ingalls v. Perkins (96 N. Y. S. 1130).... 911

Jackson v. Ingalls (96 N. Y. S. 1130)...... 925
Janney v. Early (In re Venable, 97 N. Y. S. 938) ................................. 508
Jennings v. House (96 N. Y. S. 1130)..... 917
Jetter v. Scollan (96 N. Y. S. 1130)...... 925
John Hofman Co. v. Murphy (96 N. Y. S. 1130) ................................. 908

Page

Johnson v. City of New York (96 N. Y. S. 1130) ................................. 918
Johnson County Sav. Bank v. Phillips (96 N. Y. S. 1130) ....................... 914

Kamaiky v. Sarasohn (96 N. Y. S. 1144).. 925
Keefe v. Liverpool & L. & G. Ins. Co. (96 N. Y. S. 1131) ....................... 907
Keese v. Dewey (97 N. Y. S. 519)........ 16
Keim, People ex rel., v. Desmond (97 N. Y. S. 795) ........................... 757
Kells v. J. E. Davis Mfg. Co. (96 N. Y. S. 1131) ................................. 911
Kelly v. Ashforth (96 N. Y. S. 1131)...... 922
Kettell v. Kettell (96 N. Y. S. 1131)..... 918
Keyes v. George C. Flint Co. (96 N. Y. S. 1131) ................................. 914
Kiefer v. Brooklyn Heights R. Co. (97 N. Y. S. 841) ........................... 404
Kirkwood v. Smith (96 N. Y. S. 1132)..... 923
Kissick v. Rees (97 N. Y. S. 692)........ 292
Kissinger v. Livingstone (96 N. Y. S. 1132) ................................. 923
Knickerbocker v. Conger (96 N. Y. S. 1132) ................................. 914
Knickerbocker v. Groton Bridge & Mfg. Co. (97 N. Y. S. 595)...................... 145
Knickerbocker Trust Co. v. Oneonta, C. & R. S. R. Co. (97 N. Y. S. 673)........ 812
Kohm v. Interborough Rapid Transit Co. (97 N. Y. S. 1138) ................... 925
Kragel v. Green (96 N. Y. S. 1132)...... 925
Kushes v. Ginsberg (96 N. Y. S. 1132).... 924

Lamberti v. Sun Printing & Publishing Ass'n (97 N. Y. S. 694)............... 437
Landin v. Cunard S. S. Co. (96 N. Y. S. 1132) ................................. 911
Lange v. Schile (98 N. Y. S. 81)......... 613
Lawrence v. Sias (97 N. Y. S. 1139)...... 925
Lawrence v. Wilson (96 N. Y. S. 1132)... 918
Lawrence Bros. v. Heylman (98 N. Y. S. 121) .................................. 848
Lawson, People ex rel., Lawson (98 N. Y. S. 130) .............................. 473
Lawton v. Partridge (97 N. Y. S. 516).... 8
Layton v. Kraft (98 N. Y. S. 72)......... 842
Leggett v. Schwab (97 N. Y. S. 805)..... 341
Lenorak v. Duffy (96 N. Y. S. 1133)...... 921
Levis & Co. v. Ehrenberg (97 N. Y. S. 1149) ................................. 909
Levy, People ex rel., v. Butler (96 N. Y. S. 1141) ................................. 924
Lewis v. Delaware, L. & W. R. Co. (97 N. Y. S. 1140) ............................ 909
Lindheim & Co. v. Central National Realty & Construction Co. (97 N. Y. S. 619)... 275
Lindwall v. May (97 N. Y. S. 821)........ 457
Linzy v. Whitney (96 N. Y. S. 1133)..... 908
Loftus v. Straight Line Engine Co. (97 N. Y. S. 790) ........................... 718
Lomas v. New York City R. Co. (97 N. Y. S. 658) ................................. 332
Lomax, People ex rel., v. Greene (96 N. Y. S. 1141) ............................. 914
Longworth v. Wray (In re Conner's Will, 96 N. Y. S. 1121)...................... 920
Lord v. Equitable Life Assur. Soc. of the U. S. (97 N. Y. S. 1140)............... 918
Lord's Estate, Matter of (97 N. Y. S. 553) 152

**111 APP. DIV.**—Continued.    Page

Lordville & Equinunk Bridge Co. v. De Lackner (96 N. Y. S. 1133)........... 911
Lowry v. Interurban St. R. Co. (96 N. Y. S. 1134)........................... 925

McAuley v. New York Cent. & H. R. R. Co. (97 N. Y. S. 631)................. 117
McCall v. Supreme Council A. L. H. (96 N. Y. S. 1134).................... 911
McCormack v. Coddington (97 N. Y. S. 1140) ................................ 914
MacDonald v. Sun Printing & Publishing Ass'n (98 N. Y. S. 116)............... 465
MacDonald v. Sun Printing & Publishing Ass'n (98 N. Y. S. 118).............. 467
McDonough v. Pelham Hod Elevating Co. (98 N. Y. S. 90)..................... 585
McEchron v. Martine (97 N. Y. S. 951)... 805
McGahie v. Sproat (97 N. Y. S. 751)..... 445
McGinn v. G. H. Hammond Co. (96 N. Y. S. 1135).............................. 915
McGuinness v. Allison Realty Co. (97 N. Y. S. 1141)......................... 926
McGuire v. Union Mut. Life Ins. Co. (96 N. Y. S. 1135)..................... 911
Mack, Matter of (96 N. Y. S. 1135)...... 912
Mack v. Hilsinger (96 N. Y. S. 1135)..... 912
McLaughlin v. Manhattan R. Co. (97 N. Y. S. 719)............................ 254
McLoughlin v. Board of Education of City of New York (96 N. Y. S. 1135)........ 921
McVickar-Gaillard Realty Co. v. Garth (97 N. Y. S. 640)................... 924
Makin v. Pettibone Cataract Paper Co. (97 N. Y. S. 894)..................... 726
Mann v. Shrive (97 N. Y. S. 688)........ 452
Marine Nat. Bank of Buffalo v. Greene (96 N. Y. S. 1135).................... 908
Mark v. Krippendorf (97 N. Y. S. 1141)... 908
Markham v. Stevenson Brewing Co. (97 N. Y. S. 604)......................... 178
Marlette v. Tumpowski (97 N. Y. S. 1141) 909
Marx v. Brogan (98 N. Y. S. 88)......... 480
Mead v. New York Life Ins. Co. (97 N. Y. S. 1141)......................... 909
Meli v. Metropolitan St. R. Co. (96 N. Y. S. 1136)............................ 913
Melody, People ex rel., v. Pound (97 N. Y. S. 700)............................ 395
Mendoza v. Levy (97 N. Y. S. 753)....... 449
Mercantile Nat. Bank of New York v. Sire (96 N. Y. S. 1136)..................... 923
Michales, People ex rel., v. Ahearn (98 N. Y. S. 492)........................ 741
Michigan Sav. Bank v. Coy, Hunt & Co. (96 N. Y. S. 1136).................. 914
Michigan Sav. Bank v. Hubbs (96 N. Y. S. 1136)............................ 915
Miller v. Vining (96 N. Y. S. 1136)....... 917
Mink v. Mink (97 N. Y. S. 1141)......... 910
Mishkind-Feinberg Realty Co. v. Sidorsky (98 N. Y. S. 496)...................... 578
Mishkind-Feinberg Realty Co. v. Sidorsky (96 N. Y. S. 1136)..................... 925
M. Lindheim & Co. v. Central National Realty & Construction Co. (97 N. Y. S. 619)....................................... 275
Monahan v. Schenectady R. Co. (96 N. Y. S. 1137)........................... 912

Monjo v. Woodhouse (97 N. Y. S. 653).... 80
Moore v. Delaware, L. & W. R. Co. (96 N. Y. S. 1137)......................... 908
Moran v. Kent (96 N. Y. S. 1137)........ 917
Morhard v. Richmond Light & R. Co. (98 N. Y. S. 124).......................... 353
Morris & Co. v. Mendham (96 N. Y. S. 1142) ................................. 915
Mt. Morris Bank v. New York & H. R. Co. (96 N. Y. S. 1137)............... 925
Moyer v. Village of Nelliston (96 N. Y. S. 1137) .................................. 911
Mulville v. Metropolitan St. R. Co. (96 N. Y. S. 1137)......................... 915
Muscatine Mortgage & Trust Co. v. Scott (96 N. Y. S. 1137).................. 914
Myers v. Town of Gates (97 N. Y. S. 1142) 909

National Bank of Commerce in New York v. Schlesinger (97 N. Y. S. 1142)....... 926
New York Cent. & H. R. R. Co. v. Lally (96 N. Y. S. 1137).................. 918
New York, Board of Rapid Transit R. Com'rs of City of, Matter of (96 N. Y. S. 1115) ................................. 919
New York, City of, v. Draper (In re Commissioner of Public Works, 97 N. Y. S. 503) .................................. 285
New York Mortgage & Security Co. v. Concourse Park Hotel Co. (96 N. Y. S. 1138) 919
Niagara County Irrigation & Water Supply Co. v. College-Heights L. Co. (98 N. Y. S. 4)............................... 770
Niagara, Lockport & O. P. Co., Matter of (97 N. Y. S. 853)..................... 686
Nichols v. City of New Rochelle (96 N. Y. S. 1138)............................ 921
Niemann v. Cordtmeyer (97 N. Y. S. 670).. 326
North v. North (96 N. Y. S. 1138)........ 921
North Hempstead, Town of, v. Eldridge (98 N. Y. S. 157)........................ 789
Nowak v. Barkas (96 N. Y. S. 1138)..... 921
Nunnally v. New Yorker Staats-Zeitung (97 N. Y. S. 911)...................... 482
Nunnally v. Tribune Ass'n (97 N. Y. S. 908) ................................... 485
Nussbaum v. Brooklyn Ferry Co. of New York (96 N. Y. S. 1138)................ 921

Oakes v. Meyer (96 N. Y. S. 1138)....... 924
O'Connell, People ex rel., v. Hayes (96 N. Y. S. 1141)......................... 925
Oil Well Supply Co. v. Phœnix Iron Works Co. (97 N. Y. S. 1142)................ 909
Oishei v. Metropolitan St. R. Co. (97 N. Y. S. 450)............................ 913
Oishei v. Metropolitan St. R. Co. (97 N. Y. S. 451)............................ 912
Oppenheimer v. McNamara (96 N. Y. S. 1138) .................................. 921
Osborne v. Auburn Tel. Co. (97 N. Y. S. 874) ................................... 702
Oser v. Herrmann (96 N. Y. S. 1139)..... 917
Owego Gas Light Co. v. Boyer (96 N. Y. S. 486)................................ 140
Oyster Bay, Town of, v. Jacob (96 N. Y. S. 1148)............................. 919
Paige v. New York Cent. & H. R. R. Co. (98 N. Y. S. 183)...................... 828

**111 APP. DIV.—Continued.**    Page

Parks v. City of New York (98 N. Y. S. 94)   836
Parsons v. Teller (97 N. Y. S. 808)....... 637
Peace v. McAdoo (96 N. Y. S. 1139)..... 919
Pearsall v. Stewart (96 N. Y. S. 1139).... 919
People v. Christianna (96 N. Y. S. 1139)... 917
People v. Dibol (96 N. Y. S. 1139)....... 924
People v. Dolan (97 N. Y. S. 929)........ 600
People v. Gianvecchio (96 N. Y. S. 1139).. 924
People v. Kopp (96 N. Y. S. 1139)....... 924
People v. Lamson (96 N. Y. S. 1140)..... 924
People v. Lewis (98 N. Y. S. 83)......... 558
People v. Lipp (98 N. Y. S. 86)......... 504
People v. McDermott (97 N. Y. S. 901).. 380
People v. Menzel (96 N. Y. S. 1140)...... 924
People v. Sekeson (97 N. Y. S. 917)...... 490
People v. Weisberg (96 N. Y. S. 1140).... 924
People ex rel. Archer v. McAdoo (96 N. Y.
    S. 1140)........................... 919
People ex rel. Baldwin v. McAdoo (96 N.
    Y. S. 1140)........................ 916
People ex rel. Bidwell v. Pitts (97 N. Y. S.
    511)............................... 912
People ex rel. Bidwell v. Pitts (97 N. Y.
    S. 509)............................ 319
People ex rel. Board of Health of the Vil-
    lage of Friendship v. Friez (97 N. Y. S.
    1143) ............................. 910
People ex rel. Brown v. Baker (97 N. Y.
    S. 1143)........................... 926
People ex rel. Burke v. Partridge (96 N. Y.
    S. 1140)........................... 923
People ex rel. Collins v. Brower (97 N. Y.
    S. 349)............................ 915
People ex rel. Cook v. Pitts (97 N. Y. S.
    511) .............................. 321
People ex rel. Dwyer v. Greene (97 N. Y.
    S. 1144)........................... 926
People ex rel. Fahnestock Transmitter Co.
    v. Kelsey (96 N. Y. S. 1141)......... 911
People ex rel. Fennelly v. Amalgamated
    Copper Co. (96 N. Y. S. 1141)....... 914
People ex rel. Flinn v. Cullinan (97 N. Y.
    S. 194)............................ 32
People ex rel. Keim v. Desmond (97 N. Y.
    S. 795)............................ 757
People ex rel. Lawson v. Lawson (98 N. Y.
    S. 130)............................ 473
People ex rel. Levy v. Butler (96 N. Y. S.
    1141) ............................. 924
People ex rel. Lomax v. Greene (96 N. Y. S.
    1141) ............................. 914
People ex rel. Melody v. Pound (97 N. Y.
    S. 700)............................ 395
People ex rel. Michales v. Ahearn (98 N.
    Y. S. 492)......................... 741
People ex rel. O'Connell v. Hayes (96 N.
    Y. S. 1141)........................ 925
People ex rel. Stoutenburgh v. Hayes (96
    N. Y. S. 1142)..................... 925
People ex rel. Uvalde Asphalt Paving Co.
    v. Grout (98 N. Y. S. 185)........... 924
People ex rel. Venner v. New York Life
    Ins. Co. (97 N. Y. S. 465)........... 183
People ex. rel. Walters v. Lewis (97 N. Y.
    S. 1057)........................... 375
Phelps v. Phelps (96 N. Y. S. 1142)...... 921
Philip Morris & Co. v. Mendham (96 N.
    Y. S. 1142)........................ 915
Piper v. Seager (97 N. Y. S. 634)......... 113

                                      Page

Pitkin v. New York Cent. '& H. R. R. Co.
    (96 N. Y. S. 1142)................. 908
Powell v. Nevius (97 N. Y. S. 1145)...... 909
Pratt's Estate, Matter of (97 N. Y. S.
    1145) ............................. 908
Pymm v. City of New York (97 N. Y. S.
    1108) ............................. 330

Raymond v. New York Cent. & H. R. R.
    Co. (97 N. Y. S. 1145)............... 910
Raymond v. Security Trust & Life Ins. Co.
    (97 N. Y. S. 557).................. 191
Reardon v. Woerner (97 N. Y. S. 747).... 259
Reda v. Rohrich (96 N. Y. S. 1143)....... 914
Remington & Son Pulp & Paper Co. v.
    Water Com'rs of City of Watertown (96
    N. Y. S. 975)...................... 907
Remsen v. New York, Brooklyn & M. B. R.
    Co. (97 N. Y. S. 902).............. 413
Reno v. Thompson (97 N. Y. S. 744)...... 316
Rice v. Town of Adams (97 N. Y. S. 1146) 910
Ricketts, Matter of (98 N. Y. S. 502)..... 669
Ricketts v. Powell (96 N. Y. S. 1143)..... 916
Robert v. Kidansky (97 N. Y. S. 913)..... 475
Roberts v. Gifford (97 N. Y. S. 1146)..... 908
Robertson v. de Brulatour (98 N. Y. S. 15) 882
Robeson v. Herzog (96 N. Y. S. 1143).... 925
Rochester, City of, Matter of (97 N. Y. S.
    1130) ............................. 909
Rochester Dry Goods Co. v. Fahy (97 N.
    Y. S. 1013)........................ 748
Rodrigues v. Village of Ossining (97 N. Y.
    S. 742)............................ 297
Rollins v. Sidney B. Bowman Cycle Co. (96
    N. Y. S. 1143)..................... 915
Rosenfeld v. Central Vermont R. Co. (97
    N. Y. S. 905)...................... 371
Rothman v. Granat (96 N. Y. S. 1143).... 921
Rothschild, Matter of (96 N. Y. S. 1143).. 914
Rourke v. Elk Drug Co. (96 N. Y. S.
    1143) ............................. 912
Roxbury, Matter of (In re Kearney's Es-
    tate, 96 N. Y. S. 1131)............. 914
Rudomin v. Interurban St. R. Co. (98 N.
    Y. S. 506)......................... 548
Russell v. Barron (97 N. Y. S. 1061)..... 382
Russlend v. Bridge (96 N. Y. S. 1144).... 918
Ryan's Certificate, Matter of (In re Smith,
    99 N. Y. S. 1149).................. 910
Ryer v. Prudential Ins. Co. of America (96
    N. Y. S. 1144)..................... 916

Sachs v. Rose (96 N. Y. S. 1144)........ 917
Sackett & Wilhelms Lithographing & Print-
    ing Co. v. Cummins (97 N. Y. S. 749).... 300
Sadler v. Bohm (97 N. Y. S. 1146)....... 926
St. Regis Paper Co. v. Watson Page Lum-
    ber Co. (97 N. Y. S. 636)............ 108
Sallie v. New York City R. Co. (96 N. Y.
    S. 1144)........................... 925
Sarasohn v. Kamaiky (96 N. Y. S. 1144).. 925
Sartorelli v. Ezagui (96 N. Y. S. 1144)... 925
Savage v. Brooklyn Heights R. Co. (96 N.
    Y. S. 1144)........................ 916
Scherer, Matter of (97 N. Y. S. 171)..... 23
Schlesinger v. Gilhooly (97 N. Y. S. 606).. 158
Schlesinger v. Scheuer (97 N. Y. S. 1147).. 926
Schmalholz v. Schmalholz (98 N. Y. S.
    510) .............................. 543

**111 APP. DIV.**—Continued.  Page

Schmitz v. Brooklyn Union Elevated R. Co. (97 N. Y. S. 791)................. 308
Schneider, Matter of (In re Grade Crossing Com'rs, 97 N. Y. S. 1135)............. 909
School Site, Delancey & Rivington Sts., Matter of (96 N. Y. S. 1145)........... 914
Schribner v. Young (97 N. Y. S. 866).... 814
Senior v. New York City R. Co. (97 N. Y. S. 645)............................. 39
Sessler v. Martin (96 N. Y. S. 1145)...... 917
Shaughnessy v. Weekes (96 N. Y. S. 1145) ............................. 918
Shaw v. Cooke (97 N. Y. S. 235)......... 202
Shoen v. Scott (96 N. Y. S. 1145)........ 911
Shonts v. Thomas (96 N. Y. S. 1146)...... 916
Sinclair v. Higgins (97 N. Y. S. 415)..... 206
Sloan v. National Surety Co. (97 N. Y. S. 561) ............................. 94
Sloane v. Metropolitan St. R. Co. (96 N. Y. S. 1146)............................. 914
Slocum v. Town (96 N. Y. S. 1146)...... 911
Sloss Iron & Steel Co. v. Jackson Architectural Iron Works (96 N. Y. S..1146)..... 925
Smith, Matter of (97 N. Y. S. 171)....... 23
Smith, Matter of (99 N. Y. S. 1149)...... 910
Smith, Matter of (96 N. Y. S. 1146)...... 924
Smith v. Bleier (96 N. Y. S. 1146)........ 914
Smith v. Borden's Condensed Milk·Co. (96 N. Y. S. 1146)......................... 914
Smith v. Marsh (96 N. Y. S. 1146)...... 913
Smith v. Ryan (96 N. Y. S. 1146)........ 924
Smith v. Ryan (97 N. Y. S. 1148)........ 926
Snook v. French (97 N. Y. S. 1148)...... 910
Snyder, Matter of (97 N. Y. S. 1148).... 926
Snyder v. Monroe Eckstein Brewing Co. (96 N. Y. S. 1146).................... 917
Starkey v. Webster (96 N. Y. S. 1146).... 916
Standard Pub. Co. v. City of New York (97 N. Y. S. 740)..................... 260
Sterling v. Chapin (96 N. Y. S. 1147).... 912
Stevens, Matter of (98 N. Y. S. 28)...... 773
Stevens v. City of New York (97 N. Y. S. 1062) ............................. 362
Stevens v. Taylor (97 N. Y. S. 925)...... 561
Stoddard v. Rusaw (97 N. Y. S. 1148).... 909
Strobridge Lithographing Co. v. Johnston (97 N. Y. S. 1148).................... 926
Stontenburgh, People ex rel., v. Hayes (96 N. Y. S. 1142)..................... 925
Strait v. Lindsay (96 N. Y. S. 1147)...... 911
Strong, Matter of (97 N. Y. S. 459)...... 281
Stronge v. Supreme Lodge, K. P. (97 N. Y. S. 661)............................. 87
Stump v. Butterfield (96 N. Y. S. 1147).... 916
Swarthout v. Culver (96 N. Y. S. 1147).. 908
Sweet v. Howell (96 N. Y. S. 1148)...... 911
Syracuse Trust Co. v. Syracuse Const. Co. (96 N. Y. S. 1148).................... 907

Talbot v. Laubheim (96 N. Y. S. 1148).... 915
Tanenbaum v. Federal Match Co. (97 N. Y. S. 1101)............................. 416
Taylor v. Briggs (96 N. Y. S. 1148)...... 914
Terriberry v. Mathot (97 N. Y. S. 21).... 235
Thomas R. Levis & Co. v. Ehrenberg (97 N. Y. S. 1149)....................... 909
Thompson-Starrett Co. v. Brooklyn Heights Realty Co. (98 N. Y. S. 128).......... 358
Tierstein v. Glassberg (96 N. Y. S. 1148).. 919
Tierstein v. Glassberg (96 N. Y. S. 1148).. 916

Page

Tiffany's Estate, Matter of (96 N. Y. S. 1148) ............................. 914
Tishman v. Acritelli (97 N. Y. S. 668).... 237
Town of Gilboa, Matter of (In re Wood, 97 N. Y. S. 871)..................... 781
Town of North Hempstead v. Eldridge (98 N. Y. S. 157)....................... 789
Town of Oyster Bay v. Jacob (96 N. Y. S. 1148) ............................. 919
Town of Walton v. Adair (97 N. Y. S. 868) ............................. 817
Tracey v. Reid (97 N. Y. S. 1074)........ 396
Triest v. City of New York (96 N. Y. S. 1148) ............................. 921
Tynberg v. New York & H. R. Co. (96 N. Y. S. 1149)....................... 925
Tunison v. Metropolitan St. R. Co. (96 N. Y. S. 1148)........................ 913

Uhlfelder v. Palatine Ins. Co. (97 N. Y. S. 499) ............................. 57
United States Condensed Milk Co. v. Smith (97 N. Y. S. 1149).................... 908
Uvalde Asphalt Pav. Co., People ex rel., v. Grout (98 N. Y. S. 185)............... 924
Urbansky v. Shirmer (97 N. Y. S. 577).... 50

Vandevoort v. Mink (97 N. Y. S. 1149).... 910
Van Sant v. Heyman (96 N. Y. S. 1149).. 921
Van Sant v. Whitbeck (96 N. Y. S. 1149).. 921
Vaughn v. Glens Falls Portland Cement Co. (96 N. Y. S. 1149).................... 912
Venable, Matter of (97 N. Y. S. 938)...... 508
Venner, People ex rel., v. New York Life Ins. Co. (97 N. Y. S. 465)............. 183
Vines v. Clarke (97 N. Y. S. 532)........ 12
Von der Born v. Schultz (97 N. Y. S. 738).. 263
Voorhees Rubber Mfg. Co. v. McEwen, (97 N. Y. S. 942)....................... 541
Vroman v. Maher (96 N. Y. S. 1149)...... 912

Wade v. Mutual Reserve Life Ins. Co. (96 N. Y. S. 1149)....................... 923
Wadleigh v. Wadleigh (97 N. Y. S. 1063).. 367
Wahrman v. City of New York (97 N. Y. S. 1066)............................. 345
Walden v. Post (96 N. Y. S. 1149)...... 917
Walker v. Newton Falls Paper Co. (97 N. Y. S. 521)............................. 19
Wallach v. New York & H. R. Co. (97 N. Y. S. 717)....................... 273
Walrod v. Noel (96 N. Y. S. 1149)...... 911
Walters, People ex rel., v. Lewis (97 N. Y. S. 1057)............................. 375
Walton, Town of, v. Adair (97 N. Y. S. 868) ............................. 817
Wander v. Wander (97 N. Y. S. 586)...... 189
Washington v. Episcopal Church of St. Peter's (97 N. Y. S. 1072)............. 402
Watt v. Feltman (97 N. Y. S. 737)...... 314
Webel v. Kelly (97 N. Y. S. 1009)........ 521
Weber v. Wallerstein (97 N. Y. S. 846).... 693
Weber v. Wallerstein (97 N. Y. S. 852).... 700
Weddigan v. Whiting (96 N. Y. S. 1150).. 907
Weeks v. Coe (97 N. Y. S. 704).......... 337
Wendin v. Brooklyn Heights R. Co. (97 N. Y. S. 1073)....................... 390
Whitehouse v. Staten Island Supply Co. (96 N. Y. S. 1150)....................... 919
Whyard, Matter of (97 N. Y. S. 1150).... 919
Wilbert v. Isnecker (96 N. Y. S. 1150).... 907

**111 APP. DIV.**—Continued.

| | Page |
|---|---|
| Wilcox v. New York Cent. & H. R. R. Co. (96 N. Y. S. 1150) | 908 |
| Wilcox v. New York Cent. & H. R. R. Co. (97 N. Y. S. 1150) | 910 |
| Wiley, Matter of (97 N. Y. S. 1017) | 590 |
| Williams v. Metropolitan Life Ins. Co. (96 N. Y. S. 1150) | 919 |
| Williams v. Silverman Realty & Construction Co. (97 N. Y. S. 945) | 679 |
| Williams v. Wilson & McNeal Co. (97 N. Y. S. 731) | 442 |
| Williamson v. Randolph (97 N. Y. S. 949) | 539 |
| Wilson v. New York Milk Products Co. (97 N. Y. S. 1150) | 909 |
| Wilson v. Weissel (96 N. Y. S. 1151) | 916 |
| Wilson v. Weissel (96 N. Y. S. 1150) | 921 |

| | Page |
|---|---|
| Winchell v. Town of Camillus (97 N. Y. S. 1151) | 910 |
| Winter v. Friedman (97 N. Y. S. 733) | 306 |
| Wolinsky v. Okun (97 N. Y. S. 943) | 536 |
| Wood, Matter of (97 N. Y. S. 871) | 781 |
| Wood v. Rairden (97 N. Y. S. 735) | 303 |
| Wood v. Snider (96 N. Y. S. 1151) | 908 |
| Worden v. Bentley (97 N. Y. S. 1151) | 910 |
| Wulff v. Fifth Ave. Coach Co. (96 N. Y. S. 1151) | 918 |
| Yetter v. Lake Erie Wine Cellars (96 N. Y. S. 1151) | 907 |
| Zambetti v. Moder (96 N. Y. S. 1151) | 921 |

## VOL. 112, APPELLATE DIVISION REPORTS.

| A.Div. Rep. Pg. | N.Y. Supp. Vol. | N.Y. Supp. Pg. | A.Div. Rep. Pg. | N.Y. Supp. Vol. | N.Y. Supp. Pg. | A.Div. Rep. Pg. | N.Y. Supp. Vol. | N.Y. Supp. Pg. | A.Div. Rep. Pg. | N.Y. Supp. Vol. | N.Y. Supp. Pg. | A.Div. Rep. Pg. | N.Y. Supp. Vol. | N.Y. Supp. Pg. | A.Div. Rep. Pg. | N.Y. Supp. Vol. | N.Y. Supp. Pg. | A.Div. Rep. Pg. | N.Y. Supp. Vol. | N.Y. Supp. Pg. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 98 | 36 | 142 | 97 | 1107 | 273 | 97 | 1113 | 367 | 98 | 594 | 487 | 98 | 336 | 652 | 98 | 458 | 769 | 98 | 600 |
| 4 | 98 | 38 | 144 | 97 | 1110 | 276 | 98 | 429 | 370 | 98 | 438 | 489 | 98 | 523 | 655 | 98 | 541 | 772 | 99 | 201 |
| 7 | 98 | 68 | 146 | 97 | 1105 | 278 | 98 | 378 | 373 | 98 | 480 | 493 | 98 | 385 | 657 | 98 | 542 | 775 | 98 | 572 |
| 13 | 98 | 53 | 150 | 98 | 282 | 279 | 98 | 461 | 377 | 98 | 437 | 495 | 98 | 483 | 659 | 98 | 676 | 777 | 98 | 625 |
| 18 | 98 | 99 | 155 | 98 | 286 | 283 | 98 | 423 | 378 | 98 | 658 | 500 | 98 | 332 | 663 | 98 | 605 | 783 | 99 | 548 |
| 25 | 98 | 104 | 160 | 98 | 331 | 291 | 98 | 454 | 382 | 98 | 403 | 503 | 98 | 415 | 667 | 98 | 602 | 788 | 99 | 472 |
| 32 | 98 | 40 | 163 | 98 | 334 | 296 | 98 | 452 | 384 | 98 | 432 | 511 | 98 | 549 | 670 | 99 | 6 | 791 | 99 | 486 |
| 35 | 97 | 1123 | 165 | 98 | 334 | 299 | 98 | 421 | 385 | 98 | 391 | 516 | 98 | 486 | 674 | 98 | 632 | 794 | 99 | 519 |
| 39 | 98 | 163 | 166 | 98 | 290 | 302 | 98 | 420 | 387 | 98 | 393 | 524 | 98 | 525 | 680 | 98 | 880 | 798 | 99 | 392 |
| 51 | 97 | 881 | 168 | 98 | 253 | 304 | 98 | 466 | 389 | 98 | 440 | 533 | 98 | 539 | 686 | 98 | 604 | 803 | 99 | 398 |
| 57 | 97 | 1119 | 176 | 98 | 42 | 305 | 98 | 406 | 395 | 98 | 661 | 536 | 98 | 797 | 688 | 98 | 729 | 806 | 99 | 432 |
| 62 | 98 | 113 | 181 | 98 | 46 | 308 | 98 | 563 | 397 | 98 | 433 | 543 | 98 | 804 | 695 | 98 | 977 | 810 | 99 | 551 |
| 65 | 98 | 60 | 184 | 98 | 97 | 313 | 98 | 588 | 398 | 98 | 445 | 547 | 98 | 801 | 698 | 98 | 781 | 812 | 99 | 411 |
| 69 | 98 | 144 | 187 | 98 | 365 | 318 | 98 | 596 | 408 | 98 | 535 | 552 | 98 | 770 | 703 | 98 | 777 | 814 | 99 | 561 |
| 72 | 98 | 134 | 195 | 98 | 329 | 324 | 98 | 592 | 414 | 98 | 433 | 555 | 98 | 765 | 708 | 98 | 974 | 818 | 98 | 678 |
| 74 | 98 | 132 | 199 | 98 | 335 | 327 | 98 | 544 | 419 | 98 | 516 | 560 | 98 | 769 | 712 | 98 | 970 | 822 | 98 | 341 |
| 76 | 98 | 62 | 202 | 98 | 1 | 330 | 98 | 581 | 424 | 98 | 557 | 562 | 99 | 9 | 717 | 98 | 863 | 828 | 98 | 351 |
| 77 | 98 | 135 | 205 | 98 | 247 | 332 | 98 | 574 | 430 | 98 | 404 | 581 | 98 | 719 | 723 | 98 | 885 | 832 | 98 | 338 |
| 79 | 98 | 142 | 211 | 98 | 274 | 336 | 98 | 587 | 431 | 98 | 476 | 589 | 98 | 792 | 727 | 98 | 963 | 837 | 98 | 251 |
| 81 | 98 | 145 | 214 | 98 | 353 | 338 | 98 | 591 | 436 | 98 | 479 | 596 | 98 | 763 | 729 | 98 | 1076 | 840 | 98 | 347 |
| 91 | 98 | 186 | 225 | 98 | 361 | 341 | 98 | 567 | 437 | 98 | 431 | 599 | 98 | 760 | 732 | 98 | 809 | 845 | 98 | 237 |
| 97 | 97 | 1115 | 231 | 98 | 260 | 345 | 98 | 588 | 438 | 98 | 376 | 604 | 98 | 965 | 736 | 98 | 1090 | 853 | 98 | 545 |
| 99 | 98 | 297 | 234 | 98 | 388 | 347 | 98 | 577 | 442 | 98 | 394 | 609 | 98 | 614 | 738 | 98 | 1088 | 856 | 98 | 468 |
| 102 | 98 | 346 | 239 | 98 | 278 | 352 | 98 | 464 | 449 | 98 | 381 | 612 | 98 | 609 | 742 | 98 | 1092 | 860 | 98 | 519 |
| 104 | 98 | 263 | 241 | 98 | 279 | 355 | 98 | 407 | 451 | 98 | 622 | 620 | 98 | 629 | 745 | 99 | 85 | 866 | 98 | 399 |
| 109 | 98 | 268 | 246 | 98 | 294 | 356 | 98 | 444 | 456 | 98 | 548 | 625 | 98 | 739 | 748 | 99 | 76 | 872 | 98 | 1094 |
| 114 | 98 | 242 | 250 | 98 | 291 | 358 | 98 | 380 | 458 | 98 | 553 | 636 | 98 | 1049 | 751 | 98 | 954 | 875 | 98 | 1061 |
| 121 | 98 | 136 | 254 | 98 | 265 | 360 | 98 | 561 | 464 | 98 | 321 | 639 | 98 | 408 | 755 | 98 | 1031 | 877 | 98 | 1059 |
| 130 | 98 | 63 | 260 | 98 | 276 | 363 | 98 | 620 | 475 | 98 | 471 | 648 | 98 | 387 | 760 | 98 | 1052 | 880 | 98 | 751 |
| 133 | 97 | 1054 | 262 | 98 | 272 | 366 | 98 | 467 | 483 | 98 | 532 | 649 | 98 | 459 | 765 | 98 | 957 | 883—923* | | |
| 138 | 97 | 1111 | 265 | 98 | 371 | | | | | | | | | | | | | | | |

*Memorandum decisions; parallel citations not required.

## VOL. 112, APPELLATE DIVISION REPORTS.

| | Page |
|---|---|
| Abrahamson v. General Supply & Construction Co. (98 N. Y. S. 596) | 318 |
| Abrams, Matter of (98 N. Y. S. 1096) | 923 |
| A. Buchanan's Sons v. Cranford Co. (98 N. Y. S. 378) | 278 |
| Adams, Matter of (97 N. Y. S. 1127) | 904 |
| Adams v. Lawson (97 N. Y. S. 1127) | 886 |
| Agresta v. Stevenson (98 N. Y. S. 594) | 367 |
| Agricultural Ins. Co. v. Smith (98 N. Y. S. 347) | 840 |

| | Page |
|---|---|
| Ahrons v. Cuneo Trading Co. (98 N. Y. S. 1096) | 911 |
| Alden v. Aluminum Press Co. (99 N. Y. S. 1134) | 913 |
| Allen v. New York Sav. Bank (97 N. Y. S. 1127) | 886 |
| Allen v. Pierson (97 N. Y. S. 1127) | 901 |
| Allter v. Jerome (97 N. Y. S. 1127) | 905 |
| Amsterdam Ave., Matter of (98 N. Y. S. 331) | 160 |

**112 APP. DIV.**—Continued.  Page

Amsterdam Ave., Matter of (98 N. Y. S. 334) .............................. 163
Amsterdam Ave., Matter of (98 N. Y. S. 334) .............................. 165
Amsterdam Ave., Matter of (In re College Site, 98 N. Y. S. 1099)............ 912
Andrews v. Reiners (98 N. Y. S. 658).... 378
Antes v. Watkins (98 N. Y. S. 519)...... 860
Archer-Nesbitt, Matter of (98 N. Y. S. 1109) 899
Arcieri v. Long Island R. Co. (98 N. Y. S. 1096) ................................ 912
Armstrong v. Armstrong (96 N. Y. S. 1112) ................................ 898
Ashheim, Matter of (98 N. Y. S. 1096).. 913

Back v. Muller (98 N. Y. S. 1096).... 919
Bacon, Matter of (98 N. Y. S. 290)...... 166
Bainbridge's Estate, Matter of (98 N. Y. S. 1096) ............................. 890
Baker, Matter of (98 N. Y. S. 331)...... 160
Baker v. Packard (98 N. Y. S. 804)...... 543
Baldinger v. Schwartzler (97 N. Y. S. 1127) ................................ 886
Bambace v. Interurban St. R. Co. (97 N. Y. S. 1127) ......................... 898
Bambace v. Interurban St. R. Co. (98 N. Y. S. 1096)......................... 913
Banister's Will, Matter of (98 N. Y. S. 1096) ................................ 902
Bannon v. New York Cent. & H. R. R. Co. (98 N. Y. S. 770)..................... 552
Barber v. Dreyfus (98 N. Y. S. 1097)... 891
Barbour, Matter of (99 N. Y. S. 1134).... 913
Barg v. Dry Dock, E. B. & B. R. Co. (98 N. Y. S. 1097)....................... 922
Barnes v. Carlisle (97 N. Y. S. 1127).... 886
Barr v. New York Cent. & H. R. R. Co. (98 N. Y. S. 1097)..................... 901
Barrus v. Parsons (97 N. Y. S. 1128).... 904
Barrus v. Parsons (97 N. Y. S. 1128).... 905
Barson v. Mulligan (98 N. Y. S. 1097).... 899
Baughen v. New York City R. Co. (98 N. Y. S. 1097)........................... 922
Baxter v. Conner (97 N. Y. S. 1128).... 891
Beaver v. Metropolitan St. R. Co. (98 N. Y. S. 1097).......................... 910
Becker v. Hotchkin (97 N. Y. S. 1128).. 901
Beecroft v. New York Athletic Club of City of New York (98 N. Y. S. 1097)...... 917
Beekman v. Congress Brewing Co. (97 N. Y. S. 1128)........................... 887
Belden v. Oldsmobile Co. (98 N. Y. S. 1097) ................................ 899
Bellinger v. Rice (98 N. Y. S. 1097).... 903
Bender, People ex rel., v. Milliken (97 N. Y. S. 1143)............................ 906
Bender, People ex rel., v. Milliken (97 N. Y. S. 223)............................. 907
Berkowitz v. Chicago, M. & St. P. R. Co. (98 N. Y. S. 1097)..................... 922
Berlin v. Berlin (99 N. Y. S. 1135)...... 914
Bernhardt, Matter of (98 N. Y. S. 1099).. 912
Bernstein v. New York House Wrecking Co. (97 N. Y. S. 1128)................. 891
Berthelson v. Gabler (97 N. Y. S. 1128).. 890
B. F. Boyer Co. v. Shaffer (98 N. Y. S. 1098) ................................ 923
Biesenthal v. Wise (97 N. Y. S. 1128).... 894
Biogioni v. Eglee Bunting Co. (98 N. Y. S. 591)................................. 338

Bishop v. American Bridge Co. of New York (98 N. Y. S. 1098).............. 905
Bjerrum v. Springfield Breweries Co. (98 N. Y. S. 1098)......................... 919
Blair v. Utica & M. V. R. Co. (98 N. Y. S. 614) ................................ 609
Blanck v. Preston (97 N. Y. S. 1128).. 887
Blanck v. Preston (98 N. Y. S. 1098).... 917
Bloomgarden v. Hoffman (97 N. Y. S. 1128) ................................ 887
Blum v. Whitney (97 N. Y. S. 1128).... 900
Board of Rapid Transit R. Com'rs of City of New York, Matter of (97 N. Y. S. 1129)............................... 893
Board of Rapid Transit R. Com'rs of City of New York, Matter of (98 N. Y. S. 1098) ................................ 918
Boody v. Johnstone (97 N. Y. S. 1129).. 892
Borrelli v. Pohle (97 N. Y. S. 1129)..... 890
Bossert v. City of New York (97 N. Y. S. 1129) ................................ 887
Bossert v. Seldner (97 N. Y. S. 1129).... 885
Boyer Co. v. Shaffer (98 N. Y. S. 1098).. 923
Bradley v. Standard Life & Accident Ins. Co. (98 N. Y. S. 797)................. 536
Brady v. Powers (98 N. Y. S. 237)...... 845
Brady's Estate, Matter of (98 N. Y. S. 1098) ................................ 918
Brandt v. H. A. Baker & Co. (97 N. Y. S. 1129 ................................ 887
Brewster v. Montanye (99 N. Y. S. 1135) ................................ 914
Briggs v. Weeks (97 N. Y. S. 1129)..... 904
Brink v. Stratton (98 N. Y. S. 421)..... 299
Brodt v. Forsyth (97 N. Y. S. 1129).... 887
Brooklyn Bar Ass'n, Matter of (98 N. Y. S. 1098)............................. 918
Brooklyn, Q. C. & S. R. Co., Matter of (97 N. Y. S. 1129).................... 885
Brooklyn Union Elevated R. Co. v. City of New York (98 N. Y. S. 1098).......... 923
Brooks v. International R. Co. (98 N. Y. S. 765) ................................ 555
Broughton v. City of Mt. Vernon (97 N. Y. S. 1129)............................ 892
Brower's Will, Matter of (98 N. Y. S. 438) ................................ 370
Brown v. Faile (98 N. Y. S. 420)........ 302
Brown v. Gilmour (97 N. Y. S. 1129).... 887
Brown v. New York Cent. & H. R. R. Co. (98 N. Y. S. 1098)..................... 901
Brown v. Palmer (97 N. Y. S. 1130).... 903
Brown v. Retsof Mining Co. (97 N. Y. S. 1130) ................................ 887
Brown v. Smith (97 N. Y. S. 1130)...... 900
Buchanan's Sons v. Cranford Co. (98 N. Y. S. 378)............................. 278
Buckley v. Citizens' Ins. Co. of Missouri (98 N. Y. S. 622)..................... 451
Buel v. Brooklyn Heights R. Co. (98 N. Y. S. 1098)............................. 891
Buellesbach v. Henderson (98 N. Y. S. 36) ................................... 1
Buongierno v. Schiller (98 N. Y. S. 464).. 916
Burke v. O'Brien (97 N. Y. S. 1130)..... 885
Burnham v. Tryon (98 N. Y. S. 600).... 769
Burns v. United States Printing Co. of Ohio (97 N. Y. S. 1130)............... 892
Busch v. Interborough Rapid Transit Co. (96 N. Y. S. 1116)..................... 898

**112 APP. DIV.**—Continued.    Page

Busch v. Reinheimer (97 N. Y. S. 1130) .. 887
Bushe v. Wright (99 N. Y. S. 1136) .... 915
Buskist v. Wait (98 N. Y. S. 1098) ...... 902
Buss v. Rosenberg (97 N. Y. S. 1130) .... 887

Cadigan v. Glens Falls Gas & Electric
  Light Co. (98 N. Y. S. 954) .......... 751
Carroll v. Long Island R. Co. (98 N. Y.
  S. 1098) ........................ 891
Carthage, Village of, v. Central New York
  Telephone & Telegraph (97 N. Y. S.
  1149) ........................... 903
Cartier v. Pabst Brewing Co. (98 N. Y.
  S. 516) .......................... 419
Cassatt v. Sproul (99 N. Y. S. 1136) ..... 913
Ceballos v. Munson S. S. Line (98 N. Y.
  S. 464) .......................... 352
Chase v. H. A. Baker & Co. (97 N. Y.
  S. 1130) ......................... 887
Cheever v. New York Transp. Co. (98 N.
  Y. S. 1099) ...................... 919
Christie v. Miller (98 N. Y. S. 1099) .... 898
Chumar v. Melvin (98 N. Y. S. 351) ...... 828
Citizens' Nat. Bank of Saratoga Springs
  v. Bang (99 N. Y. S. 76) ............ 748
Citizens' Trust Co., Matter of (97 N. Y.
  S. 1130) ......................... 885
Citizens' Trust Co. of Brooklyn, Matter of
  (98 N. Y. S. 1099) ................ 918
City of Geneva, People ex rel., v. Geneva,
  W., S. F. & C. L. Traction Co. (98 N. Y.
  S. 719) .......................... 581
City of New York, Matter of (In re Am-
  sterdam Ave., 98 N. Y. S. 331) ........ 160
City of New York, Matter of (In re Am-
  sterdam Ave., 98 N. Y. S. 334) ........ 163
City of New York, Matter of (In re Am-
  sterdam Ave., 98 N. Y. S. 334) ........ 165
City of New York, Matter of (In re East
  138th St., 99 N. Y. S. 1138) .......... 914
City of New York, Matter of (98 N. Y.
  S. 1099) ......................... 912
City of New York, Matter of (101 N. Y.
  S. 1116) ......................... 912
City of Rochester, Matter of (People ex
  rel. Rochester R. & Light Co. v. Stearns,
  98 N. Y. S. 1112) .................. 906
City of Rochester, Matter of (97 N. Y. S.
  1144) ........................... 907
City of Watertown v. Rodenbaugh (98 N.
  Y. S. 885) ....................... 723
Clancy v. Yonkers R. Co. (97 N. Y. S.
  1131) ........................... 887
Clark v. General Chemical Co. (98 N. Y. S.
  1099) ........................... 891
Clark v. Lynch (97 N. Y. S. 1131) ...... 905
Cleary v. Waterbury Co. (97 N. Y. S.
  1131) ........................... 892
Clews v. Peper (98 N. Y. S. 404) ........ 430
Closson v. Thompson Pulp & Paper Co. (97
  N. Y. S. 1113) .................... 273
Coatsworth v. Lehigh Valley R. Co. (98 N.
  Y. S. 1099) ...................... 901
Coe v. Geneva Power & Light Co. (97 N.
  Y. S. 1131) ...................... 904
Cohen v. Behr (98 N. Y. S. 1099) ........ 923
Cohen v. Cohen (99 N. Y. S. 1136) ........ 914
Cohen v. Sun Insurance Co. (99 N. Y. S.
  1136) ........................... 914
Cohn v. Hessel (96 N. Y. S. 1120) ........ 898

Cole v. Sweet (98 N. Y. S. 625) ......... 777
Coleman v. New York Cent. & H. R. R. Co.
  (98 N. Y. S. 1099) ................. 902
Coles v. Interurban St. R. Co. (97 N. Y. S.
  1131) ........................... 900
College Site, In re (98 N. Y. S. 1099) .... 912
Condon v. Church of St. Augustine (98 N.
  Y. S. 253) ....................... 168
Conlon v. City of New York (98 N. Y. S.
  1099) ........................... 912
Connell v. Connell (98 N. Y. S. 1099) ..... 919
Connell v. Hayes (97 N. Y. S. 1131) ...... 887
Connor's Will, Matter of (97 N. Y. S.
  1131) ........................... 885
Conroy v. Acken (98 N. Y. S. 1099) ....... 918
Continental Ins. Co., People ex rel., v.
  O'Donnel (98 N. Y. S. 1112) .......... 899
Coombs v. Kenyon (In re Waterman's Es-
  tate, 98 N. Y. S. 583) .............. 313
Cooney's Will, Matter of (98 N. Y. S. 676) 659
Cooper, Matter of (96 N. Y. S. 1121) ..... 895
Corbally v. Erie R. Co. (98 N. Y. S. 1100) 919
Corcoran, People ex rel., v. McAdoo (97 N.
  Y. S. 1144) ...................... 900
Cornell v. Burhans (97 N. Y. S. 1148) .... 907
Costello v. Outterson (98 N. Y. S. 880) ... 680
County of Dutchess v. State (98 N. Y. S.
  1101) ........................... 905
Crowell v. Orange County Traction Co. (97
  N. Y. S. 1131) .................... 892
Crowley v. State (98 N. Y. S. 1094) ....... 872
Cullinan v. Daly (99 N. Y. S. 1137) ....... 913
Cummings, People ex rel., v. Greene (97
  N. Y. S. 748) .................... 883
Cunningham v. Peirce (98 N. Y. S. 60) .... 65
Curry v. Prudential Ins. Co. of America (99
  N. Y. S. 1137) .................... 913
Cutter v. Gudebrod Bros. Co. (97 N. Y. S.
  1131) ........................... 894

Dancy v. Walz (98 N. Y. S. 407) ........ 355
Darrin v. Federal Union Surety Co. (97 N.
  Y. S. 1131) ...................... 887
Dassau v. New York Ice Co. (98 N. Y. S.
  1100) ........................... 898
Davenport v. Corbett (98 N. Y. S. 403) ... 382
Davidson v. Jones (98 N. Y. S. 265) ...... 254
Davis v. Broadalbin Knitting Co. (99 N.
  Y. S. 1137) ...................... 907
De Agramonte v. City of Mt. Vernon
  (98 N. Y. S. 454) ................. 291
De Agramonte v. City of Mt. Vernon (98
  N. Y. S. 1100) .................... 919
Dealy v. Coble (98 N. Y. S. 452) ........ 296
De Barbieri v. Societa Giuseppe Mazzini
  Italiana Di Mutuo Soccorso (98 N. Y. S.
  1100) ........................... 911
Deegan v. Syracuse Lighting Co. (97 N. Y.
  S. 1131) ......................... 901
De Ford v. Gleason (97 N. Y. S. 1132) .... 904
Demmerle v. City of New York (98 N. Y.
  S. 1100) ......................... 912
Demuth Glass Mfg. Co. v. Royal Glass Jar
  & Bottle Co. (97 N. Y. S. 1132) ....... 894
Denike v. Denike (97 N. Y. S. 1132) ...... 885
Denike v. Denike (98 N. Y. S. 1100) ...... 918
Depew v. New York City R. Co. (98 N. Y.
  S. 276) .......................... 260
De Puy, Matter of (97 N. Y. S. 1132) .... 904

**112 APP. DIV.**—Continued.   Page

Derby v. Degnon-McLean Contracting Co.
(98 N. Y. S. 592) .................... 324
De Ronda v. Bell (99 N. Y. S. 1138) ..... 915
Desmond v. New York & Q. Electric Light
& Power Co. (97 N. Y. S. 1132) ........ 887
Deuel, Matter of (98 N. Y. S. 297) ....... 99
Devine v. Hart (97 N. Y. S. 1132) ........ 887
De Wolff v. Howe (98 N. Y. S. 262) ...... 104
Dick v. Marvin (97 N. Y. S. 1132) ....... 904
Dickinson v. Oliver (99 N. Y. S. 432) .... 806
Diehl v. City of New York (98 N. Y. S.
1100) ............................... 912
Dillon v. Mandelbaum (97 N. Y. S. 1132) 894
Doersch v. Central Paper Box Co. (98 N. Y.
S. 1100) ............................ 919
Dolan v. Long Island R. Co. (97 N. Y. S.
1133) ............................... 892
Donnelly v. Hellman (98 N. Y. S. 1100) .. 923
Donnelly v. Third Ave. R. Co. (98 N. Y.
S. 387) ............................. 648
Donohue's Will, Matter of (98 N. Y. S.
1100) ............................... 920
Dooher v. Barry (98 N. Y. S. 1100) ...... 923
Doremus, Matter of (98 N. Y. S. 1100) .... 915
Dorf v. Henry Miles & Sons (98 N. Y. S.
1100) ............................... 919
Dorienza v. New York City R. Co. (99 N.
Y. S. 1138) ......................... 913
Dorr v. Esders (97 N. Y. S. 1133) ........ 896
Dougherty v. McCollum (98 N. Y. S. 590) .. 917
Downey v. Hodgins (98 N. Y. S. 1101) .... 899
Doyle v. Delaney (98 N. Y. S. 468) ....... 856
Doyle v. Delaney (98 N. Y. S. 1101) ...... 899
Drexel v. Hollander (98 N. Y. S. 104) ..... 25
Dunham v. Hastings Pav. Co. (99 N. Y. S.
1138) ............................... 915
Dutchess County v. State (98 N. Y. S.
1101) ............................... 905
Dwight v. Lawrence (99 N. Y. S. 1138) .. 915
Dwyer, Matter of (98 N. Y. S. 329) ....... 195

East One Hundred & Thirty-Eighth St.,
Matter of (99 N. Y. S. 1138) ........ 914
Ebling Brewing Co. v. New York City
Interborough R. Co. (98 N. Y. S. 1101) 912
Egan, Matter of (97 N. Y. S. 1134) ....... 894
Egan's Will, Matter of (99 N. Y. S. 1138) 913
Ehde v. Golde (97 N. Y. S. 1134) ........ 903
Ehrich v. Grant (96 N. Y. S. 1124) ....... 898
Eighth Ward Bank of Brooklyn v. Ehrlich
(97 N. Y. S. 766) .....................883
Eisig v. Smith (98 N. Y. S. 1101) ........ 920
Electric Steel Elevator Co. v. John Kam
Malting Co. (98 N. Y. S. 604) ........ 686
Elliott v. Winterstein (97 N. Y. S. 1134) .. 905
Enequist v. City of New York (98 N. Y. S.
1101) ...............................920
Enequist v. Read Holliday & Sons (98 N.
Y. S. 1101) ......................... 920
Ennis, Matter of (98 N. Y. S. 1101) ...... 918
Eppens, Smith & Wiemann Co. v. Hart-
ford Fire Ins. Co. (97 N. Y. S. 1134) .... 900
Eugene C. Lewis Co. v. Metropolitan Realty
Co. (98 N. Y. S. 391) ................ 385
Everett v. Village of Potsdam (98 N. Y. S.
963) ................................ 727

Fagan v. McDonnell (100 N. Y. S. 1114) .. 885
Fanning v. Varick Contracting Co. (98 N.
Y. S. 1101) ......................... 899

  Page

Farrell v. Town of North Elba (97 N. Y.
S. 1110) ............................ 144
Farwell v. Boody (98 N. Y. S. 385) ....... 493
Fawcett v. City of New York (98 N. Y. S.
286) ................................ 155
Fay v. Moose River Lumber Co. (97 N. Y.
S. 1134) ............................ 901
Feldman v. Goldberg (98 N. Y. S. 1101) .. 920
Ferguson v. W. & J. Sloane (97 N. Y. S.
1134) ............................... 887
Ferm v. New York, O. & W. R. Co. (98 N.
Y. S. 1102) ......................... 920
Fielding, People ex rel., v. Greene (98 N.
Y. S. 1112) ......................... 923
Fiesel v. New York & Q. C. R. Co. (97 N.
Y. S. 1134) ......................... 888
Fink v. Hartog & Beinhauer Candy Co. (98
N. Y. S. 393) ....................... 387
Firestone v. Realty Associates (98 N. Y.
S. 1102) ............................ 920
First Nat. Bank of City of Brooklyn v.
Gridley (98 N. Y. S. 445) ............ 398
First Nat. Bank of Ossining v. Hoag (98
N. Y. S. 1102) ...................... 920
Fitch v. Hay (98 N. Y. S. 1090) ......... 736
Fitzpatrick v. Oldner (98 N. Y. S. 1102) .. 920
Flash v. Early (98 N. Y. S. 1102) ....... 920
Foley v. Smith (98 N. Y. S. 1102) ........ 912
Forgesen v. Schultz (98 N. Y. S. 1102) .... 911
Fourth Ave. Route, Matter of (In re Board
of Rapid R. Com'rs of City of New York,
97 N. Y. S. 1129) ................... 893
Fox v. New York City Interborough R. Co.
(98 N. Y. S. 338) ................... 832
Fox v. New York City Interborough R. Co.
(98 N. Y. S. 341) ................... 910
Fox v. New York City Interborough R. Co.
(98 N. Y. S. 1102) .................. 915
Franklin v. Leiter (98 N. Y. S. 1102) .... 899
Franklin v. New York Herald Co. (97 N.
Y. S. 1134) ......................... 888
Frederick v. City of Gloversville (97 N. Y.
S. 1105) ............................ 146
Freund v. Kremer (97 N. Y. S. 1135) .... 900
Friedman v. City of New York (98 N. Y. S.
1102) ............................... 912
Fuller Buggy Co. v. Waldron (99 N. Y. S.
561) ................................ 814

Ganesvoort Bank v. Empire State Surety
Co. (98 N. Y. S. 382) ............... 500
Ganonico v. Cunard S. S. Co. (98 N. Y. S.
1098) ............................... 915
Garanto v. Dooling (97 N. Y. S. 1135) .... 888
Gardner, People ex rel., v. Supreme Court
I. O. F. (98 N. Y. S. 1112) ........... 906
Gause v. Commonwealth Trust Co. (98
N. Y. S. 1102) ...................... 913
Gause v. Commonwealth Trust Co. of New
York (98 N. Y. S. 1102) ............. 900
Gegan v. Union Trust Co. of New York
(99 N. Y. S. 1139) .................. 914
Geneva, City of, People ex rel., v. Geneva,
W., S. F. & C. L. Traction Co. (98 N.
Y. S. 719) .......................... 581
Geneva Mineral Springs Co. v. Steele (98
N. Y. S. 1103) ...................... 901
Geneva Mineral Springs Co. v. Steele (97
N. Y. S. 1135) ...................... 905
Gilbert v. Westergren (97 N. Y. S. 1135) .. 894

**112 APP. DIV.—Continued.**    Page

Gilhooly, People ex rel., v. McAdoo (97 N. Y. S. 1144) ................ 886
Gillian v. Dyett (98 N. Y. S. 1103) ...... 913
Glanckopf v. Schultz (98 N. Y. S. 1103) .. 911
Gleason v. Mayhew (98 N. Y. S. 1103) .. 901
Gleitsman, People ex rel., v. Lewis (97 N. Y. S. 1144) ................ 889
Glover v. Interborough Rapid Transit Co. (99 N. Y. S. 1139) ................ 914
Gottsberger, People ex rel., v. Littleton (97 N. Y. S. 1144) ................ 889
Gottsberger, People ex rel., v. Littleton (98 N. Y. S. 1112) ................ 922
Greehy v. Metropolitan St. R. Co. (98 N. Y. S. 274) ................ 211
Greene v. New York Cent. & H. R. R. Co. (97 N. Y. S. 1135) ................ 903
Greenley v. Early (97 N. Y. S. 1136) .... 885
Griffin v. New York City R. Co. (98 N. Y. S. 1103) ................ 899
Grimes v. Long Island R. Co. (97 N. Y. S. 1136) ................ 892
Grimm v. Krahmer (98 N. Y. S. 523) .... 489
Grossier v. Meyer (97 N. Y. S. 1136) .... 888
Gruenstein v. Gurley (96 N. Y. S. 1127) .. 898
Gruenstein v. Gurley (99 N. Y. S. 1139) .. 915
Gurski v. Doscher (98 N. Y. S. 588) ..... 345
Gutheil v. City of New York (98 N. Y. S. 1103) ................ 918
Gutkes v. New York Produce Exch. (98 N. Y. S. 1103) ................ 920
Gutkes v. New York Produce Exch. (98 N. Y. S. 1103) ................ 923

Haack v. Brooklyn Labor Lyceum Ass'n (97 N. Y. S. 1136) ................ 888
Haack v. Brooklyn Labor Lyceum Ass'n (97 N. Y. S. 1136) ................ 893
Haase v. Schneider (98 N. Y. S. 587) .... 336
Hahlo v. Cole (98 N. Y. S. 1049) ........ 636
Hahlo v. Cole (99 N. Y. S. 1139) ........ 913
Haigh v. Whitlock (98 N. Y. S. 1103) .. 915
Haight v. Haight & Freese Co. (98 N. Y. S. 471) ................ 475
Hall v. Metropolitan St. R. Co. (99 N. Y. S. 1139) ................ 913
Hall v. New York, C. & St. L. R. Co. (97 N. Y. S. 1136) ................ 903
Halloran v. Straus (98 N. Y. S. 1103) .. 899
Hamilton Street in Village of La Salle, Matter of (97 N. Y. S. 1136) .......... 905
Hammond v. Sullivan (99 N. Y. S. 472) .. 788
Handibode v. City of New York (98 N. Y. S. 1103) ................ 910
Harding, Matter of (97 N. Y. S. 1136) .. 907
Harris v. Baltimore Machine & Elevator Co. (98 N. Y. S. 440) ................ 389
Harrison v. Jacobs (98 N. Y. S. 1103) .... 903
Hauser v. New York & Q. Electric Light & Power Co. (97 N. Y. S. 1136) ........ 888
Haven v. Nichols (97 N. Y. S. 1136) .... 900
Haviland v. Thayer (Keogh, Matter of, 98 N. Y. S. 433) ................ 414
Hawkesbury Lumber Co. v. Paterson (99 N. Y. S. 1140) ................ 914
Hawkins v. Gossner (97 N. Y. S. 1136) .. 894
Hawley, Matter of (98 N. Y. S. 1104) .. 902
Hay, Matter of (98 N. Y. S. 334) ........ 165
Hays v. Faatz Reynolds Felting Co. (98 N. Y. S. 386) ................ 487

Heifer v. Consumers' Park Brewing Co. of Brooklyn (97 N. Y. S. 1137) .......... 888
Helwig, People ex rel., v. McAdoo (97 N. Y. S. 1144) ................ 886
Herb, Matter of (98 N. Y. S. 334) ...... 163
Herbst v. Kellogg Mfg. Co. (98 N. Y. S. 444) ................ 356
Hermann v. Hermann (98 N. Y. S. 655) .. 891
Hettrick v. Selner (98 N. Y. S. 1104) .... 920
Hibbs v. Brown (98 N. Y. S. 353) ........ 214
Higgins v. Wentworth (98 N. Y. S. 1104) ................ 923
Hildreth v. City of New York (98 N. Y. S. 1104) ................ 913
Hildreth v. Mercantile Trust Co. (98 N. Y. S. 582) ................ 916
Hilton v. Cram (97 N. Y. S. 1123) ...... 35
Hirsch, Matter of (98 N. Y. S. 1104) ..... 913
Hirsch v. American Dist. Tel. Co. (98 N. Y. S. 371) ................ 265
Hirsch's Estate, Matter of (99 N. Y. S. 1140) ................ 914
Hodge v. Rutland R. Co. (97 N. Y. S. 1107) ................ 142
Hoffman House, New York v. Manhattan Storage & Warehouse Co. (98 N. Y. S. 1104) ................ 898
Holmes v. New York Cent. & H. R. R. Co. (97 N. Y. S. 1137) ................ 904
Holsgrove v. Interurban St. R. Co. (98 N. Y. S. 1104) ................ 910
Hopkins' Will, Matter of (97 N. Y. S. 1137) ................ 890
Horning v. Hudson River Tel. Co. (97 N. Y. S. 1137) ................ 905
Horowitz v. Goodman (98 N. Y. S. 53) .. 13
Horrmann v. Furgueson (98 N. Y. S. 1104) ................ 920
Hoyt v. J. E. Davis Mfg. Co. (98 N. Y. S. 1031) ................ 755
Hubbs v. Lehmann (97 N. Y. S. 1137) .. 888
Hudson & M. R. Co. v. Wendel (98 N. Y. S. 341) ................ 822
Hughes v. Havens (98 N. Y. S. 1104) .... 902
Hull, Matter of (98 N. Y. S. 1104) .... 906
Hummel v. Hurd (98 N. Y. S. 801) ..... 547
Hummel, People ex rel., v. Reardon (98 N. Y. S. 399) ................ 866
Hunn v. Wilmarth (97 N. Y. S. 1137) .... 892
Hunn v. Wilmarth (98 N. Y. S. 1105) ... 918
Hyde v. Anderson (98 N. Y. S. 62) ...... 76

Indrizzo v. New York City R. Co. (98 N. Y. S. 1105) ................ 891
Industrial & General Trust v. Tod (97 N. Y. S. 1137) ................ 900
Industrial & General Trust v. Tod (99 N. Y. S. 1140) ................ 914
Isbell-Porter Co. v. Heineman (97 N. Y. S. 1138) ................ 900
Isham v. Erie R. Co. (98 N. Y. S. 609) .. 612

Jacobs v. Mexican Sugar Refining Co. (98 N. Y. S. 542) ................ 657
Jacobs v. Mexican Sugar Refining Co. (98 N. Y. S. 541) ................ 655
J. A. Mahlstedt Lumber & Coal Co. v. Tier (97 N. Y. S. 1138) ................ 889
Janin v. Jacobson (98 N. Y. S. 1105) .... 923

**112 APP. DIV.**—Continued.　Page

Jarashow v. Sun Printing & Publishing Ass'n (97 N. Y. S. 1138) ............ 888
Jay, People ex rel., v. O'Donnel (98 N. Y. S. 1112) ...................... 899
Jensen v. Welsing (In re Milligan's Estate, 98 N. Y. S. 480) ............ 373
Jerome, People ex rel., v. Court of General Sessions (98 N. Y. S. 557) ........ 424
Jetter v. Scallon (97 N. Y. S. 1138) ...... 900
J. J. Spurr & Sons v. Empire State Surety Co. (98 N. Y. S. 1105) ............ 919
John Single Paper Co., People ex rel., v. Edgcomb (98 N. Y. S. 965) ......... 604
Johnson v. Empire State Dairy Co. (98 N. Y. S. 1105) ................. 920
Johnson v. Fey (97 N. Y. S. 1138) ........ 888
Johnson v. Grenell (98 N. Y. S. 629) .... 620
Johnson v. Onondaga Paper Co. (98 N. Y. S. 602) ................... 667
Johnston v. Hughes (98 N. Y. S. 525) .... 524
John Turl's Sons, People ex rel., v. O'Donnel (98 N. Y. S. 1112) ............ 912
Jones v. Arkenburgh (98 N. Y. S. 532) .. 483
Judge v. Interurban St. R. Co. (97 N. Y. S. 1138) ...................... 895
Judicial Salesrooms, Matter of (97 N. Y. S. 1138) ...................... 900
Judson v. Richards (98 N. Y. S. 1105) .... 912

Katzenstein v. Jonasson (98 N. Y. S. 1105) ...................... 915
Keene v. Newark Watch Case Material Co. (98 N. Y. S. 68) ............... 7
Kellogg v. Kovar (98 N. Y. S. 1105) .... 912
Kelsey v. Church (98 N. Y. S. 535) .... 408
Kennedy's Estate, Matter of (98 N. Y. S. 1105) ...................... 902
Kennedy's Estate, Matter of (97 N. Y. S. 1138) ...................... 905
Keogh, Matter of (98 N. Y. S. 433) ...... 414
Kervan v. Morison (97 N. Y. S. 1138) .. 892
Kesselman v. Reiss (97 N. Y. S. 1138) .. 888
Kiernan, Matter of (98 N. Y. S. 1105) .. 899
Kilgen, Matter of (98 N. Y. S. 1110) .. 922
King v. New York Cent. & H. R. R. Co. (98 N. Y. S. 1105) ............... 905
Kissinger v. Livingstone (98 N. Y. S. 1106) ...................... 913
Klarmann v. Grauer (98 N. Y. S. 1106) .. 920
Klein v. Garvey (98 N. Y. S. 1106) .... 911
Klein v. Morrisey (98 N. Y. S. 1106) .... 920
Kletzein v. Kletzein (98 N. Y. S. 1106) .. 921
Knickerbocker Trust Co. v. Oneonta, C. & R. S. R. Co. (97 N. Y. S. 1138) ........ 906
Knowles v. Board of Sup'rs of Chemung County (97 N. Y. S. 1111) ............ 138
Koebel v. Beetson (98 N. Y. S. 408) ....... 639
Kosower v. Sandler (98 N. Y. S. 1106) .. 915
Koster v. Coyne (97 N. Y. S. 1138) ...... 885
Kranz v. Lewis (98 N. Y. S. 1106) ....... 923
Kushes v. Ginsberg (98 N. Y. S. 1106) ... 913

Lablack v. Brooklyn Heights R. Co. (97 N. Y. S. 1139) ................. 888
La Chicotte, People ex rel., v. Best (98 N. Y. S. 1112) ................. 912
Lackner v. American Clothing Co. (98 N. Y. S. 376) ................... 438
Lackner v. American Clothing Co. (97 N. Y. S. 1139) ................. 885

　Page

Lahey, People ex rel., v. Woodbury (98 N. Y. S. 142) ................... 79
Lake Erie Boiler Compound Co. v. Caldwell (98 N. Y. S. 1106) ......... 902
Lambert v. St. Bernard's Seminary (In re Cooney's Will, 98 N. Y. S. 676) ........ 659
Lane v. New York Cent. & H. R. R. Co. (97 N. Y. S. 1139) ............... 904
Lapieduse v. Syracuse Rapid Transit R. Co. (97 N. Y. S. 1139) ............... 904
Larkin v. McNamee (97 N. Y. S. 1139) ... 885
Larkin v. McNamee (97 N. Y. S. 1139) ... 890
Laturen v. Bolton Drug Co. (98 N. Y. S. 1106) ...................... 921
Lau v. Volkmann (97 N. Y. S. 1139) ..... 888
Laughlin v. People's Gas, Light & Coke Co. (98 N. Y. S. 1106) ............... 901
Lavandowski v. Dymowski (97 N. Y. S. 1139) ...................... 888
Lawrence v. Grout (98 N. Y. S. 279) .... 241
Lawson v. Lawson (97 N. Y. S. 1139) ..... 892
Lederer v. McElroy (98 N. Y. S. 247) .... 205
Lefevre v. Silo (98 N. Y. S. 321) ......... 464
Leifert v. Interborough Rapid Transit Co. (97 N. Y. S. 1139) ............... 889
Leifert v. Interborough Rapid Transit Co. (97 N. Y. S. 1139) ............... 893
Leu v. Koscherak (97 N. Y. S. 1139) ..... 885
Levy v. Bingham (98 N. Y. S. 1106) .... 921
Levy v. City of New York (98 N. Y. S. 1107) ...................... 919
Lewis v. Town of Cornwall (97 N. Y. S. 1140) ...................... 885
Lewis Co. v Metropolitan Realty Co. (98 N. Y. S. 391) ................... 385
Lighton v. City of Syracuse (98 N. Y. S. 792) ...................... 589
Lipis v. Metropolitan St. R. Co. (98 N. Y. S. 259) ...................... 909
Lipshitz v. Salaway (98 N. Y. S. 1107) .... 921
Lipshitz v. Schneider (98 N. Y. S. 1107) .. 921
Lischinsky v. Hellinger (97 N. Y. S. 1140) 894
Loewer v. German-American Bank (98 N. Y. S. 1107) ................. 901
Lomas v. New York City R. Co. (98 N. Y. S. 1107) ...................... 919
Love v. Burton (97 N. Y. S. 1140) ........ 885
Lovett v. Lovett (98 N. Y. S. 1107) ...... 921
Lowry v. Interurban St. R. Co. (98 N. Y. S. 1107) ...................... 911
Lowther v. Rader (98 N. Y. S. 1107) ...... 899
Luckey v. Mockridge (98 N. Y. S. 335) .. 199
Luckey v. Mockridge (98 N. Y. S. 337) ... 908
Ludlow v. Galindo (97 N. Y. S. 1140) .... 889
Ludlow v. Galindo (97 N. Y. S. 1140) ... 893
Lynch v. Shanley Co. (98 N. Y. S. 406) .. 305

McAfee v. Wyckoff (97 N. Y. S. 1140) .. 892
McAuley v. New York Cent. & H. R. R. Co. (97 N. Y. S. 631) ............... 906
McAuley v. New York & Q. C. R. Co. (98 N. Y. S. 1107) ................. 923
McAvoy's Estate, Matter of (98 N. Y. S. 437) ...................... 377
McCabe, Matter of (98 N. Y. S. 1107) .... 918
McCarthy v. Gillies (97 N. Y. S. 1140) .... 892
McCullom v. Carr (97 N. Y. S. 1141) .... 892
Macdonald v. Macdonald (98 N. Y. S.) 581) ...................... 330

**112 APP. DIV.**—Continued.      Page

McGarren's Estate, Matter of (98 N. Y. S. 415) .................................. 503
McGovern v. Manhattan R. Co. (98 N. Y. S. 97) ............................... 184
McIntosh v. Moore (97 N. Y. S. 1141) .... 905
Mack v. Hilsinger (97 N. Y. S. 1141) ..... 907
McLaughlin v. Connors (98 N. Y. S. 1107) 906
McLaughlin v. Manhattan R. Co. (99 N. Y. S. 1141) ......................... 915
McManus v. St. Regis Paper Co. (97 N. Y. S. 1141) ........................... 903
MacMullen v. City of Middletown (98 N. Y. S. 145) ............................ 81
MacMullen v. City of Middletown (98 N. Y. S. 1107) .......................... 919
McPherson v. General Synod of Reformed Church in America (98 N. Y. S. 1108).. 891
Mahlstedt Lumber & Coal Co. v. Tier (97 N. Y. S. 1138)....................... 889
Mahoney v. Harlam (97 N. Y. S. 1141).. 905
Malloy v. City of New York (98 N. Y. S. 1108) ..................................... 911
Malone v. Yonkers R. Co. (97 N. Y. S. 1141) ..................................... 885
Manthai v. Erie R. Co. (98 N. Y. S. 1108) 921
Marson v. City of Rochester (97 N. Y. S. 881) ...................................... 51
Marson v. City of Rochester (98 N. Y. S. 1108) ..................................... 905
Martens v. Tiedemann (97 N. Y. S. 1141) 894
Martin v. Flahive (98 N. Y. S. 577)..... 347
Marx v. McKenzie (97 N. Y. S. 1141) .... 889
Mathers v. Interurban St. R. Co. (98 N. Y. S. 433) .............................. 397
Mayer v. Patten (People v. Bank of Staten Island, 99 N. Y. S. 486)............... 791
Meltzer v. Interurban St. R. Co. (98 N. Y. S. 1108) ............................ 899
Merow, Matter of (99 N. Y. S. 9)........ 562
Mexico Onyx Quarry Co. v. Kelley (98 N. Y. S. 1108) ............................ 899
Meyer v. Page (98 N. Y. S. 739)......... 625
Michigan Sav. Bank v. Coy, Hunt & Co. (96 N. Y. S. 1136)..................... 898
Michigan Sav. Bank v. Hubbs (96 N. Y. S. 1136).............................. 898
Michigan Sav. Bank v. Millar (96 N. Y. S. 1136).............................. 898
Miller v. Carpenter (98 N. Y. S. 1108) .... 921
Miller v. Miller (99 N. Y. S. 1142)...... 914
Miller v. Vining (98 N. Y. S. 466)...... 304
Milligan's Estate, Matter of (98 N. Y. S. 480) ..................................... 373
Minor v. Garden (98 N. Y. S. 1108) ...... 915
Mladinich v. Livingston (98 N. Y. S. 46).. 181
Moriarty v. Board of Education of City of New York (98 N. Y. S. 251).......... 837
Morris, People ex rel., v. Baker (97 N. Y. S. 1144) ............................... 900
Morse v. Douglass (99 N. Y. S. 392)...... 798
Mossein v. Empire State Surety Co. (98 N. Y. S. 144)............................ 69
Moynihan, People ex rel., v. McAdoo (98 N. Y. S. 40)............................. 32
Muldoon v. Herren (99 N. Y. S. 1142).. 915
Mulville v. Metropolitan St. R. Co. (97 N. Y. S. 1141)............................ 900
Murphy v. City of Watertown (99 N. Y. S. 6.)................................... 670
Murphy v. Emsheimer (98 N. Y. S. 1108).. 921

                                   Page

Murphy, People ex rel., v. McAdoo (97 N. Y. S. 1144)............................ 886
Mutual Milk & Cream Co. v. Prigge (98 N. Y. S. 458)............................ 652
Myers v. Reade (98 N. Y. S. 620)......... 363
Myers v. Town of Gates (98 N. Y. S. 1108) 902

National Enameling & Stamping Co., People ex rel., v. Miller (98 N. Y. S. 751)... 880
Neate v. Gelm (97 N. Y. S. 1142).......... 904
Nesbitt, Matter of (98 N. Y. S. 1109)..... 899
Neville v. Pennsylvania & W. V. Co. (97 N. Y. S. 1142)............................ 886
Newman v. Burns (97 N. Y. S. 1142)...... 892
New York, City of, Matter of (In re Amsterdam Ave., 98 N. Y. S. 331)...... 160
New York, City of, Matter of (In re Amsterdam Ave., 98 N. Y. S. 334)........ 163
New York, City of, Matter of (In re Amsterdam Ave., 98 N. Y. S. 334)......... 165
New York, City of, Matter of (In re College Site, 98 N. Y. S. 1099)........... 912
New York, City of, Matter of (In re East 138th St., 99 N. Y. S. 1138).......... 914
Niagara, L. & O. Power Co., Matter of (97 N. Y. S. 858)............................ 901
Niagara, L. & O. Power Co., Matter of (97 N. Y. S. 1142)........................... 904
Nichols v. Riley (98 N. Y. S. 346)........ 102
Niewenhous v. Manhattan R. Co. (98 N. Y. S. 501).............................. 895
Noble v. Hahnemann Hospital of Rochester (98 N. Y. S. 605)...................... 663
Northern Assur. Co. of London, People ex rel., v. O'Donnel (98 N. Y. S. 1112).. 899
North Hempstead, Town of, v. Eldridge (98 N. Y. S. 1115)........................ 893
Nugent, People ex rel., v. McAdoo (97 N. Y. S. 1144)............................ 886
Nunnally v. New York Staats Zeitung (99 N. Y. S. 1143)............................ 915
Nunnally v. Tribune Ass'n (99 N. Y. S. 1143) ..................................... 915

O'Brien v. Brady (97 N. Y. S. 1142)...... 889
O'Connell v. Utica & M. V. R. Co. (98 N. Y. S. 1109)............................. 901
Ohlau v. Lemcke (98 N. Y. S. 1109)...... 921
Oil Well Supply Co. v. Phœnix Iron Works Co. (97 N. Y. S. 1142)........... 904
Olcott v. Baldwin (98 N. Y. S. 1109)...... 921
Olsen v. Henderson (98 N. Y. S. 1109)..... 919
Omphalius, Matter of (97 N. Y. S. 1143).. 903
O'Reilly v. Brooklyn Heights R. Co. (97 N. Y. S. 1143)............................ 893
Oriental Bank v. Gallo (98 N. Y. S. 561).. 360
Osborn v. Cardeza (98 N. Y. S. 1109).... 921
O'Shaughnessy v. City of New York (98 N. Y. S. 1109)............................. 911
Osmulski v. New York & Q. C. R. Co. (98 N. Y. S. 1109)............................ 921
Ostrander v. State (98 N. Y. S. 1061)..... 875
Owen v. Whitehouse (98 N. Y. S. 1109).. 891
Ozark Cooperage Co. v. Quaker City Cooperage Co. (98 N. Y. S. 113)............. 62

Pace, Matter of (98 N. Y. S. 1109)....... 918
Palmer v. Larchmont Horse R. Co. (98 N. Y. S. 567)............................. 341

**112 APP. DIV.**—Continued.  Page

Paterson v. Robinson (People v. Merchants' Trust Co., 98 N. Y. S. 1110)............ 906
Patterson v. John H. Woodbury Dermatological Institute (97 N. Y. S. 1143).. 900
Peabody v. Long Acre Square Bldg. Co. (98 N. Y. S. 242)................. 114
Peacock v. Bailey (98 N. Y. S. 1109).... 921
Pearsall v. New York Cent. & H. R. R. Co. (97 N. Y. S. 1143)................. 904
Pearsall v. Stewart (98 N. Y. S. 467).... 366
People v. Bank of Staten Island (99 N. Y. S. 486)........................ 791
People v. Berghoff (99 N. Y. S. 201)...... 772
People v. Biglizen (98 N. Y. S. 361)...... 225
People v. Conlon (97 N. Y. S. 1143)...... 900
People v. Couchois (98 N. Y. S. 1109).... 911
People v. Dibol (96 N. Y. S. 1139)...... 898
People v. Dolan (98 N. Y. S. 1109)...... 913
People v. Eckert (98 N. Y. S. 1109)...... 902
People v. Family Fund Soc. (97 N. Y. S. 1143) ........................ 906
People v. Federal Bank of New York (97 N. Y. S. 1143)................. 900
People v. Friedman (99 N. Y. S. 1145).... 915
People v. Gianvecchio (96 N. Y. S. 1139).. 898
People v. Jaffe (98 N. Y. S. 486)........ 516
People v. Johnston (99 N. Y. S. 411)...... 812
People v. Joyce (98 N. Y. S. 863)........ 717
People v. Kopp (98 N. Y. S. 1110)........ 913
People v. Merchants' Trust Co. (98 N. Y. S. 1110)........................ 906
People v. New York Building-Loan Banking Co. (98 N. Y. S. 290)............ 166
People v. Nolan (97 N. Y. S. 1143)...... 900
People v. Republic Savings & Loan Ass'n (98 N. Y. S. 1110)................ 922
People v. Rogers (98 N. Y. S. 1110)...... 921
People v. Rothschild (97 N. Y. S. 1143).. 900
People v. Schneider (98 N. Y. S. 1110).. 891
People v. Stein (97 N. Y. S. 923)........ 896
People v. Troupe (98 N. Y. S. 1112)...... 906
People v. Weisberg (96 N. Y. S. 1140).... 898
People v. Wickes (98 N. Y. S. 163)........ 39
People v. Wolf (98 N. Y. S. 381)........ 449
People v. Wolf (97 N. Y. S. 1143)........ 886
People ex rel. Bender v. Milliken (97 N. Y. S. 1143)................... 906
People ex rel. Bender v. Milliken (97 N. Y. S. 223)..................... 907
People ex rel. City of Geneva v. Geneva, W., S. F. & C. L. Traction Co. (98 N. Y. S. 719)..................... 581
People ex rel. Continental Ins. Co. v. O'Donnel (98 N. Y. S. 1112)........... 899
People ex rel. Corcoran v. McAdoo (97 N. Y. S. 1144)................... 900
People ex rel. Cummings v. Greene (97 N. Y. S. 748)................... 883
People ex rel. Fielding v. Greene (98 N. Y. S. 1112)................... 923
People ex rel. Gardner v. Supreme Court of I. O. F. (98 N. Y. S. 1112).......... 906
People ex rel. Gilhooly v. McAdoo (97 N. Y. S. 1144)................... 886
People ex rel. Gleitsman v. Lewis (97 N. Y. S. 1144)................... 889
People ex rel. Gottsberger v. Littleton (97 N. Y. S. 1144)................... 889
People ex rel. Gottsberger v. Littleton (98 N. Y. S. 1112)................... 922

Page

People ex rel. Helwig v. McAdoo (97 N. Y. S. 1144)................... 886
People ex rel. Hummel v. Reardon (98 N. Y. S. 399)..................... 866
People ex rel. Jay v. O'Donnel (98 N. Y. S. 1112)..................... 899
People ex rel. Jerome v. Court of General Sessions (98 N. Y. S. 557)........... 424
People ex rel. John Single Paper Co. v. Edgcomb (98 N. Y. S. 965)........... 604
People ex rel. John Turl's Sons v. O'Donnel (98 N. Y. S. 1112)................. 912
People ex rel. La Chicotte v. Best (98 N. Y. S. 1112)..................... 912
People ex rel. Lahey v. Woodbury (98 N. Y. S. 142)...................... 79
People ex rel. Morris v. Baker (97 N. Y. S. 1144)..................... 900
People ex rel. Moynihan v. McAdoo (98 N. Y. S. 40)..................... 32
People ex rel. Murphy v. McAdoo (97 N. Y. S. 1144)..................... 886
People ex rel. National Enameling & Stamping Co. v. Miller (98 N. Y. S. 751)...... 880
People ex rel. Northern Assur. Co. of London v. O'Donnel (98 N. Y. S. 1112)..... 899
People ex rel. Nugent v. McAdoo (97 N. Y. S. 1144)..................... 886
People ex rel. Randolph v. Clarke (99 N. Y. S. 1145)..................... 915
People ex rel. Rizzo v. New York Catholic Protectory (99 N. Y. S. 1145)........... 914
People ex rel. Rochester R. & Light Co. v. Stearns (98 N. Y. S. 1112)........... 906
People ex rel. Rochester R. & Light Co. v. Stearns (97 N. Y. S. 1144)........... 907
People ex rel. Sellew v. Hayes (97 N. Y. S. 1144) ........................ 900
People ex rel. Stillman v. Stillman (97 N. Y. S. 1144)..................... 889
People ex rel. Stoney v. McAdoo (97 N. Y. S. 1145) ........................ 886
People ex rel. Troy Steel Co. v. Munn (98 N. Y. S. 1112)................... 906
People ex rel. Venner v. New York Life Ins. Co. (96 N. Y. S. 1142)........... 893
People ex rel. Walrath v. O'Brien (97 N. Y. S. 1115)..................... 97
People ex rel. Whitaker v. McAdoo (97 N. Y. S. 1145)..................... 886
People ex rel. Woodruff v. McAdoo (97 N. Y. S. 1145)..................... 886
Perlstein v. Helman (98 N. Y. S. 1113).... 891
Perry, Matter of (98 N. Y. S. 1113)...... 913
Perry v. Village of Newport (97 N. Y. S. 1145) ........................ 903
Peterson v. Bonert (98 N. Y. S. 1113).... 922
Pfeiffer v. Heartstone (98 N. Y. S. 1113).. 911
Phillips v. Lindley (98 N. Y. S. 423)...... 283
Pillet v. City of New York (97 N. Y. S. 1145) ........................ 889
Pinkney, Matter of (98 N. Y. S. 1099).... 912
Plant v. Bahr (97 N. Y. S. 1145)........ 902
Poland v. United Traction Co. (97 N. Y. S. 1145) ........................ 907
Polhemus v. Eccles (98 N. Y. S. 1113).... 921
Pollard v. Worth (97 N. Y. S. 1145)...... 893
Poth v. Commercial Advertiser Ass'n (97 N. Y. S. 1145)..................... 900

**112 APP. DIV.**—Continued.          Page

Potsdam Electric Light & P. Co. v. Village
  of Potsdam (99 N. Y. S. 551)............ 810
Potter, Matter of (98 N. Y. S. 1113)..... 903
Potter v. Village of Hammondsport (98 N.
  Y. S. 186)............................. 91
Prentice v. Goodale (In re Roberts' Will, 98
  N. Y. S. 809)......................... 732
Price v. Interurban St. R. Co. (98 N. Y. S.
  1110)................................. 911
Price v. New York & B. Dispatch Exp. Co.
  (97 N. Y. S. 1145)................... 889
Pruyn v. Guayaquil & Q. R. Co. (97 N. Y.
  S. 1145) ............................ 907

Ramsey v. Hayes (98 N. Y. S. 394)...... 442
Rand v. Sage (98 N. Y. S. 1110)........ 922
Randolph, People ex rel., v. Clarke (99 N.
  Y. S. 1145)......................... 915
Ransom v. Cutting (98 N. Y. S. 282)..... 150
Raymond v. Security Trust, etc., Co. (98 N.
  Y. S. 1110)......................... 913
Reed v. Provident Sav. Life Assur. Soc. (98
  N. Y. S. 1111)....................... 922
Rees v. New York Herald Co. (98 N. Y. S.
  548) ................................ 456
Reibstein v. Nassau Electric R. Co. (98 N.
  Y. S. 1111)......................... 891
Reilly v. Empire Life Ins. Co. (98 N. Y. S.
  1111)............................... 922
Reincke, Matter of (98 N. Y. S. 1111)..... 891
Reinheimer v. Heyman (98 N. Y. S. 1111).. 922
Reiser v. Metropolitan Exp. Co. (98 N. Y.
  S. 1111)............................ 911
Remsen v. Wingert (98 N. Y. S. 388).... 234
Remy v. Interurban St. R. Co. (99 N. Y. S.
  1146)............................... 913
Rende v. New York & T. S. S. Co. (98 N.
  Y. S. 1111)......................... 922
Reporters' Ass'n of America v. Sun Print-
  ing & Publishing Ass'n (98 N. Y. S.
  294) ................................ 246
Rewitzer v. Switchmen's Union of North
  America (98 N. Y. S. 974)............ 708
Reynolds v. New York, N. H. & H. R. Co.
  (97 N. Y. S. 1146)................... 893
Rich v. Pennsylvania R. Co. (98 N. Y. S.
  678) ................................ 818
Richardson & Boynton Co. v. Schiff (97 N.
  Y. S. 1146) ........................ 893
Ricketts v. Ramsdell (98 N. Y. S. 1111).. 919
Rizzo, People ex rel., v. New York Catholic
  Protectory (99 N. Y. S. 1145).......... 914
Roberts' Will, Matter of (98 N. Y. S.
  809) ................................ 732
Robinson v. Niles (98 N. Y. S. 1111)...... 899
Rochester, City of, Matter of (People ex
  rel. Rochester R. & Light Co. v. Stearns,
  98 N. Y. S. 1112).................... 906
Rochester, City of, Matter of (97 N. Y. S.
  1144) ................................ 907
Rochester R. & Light Co., People ex rel., v.
  Stearns (98 N. Y. S. 1112)............ 906
Rochester R. & Light Co., People ex rel., v.
  Stearns (97 N. Y. S. 1144)............ 907
Rock v. Acker Process Co. (98 N. Y. S.
  977) ................................ 695
Rogers v. Herter (97 N. Y. S. 1146)...... 900
Roosevelt v. Holland Trust Co. (98 N. Y.
  S. 1111)............................ 911
Rosenberg v. Haggerty (97 N. Y. S. 1146) 893

          Page

Rosenfeld v. Central Vermont R. Co. (97
  N. Y. S. 1146)...................... 891
Rosenstein v. Traders' Ins. Co. of Chicago
  (98 N. Y. S. 1113).................. 902
Rosenthal v. New York, S. & W. R. Co.
  (98 N. Y. S. 476)................... 431
Rosenthal v. New York, S. & W. R. Co. (98
  N. Y. S. 479)....................... 436
Roth v. Mautner (99 N. Y. S. 1146)...... 915
Rowe v. Gerry (98 N. Y. S. 380)........ 358
Rowe v. White (98 N. Y. S. 729)........ 688
Rowland v. Logan (97 N. Y. S. 1146).... 889
Rozett v. Zetterberg (97 N. Y. S. 1146).. 889
Rudiger v. Coleman (98 N. Y. S. 461).... 279
Rudomin v. Interurban St. R. Co. (99 N.
  Y. S. 1146) ........................ 915
Russell v. Lehigh Valley R. Co. (97 N. Y.
  S. 1146)............................ 903
Russell Hardware & Implement Mfg. Co.
  v. Utica Drop Forge & Tool Co. (98
  N. Y. S. 777)....................... 703

St. Albans Beef Co. v. Aldridge (99 N. Y.
  S. 398)............................. 803
St. Regis Paper Co. v. Santa Clara Lumber
  Co. (98 N. Y. S. 572)............... 775
St. Regis Paper Co. v. Watson Page Lum-
  ber Co. (97 N. Y. S. 1146)........... 907
Samson v. Harman (97 N. Y. S. 1146).... 893
Sands, Matter of (98 N. Y. S. 459)...... 649
San Filippo v. American Bill Posting Co.
  (98 N. Y. S. 661)................... 395
Sargent v. St. Mary's Orphan Boys' Asy-
  lum (98 N. Y. S. 632)............... 674
Saul v. Swartz (98 N. Y. S. 549)........ 511
Scallon v. Manhattan R. Co. (98 N. Y.
  S. 272)............................. 262
Schellenberg v. Mullaney (98 N. Y. S.
  432) ............................... 384
Schermerhorn v. Glens Falls Portland Ce-
  ment Co. (98 N. Y. S. 1113)......... 906
Scherzer v. Martin (98 N. Y. S. 1113).. 918
Scheu v. Union R. Co. of New York City
  (98 N. Y. S. 278)................... 239
Schlesinger v. Bernstein (98 N. Y. S. 1113) 910
Schlesinger v. Bischoff (99 N. Y. S.
  1148) ............................... 914
Schlesinger v. Bluestone (98 N. Y. S.
  1114) ............................... 899
Schlesinger v. Borough Bank of Brooklyn
  (98 N. Y. S. 136)................... 121
Schlesinger v. Klinger (98 N. Y. S. 545).. 853
Schlesinger v. Manhattan R. Co. (98 N.
  Y. S. 1114)........................ 915
Schmid, Matter of (98 N. Y. S. 1114).... 918
Schnurr v. Quinn (97 N. Y. S. 1147).... 886
Schoener v. Hartford Carpet Corporation
  (98 N. Y. S. 1114).................. 922
Schreiber's Will, Matter of (98 N. Y. S.
  483) ............................... 495
Schroeder v. Meyer (98 N. Y. S. 1114).. 922
Schultz v. Greenwood Cemetery (98 N.
  Y. S. 1114)........................ 922
Schulz v. Metropolitan Jockey Club (97
  N. Y. S. 1147)..................... 889
Seeley, Matter of (96 N. Y. S. 1145).. 898
Seeley v. New York City R. Co. (97 N.
  Y. S. 1147)........................ 907
Seger v. Farmers' Loan & Trust Co. (98
  N. Y. S. 1114)..................... 911

**112 APP. DIV.**—Continued. Page

Seidman v. Janos (98 N. Y. S. 1114).. 919
Sellew, People ex rel., v. Hayes (97 N. Y. 1144) .................................... 900
Shapiro v. Shapiro (97 N. Y. S. 1147).. 886
Sharples v. Angell (98 N. Y. S. 1114).. 906
Shaughnessy v. Weekes (97 N. Y. S. 1147) .................................... 886
Shaver v. Cunningham (97 N. Y. S. 1147) .................................... 906
Shedd v. Lent (98 N. Y. S. 1114) ........ 891
Sholes v. Seamans (98 N. Y. S. 1114).. 912
Sidebotham v. Yonkers Electric Light & Power Co. (97 N. Y. S. 1147) ........ 889
Silinski v. Prime (97 N. Y. S. 1147) .... 889
Single Paper Co., People ex rel., v. Edgcomb (98 N. Y. S. 965)................. 604
Skenandoa Cotton Co. v. Fuld & Hatch Knitting Co. (98 N. Y. S. 1114) ....... 902
Sloss Iron & Steel Co. v. Jackson Architectural Iron Works (97 N. Y. S. 1147).. 900
Smith v. Barber (98 N. Y. S. 365)........ 187
Smith v. Faris (97 N. Y. S. 1147) ........ 890
Smith v. Lehigh Valley R. Co. (97 N. Y. S. 1148) .................................... 903
Smith v. Manhattan R. Co. (98 N. Y. S. 1) 202
Smith v. Village of Ft. Plain (97 N. Y. S. 1148) .................................... 907
Somborn v. Somborn (97 N. Y. S. 1148).. 890
Soop, Matter of (97 N. Y. S. 1148)....... 907
Soop v. Burhans (98 N. Y. S. 1115)...... 906
Soronen v. Von Pustau (98 N. Y. S. 431).. 437
Spring v. Ryan (97 N. Y. S. 1148)....... 901
Spurr & Sons v. Empire State Surety Co. (98 N. Y. S. 1105).................. 919
Stage v. Waldo (97 N. Y. S. 1148)....... 904
Stammer v. Harmon (99 N. Y. S. 519).... 794
Stanton v. Board of Sup'rs of County of Essex (98 N. Y. S. 1059)............... 877
Starkey v. Webster (97 N. Y. S. 1148).... 886
Stein-Bloch Co. v. Kohn (99 N. Y. S. 1149) 914
Steinway v. Steinway (98 N. Y. S. 99)..... 18
Stevens v. McAdoo (98 N. Y. S. 553)..... 458
Stillman v. Johnson (99 N. Y. S. 1149).... 914
Stillman, People ex rel., v. Stillman (97 N. Y. S. 1144)....................... 889
Stock v. Hoffstetter (99 N. Y. S. 1150).... 914
Stokes v. New York Life Ins. Co. (98 N. Y. S. 135)............................ 77
Stollarick v. New York Cent. & H. R. R. Co. (97 N. Y. S. 1148)................ 907
Stone v. Rochester Herald Co. (98 N. Y. S. 1115) .................................... 899
Stoney, People ex rel., v. McAdoo (97 N. Y. S. 1145)....................... 886
Stony Wold Sanatorium v. Keese (98 N. Y. S. 1088)............................ 738
Storck v. Interurban St. R. Co. (99 N. Y. S. 1150)............................. 913
Streimer v. Cohen (97 N. Y. S. 1148).... 890
Sturmdorf v. Saunders (98 N. Y. S. 1115) 919
Sumerwell v. Rochester Herald Co. (97 N. Y. S. 1148)........................... 905
Sutherland v. Ammann (98 N. Y. S. 574).. 332
Sutherland v. City of Rochester (98 N. Y. S. 970)................................ 712
Sweet v. Gildea (97 N. Y. S. 1149)....... 894

Thomas v. George G. Fuessels' Sons (98 N. Y. S. 1115)............................ 915
Thompson v. Erlanger (99 N. Y. S. 1142).. 914

Tilly v. Von Arnim (97 N. Y. S. 1149).. 890
Tingley v. Long Island R. Co. (97 N. Y. S. 1149)................................. 886
Tisdale, Matter of (97 N. Y. S. 1149).... 907
Tocci v. Gianvecchio (98 N. Y. S. 1115)... 915
Todd's Estate, Matter of (97 N. Y. S. 1149) 902
Tooker v. Eppinger & Russell Co. (97 N. Y. S. 1149)............................ 890
Town of North Hempstead v. Eldridge (98 N. Y. S. 1115)........................... 893
Townsend v. Fieldstein (97 N. Y. S. 1149) 886
Treffinger v. M. Groh's Sons (98 N. Y. S. 291) .................................... 250
Treffinger v. M. Groh's Sons (98 N. Y. S. 1115) .................................... 915
Trott v. Schmitt (98 N. Y. S. 1115)...... 923
Troy Steel Co., People ex rel., v. Munn (98 N. Y. S. 1112)............................ 906
Trustees of City & County Hall, Matter of (97 N. Y. S. 1127)..................... 903
Turl's Sons, People ex rel., v. O'Donnel (98 N. Y. S. 1112)..................... 912
Tuscarora Land & Imp. Co. v. Mentz (97 N. Y. S. 1149)..................... 905
Tyrrell v. Forsythe (97 N. Y. S. 1149).... 890

United States Fidelity & Guaranty Co. v. Clifford (In re Dwyer, 98 N. Y. S. 329).. 195
Untermyer v. City of Yonkers (98 N. Y. S. 563).................................... 308

Valentine, Matter of (In re Brooklyn Bar Ass'n, 98 N. Y. S. 1098)............... 918
Valentine v. Stevens (97 N. Y. S. 1149).... 886
Van Allen v. Peabody (97 N. Y. S. 1119).. 57
Van Cott v. Hayes (97 N. Y. S. 1149)..... 890
Van Ostrand v. Delaware & Hudson Co. (99 N. Y. S. 548).......................... 783
Van Valkenberg, Matter of (101 N. Y. S. 1116) .................................... 912
Venable, Matter of (98 N. Y. S. 1115)..... 915
Venner, People ex rel., v. New York Life Ins. Co. (96 N. Y. S. 1142)............. 898
Ventresca v. Beckwith (98 N. Y. S. 134)... 72
Village of Carthage v. Central New York Telephone & Telegraph Co. (97 N. Y. S. 1149) .................................... 903
Von Der Heide v. Schutte (98 N. Y. S. 1115) .................................... 922

Wabnich v. Dry Dock, E. B. & B. R. Co. (98 N. Y. S. 38)........................... 4
Wakley v. King (98 N. Y. S. 957)......... 765
Walker v. Newton Falls Paper Co. (97 N. Y. S. 1149).......................... 906
Walrath, People ex rel., v. O'Brien (97 N. Y. S. 1115).......................... 97
Walton, Matter of (98 N. Y. S. 42)....... 176
Ward v. Hawkins Iron Const. Co. (98 N. Y. S. 1116).......................... 911
Ward v. Metropolitan St. R. Co. (99 N. Y. S. 1150).......................... 915
Waterman's Estate, Matter of (98 N. Y. S. 583)................................ 313
Waters v. Horace Waters & Co. (96 N. Y. S. 1150)............................. 898
Waters v. Horace Waters & Co. (98 N. Y. S. 1116)............................. 910
Watertown, City of, v. Rodenbaugh (98 N. Y. S. 885)........................... 723

**112 APP. DIV.**—Continued.    Page

Watt v. Feltman (97 N. Y. S. 1150)....... 894
Watts v. Campbell (96 N. Y. S. 1150)..... 898
Weber v. Mereness (98 N. Y. S. 1116)..... 902
Weeks v. Coe (97 N. Y. S. 1150).......... 888
Weeks v. Coe (98 N. Y. S. 1116)......... 918
Weil v. Bauer (97 N. Y. S. 1150)......... 900
Weinstein v. Shapiro (98 N. Y. S. 1116)... 922
Weir v. Union R. Co. of New York City
   (98 N. Y. S. 268)...................... 109
Weisberg v. Weisberg (98 N. Y. S. 260).... 231
Weiss v. Bleier (98 N. Y. S. 539).......... 533
Weiss v. Rubinson (98 N. Y. S. 429)...... 276
Weizinger v. Erie R. Co. (98 N. Y. S.
   1116)................................ 911
Wells v. Metropolitan St. R. Co. (97 N.
   Y. S. 1150).......................... 890
Wells v. Metropolitan St. R. Co. (98 N. Y.
   S. 1116)............................. 919
West v. Woodruff (97 N. Y. S. 1054)...... 133
Whitaker, People ex rel., v. McAdoo (97
   N. Y. S. 1145)....................... 886
White v. Davenport (97 N. Y. S. 1150).... 890
White v. White (97 N. Y. S. 1150)........ 904
White Plains Presbyterian Church, Matter
   of (98 N. Y. S. 63)................... 130
Wickes, Matter of (99 N. Y. S. 1150)..... 915
Wickham v. Roberts (98 N. Y. S. 1092).... 742
Wilcox v. Fox (98 N. Y. S. 769)......... 560
Wilke v. Wright (97 N. Y. S. 1150)....... 890
Wilkenfeld v. Isaacson (99 N. Y. S. 1150).. 914
Wilkin, Matter of (98 N. Y. S. 1117)..... 902
Willard v. Martin (98 N. Y. S. 1117)...... 911
Williams v. City of New York (97 N. Y.
   S. 1150)............................. 893
Williamson v. Randolph (99 N. Y. S.
   1151) ............................... 915
Willis Ave. Bridge, Matter of (98 N. Y. S.
   1117) ............................... 913

Wilson v. Metropolitan St. R. Co. (98 N.
   Y. S. 1117).......................... 908
Wilson v. Raymond (98 N. Y. S. 1118).. 923
Winter v. City of Niagara Falls (98 N. Y.
   S. 1118)............................. 902
Winter v. Winter (97 N. Y. S. 1151)...... 900
Wise, Matter of (97 N. Y. S. 1128)....... 894
Wisotzkey v. Hartford Fire Ins. Co. (98
   N. Y. S. 763)........................ 596
Wisotzkey v. Niagara Fire Ins. Co. (98
   N. Y. S. 760)........................ 599
Witmer v. Buffalo & N. F. Electric Light
   & Power Co. (98 N. Y. S. 781)......... 698
Wohlers v. Manhattan R. Co. (98 N. Y. S.
   1118)................................ 911
Wood v. Wood (97 N. Y. S. 1151)........ 893
Woodruff, People ex rel., v. McAdoo (97 N.
   Y. S. 1145).......................... 886
Woods v. Erie R. Co. (97 N. Y. S. 1151)... 890
Worthington v. City of New York (99 N.
   Y. S. 1151).......................... 914
Wright, Matter of (97 N. Y. S. 1151)...... 907
Wright v. Glen Tel. Co. (99 N. Y. S. 85)... 745
Wynkoop v. Ludlow Valve Mfg. Co. (98 N.
   Y. S. 1076).......................... 729

Young v. Equitable Life Assur. Soc. (98 N.
   Y. S. 1052).......................... 760
Young v. Tilyou (98 N. Y. S. 1118)....... 923
Youran v. Village of Ft. Plain (97 N. Y.
   S. 1151)............................. 907

Zahler v. Arkin (98 N. Y. S. 544)......... 327
Zapfe v. John Mullins & Sons (98 N. Y. S.
   1118) ............................... 916
Zirinsky v. Post (98 N. Y. S. 132)....... 74